UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual; JOHN DOE #2, an individual; and PROTECT MARRIAGE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington; DEBRA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>Defendants. | CASE NO. 09-5456BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the court on Plaintiffs' motion for temporary restraining order and preliminary injunction. Dkt. 3.

## I. BACKGROUND

On July 28, 2009, Plaintiffs filed a complaint. Dkt. 2. Plaintiffs seek to enjoin Defendants from releasing copies of the Referendum 71 petition to any third party. Specifically, Plaintiffs seek to prevent Defendants from releasing the names, addresses, and other contact information of individuals who signed the petition. Plaintiffs contend that release of this petition would result in a violation of Plaintiffs' and others' First Amendment rights. *See generally* Dkt. 2 (Plaintiffs' complaint).

On July 28, 2009, Plaintiffs also filed a motion for temporary restraining order and preliminary injunction. Dkt. 3, *see* Fed. R. Civ. P. 65. On the same day, the Court held a

ORDER - 1

1 hearing and indicated that Plaintiffs needed to personally serve Defendants with the motion 2 and provide notice of the hearing which was reset for July 29, 2009 at 2:30 PM.

At the hearing held July 29, 2009, Plaintiffs provided a declaration of service and indicated that Defendants did not intend to appear at the hearing. Dkt. 8.

## II. DISCUSSION

To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374, 172 L. Ed.2d 249 (2008).

Having considered Plaintiffs' motion, Defendants' failure to appear or otherwise object to Plaintiffs' motion, and the remainder of the record herein, the Court concludes as follows:

1. For purposes of deciding Plaintiffs' motion for a temporary restraining order only, Plaintiffs have pled a colorable First Amendment claim, and have sufficiently demonstrated a reasonable likelihood of success on the merits.

2. Plaintiffs have demonstrated a reasonable likelihood of irreparable harm if Defendants release the contact information of those individuals who signed the Referendum 71 petition.

3. The balance of equities weighs in favor of Plaintiffs. Defendants and interested third parties will not be unduly prejudiced by delaying the release of this information until after this matter has been fully briefed, should Defendants ultimately prevail on Plaintiffs' motion for preliminary injunction.

4. A temporary restraining order is in the public interest. Plaintiffs' complaint raises constitutional issues potentially affecting over 100,000 voters.

5. Security pursuant to Rule 65(c) is waived. There is no evidence in the record that Defendants will incur monetary damages as a result of delaying the release of the petition.

With regard to Plaintiffs' motion for a preliminary injunction, the Court sets the following briefing schedule:

Defendants' response is due August 14, 2009.

Plaintiffs' reply is due August 21, 2009.

A hearing on this motion is set for September 3, 2009 at 2:30 PM. Unless otherwise ordered, the temporary restraining order will expire on September 3, 2009.

Defendants may apply to the Court to modify this schedule to extend or shorten these dates, including the expiration date of the temporary restraining order.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' motion for temporary restraining order is **GRANTED**, and Defendants are restrained from releasing the names, addresses, or other contact information of those individuals who signed the Referendum 71 petition. The temporary restraining order shall expire on September 3, 2009, or as otherwise ordered by the Court.

DATED this 29th day of July, 2009.

BENJAMIN H. SETTLE
United States District Judge