# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>              Plaintiffs,<br><br>   vs.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>              Defendants. | No. 3:09-CV-05456-BHS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT THEREOF**<br><br>NOTE ON MOTION CALENDAR:<br>September 3, 2009 at 2:30 P.M.<br><br>The Honorable Benjamin H. Settle<br><br>**ORAL ARGUMENT REQUESTED** |

TO DEFENDANTS AND THEIR ATTORNEY(S) OF RECORD:

YOU ARE HEREBY GIVEN NOTICE THAT on September 3, 2009, at 2:30 P.M. before the Honorable Judge Benjamin H. Settle, at the United States District Court for the Western District of Washington, Tacoma Division, located at 1717 Pacific Avenue, Tacoma, Washington, 98402, Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington, will and hereby do move for a protective order and for leave to file documents under seal.

This motion for protective order and for leave to file documents under seal is made pursuant to Fed. R. Civ. P. 5.2(e), Fed. R. Civ. P. 26(c) and Local Rules W.D. Wash. CR 5(g), and on the grounds specified in this notice of motion and motion, Plaintiffs' Memorandum in Support

1  Thereof, incorporated into this notice of motion and motion, the declarations filed in support
2  Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, the Verified
3  Complaint, and such other and further evidence as may be presented to the Court at the time of
4  the hearing.

5      Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington respectfully move
6  this Court for an Order:

7    (1) Granting Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington leave
8        to file under seal any declaration of a(n):
9        (a) individual that signed the Referendum 71 petition;
10       (b) individual or organization that supported the Referendum 71 petition process;
11       (c) individual or organization that is a member of, or contributor to, Protect Marriage
12           Washington;
13       (d) individual or organization that opposes Referendum 71;
14       (e) individual or organization that supports a traditional definition of marriage.

15   (2) Granting Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington leave
16       to redact any personal information from any and all filings not filed under seal that
17       could be used to identify a(n):
18       (a) individual that signed the Referendum 71 petition;
19       (b) individual or organization that supported the Referendum 71 petition process;
20       (c) individual or organization that is a member of, or contributor to, Protect Marriage
21           Washington;
22       (d) individual or organization that opposes Referendum 71;
23       (e) individual or organization that supports a traditional definition of marriage.

24   (3) Granting Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington leave
25       to file an additional unredacted copy under seal, if the Court so desires, of any document
26       that is redacted pursuant to FRCP 5.2(f), or in the alternative, leave to file a reference
27       list under seal pursuant to FRCP 5.2(g);

28   (4) Prohibiting Defendants, their agents, servants, employees, officials, or any other person

**Plaintiffs' Notice of Motion and**      2      **BOPP, COLESON & BOSTROM**
**Motion for Protective Order**      **1 South Sixth Street**
**(No. 3:09-CV-05456-BHS)**      **Terre Haute, Indiana 47807-3510**
     **(812) 232-2434**

acting in concert with them or on their behalf, from revealing the name of any:

    (a)   individual that signed the Referendum 71 petition;

    (b)   individual or organization that supported the Referendum 71 petition process;

    (c)   individual or organization that is a member of, or contributor to, Protect Marriage Washington;

    (d)   individual or organization that opposes Referendum 71;

    (e)   individual or organization that supports a traditional definition of marriage.

In support of Plaintiffs' Motion for Protective Order and Leave to File Documents Under Seal, Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington state as follows:

## INTRODUCTION

Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington seek preliminary and permanent injunctive relief to prevent Defendant Sam Reed, Secretary of State for the State of Washington, and Defendant Debra Galarza, the Public Records Officer for the Secretary of State of Washington, from releasing copies of the Referendum 71 petition pursuant to the Washington Public Records Act, Wash. Rev. Code § 42.56.001, or otherwise.

Plaintiffs seek a protective order to prevent the public release of any information that could be used to identify: (1) an individual that signed the Referendum 71 petition; (2) an individual or organization that supported the Referendum 71 petition process; (3) an individual or organization that is a member of, or contributor to, Protect Marriage Washington; (4) an individual or organization that opposes Referendum 71; and (5) an individual or organization that supports a traditional definition of marriage.

Defendants and members of the public do not have an absolute right to access or publish materials filed with the court and protection is warranted in this case given the nature of Plaintiffs' claims. Plaintiffs allege that the Washington Public Records Act, Wash. Rev. Code 42.42.56.001 *et seq.*, is unconstitutional as applied to referendum petitions in that the statute is not narrowly tailored to serve a compelling government interest in violation of the First Amendment of the United States Constitution. Given that Plaintiffs' allegation is that the State lacks an interest in public disclosure, forcing Plaintiffs to reveal the names of petition signers

1  through these proceedings would result in a nullification of the very right Plaintiffs are trying to
2  assert. *See NAACP v. Alabama*, 357 U.S. 449, 459 (1958) (holding that a judicial rule that
3  required an individual to identify himself in order to assert his First Amendment rights "would
4  result in a nullification of the right at the very moment of its assertion").

