1
2
3
4
5
6
7
8

The Honorable Benjamin H. Settle

9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT  TACOMA**

10

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON, | NO.  09-cv-05456-BHS |
| | DEFENDANTS' REPLY IN SUPPORT OF MOTION TO JOIN ADDITIONAL PARTIES |
| Plaintiffs, | |
| v. | |
| SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington, | NOTE ON MOTION CALENDAR: |
| | AUGUST 21, 2009 |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20

## I.    INTRODUCTION

21

On August 6, 2009, Defendants Reed and Galarza ("the Secretary of State") filed a

22

motion to join, as additional parties defendant, those persons who had filed public records

23

requests with the Secretary of State for access to the signed petitions filed in support of

24

Referendum Measure No. 71 (RM-71).  As of the date of the motion, three requests had been

25

received.

26

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    Since August 6, an additional party has filed a public records request for the petitions,

2    including the names, addresses, and signatures of the signers:

3
> BRIAN SPENCER, on behalf of Desire Enterprises, filed a request on the
4    evening of August 6 for "all records regarding Referendum 71, including signed
> petitions, any records related to the certification of petitions and disclosure of
5    any other parties making a similar request." Mr. Spencer's request is Exhibit A
> to this Reply.[1]  The Defendants move to include Mr. Spencer in the joinder
6    motion, and will file an Amended Proposed Order reflecting this change.

7    On August 17, the Plaintiffs filed an Opposition to the Defendants' joinder motion,

8
9    arguing that the public records requesters named in the motion do not meet the standards set

10   forth in Civil Rule 19(a) for joining additional parties.

11                        **II.    POINTS AND AUTHORITIES**

12   **A.    Civil Rule 19 requires the joinder of parties who claim an interest in the subject
             matter of litigation and whose joinder would serve the interests of justice and
13           judicial economy.**

14   The Plaintiffs and Defendants agree that this Motion is governed by CR 19(a)(1), and

15   agree that the rules provide for a two-pronged analysis to determine whether joinder of an

16   additional party is necessary. *Yellowstone Cy. v. Pease*, 96 F.3d 1169 (9th Cir. 1996).  As the

17   Court observes, "[i]f a non-party satisfies either of the two prongs, the non-party is

18   necessary." *Id.* at 1172 (citations omitted).

19   The Defendants do not assert that the public records requesters are *indispensible*

20   parties or that, in the absence of these parties, the Court cannot accord complete relief among

21   existing parties.  Therefore, the first prong of CR 19(a)(1) is not pertinent to the analysis.

22

23

24   _____

25   [1] On August 12, 2009, Anne Levinson of Washington Families Standing Together filed a request for
     access to the petitions submitted in support of RM-71, but excluded from the request "any and all other
     information subject to the temporary restraining order" previously entered by this Court. The Levinson request
26   is Exhibit B to this Reply.  Because Ms. Levinson is not seeking material directly at issue in the case, the
     Defendants are not including her in this Motion.

However, the second prong, CR 19(a)(1)(B), fits this case exactly and requires the joinder requested in the Defendants' Motion.

**B.      The requesters have an interest in access to the contents of RM-71 petition information, and if they are not heard, their ability to protect that interest will be lost or seriously impaired.**

In a convoluted effort to avoid the obvious, the Plaintiffs first suggest that joinder would be improper because this is a suit "to enforce compliance with administrative procedures." Defs.' Opp. to Mot. to Join at 4-5 (citation omitted). That is incorrect. In this case, Plaintiffs seek to have certain applications of the State's public disclosure law declared unconstitutional as violative of their First Amendment rights. The State's "administrative procedures" are not implicated in the case at all.

The Plaintiffs are also incorrect in suggesting that the public records requesters, the parties who should be joined, are simply seeking to enforce state administrative procedures. The requesters are seeking access to certain public records maintained by their state government. At the very least, they would argue that they have a statutory basis for obtaining the records (the State's Public Records Act). They may also assert additional statutory bases, or they might assert some theory based on the state constitution or the Constitution and laws of the United States. It is highly unlikely that "administrative procedures" would be a serious consideration in dealing with their claims.

