UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual; JOHN DOE #2, an individual; and PROTECT MARRIAGE WASHINGTON,<br><br>            Plaintiffs,<br><br>   v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington; DEBRA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>            Defendants. | CASE NO. 09-5456BHS<br><br>ORDER DENYING DEFENDANTS' MOTION TO JOIN ADDITIONAL PARTIES |

This matter comes before the court on Defendants' motion to join additional parties. Dkt. 23. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the record, and hereby denies the motion for the reasons stated herein.

**I. BACKGROUND**

On July 29, 2009, Plaintiffs filed a complaint and motion for temporary restraining order, seeking to enjoin the Secretary of State from any public release of documents showing the names and contact information of those individuals who signed petitions in support of Referendum Measure No. 71 ("RM-71"). Dkts. 2 (Plaintiffs' complaint) and 3 (Motion for Temporary Restraining Order and Preliminary Injunction).

ORDER - 1

On July 29, 2009, the Court granted Plaintiffs' motion for temporary restraining order and scheduled a preliminary injunction hearing for September 3, 2009. Dkt. 9.

As of August 20, 2009, the Secretary of State has received five requests for public disclosure of the RM-71 petitions, one of which excluded "any and all information subject to [the Court's July 29, 2009] temporary restraining order." Dkt. 30 at 2.

Defendants now move the Court for an order requiring the following parties to join this action: (1) Brian Murphy of WhoSigned.org, (2) Toby Nixon, President of the Washington Coalition for Open Government, (3) Arthur West, and (4) Brian Spencer, on behalf of Desire Enterprises. Dkts. 23 and 30. Plaintiffs have filed a response in opposition to Defendants' motion. Dkt. 28.

## II.  DISCUSSION

Federal Rule of Civil Procedure 19 governs required joinder of parties:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

To determine whether a non-party is necessary under Rule 19(a), a court conducts a two-pronged analysis: First, a court determines whether "complete relief" is possible among those already parties to the suit; and second, a court decides whether the non-party has a "legally protected interest in the suit." *Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996). If a non-party satisfies either of the two prongs, the non-party is necessary. *Id*. Defendants assert that joinder is required pursuant to the second prong, Rule 19(a)(1)(B). Dkt. 30, 2-3.

ORDER - 2

1    Under the second prong, a court must determine "whether the absent party has a
2 legally protected interest in the suit." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558
3 (9th Cir. 1990) (emphasis removed). "If a legally protected interest exists, the court must
4 further determine whether that interest will be impaired or impeded by the suit.
5 Impairment may be minimized if the absent party is adequately represented in the suit."
6 *Id.* (emphasis removed) (citations omitted).

7    Analysis under the second prong "concerns prejudice, either to the absent persons
8 or to those already parties." *Eldredge v. Carpenters 46 Northern California Counties*
9 *Joint Apprenticeship and Training Committee*, 662 F.2d 534, 538 (9th Cir. 1981). When
10 an absent party is aware of an action, but chooses not to claim an interest, a court may be
11 less inclined require joinder. *See United States v. Bowen*, 172 F.3d 682, 688-89 (9th Cir.
12 1999); *see also Eldredge*, 662 F.2d at 538 (concluding that while joinder was not
13 required, it remained a possibility that an interested party could move to intervene under
14 Federal Rule of Civil Procedure 24 if the party was concerned that it would not be
15 adequately represented by the defendant).

16    First, Defendants contend that the parties who have requested copies of the RM-71
17 petitions should be joined in order to provide the parties an opportunity "to assert their
18 own statutory and constitutional interests in obtaining access to the RM-71 petitions and
19 the information contained therein." Dkt. 23 at 4.

20    Second, Defendants maintain that if the requesters are not joined, they (or others
21 similarly situated) may start separate litigation asserting a right to the RM-71 petitions.
22 Defendants maintain that "the Secretary of State could be caught between an order [by
23 this Court] enjoining release of the records . . . and an order [by another court] granting
24 severe sanctions [against the State] for failing to release the same records" pursuant to
25 state laws requiring disclosure of public records. Dkt. 23 at 5. Defendants argue that
26 parties absent from this action would not be bound by the results of this case, and that
27 there is nothing that would prevent them from filing actions in state or federal courts
28

ORDER - 3

seeking to relitigate the constitutional issues decided by this Court. Dkt. 30 at 5. As a result, Defendants contend, the possibility of inconsistent rulings cannot be foreclosed. *Id.*

The Court concludes that an order requiring joinder is not necessary because the requesting parties asserting an interest in this matter may move to intervene pursuant to Rule 24. *See Bowman*, *supra*. In addition, even if the Court were to require joinder, it is conceivable that another citizen or entity would seek disclosure of the petitions after a decision is rendered in this case, in the event the Court were to rule in favor of Plaintiffs. Therefore, granting Defendants' motion would not necessarily foreclose the possibility of a separate action being commenced. In any event, the Court concludes that any risk to Defendants of incurring inconsistent obligations under Rule 19(a)(1)(B)(ii) is speculative and does not warrant required joinder.

Finally, while it appears that the requesting parties are aware of Plaintiffs' lawsuit, the Court concludes that Defendants should provide notice to the requesting parties of the lawsuit in order to provide them an opportunity to move to intervene if they so choose.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' motion to join additional parties (Dkt. 23) is **DENIED**. It is further **ORDERED** that Defendants provide notice of Plaintiffs' lawsuit to the requesting parties as soon as possible.

DATED this 24th day of August, 2009.

BENJAMIN H. SETTLE
United States District Judge