The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>Defendants. | NO. 09-cv-05456-BHS<br><br>DEFENDANTS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER |

## I.  INTRODUCTION

Defendants Sam Reed and Brenda Galarza oppose the Plaintiffs' Motion for a Protective Order for the reasons stated below.

Defs.' Opp'n to Mot. for
Protective Order
NO. 09-CV-05456-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## II. BACKGROUND

In this case, the Plaintiffs seek to restrain the Secretary of State from publicly releasing any documents revealing the identity of persons who signed petitions to qualify Referendum Measure No. 71 (RM-71) for the November 2009 ballot. The Court has scheduled a hearing on September 3, 2009, to consider the Plaintiff's Motion for a Preliminary Injunction.

In support of their claims, the Plaintiffs have also filed a Motion for a Protective Order that would (1) permit the Plaintiffs to file certain declarations under seal; (2) permit the Plaintiffs to redact personal information from filings not filed under seal; (3) permit the Plaintiffs to file unredacted copies of documents under seal, if the Court so desires; and (4) prohibit the Defendants and their agents from revealing the names of certain categories of individuals.

## III. ARGUMENT

**A. The Plaintiffs Fail To Overcome The Strong Presumption Against Sealing Court Records.**

As the Plaintiffs note, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1135). The party must articulate compelling reasons supported by specific factual findings. *Kamakana*, 447 F.3d at 1178 (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir. 1999)). The Court must consider the general history of public access and the public

Defs.' Opp'n to Mot. for Protective Order  
NO. 09-CV-05456-BHS

2

ATTORNEY GENERAL OF WASHINGTON  
1125 Washington Street SE  
PO Box 40100  
Olympia, WA 98504-0100  
(360) 753-6200

policies favoring disclosure, such as the "public interest in understanding the judicial process." *Kamakana* at 1178-79 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

This litigation concerns the application of the State's public disclosure laws as related to the exercise of the people's state constitutional right of referendum. As such, the proceedings are of great interest to the general public. The accessibility of public access to court records and court proceedings (with narrow exceptions not applicable here) is at least as strongly based in tradition and public policy as the State's statutory provisions concerning public disclosure of public records. The public interest in understanding the judicial process is very strong here.

The Plaintiffs base their Motion for a Protective Order primarily upon the assumption that they will prevail in their Motion for a Preliminary Injunction. Pls.' Mot. for Prot. Order at 5-7. As discussed in their Opposition to the Preliminary Injunction Motion, the Defendants disagree that the Plaintiffs are likely to prevail on the merits of their case, or that they have shown a likelihood of irreparable harm if injunctive relief is not granted in their favor. For the same reasons, the Plaintiffs have not shown compelling reasons why this Court should limit public access to documents filed in this proceeding. The Plaintiffs have shown no more than the possibility of embarrassment or inconvenience if their signatures on the RM-71 petitions are publicly revealed, and that is not sufficient to meet the standards for either injunctive relief or a protective order.

**B.    The Motion As Filed Is Overbroad, And Would Extend To Matters Not Before The Court.**

The issue in this case is whether the public should have access to petitions filed with the Secretary of State in support of Referendum Measure 71. The issue is whether the

Defs.' Opp'n to Mot. for
Protective Order
NO. 09-CV-05456-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

identities of a single narrow class—signers of the petitions—should be protected from public disclosure. Yet, the Plaintiffs seek to use a Protective Order not only for individuals who signed the Referendum 71 petitions, but also for (1) individuals or organizations that "supported the Referendum 71 petition process"; (2) individuals or organizations that are members or contributors to Protect Marriage Washington; (3) individuals or organizations "that oppose[] Referendum 71";[1] and (4) individuals or organizations that support "a traditional view of marriage." Pls.' Mot. for Prot. Order at 2. Unless they are also signers of the RM-71 petitions, the rights and interests of supporters of the petition campaign, members or contributors of Protect Marriage Washington, and supporters of a "traditional definition of marriage" are not at issue in this case. It is not obvious that persons in these adjunct (at best) categories should even have the need to file documents in this case. If they gratuitously choose to do so, it is even less obvious why their identities deserve special protection.

It is even more troubling that the proposed Protective Order would prohibit "the Defendants, their agents, servants, employees, officials, or any other person acting in concert with them" from revealing the names of any or several categories of persons, including members or contributors to Protect Marriage Washington, or, again, individuals supporting a "traditional view of marriage." The proposed Order at least arguably would extend far beyond the scope of the pleadings, which concern the Secretary of State's duties with respect to the disclosure of petition material. The proposed Order could be construed, for instance, to cover (1) information in the possession of the Secretary of State for some reason other than the filing of the RM-71 petitions or information filed in this case; and (2) information in the possession

---

[1] Logically, an "opponent" of RM-71 might be a person who *opposes* qualifying the measure for the ballot, although that would be a surprising way to read the Plaintiffs' proposal.

Defs.' Opp'n to Mot. for Protective Order
NO. 09-CV-05456-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

of other state agencies, who are not named in the case but could be interpreted as covered by the Order.

The Defendants believe that the underlying Motion for a Preliminary Injunction is not well-taken and should be denied. If it is denied, there is no remaining basis for entering a Protective Order. However, even if the Court were to grant some continuing injunctive relief, any Protective Order entered should be carefully narrowed to the actual issues presented in the case and the parties thereto, and supported with appropriate findings as required by *Kamakana*, 447 F.3d at 1178.

## IV. CONCLUSION

For the reasons stated above, the Motion for a Protective Order should be denied.

DATED this 27th day of August, 2009.

ROBERT M. MCKENNA
Attorney General

s/ James K. Pharris
JAMES K. PHARRIS, WSBA #5313
Deputy Solicitor General
PO Box 40100
Olympia, WA 98504-0100
360-664-3027
jamesp@atg.wa.gov

Defs.' Opp'n to Mot. for
Protective Order
NO. 09-CV-05456-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2009, I electronically filed Defendants' Opposition to Motion for Protective Order in the above-referenced case with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

    Stephen Pidgeon, attorney@stephenpidgeon.com
    James Jr Bopp, jboppjr@aol.com
    Scott F. Bieniek, sbieniek@bopplaw.com
    Sarah E. Troupis, stroupis@bopplaw.com

DATED this 27th day of August, 2009.

                    <u>s/ James K. Pharris</u>
                    James K. Pharris

Defs.' Opp'n to Mot. for Protective Order
NO. 09-CV-05456-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200