The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>                    Plaintiffs,<br><br>        v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>                    Defendants. | Case No.  3:9-CV-05456-BHS<br><br>WASHINGTON COALITION FOR OPEN GOVERNMENT'S MOTION AND MEMORANDUM TO INTERVENE<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 3, 2009, 2:30 P.M.<br><br>ORAL ARGUMENT REQUESTED |

## **MOTION**

Pursuant to Fed.R.Civ.P. 24, the Washington Coalition for Open Government ("WCOG") hereby moves the Court for an Order allowing it to intervene in the above-captioned litigation.

This motion is noted for hearing on September 3, 2009, the same date as the scheduled Preliminary Injunction Hearing in this matter. WCOG is aware of Local Rule 7(d)(3) (setting the times and dates for motion hearings) and Local Rule 6(e) (abolishing motions to shorten time), but believes

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 1

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to
Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

good cause exists to support hearing of the motion to intervene on shortened notice. On August 21, 2009, the Court entered an Order (*Dkt. 33*) which denied the Defendants' Motion to Join WCOG and two other records requestors as parties to the litigation. In that same Order, the Court invited those parties who had requested records, but had been denied joinder, to move to intervene "it they so choose." *Id.,* p. 4. WCOG respectfully accepts the Court's invitation to intervene, and requests that its motion be heard prior to the Preliminary Injunction Hearing on September 3, 2009, so that it may participate substantively in that hearing. Grounds for such intervention, and the timeliness thereof, are set forth in the attached Memorandum.

This Motion is based on the Affidavit of Toby Nixon, filed herewith, and the Memorandum of Authorities submitted below.

## MEMORANDUM

### I.    NATURE OF CASE AND RELIEF SOUGHT

This case involves the Plaintiffs' direct challenge to the constitutionality and future validity of Washington's Public Records Act, RCW 42.56., *et. seq.* Plaintiffs contend that this action "concerns the constitutionality of the Washington Public Records Act" as it applies to public release of referenda petitions and allege that "the Public Records Act is unconstitutional" because the State's mandated compliance with its provisions as to release of records raises the potential of "threats, harassments and reprisals" against petition signers. *Dkt. 2,* ¶¶ 1, 5. In short, the very existence and core of the Public Records Act is at stake in this litigation.

Acting through its President, Toby Nixon, the Washington Coalition for Open Government ("WCOG") filed a public records request with the Secretary of State on July 31, 2009, in which it sought copies of all signed pages presented to the Secretary of State concerning proposed legislation entitled Referendum 71. Brenda Galarza, the Public Records Officer for the Secretary of State of

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 2

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to
Intervene.doc

Washington, denied WCOG's request based upon the unopposed temporary restraining order entered by this Court on July 29, 2009. The TRO restrained the State of Washington from releasing the "names, addresses, or other contact information" of those persons who signed the Referendum 71 petition. *Dkt. 9*, p. 3. As a result, WCOG's public records request hangs in the balance pending this Court's determination of the merits of Plaintiffs' constitutional challenge to the Public Records Act ("PRA").

WCOG hereby moves to intervene in order to protect its interest in disclosure of the requested public records. If denied the opportunity to intervene, WCOG will be unable to challenge Plaintiffs' argument that the PRA is unconstitutional and that the records at issue are exempt from disclosure, and its ability to obtain public information pursuant to Washington law will be compromised. Moreover, WCOG, long a champion of the PRA and the voice of the collective citizenry of the State of Washington for public access, will be denied a meaningful opportunity to participate and defend the viability and constitutionality of the PRA in the face of Plaintiffs' challenge. WCOG should be allowed to intervene in this critical matter on behalf of its members and citizens of the State of Washington to preserve faithful adherence to the PRA.

