The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>　　　　　　Defendants. | NO. 09-cv-05456-BHS<br><br>DEFENDANTS' OPPOSITION TO MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION MOTION WITH FINAL DISPOSITION OF COUNT I OF THE COMPLAINT |

## I.　INTRODUCTION

Defendants Sam Reed and Brenda Galarza oppose the Plaintiffs' Motion to Consolidate the Preliminary Injunction Motion with Final Disposition of Count I of the Complaint for the reasons stated below.

Defs.' Opp'n to Mot. to
Consolidate Prelim. Inj. Mot. With Final
Disposition of Count I of Compl.
NO. 09-CV-05456-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## II. BACKGROUND

This is an action challenging the constitutionality of the state of Washington's public records act as applied to requests for public access to signatures on referendum petitions, specifically Referendum Measure 71 (RM-71) filed with the Secretary of State in July of 2009. This Court granted a Temporary Restraining Order to preserve the status quo, and scheduled a hearing for September 3, 2009, on the Plaintiffs' Motion for a Preliminary Injunction.

The Plaintiffs have also moved, pursuant to FRCP 62(a)(2), to advance the trial on the merits on one portion of the Complaint (Count I) and consolidate it with the hearing for a preliminary injunction. Pls.' Mot. to Consol. at 2. As the Plaintiffs themselves observe, before granting a motion to consolidate, "'the parties should normally receive clear and unambiguous notice [of the court's intent to consolidate the trial and the hearing] either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases.'" *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981) (alteration in original).

## III. ARGUMENT

**A. The Parties Have Not Had Adequate Notice Or Reasonable Time To Prepare For A Hearing On The Merits Of The Plaintiffs' Claims.**

This case is a major challenge to the constitutionality of important Washington state laws, and was filed only a few weeks ago, with very little prior notice to the Defendants. The Court has established a briefing schedule for the Plaintiffs' pending Motion for a Preliminary Injunction, and the briefing by necessity has been concentrated on the standards for granting a preliminary injunction and the extent to which the Plaintiffs have met those standards. The standards for a preliminary injunction are not the same as the standards for prevailing on the

Defs.' Opp'n to Mot. to
Consolidate Prelim. Inj. Mot. With Final
Disposition of Count I of Compl.
NO. 09-CV-05456-BHS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

ultimate merits of the case, and the parties have not briefed the merits, except to the extent the issue is covered in Plaintiffs' consolidation motion.

As the courts have observed, the ultimate merits of a case should not be consolidated with the preliminary injunction phase unless the parties have received the "clear and unambiguous notice" discussed in *Camenisch*. The notice requirement is necessary because the facts adduced at a preliminary injunction hearing "'often will not be sufficient to permit an informed determination of whether a direction for the entry of judgment is appropriate.'" *aaiPharma Inc. v. Thompson*, 296 F.3d 227, 234 (4th Cir. 2002). *See also Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393 (9th Cir. 1990) (reversed grant of summary judgment where trial court had not adequately informed parties of intent to consolidate merits with preliminary injunction hearing).

If there had been more time to research the merits of the issues raised in Count I of the Complaint and integrate arguments on the merits of that claim with the preliminary injunction motion, it might have been appropriate for the Court to consolidate hearing the matters. Count I of the Complaint raises purely legal issues, and presumably would not require a trial of any facts. The short time frame for argument on the preliminary injunction precludes consolidation under the circumstances, however.

The Defendants certainly contend that the Plaintiffs have not made any showing that they are entitled to judgment on the merits as to Count I of the Complaint. In Count I, the Plaintiffs contend that signatures on referendum petitions are *per se* exempt from public disclosure, without reference to the nature of the referendum measure or the identity of its supporters or opponents. Count I is apparently based on the notions that (1) the First

Defs.' Opp'n to Mot. to
Consolidate Prelim. Inj. Mot. With Final
Disposition of Count I of Compl.
NO. 09-CV-05456-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Amendment rights of *any* referendum petition signer are impaired by the possibility of public disclosure, and (2) the State cannot show that its public disclosure law serves a compelling governmental interest, so (3) the public disclosure law may not be enforced as to the contents of any referendum petition. Both premises in this syllogism are incorrect, so the conclusion is likewise wrong. The Court has sufficient information to *dismiss* Count I, but certainly not enough to rule in the Plaintiffs' favor.

The arguments on the Preliminary Injunction Motion have concentrated on the circumstances surrounding RM-71 and the allegations of possible harm to the petition signers due to the nature of the ballot measure's subject matter. It would be inappropriate to extrapolate from this discussion to a consideration of the enforceability of the State's public disclosure laws as to all referendum petitions. The parties have not had a full opportunity to explore this broader issue. Parties without a specific stake in the merits of RM-71 but with a policy position on referendum issues in general, or public disclosure laws in general, might seek to participate at the merits stage, either as parties or as *amici curiae*. If there are further proceedings to conduct after ruling on the preliminary injunction motion, the Court should grant all parties a reasonable time to prepare for them.

//
//
//
//
//

Defs.' Opp'n to Mot. to
Consolidate Prelim. Inj. Mot. With Final
Disposition of Count I of Compl.
NO. 09-CV-05456-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## IV. CONLUSION

For the reasons stated above, the Court should deny the Motion to Consolidate the Preliminary Injunction Hearing with the Merits of Count I of the Complaint.

DATED this 28th day of August, 2009.

ROBERT M. MCKENNA
Attorney General

s/ James K. Pharris
JAMES K. PHARRIS, WSBA #5313
Deputy Solicitor General
PO Box 40100
Olympia, WA 98504-0100
360-664-3027
jamesp@atg.wa.gov

Defs.' Opp'n to Mot. to
Consolidate Prelim. Inj. Mot. With Final
Disposition of Count I of Compl.
NO. 09-CV-05456-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2009, I electronically filed Defendants' Opposition to Motion to Consolidate Preliminary Injunction Motion with Final Disposition of Count I of the Complaint in the above-referenced case with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

    Stephen Pidgeon, attorney@stephenpidgeon.com
    James Jr Bopp, jboppjr@aol.com
    Scott F. Bieniek, sbieniek@bopplaw.com
    Sarah E. Troupis, stroupis@bopplaw.com

DATED this 28th day of August, 2009.

                              s/James K. Pharris
                              James K. Pharris

Defs.' Opp'n to Mot. to
Consolidate Prelim. Inj. Mot. With Final
Disposition of Count I of Compl.
NO. 09-CV-05456-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200