THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual; JOHN DOE #2, an individual; and PROTECT MARRIAGE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington and BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>Defendants. | No. C:09-cv-05456 BHS<br><br>MOTION TO INTERVENE<br><br>Note on Motion Calendar: September 3, 2009<br><br>Oral Argument Requested |

Washington Families Standing Together ("WAFST") moves to intervene in this case for a limited purpose. WAFST recently filed a lawsuit in King County Superior Court based on Washington State election law to preclude the Secretary of State from certifying the Referendum at issue in this case. WAFST is examining claims through which it and its individual members might challenge non-matching signatures on referendum petitions– a claim that is expressly anticipated and authorized under the same state laws – based on its observation of approximately 20% of the signature matching process. WAFST submitted a public records request for the remaining R-71 signatures but has been precluded by the Court's Temporary Restraining Order

MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL16835084.1

from receiving those signatures, and in turn, investigating additional signature mismatches[1] as a basis for a challenge under RCW 29A.72.240. That statute recognizes a right for Washington citizens, and creates authority for its courts to examine referendum petition signatures:

> Any citizen dissatisfied with the determination of the secretary of state that an initiative or referendum petition contains or does not contain the requisite number of signatures of legal voters may, within five days after such determination, apply to the superior court of Thurston county for a citation requiring the secretary of state to submit the petition to said court for examination, and for a writ of mandate compelling the certification of the measure and petition, or for an injunction to prevent the certification thereof to the legislature, as the case may be.

This statute is neither mentioned nor challenged in the current briefs. Accordingly, and consistent with the Court's Order at Docket No. 33 (public records requestors may seek to intervene), WAFST asks to intervene to request that any continuing TRO or final order preserve the unchallenged right recognized by RCW 29A.72.240. The Court should, at a minimum, allow WAFST to immediately view signatures under a protective order in furtherance of WAFST's potential (and time-sensitive) claim. The Court should also not impede the statutory authority of state courts to compel the submission and examination of petition signatures, presumably under their own supervision and protective orders.

   WAFST understands Local Rules 6 and 7, but believes that good cause exists to intervene in light of WAFST's still-pending public records request, at least some of which is precluded by the Court's TRO, and in light of the Court's invitation at Docket No. 33 for similarly situated groups to intervene. WAFST respectfully requests that the Court grant this Motion so that WAFST may be heard at oral argument, and in the attached Brief, and Declarations of Mona Smith and Anne Levinson.

---

[1] WAFST observed the signature matching process but was allowed by the Secretary of State to directly and closely view only one of five signature examiners at a time. WAFST challenged some of the "matches" it observed from that roughly 20% sample, which resulted in the Secretary of State reversing 13% of the "matches". *See* Declaration of Mona Smith, ¶¶ 8-9. WAFST thus reasonably believes the opportunity to view additional signatures will provide its members and attorneys further basis to assert a claim under at least RCW 29A.72.240.

MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL16835084.1

## I. WAFST SHOULD BE PERMITTED TO INTERVENE

WAFST is a statewide campaign, endorsed by thousands of individuals and more than 150 non-profit and faith-based organizations, that all support Engrossed Substitute Senate Bill 5688 ("the enhanced domestic partnership law"), that is the subject of Referendum 71, and which is forestalled from going into effect so long as Referendum 71 is pending. WAFST has a legitimate, protectable interest in these proceedings, particularly in the scope of any injunction that might continue to impede its ability to pursue statutory rights or that might impair the authority of state courts from which WAFST might seek relief.

### A. WAFST is Entitled to Intervene As a Matter of Right

"Under Federal Rule of Civil Procedure 24(a)(2), a party is entitled to intervene where (1) the intervention is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Gonzalez v. Arizona,* 485 F.3d 1041, 1051 (9th Cir. 2007) (internal citations omitted). "Rule 24(a) is liberally construed in favor of interveners." *Comm. Dev. Co. v. Abitibi-Consolidated Inc.,* 2007 WL 2900191, *4 (W.D. Wash. 2007) (citing *California ex rel Lockyer v. U.S.*, 450 F.3d 436, 440 (9th Cir. 2006).

#### 1. This Motion is Timely.

To determine the timeliness of a motion to intervene, the court examines "(1) the stage of the proceedings; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Seattle Audubon v. Sutherland*, 2007 WL 130324, *2 (W.D.Wash. 2007) (citing *League of Latin American Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir.1997)). Here, the instant motion was filed days after the Court suggested that similarly situated parties might move to intervene.

#### 2. WAFST Has a Protectable Interest.

A party seeking to intervene as a matter of right has a "significantly protectable interest" when "the interest is protectable under some law, and . . . there is a relationship between the

MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 3

71718-0001/LEGAL16835084.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

legally protected interest and the claims at issue." *Arakaki v. Cayetano,* 324 F.3d 1078, 1084 (9th Cir.2003) (quoting *Sierra Club v. EPA,* 995 F.2d 1478, 1484 (9th Cir. 1993)); *see also California ex rel Lockyer v. U.S.,* 450 F.3d 436, 441 (9th Cir. 2006). A public interest group that has supported a measure has a "significant protectable interest" in defending the legality of the measure. *Prete v. Bradbury*, 348 F.3d 949, 954 (9th Cir. 2006) (sponsors of a ballot initiative had protectable interest in defending measure); *see also Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (public interest group which had supported creation of creation of conservation area had proctectable interest in challenge to statute that created the conservation area); *Washington State Building & Construction Trades v. Spellman,* 684 F.2d 627 (9th Cir. 1982), *cert denied*, 461 U.S. 913, 103 S.Ct. 1891 (1983) (public interest group entitled to intervene as a matter of right in action challenging legality of a measure it supported). WAFST has an obvious interest in the defending the enhanced domestic partnership law. WAFST represents over a hundred organizations and thousands of families in Washington that supported the law, which ensures that registered domestic partners in Washington have the same rights, responsibilities, and obligations under state law as married spouses. *See* Decl. of Mona Smith, ¶3. Because such fundamental rights and interests of these families are at stake, WAFST has a significant protectable interest in this matter.

