**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>　　　　　　　　　Plaintiffs,<br>　　vs.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>　　　　　　　　　Defendants. | No. 3:09-CV-05456-BHS<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>NOTE ON MOTION CALENDAR: September 3, 2009<br><br>The Honorable Benjamin H. Settle<br><br>**ORAL ARGUMENT REQUESTED** |

# I. Introduction

For the reasons set forth in this Reply in Support of Plaintiffs' Motion to Consolidate, as well as those set forth in Plaintiffs' Motion to Consolidate and Memorandum in Support Thereof, the Court should grant Plaintiffs' Motion to Consolidate the Motion for Preliminary Injunction with a trial on the merits with respect to Count I of Plaintiffs' Verified Complaint.

# II. Argument

**A. Defendants' Position Can Only Be Supported by a Finding that the Legislature Had a Compelling Interest in Making the Referendum Petitions Available to the Public and a Determination that Public Disclosure is Narrowly Tailored to Serve that Interest.**

With respect to Count I, Plaintiffs are entitled to a decision on the merits unless the State can demonstrate that the Public Records Act ("PRA"), Wash. Rev. Code § 42.56.001, is narrowly

| | | |
|---|---|---|
| **Reply in Support of Plaintiffs'**<br>**Motion to Consolidate**<br>**(No. 3:09-CV-05456-BHS)** | 1 | **BOPP, COLESON & BOSTROM**<br>1 South Sixth Street<br>Terre Haute, Indiana 47807-3510<br>(812) 232-2434 |

1  tailored to serve a compelling state interest. *See Cal. Pro-Life Council, Inc. v. Randolph*, 507
2  F.3d 1172, 1178 (9th Cir. 2007) ("*CPLC II*") (noting that the state bears the burden of proof). In
3  making this determination, it must be remembered that the role of the Court is to ensure that the
4  legislature "has drawn reasonable inferences based on substantial evidence." *Turner Broad. Sys.*
5  *v. FEC*, 512 U.S. 622, 666 (1994). Thus, the inability of the State to present any evidence that the
6  statue is narrowly tailored to support a compelling government interest despite the fact that the
7  PRA was originally enacted by the people through an initiative in 1973 is telling.[1] *See* Initiative
8  Measure No. 276, Laws of 1973, ch. 1. As the State concedes, the determination of the State's
9  interests is a purely legal question. (Defs.' Opp'n to Mot. to Consolidate Prelim. Inj. With Final
10 Disposition of Count I of the Compl. at 3.) Given Defendants' failure to demonstrate any
11 evidence that the PRA is narrowly tailored to serve a compelling government interest,
12 consolidation is not only appropriate, but required under the First Amendment.

**B.   The Parties Have Had Adequate Time to Prepare for a Hearing on the Merits of Plaintiffs' First Count.**

Contrary to Defendants' assertions that "[t]he arguments on the Preliminary Injunction Motion have concentrated on the circumstances surrounding RM-71 and the allegations of possible harm to the petition signers due to the nature of the ballot measure's subject matter," Plaintiffs have spent significant portions of their briefing detailing the specific reasons why the PRA is unconstitutional with regard to referendum petitions in general. (*See, e.g.*, Pls.' Mot. for Prelim. Inj. & Memo. in Supp. thereof at 9-18 (dealing specifically with Count I of Plaintiffs' Verified Complaint); Pls.' Reply Memo. in Supp. of Mot. for Prelim. Inj. at 1-7 (same).) That Defendants may have focused, or would rather focus, their arguments on Count II of Plaintiffs' Verified Complaint has no bearing on whether the purely legal issues of Count I can and should be decided at the hearing on the Motion for Preliminary Injunction.

