UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>      Plaintiffs,<br><br>vs.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>      Defendants. | No. 3:09-CV-05456-BHS<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER**<br><br>The Honorable Benjamin H. Settle<br><br>NOTED ON MOTION CALENDAR: Sept. 3, 2009<br><br>**ORAL ARGUMENT REQUESTED** |

## I. Introduction

In support of Plaintiffs' Motion for Protective Order, and in response to Defendants' Opposition thereto, Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington respectfully submit the following reply.

## II. Argument

**A. Plaintiffs' Have Met Their Burden to Warrant the Issuance of a Protective Order.**

The presumption in favor of access to court records is not absolute and "can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm ut. Auto. Ins. Co.*, 331 F.3d 1122, 1125 (9th Cir. 2003). Plaintiffs have demonstrated that compelling reasons in this

Pls.' Reply to Defs.' Opp'n to Mot.     1     BOPP, COLESON & BOSTROM
for Protective Order                                    1 South Sixth Street
(No. 3:09-CV-05456-BHS)                     Terre Haute, Indiana 47807-3510
                                              (812) 232-2434

Case 3:09-cv-05456-BHS    Document 50    Filed 08/31/2009    Page 2 of 7

1   case warrants an appropriate protective order.

2   The Supreme Court has repeatedly reaffirmed that "compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Davis v. F.E.C.*, ___ U.S. ___, 128 S. Ct. 2759, 2774-75 (2008). Furthermore, because of their nature, the freedoms of speech and association are often in direct conflict with laws allowing for access to public records. In instances where First Amendment rights conflict with policies affording public access, the Supreme Court has said that the close-calls must be decided in favor of the speaker. *See FEC v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 474 (2007). And the Supreme Court has been particularly sensitive about protecting the identities of litigants seeking to assert their First Amendment rights, noting that compelled disclosure through legal proceedings "would result in nullification of the right at the very moment of its assertion." *NAACP v. Alabama*, 357 U.S. 449, 459 (1958).

Here, Plaintiffs have raised serious questions about the constitutionality of the Public Records Act, Wash. Rev. Code § 42.56.001 *et seq.*, as-applied to referendum petitions. (*See* Compl. ¶¶ 61-63.) However, Plaintiffs have also alleged that, even if the Public Records Act is constitutional as-applied to referendum petitions, Referendum 71 should be exempt because there is a reasonable probability that its public release will result in threats, harassment, and reprisals. (Compl. ¶¶ 64-66.) In support of their motion for temporary restraining order and preliminary injunction, Plaintiffs have set forth examples of death threats, destruction of personal property, and fears that public disclosure will result in adverse employment decisions. (Mem. in Supp. of Mot. for TRO & Prelim. Inj. at 3-5 & 26-28.) The examples of threats, harassment, and reprisals, directed at individuals supporting the Referendum 71 petition and a traditional definition of marriage are the types of concerns found sufficient to warrant the imposition of a protective order in prior cases. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (Compelling reasons exist "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements. . . ."). Accordingly, Plaintiffs have demonstrated that compelling reasons exist to warrant the imposition of a protective order.

| Pls.' Reply to Defs.' Opp'n to Mot. for Protective Order (No. 3:09-CV-05456-BHS) | 2 | **BOPP, COLESON & BOSTROM**<br>1 South Sixth Street<br>Terre Haute, Indiana 47807-3510<br>(812) 232-2434 |

**B. Plaintiffs' Requested Protective Order is Not Overbroad.**

Defendants have objected to the scope of the request before the court, correctly noting that Plaintiffs have requested relief beyond the identities of the individual signers of the Referendum 71 petition. (Defs.' Opp'n to Mot. for Protective Order at 4, l. 2-8.) The broad scope of the protective order is necessary and warranted in this case given the nature of the reasonable-probability disclosure exemption test. *See Buckley v. Valeo*, 424 U.S. 1, 73 (1976) (noting that the reasonable-probability test was created to alleviate the difficulty of finding witnesses too fearful to exercise their First Amendment rights but willing to come forward as a witness). Under the reasonable-probability test, Plaintiffs are not required to demonstrate that they, or their members, have been subjected to threats, harassment, or reprisals, but may instead rely on evidence of those holding similar views in support of a finding of reasonable probability. (*See* Plts.' Mot. & Mem. in Supp. of TRO and Prelim. Inj. at 22.)

Accordingly, Plaintiffs have asked the Court to extend the protective order not only to individuals who signed the Referendum 71 petition, but also to: individuals and organizations that supported the Referendum 71 petition process; individuals and organizations that are members of, or contributors to, Protect Marriage Washington; any individual or organization urging voters to reject Referendum 71 if it qualifies for the ballot, and; any individual or organization that supports a traditional definition of marriage. (Mot. for Protective Order at 2-3.) Because Plaintiffs can demonstrate the need for an exemption by relying primarily on proof of threats, harassment, and reprisals directed at individuals holding similar views, the scope of the protective order must, by necessity, extend to these individuals, as the common link between them is that they all support a traditional definition of marriage. Contrary to Defendants' assertions, these are not "adjunct (at best) categories" of persons; each supports a traditional definition of marriage, and to the extent they have been subjected to threats, harassment, and reprisals for advocating that view, their participation is vital to protecting the First Amendment rights of the parties before this Court. (*See* Defs.' Opp'n to Mot. for Protective Order at 4.)

