THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual; JOHN DOE #2, an individual; and PROTECT MARRIAGE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington and BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>Defendants. | No. C:09-cv-05456 BHS<br><br>INTERVENOR WASHINGTON FAMILIES STANDING TOGETHER'S REPLY IN SUPPORT OF ITS MOTION TO INTERVENE<br><br>Note on Motion Calendar: September 3, 2009<br><br>Oral Argument Requested |

WAFST should be allowed to intervene. It has several protectable legal interests that have been, or will be, impacted by this case. WAFST thus moved to intervene within days of the Court's invitation for similarly-situated parties to do so. Moreover, no other party has mentioned, let alone actively pursued, these interests before WAFST brought this motion. The Opposition ignores the law and these facts. Indeed, the Opposition disputes WAFST's protectable legal interests by arguing the wrong law, and ignores that WAFST's public records rights have already been affected by the TRO. Plaintiffs go so far to avoid recognizing the interests of "citizens" under RCW 29A.72.240 that they interpret it to be purely a "government interest" that might be satisfied by *in camera* proceedings based on secret evidence. Such an

INTERVENOR WFST'S REPLY IN SUPPORT
OF ITS MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 1

71718-0001/LEGAL16875334.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

abridgement of WAFST's due process rights would itself prejudice WAFST enough to justify intervention. Further, this substantial effort to avoid intervention ignores the strong preference in favor of intervention. *See Sierra Club v. U.S. E.P.A.*¸ 995 F.2d 1478, 1481 (9th Cir. 1993). That preference, along with the application of the correct legal framework and the facts, justify WAFST's intervention.

## I. INTERVENTION AS A MATTER OF RIGHT IS APPROPRIATE

The parties agree that intervention should be allowed where (1) the intervention is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *Gonzalez v. Arizona,* 485 F.3d 1041, 1051 (9th Cir. 2007) (internal citations omitted). The Opposition Brief, however, turns each of these on its head.

### A.  The Request is Timely

WAFST moved to intervene in a timely manner. On August 24, 2009, the Court invited parties with public records requests impacted by the TRO to intervene to protect their respective right to public records. *See* Dkt. No. 33. WAFST moved to intervene only four days later.[1] Instead of confronting this fact, the Opposition suggests the case is too far advanced and that plaintiffs might be prejudiced. *See* Opp. Brief, p. 4; *see also U.S. v. State of Or.*, 745 F.2d 550, 552 (9th Cir. 1984) (timeliness should be evaluated in light of (1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay). This argument, however, ignores that WAFST seeks to intervene regarding the scope of an injunction and an appropriate protective order, not the underlying merits. *See id.* at 552 (intervention for purpose

---

[1] WAFST filed this reply brief before the deadline ordered by the Court for reply briefs from other parties with public records requests precluded by the TRO. *See* Dkt. No. 41 (WCOG Reply due September 2, 2009, by 1 p.m.). WAFST again respectfully requests that the Court consider WAFST's motion as timely under the Local Rules in light of WAFST's rapid response to the Court's invitation for similarly situated parties to intervene, and in light of plaintiffs' concession that WAFST had even less notice than other intervenors. *See* Opp. Brief, p. 2, n.5.

INTERVENOR WFST'S REPLY IN SUPPORT
OF ITS MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 2
71718-0001/LEGAL16875334.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of involvement in settlement negotiations weighs in favor of granting intervention) (citations omitted).  The Opposition also fails to explain how plaintiffs would be prejudiced by a modification of the injunction coupled with a protective order.  Its prejudice argument assumes (without justification) that counsel and others subject to protective orders will violate the orders.  Such speculation does not make the request untimely.

**B.    WAFST's Interests Justify Intervention**

The Opposition incorrectly asserts that WAFST's interests are insufficient because they are not based on the statute that is the subject of plaintiffs' challenge.  First, WAFST's public records interest *is* based on the statute at issue.  Moreover, a sufficient interest need not be based on the statute at issue:

> We ordinarily do not require that a prospective intervenor show that the interest he asserts is one that is protected by the statute under which the litigation is brought.  It is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.

*Sierra Club¸* 995 F.2d at 1484.  The very cases cited by plaintiffs repeat that the interest at issue need only be based on "some law."  *See So. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).  Both of WAFST's interests are based on "some law"; the first is based on the Public Records Act and the second is based on RCW 29A.72.240.  Both have relationship to the claims at issue that is more than strong enough to justify intervention because the relief plaintiffs seek would foreclose them.  *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (the nexus between the interest and the action can be weak where a party seeks to intervene regarding a protective order).

The Court should also reject plaintiff's attempt to reclassify the individual rights created by RCW 29A.72.240.  WAFST and its members should be allowed to investigate and pursue such a claim, and the state courts should be allowed to adjudicate it using prudent supervision.  This can be accomplished with a routine and limited protective order.  Plaintiffs seek to avoid

INTERVENOR WFST'S REPLY IN SUPPORT
OF ITS MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 3

71718-0001/LEGAL16875334.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

even supervised review of the petitions, however, by asserting RCW 29A.72.240 creates only a "narrow interest of the government." *See* Opp. Brief, p. 7, nn. 8-9. This ignores the statute. The right created for "citizens" by RCW 29A.72.240 belongs to the government no more than does "the right of the people to peaceably assemble." *See* U.S. Const. Amend. I. The Court should recognize the individual rights WAFST seeks to protect by allowing individuals to pursue those rights.

