The Honorable Benjamin H. Settle

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>                   Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>                   Defendants. | Case No. 3:9-CV-05456-BHS<br><br>WASHINGTON COALITION FOR OPEN GOVERNMENT'S REPLY MEMORANDUM CONCERNING MOTION TO INTERVENE<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 3, 2009, 2:30 P.M.<br><br>ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION

This Memorandum is filed in response to the Plaintiffs' Opposition to the Motion of the Washington Coalition for Open Government ("WCOG") to Intervene in the above-referenced matter. Plaintiffs, who have submitted to the State of Washington a petition referendum proposing to block implementation of a statute passed by the State Legislature, now seek to prevent parties who have requested to review the petitions under Washington State's Public Records Act ("PRA") from having access to the same. In other words, at the same time it is seeking to block a legislative enactment,

WASHINGTON COALITION FOR OPEN GOVERNMENT'S
REPLY MEMORANDUM RE MOTION TO INTERVENE - 1

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1  Plaintiffs are also seeking to have the process adopted by initiative of the citizens of the State of

2  Washington that guarantees access and openness to government operations declared unconstitutional and

3  to foreclose public oversight of the critical referendum process. Plaintiffs' objections to WCOG's Motion

4  to Intervene are not well taken.

5

6  **1.     WCOG's Motion to Intervene Is Timely.**

7          The PRA was adopted by initiative of the citizens of the State of Washington in 1972. In its 37

8  years of distinguished history in providing the citizens of this state with the procedure to oversee the

9  operation of governmental agencies, no provision of the PRA has been declared unconstitutional. Yet,

10  over a mere 36-day period, Plaintiffs seek to file a lawsuit, foreclose public oversight of the referendum

11  process, and have a significant portion of the PRA declared unconstitutional, and yet object to

12  participation by WCOG, which has filed a public records request to review the petitions and been denied

13  access to the same to advocate for the constitutionality of the PRA.

14

15          Plaintiff Protect Marriage Washington filed signatures in support of the Petition for

16  Referendum 71 on July 25, 2009, *Dkt. 2*, ¶ 40. The instant action was filed on July 29, 2009, the same

17  day the Temporary Restraining Order was granted, without opposition by Defendants. *Dkt. 9*, p. 3. Two

18  days later, the President of WCOG, Toby Nixon, requested, under the PRA, copies of all signed petition

19  pages for Referendum 71. Declaration of Toby Nixon ("Nixon Dec."), ¶ 4, Exhibit "A." The request was

20  denied by the State because of the Temporary Restraining Order. Defendants moved to join WCOG and

21  other requesters for access to the referendum petition. On August 21, 2009, the Court denied Defendants'

22  Motion, including in the Order the statement that WCOG should be provided "an opportunity to move to

23  intervene if they so choose." *Dkt. 33*, p. 4. Six days thereafter, WCOG filed its Motion to Intervene and

24  supporting documents.

25

26          Plaintiffs have in no fashion been prejudiced by WCOG's moving as swiftly as it has to intervene

27  in this matter. The Temporary Restraining Order was in place, and it is assumed that the referendum

28

WASHINGTON COALITION FOR OPEN GOVERNMENT'S
REPLY MEMORANDUM RE MOTION TO INTERVENE - 2

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Reply Memo of WCOG re Mot to Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1    petitions will not be released until the Court has provided a full hearing concerning Plaintiffs'

2    constitutional challenge to Washington's long-standing PRA. Moreover, there is a pending objection by

3    the State to Plaintiffs' motion to consolidate of the September 3, 2009 hearing covering a preliminary

4    injunction with a full trial on the merits. WCOG's participation in this matter as a party will not delay

5    timely determination by the Court of the merits of Plaintiffs' claim.

6

7    **2.        WCOG Has a Significantly Protectable Interest.**

8            In objecting to WCOG's participation in this matter, Plaintiffs suggest that WCOG's sole interest

9    in the lawsuit is "in participating in the interpretation and construction of the PRA." Plaintiffs'

10   Opposition, p. 6. Plaintiffs ignore that, as it is permitted to do so under the PRA, WCOG has made a

11   request to review the petitions advocating Referendum 71 and has been denied the right to review the

12   petitions. WCOG's interest stems from its status as a party requesting access to public records. RCW

13   42.56.550 gives standing to a party that has been denied access to seek court review of such a

14   determination. As Plaintiffs have argued, it is within the purview of this Court to determine whether

15   access may be granted or whether the petitions will be closed from public review. WCOG's ability to

16   review the petitions, as it has requested, is directly impacted by the proceedings in this Court, and, as a

17   result, WCOG has a significantly protectable interest in participating in this litigation.

