

09-CV-05456-M

**The Honorable Benjamin H. Settle**

_____ FILED _____ LODGED
_____ RECEIVED

SEP 0 1 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON-TACOMA

|  |  |
|---|---|
| JOHN DOE, et al )<br>     Plaintiffs ) | No. 09 CV 05456 BHS |
| )<br>Vs. )<br>) | MOTION TO INTERVENE<br>ON SHORTENED NOTICE |
| SAM REED, et al )<br>     Respondents ) | NOTE ON MOTION CALENDAR<br>FOR September 3, 2009 |

Comes now Arthur West, and respectfully moves the Court for an order granting leave to intervene in this action:

1 Introduction

This is an action where a temporary injunction has been entered to prohibit disclosure of information related to referendum R-71. West is particularly injured by this Court's order in that he has been denied inspection of public records as a result of the order entered in this case. West has a longstanding interest in the disclosure of accurate information concerning initiative and referendum process in

MOTION TO
INTERVENE

1

ARTHUR WEST
120 State Ave NE #1497
Olympia, Washington, 98501

the State of Washington. In 1994, West intervened in Mortenson v. PDC and prevailed in seeking disclosure of information related to Initiative 602 that was the subject of a temporary restraining order barring its disclosure. I-602 subsequently lost in the polls by ½ of a %.

West is a registered voter, and requires the information he has requested concerning R-71 in order to cast an informed vote based upon full disclosure of relevant information. West also has a particular interest in the issues raised in this case in that he also believes RCW 42.56 to be unconstitutional, but for reasons differing from those that the plaintiffs are currently arguing.

Unlike the State of Washington, which has no individual 1st Amendment interests, West is a citizen who has rights protected under Article 1 of the Constitution of the State of Washington as well as the 1st 4th, and 14th Amendments to the Constitution of the United States of America. As a voter and a citizen, he has rights and interests which differ from the State. West has previously notified the Washington State Attorney General that RCW 42.56 is unconstitutional as applied in that it has been applied by the Port of Tacoma in a pending Pierce County Superior Court case as a prior restraint upon publication by the Media, and that the law lacks adequate procedural protections to ensure a prompt and final adjudication of what records are properly exempt. (See National Socialist Party of America v. Village of Skokie)

In addition, the constitutional right to impartial adjudication required under Caperton has been compromised by a systemic pattern of conflicts of interest among magistrates in the State of Washington. Thus, plaintiff's attempts to enforce the disclosure required under RCW 42.56 have been unconstitutionally stalled in Pierce County for over a year, in violation of the requirement in the State

MOTION TO
INTERVENE

2

ARTHUR WEST
120 State Ave NE #1497
Olympia, Washington, 98501

constitution that rulings must issue within 90 days, and his attempts to require the Washington Public Ports Association to abide by the law were rejected by the Washington State Supreme Court after the Chief Justice attended a private meeting of the WPPA and its member Ports (while WPPA and Port cases were pending before the Supreme Court) and expressed his undying affection for the WPPA, the Port of Olympia, and all things port related. At the present time, a further Supreme Court conflict of interest in the Yousoufian case has so impeded justice that the Trial Courts in the State of Washington have no idea how to assess penalties for agencies willful violation of the act. This has also substantially prejudiced plaintiff.

The result of this conflict of interest is that the penalties that are intended to deter further violations are, in many cases, further delayed or suspended pending a final and impartial ruling by the Supreme Court. One plaintiff, Armen Yousoufian, has been waiting for over a decade. Such unreasonable delays, caused by systemic impermissible conflicts of interest undermine public confidence in our justice system and require federal intervention to insure prompt and impartial constitutional adjudication of the State of Washington's Public Disclosure Laws.

While the Courts conflicts of interest have delayed the assessment of penalties for violation of the Public Records Act, it should be noted that such conflicts do not prevent the Court from assessing punitive fines against those citizens such as the plaintiff who successfully prevail in PRA cases. The systemic and invidiously discriminatory use of CR 11 sanctions to delay and obstruct resolution of PRA and OPMA cases and unfairly taint citizens seeking government accountability is another unconstitutional aspect of the Washington State Public Disclosure and Sunshine Laws.

MOTION TO
INTERVENE

3

ARTHUR WEST
120 State Ave NE #1497
Olympia, Washington, 98501

Should this Court seek to issue a ruling on the constitutional nature of RCW 42.56, as applied, or fashion an injunction to ensure its constitutional and impartial application, the lack of procedural safeguards and the systemic pattern of conflicts of interest should be factors that it considers in making its determination.


Conclusion

West should be joined as a party to this action so that he can assert his particular interest as an individual voter interested in disclosure of records relating to a proposed ballot measure, and as a citizen concerned with unconstitutional prior restraints as well as the constitutional administration of the State of Washington's laws regarding the disclosure of public records.

I certify the foregoing to be correct and true. Done August 30, 2009.

Arthur West

MOTION TO
INTERVENE

4

ARTHUR WEST
120 State Ave NE #1497
Olympia, Washington, 98501