UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN DOE #1, an individual; JOHN DOE #2, an individual; and PROTECT MARRIAGE WASHINGTON,

Plaintiffs,

v.

SAM REED, in his official capacity as Secretary of State of Washington; DEBRA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,

Defendants.

CASE NO. C09-5456BHS

ORDER AMENDING AND EXTENDING THE COURT'S TRO

This matter comes before the Court on the Court's Order Granting Plaintiffs' Motion for TRO (Dkt. 9).

On July 28, 2009, Plaintiffs John Doe #1, John Doe, and Protect Marriage Washington filed a complaint against Defendants Sam Reed, in his official capacity as Secretary of State of Washington, and Debra Galarza, in her official capacity as Public Records Officer for the Secretary of State of Washington. Dkt. 2. Plaintiffs allege that the Washington Public Records Act, Wash. Rev. Code § 42.56.001, *et seq.*, is unconstitutional as it applies to the public release of referenda petitions submitted to the Washington Secretary of State. *Id.* at ¶¶ 61-63. Plaintiffs request injunctive relief against

Defendants from releasing the names, addresses, and other contact information of individuals who signed the petition. *Id.*

On July 28, 2009, Plaintiffs also filed a motion for temporary restraining order and preliminary injunction. Dkt. 3. On the same day, the Court held a hearing and indicated that Plaintiffs needed to personally serve Defendants with the motion and provide notice of the hearing which was reset for July 29, 2009 at 2:30 PM. Dkt. 1.

At the hearing held July 29, 2009, Plaintiffs provided a declaration of service and indicated that Defendants did not intend to appear at the hearing. Dkt. 8. After the hearing, the Court issued an Order Granting Plaintiffs' Motion for TRO and enjoined Defendants as follows:

> Defendants are restrained from releasing the names, addresses, or other contact information of those individuals who signed the Referendum 71 petition. The temporary restraining order shall expire on September 3, 2009, or as otherwise ordered by the Court.

Dkt. 9.

On August 28, 2009, Washington Families Standing Together ("WAFST") filed a Motion to Intervene. Dkt. 43. WAFST asserts that it "is examining claims through which it and its individual members might challenge non-matching signatures on referendum petitions" pursuant to RCW 29A.72.240. *Id.* at 1. WAFST claims that it

> has been precluded by the Court's Temporary Restraining Order from receiving those signatures, and in turn, investigating additional signature mismatches as a basis for a challenge under RCW 29A.72.240.

*Id.* at 1-2. WAFST correctly notes that "[t]his statute is neither mentioned nor challenged in the current briefs." *Id.* at 2. WAFST submitted a Proposed Protective Order requesting that the Court grant an exception to the temporary restraining order so that it may pursue an action under RCW 29A.72.240.

Washington's referendum process and the provisions of RCW 29A.72.240 are beyond the scope of Plaintiffs' complaint as Plaintiffs seek only to enjoin Defendants' compliance with Washington's Public Disclosure Act, RCW 42.56.001 *et. seq*. *See* Dkt. 2. Therefore, the Court will amend the current temporary restraining order as follows:

1. Defendants are restrained from releasing the names, addresses, or other contact information of those individuals who signed the Referendum 71 petition. This restraint shall not interfere with Washington's referendum process or the provisions of RCW 29A.72.240;

2. Intervenor WASFT, including its attorneys and personnel, may access the signatures submitted in support of Referendum 71 through disclosure by the Secretary of State for the sole purpose of examining the petitions and potentially pursuing an action under RCW 29A.72.240, but may not publicly disclose the signatures or the identity of the signatories during the pendency of this Order or unless such disclosure is authorized by the Court's order on Plaintiffs' motion for preliminary injunction; and,

3. This order does not enjoin any action by a Washington State Court pursuant to RCW Chapter 29A.72.

Finally, the Court will extend the temporary restraining order to consider the oral arguments of counsel and finalize a written opinion on the motion for a preliminary injunction. Therefore, the temporary restraining order will dissolve upon the earliest of September 11, 2009, the issuance of a written decision on Plaintiffs' motion for a preliminary injunction, or further order of the Court.

**IT IS SO ORDERED.**

DATED this 3 day of September, 2009.

BENJAMIN H. SETTLE
United States District Judge