UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual; JOHN DOE #2, an individual; and PROTECT MARRIAGE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington; and DEBRA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>Defendants. | CASE NO. 09-5456BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Plaintiffs' motion for protective order (Dkt. 22). The Court has considered the pleadings filed in support of the motion, which Defendants fail to oppose, and the remainder of the file, and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 28, 2009, Plaintiffs filed a complaint and motion for temporary restraining order and preliminary injunction, seeking to enjoin the Secretary of State of Washington from publicly releasing documents showing personally identifying information of those individuals who signed petitions in support of Referendum Measure No. 71 ("R-71").

ORDER - 1

Dkts. 2 (Plaintiffs' complaint) and 3 (motion for temporary restraining order and preliminary injunction). On August 3, 2009, Plaintiffs filed a motion for protective order and memorandum in support thereof. Dkt. 22. Plaintiffs seek to prevent the public release of information that could be used to identify any of the following: (1) an individual that signed the R-71 petition; (2) an individual or organization that supported the R-71 petition process; (3) an individual or organization that is a member of or contributor to Project Marriage Washington; (4) an individual that opposes R-71; and (5) an individual or organization that supports the traditional definition of marriage.

On September 10, 2009, this Court entered an order granting Plaintiffs' motion for preliminary injunction. Dkt. 63. The preliminary injunction enjoins the Defendants from complying with certain public records requests. A more thorough account of the factual and procedural history of this matter is included in the order granting the preliminary injunction. *Id*.

## II. DISCUSSION

Plaintiffs move this Court for entry of a protective order and for leave to file documents under seal. Where good cause is shown, the court may "(1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Civ. P. 5.2(e). Where discovery is sought, a party "may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c). "There is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Local Rule CR 5(g). "The law requires, and the motion and the proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access." *Id.*; *see also Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F. 2d 1289 (9th Cir. 1986). In *Valley Broadcasting*, the court stated that, "in short, the district court must

weigh the interests advanced by the parties in the light of the public interest and the duty of the courts." 798 F. 2d at 1294.

Here, the Court has preliminarily enjoined the release of the referral petitions for putting R-71 on the ballot. Dkt. 63. Based on the current injunction, this Court finds that Plaintiffs have satisfied their burden of overcoming the strong presumption in favor of public access to the petitions and the personally identifying information of those who supported the referral.

Additionally, Plaintiffs also request that the Court grant leave for the following: (a) to file under seal any declaration of an individual that signed the R-71 petition; (b) to redact any personal information from any and all filings not filed under seal that could be used to identify an individual that signed the R-71 petition; and (c) to prohibit Defendants, their agents, servants, employees, officials, or any other person acting in concert with them or on their behalf, from revealing the name of any individual who signed the R-71 petition. Dkt. 22 at 2-3. These requests are derivative of the injunctive relief already granted to Plaintiffs. *See* Dkt. 63. Denying a protective order for this information would permit an end run around the current injunction. Accordingly, Plaintiffs' motion for protective order is granted in part for the limited purpose of protecting any information that could be used to individually identify a person who signed a petition.

On the other hand, Plaintiffs request that the Court grant a protective order that would seal any information that could be used to identify the following information: an individual or organization that supported the R-71 petition process; an individual or organization that is a member of or contributor to Project Marriage Washington; an individual that opposes R-71; and an individual or organization that supports the traditional definition of ma\rriage. At this time, the Court is not persuaded that Plaintiffs have met their burden with respect to these materials. Pursuant to Local Rule 5(g),

ORDER - 3

Plaintiffs may file another motion for a protective order if any of these materials are filed with the court.

Therefore, the Court denies the remainder of Plaintiffs' motion. Moreover, this order does not prevent disclosure of petition signers' personally identifying information if such information is otherwise maintained as public records.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' motion for protective order (Dkt. 22) is **GRANTED in part and DENIED in part**.

DATED this 11th day of September, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4