5  Furthermore, Plaintiffs raise the alternative argument that, even if the Public Records Act, as
6  applied to referendum petitions, is narrowly tailored to serve a compelling government interest, it
7  remains unconstitutional as applied to the Referendum 71 petition because there is a reasonable
8  probability that disclosure will result in threats, harassment, and reprisals directed at those
9  individuals who support a traditional definition of marriage. Here, the need to protect the identity
10 of individuals participating in this suit is much broader than the class of petition signers because
11 the threats, harassments, and reprisals have been directed at any individual supporting a
12 traditional definition of marriage, namely between one man and one woman.

13 Because Plaintiffs anticipate that some or all of the documents filed under seal will be used
14 in dispositive motions, Plaintiffs respectfully request that the Court enter a finding that a
15 compelling justification exists to redact identifying information from public filings and for the
16 filing of unredacted versions under seal.

## ARGUMENT

### I. The public does not have an absolute right to obtain the information that Plaintiffs seek to redact and file under seal.

In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption flows from the common law right "to inspect and copy public records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, the common law right of access is not absolute and "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. In determining whether compelling justification exists, the courts should consider all factors, including:

> the public interest in understanding the judicial process and whether disclosure of the material could result in *improper use* of the material for scandalous or libelous purposes or infringement upon trade secrets. . . . After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and

articulate the factual basis for its ruling, without relying on hypothesis or conjecture. *Id.* (emphasis added); *see also*, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to *gratify private spite*, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (*citing Nixon v. Warner Communications*, 435 U.S. at 598) (emphasis added). Thus, the Ninth Circuit standard, at least with respect to documents attached to dispositive motions, requires the court to balance the "competing interests of the public and the party who seeks to keep certain judicial records secret."[1] *Kamakana*, 447 F.3d at 1179.

## II. The balance tips decidedly in favor of Plaintiffs.

This case differs in significant respect from the typical case where a party is seeking leave to file documents under seal. The very essence of Plaintiffs' case is whether Washington possesses an interest sufficient to justify the public disclosure of a referendum petition, and then even if it has such an interest, whether Plaintiffs are nevertheless entitled to an exemption from that disclosure because of the animosity directed at supporters of the Referendum 71 petition process and a traditional definition of marriage. Thus, if Plaintiffs are not permitted to redact personal information from their filings likely to lead to the identification individuals and organizations associated with Plaintiffs, the Referendum 71 petition, and a traditional definition of marriage, the Court in many respects will allow the very harm that Plaintiffs seek to redress through this suit. That is, unless this Court permits Plaintiffs to redact identifying information from their public filings, there is no meaningful way for Plaintiffs to assert their First Amendment rights without first suffering the harm of public disclosure.

The Supreme Court has repeatedly held that "compelled disclosure, in itself, can seriously

---

[1] For discovery materials attached to non-dispositive motions, the party seeking leave to file under seal need only present "good cause." *See Kamakana*, 447 F.3d at 1179-80; Federal Rule of Civil Procedure 26(c). Because Plaintiffs are seeking a protective order under Rule 5.2(e), and because Plaintiffs anticipate that many of these documents will eventually be attached to dispositive motions, Plaintiffs ask this court to make a finding under the higher "compelling justification" standard.

| | | |
|---|---|---|
| **Plaintiffs' Notice of Motion and Motion for Protective Order (No. 3:09-CV-05456-BHS)** | 5 | **BOPP, COLESON & BOSTROM** 1 South Sixth Street Terre Haute, Indiana 47807-3510 (812) 232-2434 |