The point is that the Plaintiffs seek to restrain the Defendants from releasing RM-71 petition information to the public, and the requesters named in the Motion (and in this Reply) are seeking access to that very same information. The Secretary of State is not in a position to represent or advocate the interests of any of these requesters. Whatever arguments they

DEFS.' REPLY IN SUPP. OF MOT.
TO JOIN ADDITIONAL PARTIES
NO.  09-CV-05456-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    wish to raise will go unheard if they are not included in this action, and the Court will have to

2    make a decision without knowing or having a chance to consider them.

3        The Plaintiffs argue that if the Plaintiffs prevail on their constitutional claims, gaining

4    the injunctive relief they seek, the requesters would not be harmed because they never had a

5    legally protected interest.  Defs.' Opp. to Mot. to Join at 5, n.3.  This argument is simply

6    circular, as it ignores the fact that the requesters are left with no opportunity to present their

7    own arguments in support of the constitutionality of the challenged state laws, or arguments

8    asserting their own constitutional rights.  The requesters have a right to be heard for precisely

9    this reason.

10       While the Secretary of State and the State Attorney General recognize their

11   responsibility to defend state laws which are challenged, including the Public Records Act,

12   the Secretary of State's own access to the records in question is not at issue here.  The true

13   quarrel here is not between the Plaintiffs and the Secretary of State (who has all the access to

14   the records in question that he needs to perform his duties) but between the Plaintiffs and

15   those members of the public who seek access to the records.[2]  There are no practical barriers

16   to joining those persons who have requested access to the RM-71 petitions, and they should

17   be given a full opportunity to participate.

18

19

20

21

22

23

24

25

26

---

[2] The material attached to the Plaintiffs' Complaint and submitted in support of their Motion for a Preliminary Injunction illustrates that their concern is not about what the Secretary of State will do with the records, but how they might be used by citizens filing public records requests.  It is disingenuous for the Plaintiffs to suggest that these citizens have no rights that would be impaired by proceeding without them.  This case is aimed directly at cutting off access by these parties.

**C.    If the requesters are not joined, they will not be bound by the results of this case, and the Defendants could be exposed to inconsistent obligations.**

If the requesters are not joined in this case, and the result is a declaration that the public has no right of access to the RM-71 petition information, the Defendants will of course be bound by that decision and by the terms of any injunctive relief granted in favor of the Plaintiffs. However, the requesters, not being parties, have not had their day in court to assert their own interests, and would not be bound by the results of this case. There is nothing to prevent them from filing actions in state or federal courts, seeking to relitigate the constitutional issues decided here. While *stare decisis* and principles of comity might affect the decisions of a future court considering constitutional issues previously litigated elsewhere by different parties, the possibility of inconsistent rulings cannot be foreclosed. The State could certainly be subjected to claims that the Public Records Act is enforceable as to referendum petitions, and assertions that penalties and attorney fees are owing for wrongful failure to supply records. Wash. Rev. Code § 42.56.550(4). It is small comfort that the State might eventually prevail against such claims.[3]

The Plaintiffs offer no respite to either the non-joined requesters or the Defendant Secretary of State, other than to assert that the results in this litigation would trump or foreclose further litigation. These arguments illustrate precisely why the Court should hear all the parties with an interest in the matter at hand.

---

[3] Exhibit C to this Reply is an edited copy of an e-mail discussion between Mr. Arthur West, one of the requesters who should be joined in this case, and the Defendants' attorney. Mr. West's comments make it clear that he would not regard himself as bound by the result in this case if he is not a party to it.

DEFS.' REPLY IN SUPP. OF MOT.            5
TO JOIN ADDITIONAL PARTIES
NO. 09-CV-05456-BHS

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**D.    Joinder of the requesters would not be "absurd" or excessively burdensome.**

The Plaintiffs also suggest that it would be "absurd" to join all the potential future requesters for RM-71 petition records, suggesting that there could be dozens or even hundreds of such persons, and that a continuous process of joining new parties could prove burdensome and disruptive. The short answer to this "parade of horribles" argument is that the situation has not occurred. The Secretary of State has received four requests for the RM-71 petitions, and it would not be impractical or burdensome to include these four parties in the case. If large numbers of additional requests were made, the Court could deal with that development without completely foreclosing participation by parties whose interests are strongly affected by the outcome.