## II.    STATEMENT OF FACTS

### A.    Plaintiffs Organized a Referendum Signing Campaign to Challenge the Enactment of Senate Bill 5688.

1.    Senate Bill 5688, commonly referred to as the "everything but marriage act," is a bill passed by the Washington State Legislature and designed to equate the rights, responsibilities, and obligations of state-registered same-sex and senior domestic partners to those of married spouses. *Dkt. 2*, ¶ 18.

WASHINGTON COALITION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 3

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to
Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

2.      Plaintiff Protect Marriage Washington is a State Political Committee whose purpose is "to circulate a referendum petition on SB 5688 and to encourage voters to reject SB 5688." *Id.*, ¶¶ 22, 23.

3.      The Secretary of State designated this referendum as "Referendum 71." *Id.*, ¶ 21.

4.      On July 25, 2009, Protect Marriage Washington submitted approximately 138,500 signatures in support of the petition for Referendum 71 to Defendant Secretary of State Sam Reed. *Id.*, ¶ 40.

**B.      Following Plaintiffs' Motion, the Court Entered a Temporary Restraining Order Restraining the Defendants from Disclosing the Names of the Petition Signatories.**

5.      Citing alleged threats to some signers of the petition, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction against Sam Reed and Brenda Galarza, Public Records Officer for the Secretary of State of Washington, which sought to enjoin the Defendants from releasing the names and contact information for those persons who signed the Referendum 71 petition. *Dkt. 3.*

6.      On July 29, 2009, this Court granted, without opposition from Defendants, Plaintiffs' Motion for Temporary Restraining Order, restraining the State of Washington temporarily from releasing the "names, addresses, or other contact information" of those persons who signed the Referendum 71 petition until a hearing on the merits could be scheduled. *Dkt. 9*, p. 3.

**C.      WCOG Filed a Public Records Request for Copies of the Signed Petition Pages which was Denied by the Defendants Because of this Court's Temporary Restraining Order.**

7.      On July 31, 2009, Toby Nixon, President of WCOG, submitted an e-mail request to Defendant Brenda Galarza for release under the PRA of copies of "all signed petition pages for Referendum 71."  Declaration of Toby Nixon ("Nixon Dec."), ¶ 4, Exhibit "A."

WASHINGTON COALITION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 4

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1      8.     Later that same day, Ms. Galarza informed Mr. Nixon that, due to the Temporary

Restraining Order entered by this Court, she could not provide the requested records. Nixon Dec., ¶ 5.

**D.    WCOG's Interests are not Adequately Represented by the Current Parties and Will be Materially Harmed if it is Denied the Opportunity to Intervene in the Present Lawsuit.**

    9.     WCOG is an independent, nonpartisan, nonprofit organization dedicated to promoting and defending the public's right to know in matters of public interest and in the conduct of the public's business. WCOG is the key freedom of information association in Washington and Washington citizens' representative organization on the National Freedom of Information Coalition. Its mission is to help foster the cornerstone of democracy: open government processes supervised by an informed and engaged citizenry. *Id.*, ¶ 2.

    10.    WCOG takes an active role, both in the legislative process and in significant Washington State Court of Appeals and Supreme Court cases by filing *amicus curiae* briefs, in promoting open government in general, and access to public records specifically, be they agency records or in the court system. It has filed 13 such briefs from 2007 to date. *Id.*, ¶ 3.

    11.    This Court's resolution of the temporary restraining order will directly and permanently impact WCOG's request for access to these public records. Moreover, the Court's adjudication of the constitutionality of the PRA will have a dramatic impact on public records issues throughout the State of Washington, which will, in turn, affect WCOG's members. *Id.*, ¶ 6.