Moreover, WAFST has a protectable interest in its investigation of signature mismatches on R-71 petitions to allow WAFST and its members to pursue rights under RCW 29A.72.240.

### 3. WAFST's Ability To Protect Its Interests May be Impaired

A party seeking intervention as a matter of right must demonstrate that "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." *United States v. Oregon,* 839 F.2d 635, 639 (9th Cir.1988); *see also Yniguez v. State of Arizona,* 939 F.2d 727, 737 (9th Cir.1991) (recognizing practical impairment of applicant intervenor's interest arising from the fact that other parties in litigation are bound by court's judgment); *Natural Resources Defense Council v. U.S. Nuclear Regulatory Commission,* 578

MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 4

71718-0001/LEGAL16835084.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

F.2d 1341, 1345 (10th Cir. 1978) (noting that Rule 24 "refers to impairment 'as a practical matter.' Thus, the Court is not limited to consequences of a strictly legal nature."); Fed.R.Civ.P. 24 Advisory Committee's note ("[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene").

If WAFST is not made a party to this action, it will be impaired in its ability to protect its interest in preserving the enhanced domestic partnership law and in investigating and challenging signatures. First, because fundamental rights are at stake, and because many of the rights secured by the new law are not protected during the pendency of this action, WAFST's ability to defend these rights is impeded if it is not allowed to intervene. Second, WAFST will be (and indeed, already has been) impaired in its ability to examine signatures in support of a potential challenge. *See* Declaration of David Ward (public records request and response from Secretary of State). Third, WAFST and its members will be impaired in their ability to seek an order from a state court requiring examination of signature petitions in the event this Court issues an order that, like the TRO, prohibits the Secretary of State from releasing signatures for any purpose.

**4.      WAFST's Interest Is Not Adequately Represented By Other Parties**

In assessing whether a present party will adequately represent a potential intervenor's interests, the court should "consider several factors, including whether [a present party] will undoubtedly make all of the intervener's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervener offers a necessary element to the proceedings that would be neglected." *Prete,* 438 F.3d at 956 (quoting *Sagebrush Rebellion,* 713 F.2d at 528). The burden of showing inadequacy of representation is minimal and is satisfied if the applicant shows that representation of its interests "may be inadequate." *Id*. Even though an intervenor's interest may appear to be aligned with a party to the action, the intervenor cannot be considered to be adequately represented if there may be a divergence in viewpoint between the two. *Forest Conservation Council v. U.S. Forest Serv.,* 66 F.3d 1489, 1499 (9th Cir.1995)

MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL16835084.1

(group's interest diverged from that of the state because the state represents the broad public interest and not the concerns of a particular industry).

Here, if not permitted to intervene, WAFST will not be adequately represented in this matter by other parties. As discussed above, WAFST is a statewide campaign that seeks to uphold the enhanced domestic partnership law, which secures fairer treatment for families in Washington State and protects important rights. The current parties may simply be unwilling or unable to make the same arguments that WAFST is prepared to make in support of the law, including arguments in support of RCW 29A.72.240. Indeed, the Secretary of State would be the *defendant* in any action challenging the certification of the Referendum for the ballot. The Secretary can hardly be expected to present the same arguments, antithetical to his position in the possible future litigation, before this Court. Nor can or will the proponents of the Referendum who sought and obtained the TRO in this case and whose position is precisely in opposition to WAFST at every level present the arguments that WAFST believe can and must be presented to this Court.

### B. WAFST is Entitled to Permissive Intervention

In the event this Court concludes that WAFST may not intervene as a matter of right, permissive intervention is appropriate. Fed.R.Civ.P. 24(b) provides:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common....
>
> In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties

Fed.R.Civ.P. 24(b). "A court may grant permissive intervention where the applicant shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Res. Council v. Glickman,* 82 F.3d 825, 839 (9th Cir.1996). A Court may consider

MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 6

71718-0001/LEGAL16835084.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

discretionary factors such as "the nature and extent of the interveners' interest, their standing to raise relevant legal issues, the legal position they seek to advance, ... whether the interveners' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Board of Educ.,* 552 F.2d 1326, 1329 (9th Cir.1977); .*Seattle Audubon v. Sutherland,* 2007 WL 130324, *5 (W.D.Wash. 2007) (in a case that has the potential to significantly impact large and varied interests, affected parties should be allowed to participate).

As stated above, WAFST's motion is timely and intervention will not prolong or delay the litigation of this matter. Moreover, WAFST has a significant protectable interest in defending the enhanced domestic partnership law through the exercise of its statutory election rights. Because WAFST's interest may not be adequately represented by other parties, and because WAFST will make arguments and present evidence beyond what the parties have argued, permissive intervention should be granted.

## II.     CONCLUSION

For the reasons set forth above, the Court should grant the Motion to Intervene.

DATED: August 28, 2009

s/ *Ryan J. McBrayer*
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com
Ryan J. McBrayer, WSBA No. 28338
RMcBrayer@perkinscoie.com
William B. Stafford, WSBA No. 39849
WStafford@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Intervenor
Washington Families Standing Together

MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 7

71718-0001/LEGAL16835084.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Intervene, with exhibits including a Brief, (Proposed) Protective Order, Declaration of Mona Smith and Declaration of Anne Levinson were filed via the CM/ECF system and will be sent electronically to counsel record this 28th day of August, 2009.

/s/ *Ryan J. McBrayer*

MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 8

71718-0001/LEGAL16835084.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000