Indeed, because Count I of Plaintiffs' Verified Complaint consists entirely of purely legal

---

[1] It is of little import that voters, as opposed to the legislature, originally enacted the PRA. *See Citizens Against Rent Control v. Berkeley*, 454 U.S. 290, 295 (1981) ("*CARC*") ("[V]oters may no more violate the Constitution by enacting a ballot measure than a legislative body may do so by enacting legislation.") The ordinance at issue in *CARC* was subjected to the same strict scrutiny analysis as any action by the legislature. *Id.* at 298.

| | | |
|---|---|---|
| **Reply in Support of Plaintiffs'** | **2** | BOPP, COLESON & BOSTROM |
| **Motion to Consolidate** | | 1 South Sixth Street |
| **(No. 3:09-CV-05456-BHS)** | | Terre Haute, Indiana 47807-3510 |
| | | (812) 232-2434 |

claims, very little preparation time is needed to determine whether the requested relief should be granted. Either a finding of a compelling government interest was made and it can be demonstrated that the PRA is narrowly tailored that interest, or this did not occur. As set forth in Plaintiffs' Preliminary Injunction briefing, Plaintiffs have demonstrated that the PRA is not narrowly tailored to serve a compelling government interest. Given that the burden is upon the State to demonstrate that the statute is narrowly tailored to serve a compelling government interest, *CPLC II*, 507 F.3d at 1178, and given the State's failure to do so, belaboring the issue with a full trial or further briefing would not preserve judicial resources, and would only serve to unnecessarily prolong litigation on Count I.

### III.  Conclusion

For the reasons set forth herein, as well as those set forth in Plaintiffs' Motion to Consolidate and Memorandum in Support Thereof, the Court should grant Plaintiffs' Motion to Consolidate the Motion for Preliminary Injunction with a trial on the merits, with respect to Count I of Plaintiffs' Verified Complaint.

Dated this 31st day of August, 2009.

Respectfully submitted,

  /s/ Sarah E. Troupis
James Bopp, Jr. (Ind. Bar No. 2838-84)*
Sarah E. Troupis (Wis. Bar No. 1061515)*
Scott F. Bieniek (Ill. Bar No. 6295901)*
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434
*Counsel for All Plaintiffs*

Stephen Pidgeon
ATTORNEY AT LAW, P.S.
30002 Colby Avenue, Suite 306
Everett, Washington 98201
(360) 805-6677
*Counsel for All Plaintiffs*

*\*Pro Hac Vice Application Granted*

# CERTIFICATE OF SERVICE

I, Sarah E. Troupis, am over the age of 18 years and not a party to the above-captioned action. My business address is 1 South Sixth Street; Terre Haute, Indiana 47807-3510.

On August 31, 2009, I electronically filed the foregoing document described as Reply in Support of Plaintiffs' Motion to Consolidate with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

James K. Pharris
jamesp@atg.wa.gov
*Counsel for Defendants Sam Reed and Brenda Galarza*

Steven J. Dixson
sjd@wkdlaw.com
Duane M. Swinton
dms@wkdlaw.com
*Counsel for Proposed Intervenor Washington Coalition for Open Government*

Ryan McBrayer
rmcbrayer@perkinscoie.com
*Counsel for Proposed Intervenor Washington Families Standing Together*

And, pursuant to Fed. R. Civ. P. 5(b)(1) and 5(b)(2)(C), I served the foregoing document by placing a true and correct copy of the document in a sealed envelope with postage thereon fully prepaid, in the United States mail at Terre Haute, Indiana, addressed to the following non-CM/ECF participants:

Leslie R. Weatherhead
Witherspoon, Kelley, Davenport & Toole, P.S.
1100 U.S. Bank Building
422 W. Riverside Avenue
Spokane, WA 99201-0300
*Counsel for Proposed Intervenor Washington Coalition for Open Government*

Kevin J. Hamilton
William B. Stafford
Perkins Coie, LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
*Counsel for Proposed Intervenor Washington Families Standing Together*

Arthur West
120 State Ave NE #1497
Olympia, WA 98501
*Proposed Intervenor*[2]

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct. Executed this 31st day of August, 2009.

   /s/ Sarah E. Troupis
Sarah E. Troupis
*Counsel for All Plaintiffs*

---

[2] A courtesy copy was provided via e-mail to Mr. West at awestaa@gmail.com.

**Reply in Support of Plaintiffs'**                         5                         **BOPP, COLESON & BOSTROM**
**Motion to Consolidate**                                                             **1 South Sixth Street**
**(No. 3:09-CV-05456-BHS)**                                                           **Terre Haute, Indiana 47807-3510**
                                                                                      **(812) 232-2434**