Here, Plaintiffs have requested a broad protective order to prevent the State from publicly disclosing the identity of any individual identified in these proceedings as supporting a traditional

Pls.' Reply to Defs.' Opp'n to Mot.     3     BOPP, COLESON & BOSTROM
for Protective Order     1 South Sixth Street
(No. 3:09-CV-05456-BHS)     Terre Haute, Indiana 47807-3510
(812) 232-2434

definition of marriage. Furthermore, Plaintiffs did not envision the Court's order in response to their motion to be the final.[1] ([Proposed] Order Granting Plts.' Mot. for Protective Order at 3.) ("The parties shall meet and confer within thirty (30) days of this order to discuss a stipulated protective order that would all Defendants appropriate access to any documents filed under seal pursuant to this Order.") On Friday, August 28, Plaintiffs circulated a draft protective order to Defendants.[2] (Decl. of Sarah E. Troupis in Support of Plaintiffs' Motion for Protective Order at ¶ 2)

Plaintiffs are not asking the Court to conduct these proceedings in private, nor are they attempting to prejudice the Defendants' defense in this case. Instead, Plaintiffs are simply asking the Court to strike a meaningful balance between the First Amendment rights of Plaintiffs and any individual supporting a traditional definition of marriage, with the policy of providing access to court records. Here, Plaintiffs propose the redaction of any information that could be used to identify any supporter of a traditional definition of marriage. Importantly, all other information will remain part of the public record. The First Amendment dictates that the balance must be struck to prevent the nullification of the freedoms of speech and association at the very moment of their assertion. *See NAACP v. Alabama*, 357 U.S. at 459.

### III. Conclusion

For the reasons set forth above, as well as the reasons set forth in Plaintiffs' Motion for Protective Order, as well as the supporting documents, Plaintiffs' respectfully request that this

---

[1] In a case involving similar issues to those before the Court, a district court in California followed a remarkably similar procedure. Given the accelerated briefing schedule associated with motions for preliminary injunction and protective order, the judge issued a protective order on the plaintiffs' *ex parte* motion. The temporary protective order was renewed at the hearing on the plaintiffs' motion for preliminary injunction. The parties later conferred and agreed to a stipulated protective order that allowed appropriate access to documents filed under seal so as to not prejudice any parties to the litigation. *See ProtectMarriage.com v. Bowen*, 599 F. Supp. 2d 1197, 1226 (E.D. Cal. 2008).

[2] The proposed protective order circulated to State Defendants was prepared in advance of the motions to intervene filed on behalf of several parties that have submitted public records requests for copies of the Referendum 71 petition. Accordingly, Plaintiffs wish to reserve the right to modify the protective order to specifically provide for a designation of "Confidential—Attorney's Eyes Only." If the intervening parties are allowed to receive copies of the petitions through this litigation, Plaintiffs' First Amendment rights would be frustrated before being allowed a full hearing on the merits of their claims. The proposed protective order is offered to demonstrate that Plaintiffs have not asked for unreasonable relief.

1. Court grant Plaintiffs' Motion for a Protective Order.

2.

3. Dated this 31st day of August, 2009.

4. Respectfully submitted,

5.   /s/ Sarah E. Troupis

6. James Bopp, Jr. (Ind. Bar No. 2838-84)*          Stephen Pidgeon
   Sarah E. Troupis (Wis. Bar No. 1061515)*         ATTORNEY AT LAW, P.S.

7. Scott F. Bieniek (Ill. Bar No. 6295901)*         30002 Colby Avenue, Suite 306
   BOPP, COLESON & BOSTROM                          Everett, Washington 98201

8. 1 South Sixth Street                             (360) 805-6677
   Terre Haute, Indiana 47807-3510                  *Counsel for All Plaintiffs*

9. (812) 232-2434
   *Counsel for All Plaintiffs*

10. *Pro Hac Vice Application Granted*

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.

# CERTIFICATE OF SERVICE

I, Sarah E. Troupis, am over the age of 18 years and not a party to the above-captioned action. My business address is 1 South Sixth Street; Terre Haute, Indiana 47807-3510.

On August 31, 2009, I electronically filed the foregoing document described as Plaintiffs' Reply to Defendants' Opposition to Motion for Protective Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

James K. Pharris
jamesp@atg.wa.gov
*Counsel for Defendants Sam Reed and Brenda Galarza*

Steven J. Dixson
sjd@wkdlaw.com
Duane M. Swinton
dms@wkdlaw.com
*Counsel for Proposed Intervenor Washington Coalition for Open Government*

Ryan McBrayer
rmcbrayer@perkinscoie.com
*Counsel for Proposed Intervenor Washington Families Standing Together*

And, pursuant to Fed. R. Civ. P. 5(b)(1) and 5(b)(2)(C), I served the foregoing document by placing a true and correct copy of the document in a sealed envelope with postage thereon fully prepaid, in the United States mail at Terre Haute, Indiana, addressed to the following non-CM/ECF participants:

Leslie R. Weatherhead
Witherspoon, Kelley, Davenport & Toole, P.S.
1100 U.S. Bank Building
422 W. Riverside Avenue
Spokane, WA 99201-0300
*Counsel for Proposed Intervenor Washington Coalition for Open Government*

Kevin J. Hamilton
William B. Stafford
Perkins Coie, LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
*Counsel for Proposed Intervenor Washington Families Standing Together*

Arthur West
120 State Ave NE #1497
Olympia, WA 98501
*Proposed Intervenor*[3]

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct. Executed this 31st day of August, 2009.

  /s/ Sarah E. Troupis
Sarah E. Troupis
*Counsel for All Plaintiffs*

---

[3] A courtesy copy was provided via e-mail to Mr. West at awestaa@gmail.com.

**Pls.' Reply to Defs.' Opp'n to Mot.
for Protective Order
(No. 3:09-CV-05456-BHS)**     7     **BOPP, COLESON & BOSTROM**
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434