**C.    WAFST's Interests Have Already Been Prejudiced**

WAFST has had its pressing public records rights curtailed, and faces a TRO that precludes consideration by state courts of its potential election law claim. By obtaining the TRO, plaintiff Protect Marriage Washington has thwarted WAFST's access to the very evidence that would allow WAFST to ensure the integrity of the referendum process. This is sufficient to justify intervention because these interests are affected "in a practical sense." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001); *see also U.S. ex rel. McGough v. Covington Tech. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (courts should rely on "practical considerations"). The Opposition does not address the prejudice regarding public records. In fact, plaintiffs have made no argument they would be harmed by allowing WAFST to access the referendum signatures for the sole purpose of considering a claim under RCW 29A.72.240. This alone justifies intervention.

The election law claim is also sufficiently impacted "in a practical sense" to justify intervention. Plaintiffs suggest that WAFST and its members might pursue their potential claim without ever seeing the evidence (i.e. the "petitions" to which the statute expressly refers). Opp. Brief, p. 7. They do not explain how WAFST's interests would escape prejudice in such a unique trial.[2] The Court should instead find WAFST's claim will be affected in a practical way if WAFST is forced to litigate without seeing the evidence.

---

[2] Indeed, plaintiffs suggest they are prejudiced by a *shortened* briefing schedule in the same paper in which they ignore the prejudice WAFST would suffer were WAFST forced by an injunction to proceed through an entire action in state court with *no opportunity whatsoever* to brief the facts.

INTERVENOR WFST'S REPLY IN SUPPORT
OF ITS MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 4
71718-0001/LEGAL16875334.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### D. The Secretary of State Has Not, and Will Not Adequately Represent WAFST's Interests

As a threshold matter, the briefing in this case shows that WAFST's interests are not adequately represented. Neither party mentioned, let alone pursued with vigor WAFST's interests. For instance, neither party cited RCW 29A.72.240 or suggested in any brief or argument that the Court should craft an injunction that does not prevent state courts from effectively hearing valid state law claims. This vitiates plaintiffs' arguments.

WAFST's interest based on the potential election law claim is also in conflict with the Secretary of State's interest on the issue. Plaintiffs' suggestion otherwise ignores the difference between *interests* and *claims*. WAFST's interests in preserving and investigating a potential claim adverse to the Secretary of State are currently in opposition to the Secretary's interests. That WAFST has not yet brought a *claim* does not prevent the *interests* from being in conflict. This too justifies intervention.

## II. THE COURT SHOULD ALSO ALLOW PERMISSIVE INTERVENTION

The Court should also allow WAFST to intervene because permissive intervention is justified. An independent claim or cause of action is not required for permissive intervention, and when requested based on an interest in the litigation, need not be supported by an independent jurisdictional basis. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473-74 (9th Cir. 1992) (internal citations omitted). In *Beckman*, the Ninth Circuit approved permissive intervention by an entity seeking to modify the protective order in the case. An independent claim was not required. *Id*. Also contrary to plaintiffs' assertions:

> Permissive intervention ordinarily requires independent jurisdictional grounds. Here, however, an independent jurisdictional basis is not required because intervenors do not seek to litigate a claim on the merits.

*Id*. at 473. No independent jurisdictional basis was necessary because the proposed intervenors asked the court only to exercise power it already had – to modify the protective order. *Id.; see also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (permissive

INTERVENOR WFST'S REPLY IN SUPPORT
OF ITS MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 5

71718-0001/LEGAL16875334.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

intervention need not be supported by an independent jurisdictional basis when the intervenor's interest relates to a protective order).  Likewise, WAFST should be allowed to permissively intervene because it asks only that the court exercise power the Court already has – to grant a protective order and modify an injunction.  *Beckman*, 966 F.2d at 473; *U.S. v. Swift & Co.*, 286 U.S. 106 (1932) (courts always have power to modify an injunction); *see also Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1030 (9th Cir. 1985) ("When dealing with its equitable powers, a court possesses the intrinsic power to adapt the injunction to meet the needs of a new day.")  Permissive intervention is justified given the limited scope of WAFST's request.

### III.   CONCLUSION

The Court should accordingly allow WAFST to intervene.  The Court should also allow WAFST to immediately view signatures under a protective order in furtherance of WAFST's potential (and time-sensitive) election law claim.  Any final order should not impede the statutory authority of state courts to compel the submission and examination of petition signatures, presumably under their own supervision and protective orders.

DATED: September 2, 2009

s/ *Ryan J. McBrayer*
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com
Ryan J. McBrayer, WSBA No. 28338
RMcBrayer@perkinscoie.com
William B. Stafford, WSBA No. 39849
WStafford@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099

Attorneys for Intervenor
Washington Families Standing Together
INTERVENOR WFST'S REPLY IN SUPPORT OF ITS MOTION TO INTERVENE (No. C:09-cv-05456 BHS) – 6

71718-0001/LEGAL16875334.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Reply in Support of Washington Families Standing Together's Motion to Intervene was filed via the CM/ECF system and will be sent electronically to counsel record this 2nd day of September, 2009.

/s/ *Ryan J. McBrayer*

INTERVENOR WFST'S REPLY IN SUPPORT
OF ITS MOTION TO INTERVENE
(No. C:09-cv-05456 BHS) – 7
71718-0001/LEGAL16875334.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000