18           In addition, it cannot be denied that WCOG also has an interest in insuring that the PRA is

19   afforded its full measure of effectiveness. Certainly, a Court declaration that records, concerning which

20   there is no statutory exemption from disclosure, are foreclosed from public review because of asserted

21   threats of harassment or criticism that are an inherent part of the political fabric in this country will have

22   a significant impact on operation of the PRA in the future. The door will be open for allegations of

23   similar potential criticism to be used as a road block to public oversight of governmental operations, not

24   limited to referendum petitions. Thus, WCOG's protectable interest stems both from its status as a

25   requester for access to the records and also from its concern over the long-range impact of this case on

26

27

28

WASHINGTON COALITION FOR OPEN GOVERNMENT'S
REPLY MEMORANDUM RE MOTION TO INTERVENE - 3

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Reply Memo of WCOG re Mot to Intervene.doc

1  access issues under the PRA.

2  **3.      WCOG Will Be Impaired and Impeded in its Ability to Protect its Interest.**

3
4         Plaintiffs cite the correct standard for determining whether a proposed intervenor will be impaired
   or impeded in its ability to protect an asserted interest, but then completely misinterpret the same.
5
6         As indicated in Plaintiffs' Opposition, p. 8, "if an absentee would be substantially affected in a
7  practical sense by the determination made in an action, he should, as a general rule, be entitled to
8  intervene" (citing, *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001))
9  (quoting, FRCP 24, Advisory Committee's Notes).

10        WCOG did not seek to intervene in this action until the State informed it that the records would
11 not be released because of the pending lawsuit.
12
13        WCOG has made a request for access to the petitions submitted in support of the referendum.  If
14 this Court were to determine that public access to the petitions is foreclosed because of the arguments
15 raised by Plaintiffs, WCOG's ability to review the petitions would be denied.  Clearly, foreclosing public
16 review of the referendum petitions not only affects, but completely obliterates, WCOG's request to
17 review the petitions.  Therefore, "in a practical sense," WCOG will be substantially affected by the
18 determination made in this action.
19
20 **4.      The Interest of WCOG Is Not Adequately Represented by the State.**

21        The PRA did not originate as a legislative enactment.  Rather, a diverse array of citizens groups,
22 such as the League of Women Voters, Common Cause, and the predecessor to WCOG—the Coalition for
23 Open Government came together to propose an initiative to be submitted to the citizens of the State of
24 Washington.  In November of 1972, the PRA was passed by Washington voters, and the law took effect
25 on January 1, 1973.  The PRA is an initiative of the people of the State of Washington and not the
26 governmental agencies of the State of Washington.
27
28        Moreover, the original preamble to the PRA, now incorporated as RCW 42.56.030, underscores

WASHINGTON COALITION FOR OPEN GOVERNMENT'S
REPLY MEMORANDUM RE MOTION TO INTERVENE - 4

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

1  that the purpose of the PRA is to allow Washington citizens to oversee the operation of government

2  agencies:

3
The people of this state do not yield their sovereignty to the agencies that serve the people.
4  The people, in delegating authority, do not give their public servants the right to decide
   what is good for the people to know and what is not good for them to know.  The people
5  insist on remaining informed so that they may maintain control over the instruments that
6  they have created.  This chapter shall be liberally construed and exemptions narrowly
   construed to promote this public policy.

7
         While Defendant state officials may assert valid and persuasive arguments opposing Plaintiffs
8
9  request that a public referendum process proceed in a confidential fashion, the PRA makes it clear that

10 the beneficiaries of its provisions are the people of this State.  The purpose of the statute is to allow

11 public oversight of Washington agencies by Washington citizens.  Clearly, the interest of Defendants and

12 WCOG, as a representative of citizens of the State, are not necessarily co-extensive.  In fact, Washington

13 public officials have already reviewed signatures on the referendum petitions submitted by Plaintiffs.