1 infringe on privacy of association and belief guaranteed by the First Amendment." *Davis v.*
2 *F.E.C.*, 128 S. Ct. 2759, 2774-75 (2008) (quoting *Buckley v. Valeo*, 424 U.S. 1, 64 (1976);
3 "[C]ompelled disclosure . . . cannot be justified by a mere showing of some legitimate
4 government interest. . . . [It] must survive exacting scrutiny." *Id*. "The loss of First Amendment
5 freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."
6 *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit*
7 *Authority*, 163 F.3d 341, 363 (6th Cir. 1998) (*quoting Elrod v. Burns*, 427 U.S. 347, 373 (1976)).
8   As set forth in greater detail in Plaintiffs' Memorandum in Support of Motion for Temporary
9 Restraining Order and Preliminary Injunction, the Public Records Act violates Plaintiffs' First
10 Amendment rights because it is not narrowly tailored to serve a compelling government interest.
11 Furthermore, even if the Public Records Act is narrowly tailored to serve a compelling
12 government interest, the Referendum 71 petition is exempt from disclosure pursuant to that
13 statute because there is a reasonable probability of threats, harassment, and reprisals. *See Buckley*
14 *v. Valeo*, 424 U.S. at 71 (noting that there may be a case where the First Amendment harms that
15 result from compelled disclosure exceed the state's interest and setting forth the standard for a
16 blanket exemption); *Brown v. Socialist Workers '74 Campaign Committee (Ohio)*, 459 U.S. 87
17 (1982) (applying the standard set forth in *Buckley* and granting blanket exemption).   Indeed,
18 Washington State officials have expressed some concern that the Public Records Act will be used
19 for illegitimate purposes. *See* (Decl. of Scott F. Bieniek in Supp. of Pls. Mot. for TRO & Prelim.
20 Inj., Ex. 1, p. 1 ("State Elections Director Nick Handy notes the [sic] the state has long been
21 committed to open records and transparency in government, but says he's unhappy with the
22 though of the petition process being used as a weapon to dampen voters' participation in their
23 constitutional right of petition."). Based upon the harassment directed at individuals and
24 organizations involved in the Referendum 71 petition process, as well as evidence of threats,
25 harassment, and reprisals directed at individuals and organizations supporting a traditional
26 definition of marriage across the United States, there is ample reason to believe that any
27 individual identified in this suit will be subjected to similar threats and harassment. In the current
28 contentious environment, it is unconscionable to ask any individual to come forward knowing

that his or her identity will be made available to the same individuals seeking to publish the names of the petition signers.

As the Supreme Court cautioned in *Nixon v. Warner Communications*, 435 U.S. at 598, the public right to "inspect and copy judicial records is not absolute." The court must use its supervisory power over its own records to ensure that its records are not used to "gratify private spite." *Id*. Here, there is a very realistic possibility that any individual identified in documents filed with the court will be targeted for his or her support of the Referendum 71 petition process and a traditional definition of marriage. The use of court documents to harass petition signers and individuals associated with a traditional definition of marriage is exactly the type of "improper use" that the Supreme Court contemplated in *Nixon. Id*. Thus, the potential harm to Plaintiffs and their supporters is great if they are not allowed to redact personal identifying information from their public filings with this Court.

Conversely, allowing Plaintiffs to redact personal identifying information and to file unredacted copies of the documents with the court under seal places only a marginal restriction on the public's right of access. The redacted versions of documents filed with the court will be virtually identical to those filed under seal. Plaintiffs seek only to replace the names of individuals with unique pseudonyms, such as John Doe #X, and to remove other unique identifying information, such as addresses and employer information, that could lead to the identification of a supporter of the Referendum 71 petition and a traditional definition of marriage. Furthermore, Plaintiffs are prepared to file unredacted versions under seal provided an appropriate protective order is issued to protect the identities of these individuals.

Therefore, the harm to Plaintiffs that would occur if the protective order is not granted greatly exceeds the burden on the public's right to access and compelling justification exists to warrant the protection sought in Plaintiffs' Motion for Protective Order.

Finally, because of the complex constitutional issues involved here, Plaintiffs believe that oral argument would be helpful to the Court in determining whether a protective order should issue, and therefore request oral argument.

Dated this 3rd day of August, 2009.

**Plaintiffs' Notice of Motion and**  **BOPP, COLESON & BOSTROM**
**Motion for Protective Order**  **1 South Sixth Street**
**(No. 3:09-CV-05456-BHS)**  **Terre Haute, Indiana 47807-3510**
(812) 232-2434

7

Respectfully submitted,

  /s/ Sarah E. Troupis
James Bopp, Jr. (Ind. Bar No. 2838-84)*
Sarah E. Troupis (Wis. Bar No. 1061515)*
Scott F. Bieniek (Ill. Bar No. 6295901)*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434
*Counsel for All Plaintiffs*

*Admitted Pro Hac Vice

Stephen Pidgeon
ATTORNEY AT LAW, P.S.
3002 Colby Ave., Suite 306
Everett, Washington 98201
(425) 605-4774
*Counsel for All Plaintiffs*

# CERTIFICATE OF SERVICE

I, Sarah E. Troupis, am over the age of 18 years and not a party to the above-captioned action. My business address is 1 South Sixth Street; Terre Haute, Indiana 47807-3510.

On August 3, 2009, I electronically filed the foregoing document described as Plaintiffs' Notice of Motion and Motion for Protective Order and Memorandum in Support Thereof with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

James K. Pharris
jamesp@atg.wa.gov
*Counsel for Defendants Sam Reed and Brenda Galarza*

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct. Executed this 3rd day of August, 2009.

 /s/ Sarah E. Troupis
Sarah E. Troupis
*Counsel for All Plaintiffs*