### III.    CONCLUSION

For the reasons stated above, the Court should require the Plaintiffs to join as additional parties: Brian Murphy, Toby Nixon, Arthur West, and Brian Spencer.

DATED this 20th day of August, 2009.


ROBERT M. MCKENNA
Attorney General


s/ James K. Pharris
James K. Pharris, WSBA #5313
Deputy Solicitor General
PO Box 40100
Olympia, WA  98504-0100
360-664-3027
jamesp@atg.wa.gov

DEFS.' REPLY IN SUPP. OF MOT.
TO JOIN ADDITIONAL PARTIES
NO.  09-CV-05456-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

2

## CERTIFICATE OF SERVICE

3    I hereby certify that on August 20, 2009, I electronically filed a Reply in Support of

4 Motion to Join Additional Parties and Amended Proposed Order in the above-referenced case

5 and Certificate of Service with the Clerk of the Court using the CM/ECF System, which will

6 send notification of such filing to the following:

7
        Stephen Pidgeon, attorney@stephenpidgeon.com
8       James Jr Bopp, jboppjr@aol.com
        Scott F. Bieniek, sbieniek@bopplaw.com
9       Sarah E. Troupis, stroupis@bopplaw.com

10

11   DATED this 20th day of August, 2009.

12

13
                                s/James K. Pharris
14                              James K. Pharris

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT  A

## Pharris, James (ATG)

| | |
|---|---|
| **From:** | Galarza, Brenda [bgalarza@secstate.wa.gov] |
| **Sent:** | Friday, August 07, 2009 3:44 PM |
| **To:** | Pharris, James (ATG) |
| **Subject:** | FW: R-71 Public Records Request |

Jim,

This requestor is asking for the staff names and organizations who are working on the certification process for R-71. I do not know of any exemption for this information. Do you?

*Brenda*

---

**From:** Betty Pages Design & Layout [mailto:thebettypages.design@gmail.com]
**Sent:** Thursday, August 06, 2009 7:33 PM
**To:** Galarza, Brenda
**Cc:** Blinn, Katie; Hamlin, Shane
**Subject:** R-71 Public Records Request

Ms. Galarza,

Desire Enterprises dba The Betty Pages, of Bellingham, WA, officially requests all records regarding Referendum 71, including signed petitions, any records related to the certification of petitions and disclosure of any other parties making a similar request. We also request the names, dates, times, locations and affiliated organizations of individuals involved in the signature certification process. Furthermore, we request disclosure of any records or documents maintained by the Secretary of State's office with regard to ligation of Referendum 71.

This request is made pursuant to Washington State Public Records Act RCW 42.56. Where possible, we request that records be made available on digital storage media or delivered via electronic communications.

Thank you,

Brian Spencer
(360) 461-1465
thebettypages.design@gmail.com

The Betty Pages
PO Box 2724
Bellingham, WA 98227
www.thebettypages.com

1

# EXHIBIT B

*Via Email*

August 12, 2009

Washington Secretary of State
Legislative Building
PO Box 40220
Olympia, WA 98504

Re:    **Public Records Request**

Dear Secretary Reed:

Pursuant to Washington Public Disclosure Act, RCW 42.56, Washington Families Standing Together ("WAFST") requests copies of or access to the following documents or categories of documents by August 19th:

> Each petition (including front and back sides) submitted in support of Referendum 71, *excluding* any and all other information subject to the temporary restraining order entered on July 29, 2009, in Case No. 09-5456BHS (Dkt. #9).

If these materials are stored electronically, please produce them in their native format (rather than printing them on paper). If they exist solely on paper, then we would like to obtain a complete and legible copy of responsive materials.

If you estimate that the costs of providing these materials will exceed $2,000, please call us at (206) 682 – 9552 x 112 before incurring those expenses.

Because of the short time involved, we would appreciate your immediate attention to this request. Please call us as soon as any portion of the materials is available and we will send a messenger to pick them up.