    12.    No party currently before the Court adequately represents the scope of WCOG's interest in providing access to records for all citizens of Washington State and ensuring faithful adherence to the PRA and constitutional safeguards to open government access. Even if the State of Washington supports disclosure in the narrow context of public referenda, no party currently before the Court provides the voice of the average citizen who is vitally concerned about the future of the PRA and

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

access to open government in Washington State. WCOG's wide experience in litigating public records access cases demonstrates that the interests of WCOG members and public agencies are generally not co-extensive, and WCOG brings to Court its unique perspective as the voice of citizen advocates in contrast to the interests of the State and other public agencies, which is generally more narrowly focused and is sometimes influenced by issues relating to potential payment of attorneys' fees and penalties concerning non-release of records, an issue WCOG does not face.

**E.    The Court Denied the Defendants' Motion to Join WCOG Under Fed.R.Civ.P. 19 and Instead Invited the Aggrieved Parties to File Motions to Intervene.**

13.    On August 21, 2009, this Court denied the Defendants' motion to join WCOG and two fellow requestors. *Dkt. 33.* One of the stated reasons for the Court's denial was that the requesting parties, including WCOG, should be provided "an opportunity to move to intervene if they so choose." *Id.*, p. 4.

14.    The Preliminary Injunction hearing is scheduled before this Court on September 3, 2009, and WCOG respectfully requests to intervene in this matter to allow it meaningful opportunity to participate during that hearing and in all future matters in this case.

## III.    ARGUMENT

Pursuant to Federal Rule of Civil Procedure 24, intervention may be granted to a moving party as a matter of right, or permissively after satisfaction of several criteria. Rule 24 traditionally has received "a liberal construction in favor of applications for intervention." *Washington State Building & Construction Trades v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982).

In the present case, WCOG should be allowed to intervene as a matter of right because it claims an interest in the action which would be impaired by this Court's disposition of the lawsuit and which no existing party adequately represents. Alternatively, WCOG should be granted permissive

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 6

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to
Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

intervention because questions of law or fact raised in the instant action also predominate its requested, and denied, access to the copied pages of the petition in support of Referendum 71.

**A.     WCOG is Entitled to Intervention as a Matter of Right.**

Fed.R.Civ.P. 24(a)(2) provides that an entity may intervene as a matter of right if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(a) is to be interpreted broadly in favor of intervention. *California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 440 (9th Cir. 2006). "To intervene as of right pursuant to Rule 24(a), an applicant must show that (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *In re Estate of Ferdinand E. Marcos Human Rights litigation*, 536 F.3d 980, 984 (9th Cir. 2008) (internal quotations omitted). WCOG satisfies all four elements.

*1.     WCOG Has a Significant Interest in the Outcome of the Pending Litigation.*

WCOG requested copies of "all signed petition pages for Referendum 71." Nixon Dec., ¶ 5. The request was denied due to Plaintiff's Temporary Restraining Order. *Id.*, ¶ 6. The outcome of Plaintiff's action directly affects whether WCOG will be able to access the signed petition pages of Referendum 71 under the PRA.

In addition, WCOG occupies a significant role in legislative and judicial processes affecting access to open government and, as a result, has an abiding interest in participating in the interpretation and construction of the PRA. *Sagebrush Rebellion, Inc., v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (Audubon Society entitled to intervene as a matter of right where plaintiff challenged the legality of a

WASHINGTON COALITION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 7

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to
Intervene.doc

conservation area, the creation of which the Audubon Society actively participated in).  Similar to the Audubon Society's challenge in *Sagebrush,* WCOG should be allowed to intervene as a matter of right where it actively supports and defends the PRA through legislative and judicial efforts.

**2.    *WCOG's Interests will be Impeded Unless it is Allowed to Intervene.***

WCOG satisfies the second element of 24(a)(2) because, if the Referendum 71 records are ultimately withheld from public inspection as a result of the instant litigation, WCOG's records request will be denied.  These documents are properly construed as public records, and WCOG's interest in the records will be permanently foreclosed by this Court's adjudication.