14
   Who has been denied access to the petitions are the citizens of the State of Washington, not the
15
   governmental agencies who, in the terms in the words of RCW 42.56.030, are the "servants" of the
16
17 people.  While State agencies and officials, including Defendants, have reviewed the signatures on the

18 petitions in question, the citizens of the State, including WCOG, remain completely in the dark.  If the

19 words of the PRA are to have any meaning, then the people of the State, as represented by WCOG, need

20 to be able to assert their rights to access the signatures "so that they may maintain control over the

21 instruments that they have created."

22 **5.      Alternatively, WCOG Should Be Granted Permissive Intervention.**
23
         Since WCOG's claim for joinder as a matter of right, for the reasons set out above, should be
24
25 granted, it follows that its Motion, in the alternative, for Permissive Joinder, should also be granted.

26       Plaintiffs suggest in their Opposition that "WCOG does not have a claim or defense that shares

27 with the main action a common question of law or fact."  Plaintiffs' Opposition, p. 12.  This response

28
WASHINGTON COALITION FOR OPEN GOVERNMENT'S
REPLY MEMORANDUM RE MOTION TO INTERVENE - 5

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Reply Memo of WCOG re Mot to Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

borders on the incredulous since the common question of fact is whether WCOG's request for access should be denied, which is the relief, from a factual perspective, that Plaintiffs seek. Moreover, the common question of law is whether the strong mandate for access to public records, as evidenced in a set of statutes that has provided for the same since 1972, should be declared unconstitutional. Thus, from a factual perspective, WCOG argues, in opposition to Plaintiffs, that it should be granted access to the petition signatures, and from a legal perspective, WCOG asserts that Plaintiffs' claim of unconstitutionality is without merit.

Moreover, WCOG has an independent basis for jurisdiction under the provisions of the PRA, which mandate that access to public records be granted unless a statutory exemption can be established. In other words, WCOG has a clear right under RCW 42.56.550 to seek court review of the State's denial of its request for access to the petition signatures. This is a statutory provision which, of course, Plaintiffs have ignored, as they have all other provisions of the PRA.

For purposes of judicial comity, WCOG's assertions as to its right of access to the referendum petitions under the PRA, based on the long-standing tradition in this State allowing citizens to oversee the operations of government, must be considered at the same time Plaintiffs' speculation as to possible criticism is considered.

## II. CONCLUSION

As for the reasons set out above, WCOG's Motion to Intervene in this matter should be granted.

DATED this 2nd day of September, 2009.

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.

By: _____
Duane M. Swinton, WSBA No. 8354 (*pro hac vice* pending)
Leslie R. Weatherhead, WSBA No. 11207
Steven J. Dixson, WSBA No. 38101
Attorneys for Washington Coalition for Open Government

WASHINGTON COALITION FOR OPEN GOVERNMENT'S
REPLY MEMORANDUM RE MOTION TO INTERVENE - 6

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Reply Memo of WCOG re Mot to Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

**CERTIFICATE OF SERVICE**

1.       I, Collette N. Robbins, am a citizen of the United States and a resident of the State of Washington.  I am over the age of 18 years and not a party to the within action.  I am employed by the law firm of Witherspoon, Kelley, Davenport & Toole, 422 W. Riverside Avenue, Suite 1100, Spokane, Washington.

2.       On the 2nd day of September, 2009, I caused to be served upon the parties via the CM/ECF filing system, the Washington Coalition for Open Government's Reply Memorandum Concerning Motion to Intervene, which system will send notification of such filing to the following:

Stephen Walter Pidgeon, attorney@stephenpidgeon.com
James Jr. Bopp, jboppjr@aol.com
Scott F. Bieniek, sbieniek@bopplaw.com
Sarah E. Troupis, stroupis@bopplaw.com
James K. Pharris, jamesp@atg.wa.gov

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Janet Jackson, Legal Assistant

WASHINGTON COALITION FOR OPEN GOVERNMENT'S
REPLY MEMORANDUM RE MOTION TO INTERVENE - 7

G:\D\DMS\WCOG\Doe v. Reed - Referendum 71\Reply Memo of WCOG re Mot to Intervene.doc

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265