Please feel free to contact me with any questions. Thank you for your immediate attention and cooperation.

Very truly yours,

Anne Levinson

Chair, Washington Families Standing Together

CC: Brenda Galarza (Public Records Officer)
    Nick Handy (Director of Elections)

# EXHIBIT  C

**Pharris, James (ATG)**

| | |
|---|---|
| **From:** | Pharris, James (ATG) |
| **Sent:** | Wednesday, August 19, 2009 11:21 AM |
| **To:** | Pharris, James (ATG) |
| **Subject:** | FW: FW: R-71 Public Records Request |

**From:** A West [mailto:awestaa@gmail.com]
**Sent:** Wednesday, August 12, 2009 12:11 PM
**To:** Pharris, James (ATG)
**Subject:** Re: FW: R-71 Public Records Request

Mr. Pharris:

Thank you for your reply, and for moving to join necessary parties.

Please let me know how the motion to require the joinder of additional parties goes.

I'll be in the DC area until the 22nd. If nothing has transpired by then I may move to intervene.

As far as the adequacy of the Secretary of State's response to the PRA request goes, it appears we will have to differ.

In regard to the 11th Amendment, I am very pleased to hear that you share some of my views. The other attorneys who represent the State of Washington in the Federal District Court (08-5741RJB) have a completely different interpretation of its scope. According to them, the 11th Amendment always applies, subject to a very limited exception under ex parte Young. If you don't use their arguments, I may be inclined to file copies of their briefs in the Doe case.

While I believe that the enforcement of federal CWA standards is an appropriate subject for federal jurisdiction over Jay Manning and Governor Gregoire, I am less convinced that Mr. Reed's duties in administering State electoral issues are a valid subject for the State to allow the Federal Courts to meddle in.

The State has a process for the Superior Court to issue injunctions under the PRA. I am uncertain how this process has been short circuited and why a State proceeding was not employed.

Also the plaintiff's are designated "Doe". Can I take it from this that they have refused to publicly identify themselves evfen in the Court proceeding?
Thanks again for your reply.

Arthur West
On Wed, Aug 12, 2009 at 2:10 PM, Pharris, James (ATG) <JamesP@atg.wa.gov> wrote:

**From:** A West [mailto:awestaa@gmail.com]
**Sent:** Wednesday, August 12, 2009 10:18 AM
**To:** Galarza, Brenda
**Subject:** Re: R-71 Public Records Request

1

To:    Brenda Galarza,  Washington Secretary of State Public Disclosure Officer,

Thank you for your reply to the request for R 71 related records.

Please realize that I consider it completely inadequate in regard to the responsibilities of the State of Washington under the Public Records Act, which to my knowledge has not been suspended by any Court Order.

I am not a party to any proceeding for a temporary restraining order, and as a registered voter, and a known party intersted in disclosure of Initiative and Referendum related information, was not provided with any prior notice of any application to restrain my rights to public disclosure. As such, I do not recognize or consent to jurisdiction of any such alleged order in regard to my 1st Amendment rights to receive information necessary to casting an informed vote.

Should the Secretary of State or the plaintiffs who apparently obtained the restraining order in question seek to have it limit my rights, please inform plaintiff's counsel that it is incumbent upon them to join me as a necessary party and serve a copy of any alleged restraining order upon me, as a proper party to the suit. In the absence of such joinder, It is my plan to argue that the order is void and unenforceable, at least so far as my rights as a non-party are concerned.

Please realize also that if the State intends to assert the Jurisdiction of the Federal Court as a bar to performing its duties under State law that this might violate the 11th Amendment as well as various other Constitutional requirements, and confirm your refusal to provide any further disclosure or response than that appearing in the previous E-mail.

If the response is intended as an estimate of the time necessary to compile the information, September 3 does not represent a reasonable time period.

Thank you for your consideration. I look forward to a formal joinder and prompt service by the plaintiffs of all pleadings related to any alleged restraining order.

Arthur West.

2

"I support gay marriage. I believe they have a right to be as miserable as the rest of us"  Richard S. Friedman, October 3, 2005