Moreover, WCOG's past efforts and interest in faithful construction and adherence to PRA's founding tenets will also be impeded should this Court adopt Plaintiffs' argument that the PRA is unconstitutional as applied to public referenda.  Interest groups are routinely allowed to intervene where court proceedings challenge causes or actions the interest groups have supported.  *See,* e.g., *Spellman, supra,* 684 F.2d 627 (9th Cir.1982) (public interest group entitled as a matter of right to intervene in an action challenging the legality of a measure which it had supported); *Idaho v. Freeman,* 625 F.2d 886 (9th Cir.1980) (National Organization for Women granted intervention as a matter of right in a suit challenging procedures for ratification of the proposed Equal Rights Amendment to the Constitution, a cause which that organization had championed.)  WCOG has worked tirelessly since its inception for proper observance of the PRA's principles, and a declaration that part of the PRA is unconstitutional, without WCOG's participation in that decision, would permanently impede WCOG's interests going forward.

**3.    *WCOG's Request is Timely.***

WCOG's motion for intervention is timely.  In determining whether a motion for intervention is timely three factors are considered: (1) the state of the proceeding in which an applicant seeks to

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 8

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (motion for intervention denied where intervening defendant waited twenty-seven months to seek intervention, substantial prejudice would be caused to the parties; and movant offered no persuasive justification for the cause of delay); *San Jose Mercury News, Inc. v. U.S. District Court-Northern District (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999) (*Mercury News'* motion to intervene was timely despite being filed twelve months after the stipulated protective order had been entered).

In the present case, WCOG requested the signed petition pages on July 31, 2009, two days after this Court entered the Temporary Restraining Order. *Dkt. 9.* The Defendants moved to join WCOG (and two other parties who had requested records) on August 6, 2009. *Dkt. 23.* On August 21, 2009, this Court denied the Defendants' joinder motion, but invited the requesting parties to move to intervene in this case. *Dkt. 33*, p. 4 ("[T]he Court concludes that Defendants should provide notice to the requesting parties of the lawsuit **in order to provide them an opportunity to move to intervene if they so choose**")(emphasis added). Pursuant to the Court's invitation, and well before any prejudice could inure to the Plaintiffs, WCOG submits this timely Motion to Intervene.

### 4.  *The Parties Currently Before the Court Do Not Adequately Protect WCOG's Interests.*

Finally, WCOG's interests are not adequately protected by the existing parties. "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests 'may be' inadequate." *Sagebrush*, 713 F.2d at 528, citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972). The burden of making this showing is "minimal." *Id.*

Sam Reed and Debra Galarza are Defendants in their official capacities as representatives of the State of Washington. Although the Defendants have answered and submitted a memorandum in opposition to the temporary restraining order, WCOG's interests may be inadequately protected.

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 9

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1  Specifically, the long-term viability of the PRA, and a consistent judicial approach to all public records

2  cases, are directly imperiled by Plaintiffs' challenge.  The construction of the PRA as a whole is at

3  stake in this litigation, whereas the current Defendants may choose to defend or support a narrow

4  construction of the PRA as applied to the referenda.  As a champion of the PRA since its inception,

5  WCOG's interests are not adequately protected by the parties currently before the Court.

6

7  **5.    *WCOG's Focus Will Be on the PRA's Strong and Lengthy History in Providing the Public the Ability to Monitor and Understand the Workings of Government.***

8

9  Because of its lengthy history as a protector of access to public records, WCOG brings a unique

10  perspective to the issues at hand.  If allowed to intervene, WCOG will focus on the significance of

11  open access to the citizens of the State of Washington.

12  **a.    PRA Was Adopted by Initiative of Washington Citizens.**

13  The PRA was adopted by initiative of Washington State voters in 1972 in reaction to issues

14  concerning government secrecy in the 1960s and as the State counterpart to the federal Freedom of

15  Information Act.  The PRA contains a strongly worded mandate for access:

16

17  > The people of this state do not yield their sovereignty to the agencies that serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may maintain control over the instruments that they have created. This chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy and to assure that the public interest will be fully protected.

18

19

20

21  RCW 42.56.030.

22  The Washington Supreme Court has referred to this language in RCW 42.56.030, the former

23  preamble to the PRA, as one of the strongest statements of legislative policy contained in any state's

24  statute. *Cathcart v. Anderson*, 85 Wn.2d 102, 107 (1975).

25

26

27

28
WASHINGTON COALITION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 10

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to Intervene.doc

1

**b.    PRA Is Designed to Provide Government Accountability.**

2

3    Washington courts have repeatedly recognized the important government accountability

4    function that the PRA serves. *Progressive Animal Welfare Soc'y v. Univ. of Wash. (PAWS II),* 125

Wn.2d 243, 884 P.2d 592 (1994).  Significantly, the *PAWS II* Court wrote:

5

6

7    The stated purpose of the Public Records Act is nothing less than the preservation of the
most central tenets of representative government, namely, the sovereignty of the people
and the accountability to the people of public officials and institutions.  Without tools
8    such as the Public Records Act, government of the people, by the people, for the people,
risks becoming government of the people, by the bureaucrats, for the special interests.

9    *PAWS II,* 125 Wn.2d at 251.  Furthermore, the Court noted, "In the famous words of James Madison,

10    'A popular Government, without popular information, or the means of acquiring it, is but a Prologue to

11
a Farce or a Tragedy; or perhaps both.'"  *Id.*
12

13    It is from these open government and representative democracy principles that statutory

14    interpretation of the PRA flows. *See Daines v. Spokane County,* 111 Wn. App. 342, 347 (2002) ("The

15    purpose of the [PRA] is to keep public officials accountable to the people.")  The PRA contains three

16    provisions directing courts to interpret the PRA liberally to effectuate disclosure. *See King County v.*

17    *Sheehan,* 114 Wn. App. 325, 338 (2002).  The PRA presumes that disclosure is appropriate and that

18
withholding documents is the exception. *See Brouillet v. Cowles Publ'g Co.,* 114 Wn.2d 788, 793
19

20    (1990).  Accordingly, courts are required to construe the PRA's provisions liberally and to interpret the

21    exemptions narrowly.  RCW 42.56.030; *Rental Housing Ass'n of Puget Sound v. City of Des Moines,*

22    165 Wn.2d 525, 535, 199 P.3d 393 (2009) ("The PRA's disclosure provisions must be liberally

23    construed and its exemptions narrowly construed"); *Bellevue John Does 1-11 v. Bellevue School*

24    *District No. 405,* 164 Wn.2d 199, 189 P.3d 139 (2008) ("We have consistently construed the [PRA] as

25
'a strongly worded mandate for broad disclosure of public records.'  Thus, the [PRA]'s disclosure
26
provisions are liberally construed and its exemptions are narrowly construed."); *Lindeman v. Kelso*
27

28    WASHINGTON COALTION FOR OPEN GOVERNMENT'S          WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
MOTION AND MEMORANDUM TO INTERVENE                   A PROFESSIONAL SERVICE CORPORATION
NO. 09-CV-05456-BHS - 11                                    ATTORNEYS & COUNSELORS

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to          1100 U.S. BANK BUILDING
Intervene.doc                                                                              422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

*School Dist. No. 458*, 162 Wn.2d 196, 201, 172 P.3d 329 (2007) ("In determining whether the PDA requires disclosure, we must liberally construed its public records provisions and narrowly construe its exemptions.")

### c.    No Provision of PRA Has Been Declared Unconstitutional.

No provision of the PRA has ever been declared unconstitutional, which, in any event, would seemingly be an incongruous result, given the PRA's origin as an initiative of the people, focused on maintaining accountability of government entities and persons who have dealings with the same.  As noted, the exemptions to public disclosure are extremely narrow and, if not found in the PRA itself, must be clearly expressed in another statute.  RCW 42.56.070.  As the PRA makes clear, the other statute may not be a vague statement or prohibition against disclosure, but instead must "exempt[] or prohibit[] disclosure of specific information or records."  *Id.*  The parties seeking to prevent disclosure of documents under the PRA bear the burden of proving that a specific exemption applies.  *Confederated Tribes of Chehalis Reservation v. Johnson*, 135 Wn.2d 734, 744, 958 P.2d 260 (1998).  In the present case, the Plaintiffs have not identified a single statutory exemption set out in the PRA or elsewhere that would preclude disclosure of the requested records.

### d.    Speculative Harm Is Not Sufficient to Support Non-Disclosure.

In order to prevent disclosure of public records, some identified harm, greater than speculation, is required.  In the case of *Buckley v. Valeo*, 424 U.S. 1 (1976), some minor political parties argued that disclosure requirements of the Federal Election Campaign Act of 1971 would cause significant infringement upon their First Amendment rights.  The Supreme Court disagreed, finding that the alleged infringement was highly speculative, and holding that "the substantial public interest in disclosure identified by the legislative history of [the Federal Election Campaign Act] outweighs the harm generally alleged."  *Id.* at 72.  In *U.S. v. Schlette*, 824 F.2d 1574, the Ninth Circuit dismissed, as a

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 12

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to
Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1  basis for non-disclosure, "speculative" allegations of harm from public release of a pre-sentence report.

2  *Schlette*, 824 F.2d at 1580-81. Here, Plaintiffs alleged harms are wholly speculative and unsupported

3  by record evidence. In the face of the legislative history of the PRA in favor of disclosure, the

4  conjectural harms fail to provide a factual basis supporting non-disclosure of the signed petition pages.

5

6        1.      Plaintiffs allege only that "there is a **reasonable probability**" that disclosure of the

7  signature pages will result in "threats, harassment and reprisals." *Dkt 1*, ¶ 46 (emphasis added). The

8  alleged (and admittedly hypothetical) threats do not rise to the level necessary to foreclose public

9  access under applicable Washington law. In fact, in analyzing prior public records requests, state

10  courts have released information far more "private" than the names of petition signers. *See*, e.g.,

11  *Bellevue John Does* (identity of teachers involved in substantiated allegations of sexual misconduct

12  subject to disclosure under PRA); *Koenig v. City of Des Moines*, 158 Wash.2d 173, 142 P.3d 162

13  (2006) (sexually explicit information concerning a child molestation investigation is subject to

14  disclosure); *Hudgens v. City of Renton*, 49 Wash.App. 842, 746 P.2d 320 (1987) (reporter entitled to

15  view an individual's DWI arrest report despite the fact that the report contained embarrassing

16  information involving a strip search); *Seattle Firefighters Union Local No. 27 v. Hollister*, 48

17  Wash.App. 129, 737 P.2d 1302 (1987) (medical files of retired firefighters are subject to public

18  disclosure). That release of a record may result in embarrassment to a person identified in the record is

19  not sufficient to prevent disclosure. Thus, the release of the names of police officers in attendance at a

20  Police Guild party at which a Liquor Control Board violation occurred were subject to disclosure.

21  *Spokane Police Guild v. Liquor Control Board*, 112 Wn.2d 30 (1989). Police officer complaints about

22  a police chief's job performance are subject to public disclosure. *Columbian Publishing Co. v. City of*

23  *Vancouver*, 36 Wn.App. 25 (1983). The Plaintiffs' asserted interests do not merit statutory protection

24  under the PRA.

25

26

27

28

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 13

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

e.      **Records Relating to Election Issues are Public.**

Records concerning citizens' participation in the election process have been declared by the State Legislature to be public records. By statute, poll books, precinct lists and current lists of registered voters are "available for public inspection and copying." RCW 29A.08.720(2). While the Legislature has exempted from public disclosure how a voter voted, RCW 29A.04.206, there is no such provision exempting the names of persons who have signed petitions supporting a referendum. Since the Legislature has not acted to prevent such disclosure, but certainly could have done so, the maxim that an expression as to one matter in one statute operates to the exclusion of something not expressed is certainly applicable since the Legislature could have adopted legislation prohibiting public disclosure of the names of persons signing referendum petitions, as it did with ballot information as to how a voter voted.

f.      **The Referendum Procedure Is a Public Process.**

An important reason in having the names of persons who sign petitions subject to public disclosure is the public process in which the names are involved. That is, the State must verify the authenticity of signatures, and the public, which has an obvious vested interest in monitoring that the referendum process works smoothly and correctly, has a corresponding interest in making sure that signatures submitted have been authenticated, and this can be accomplished only by public release of the referendum petitions themselves.

Moreover, there is a significant difference between a person exercising his voter rights by marking of a personal ballot mailed to him at home or marking a ballot behind a curtain in a polling booth as opposed to signing a petition supporting a referendum solicited in a public campaign sponsored by a State Political Committee registered with the State. In the latter case, the citizen is taking on the role of a citizen legislator in that the petition signer is proposing to other people of the

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 14

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to
Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

State of Washington that a law be passed or modified through a public ballot process.  All records relating to the State Legislature with regard to names of legislators who sponsor and support legislation are available for public review.  Since a voter is acting as a quasi-legislator in signing a petition, and is purposefully asking the State, and other citizens, to change a law or adopt a new law by submitting the request to the voters of the State for approval, this act (as is the vote of an elected legislator), should be one that is subject to as much public scrutiny as possible, including release of the names of the persons supporting the referendum.

In opposition to the strong public policy favoring disclosure evidenced in the language of the original Initiative, the various provisions of the PRA itself supporting access, and the multitude of court decisions that have supported public access over the past 37 years, Plaintiffs offer only speculation as to the possibility that individuals might be subjected to criticism for signing a referendum petition.  The history of this country demonstrates that the political process has traditionally involved unpleasant exchanges and perhaps even vitriolic comment on positions taken by or opinions of other citizens.  That is a tradition in this country that has existed from the days of the Founding Fathers.  President Adams was referred to as a "tyrant" and as a "hoary-headed incendiary" by pamphleteers during his presidency.  The unfortunate reaction was an attempt to suppress public commentary by adoption of the notorious and later discredited Alien and Sedition Act, designed to limit the public's oversight and criticism of public officials.  What the people of the State of Washington do not need, and certainly do not desire, as evidenced by the strong language of the PRA, is a legislative process that becomes a private proceeding, foreclosed from public oversight.  What must be avoided is a process that, in the words of the Court in *PAWS II*, becomes a "government of the people. . . [but] for the special interests," such as a group and its supporters seeking a legislative change but wanting to do so anonymously.  125 Wn.2d at 251.

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 15

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

A declaration that the PRA is unconstitutional because of a claimed possibility of embarrassment and criticism of persons signing a public petition opens the door to further challenges as to the PRA's application to other public records, the release of which might cause embarrassment or criticism of both private individuals and public officials.

**B.    Alternatively, WCOG is Entitled to Permissive Intervention.**

Fed.R.Civ.P. 24(b)(1)(B) provides that on timely motion the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Three prerequisites are required for permissive intervention: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or fact in common." *San Jose Mercury News,* 187 F.3d at 1100. WCOG meets all three requirements.

> *1.    By Virtue of its Pending, and Denied, Public Records Request, WCOG has Independent Grounds for Jurisdiction in this Matter.*

WCOG has an independent basis for jurisdiction because its public records request for the disclosure of signed petition pages for Referendum 71 was denied due to Plaintiffs' Temporary Restraining Order. Under RCW 42.56.550(1), "any person having been denied an opportunity to inspect or copy a public record" can initiate a show cause action in the superior court of that agency's locale. Therefore, WCOG could have challenged the denial of its request under RCW 42.56.550, but, in the interests of judicial economy and comity, it chooses to resolve these matters in a single forum. WCOG has an independent basis for jurisdiction based upon the denial of its public records request.

> *2.    WCOG's Motion to Intervene is Timely.*

In determining timeliness under Rule 24(b)(2), courts consider the same three factors as intervention as a matter of right (stage of the proceedings, prejudice to existing parties and the length

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 16

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

and reason for the delay). *League of United Latin American Citizens,* 131 F.3d at 1308. Even though the timeliness factors are analyzed more strictly than with intervention as of right, there is no basis for finding that WCOG's motion is untimely for the same reasons stated in (A)(3), *supra.*

**3.    *WCOG's Claim Contains Common Elements of Law and Fact to the Plaintiffs' Challenge to the PRA.***

Both prongs of the third element are established. Both Plaintiffs' action and WCOG's request concern the disclosure of the signed petition pages of Referendum 71. Legally, this Court must resolve whether the PRA applies to WCOG's request for disclosure, and the Plaintiffs' challenge thereto, and whether the PRA is constitutional as applied to public referenda, or at least Referendum 71 in this case. Factually, the Plaintiffs' and WCOG's dispute involves the exact same documents: the signed petition pages for Referendum 71. No greater commonality in law or fact could exist to satisfy the third intervention criteria, and WCOG's motion to intervene should be granted.

## IV.    CONCLUSION

The Washington Coalition for Open Government seeks to intervene in this crucial case of construction and application of the PRA. WCOG is the voice of its members and Washington citizenry generally concerning access to public records and open government. The Plaintiffs' action seeks to declare part of the PRA unconstitutional, and, absent a chance to intervene, WCOG, would be left without a voice in a seminal decision that affects the basic principles that WCOG so ardently seeks to protect.

In denying the State of Washington's joinder motion, this Court invited the requesting parties the opportunity to intervene "if they so choose." WCOG accepts this Court's invitation, and hereby respectfully requests this Court GRANT the Coalition's Motion to Intervene and allow it to participate substantively in this litigation.

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 17

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to
Intervene.doc

1

DATED this 27th day of August, 2009.

2

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.

3

4

By: _____

5

Duane M. Swinton, WSBA No. 8354 (*pro hac vice* pending)
Leslie R. Weatherhead, WSBA No. 11207
Steven J. Dixson, WSBA No. 38101
Attorneys for Washington Coalition for Open Government

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 18

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to
Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1

## CERTIFICATE OF SERVICE

2

      1.     I, Collette N. Robbins, am a citizen of the United States and a resident of the State of

3

Washington. I am over the age of 18 years and not a party to the within action. I am employed by the

4

law firm of Witherspoon, Kelley, Davenport & Toole, 422 W. Riverside Avenue, Suite 1100, Spokane,

5

Washington.

6

      2.     On the 27th day of August, 2009, I caused to be served upon the parties via the

7

CM/ECF filing system, the Washington Coalition for Open Government's Motion and Memorandum to

8

Intervene, which system will send notification of such filing to the following:

9

10

         Stephen Walter Pidgeon, attorney@stephenpidgeon.com
         James Jr. Bopp, jboppjr@aol.com

11

         Scott F. Bieniek, sbieniek@bopplaw.com

12

         Sarah E. Troupis, stroupis@bopplaw.com
         James K. Pharris, jamesp@atg.wa.gov

13

14

     I declare under penalty of perjury under the laws of the State of Washington that the foregoing

15

is true and correct.

16

17

                              Collette N. Robbins, Legal Assistant

18

19

20

21

22

23

24

25

26

27

28

WASHINGTON COALTION FOR OPEN GOVERNMENT'S
MOTION AND MEMORANDUM TO INTERVENE
NO. 09-CV-05456-BHS - 19

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Memorandum of Authorities ISO Motion to
Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS

1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265