UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN DOE #1, et al.,

    Plaintiffs,

v.

SAM REED, et al.,

    Defendants.

CASE NO. C09-5456BHS

ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND GRANTING INTERVENOR WASHINGTON FAMILIES STANDING TOGETHER'S MOTION TO SEAL

This matter comes before the Court on Plaintiffs' motion for a blanket protective order (Dkt. 125) and Intervenor Washington Families Standing Together's ("WFST") motion to seal (Dkt. 131). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Plaintiffs' motion (Dkt. 125) and grants WFST's motion (Dkt. 131) for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 3, 2010, Plaintiffs filed the instant motion for a blanket protective order regarding the identities of certain witnesses. Dkt. 125. On September 15, 2010, WFST opposed the motion. Dkt. 129. On September 17, 2010, Plaintiffs replied. Dkt. 137.

ORDER - 1

On September 15, 2010, WFST moved the Court to seal two exhibits filed in support of its opposition to the instant motion for protective order. Dkt. 131. This motion is unopposed.

## II. DISCUSSION

### A.   Meet and Confer Requirement

Absent from the record with respect to Plaintiffs' motion is "certification that [it] has in good faith conferred or attempted to confer with other affected parties in an effort ot resolve the dispute without court action." *See* Fed. R. Civ. P. 26(c)(1). Although the parties apparently did conduct a teleconference prior to the filing of this motion, WFST maintains and Plaintiffs do not dispute that the instant motion is beyond the scope of what was agreed to be the scope of the requested protective order. *Compare* Dkt. 129 at 4 (WFST's response in opposition) with Dkt. 137 (reply not addressing WFST's arguments regarding the meet and confer requirement). This alone is a basis on which to deny Plaintiffs' motion for protective order.

### B.   Protective Orders, Generally

Pursuant to Fed. R. Civ. P. 26(c), protective orders should be issued "for good cause shown." This is a public court and its business should be conducted publicly unless there is a specific reason to keep things confidential. As stated in Local Civil Rule 5(g), "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." On the few occasions when protective orders are appropriate, they should be narrowly drawn with a presumption in favor of open and public litigation. The showing necessary to establish good cause has been described as follows:

> To establish good cause for a protective order under Fed. R. Civ. P. 26(c), the courts have insisted on a *particular and specific factual demonstration*, as distinguished from stereotyped and conclusory statements, revealing some injustice, prejudice, or consequential harm that will result if protection is denied. Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning, do not satisfy the rule.
>
> The party requesting a protective order must make a specfic demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. Such a party must demonstrate that failure to issue the order will work a clearly defined harm.

10A Fed. Proc. Law. Ed. § 26:282 (emphasis added); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); In *Beckman*, the Court also stated that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." 996 F.2d at 476 (quoting *Cipollone v. Ligget Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

Before this Court will entertain a motion for a protective order, the following is required:

1. The party seeking a protective order, stipulated or otherwise, must make a compelling showing that their interest in the various "confidential materials" described in the proposed order outweighs the public's right of access to Court documents.

2. The request must be narrow and the terms of the order may not give too much discretion to the parties to designate documents subject to the protective order. Any protective order entered by the Court must be narrowly drawn and clearly identify the class or type of documents subject to the order.

3. The proposed order may not be modified by agreement of the parties without the Court's signature of approval.

4. The order cannot grant "complete immunity" from any liability related to the disclosure of confidential, personal, or proprietary information as long as the disclosure is made pursuant to the terms of the protective order. Whether a particular

ORDER - 3

disclosure violates federal, state, or local law, breaches contractual obligations, and/or violates another court's order is not before the Court by virtue of entering a stipulated protective order: a grant of "immunity" without due consideration of the facts and circumstances surrounding the disclosure would be improper and unjustified.

5. Finally, the order must contain a provision that the Court may change the terms of the protective order on its own motion after notice to the parties and an opportunity to be heard.

The parties may, of course, enter into a confidentiality agreement amongst themselves without the aid of the Court, but if and when parties request that the Court be involved, they must make the requisite showing discussed above.

In the present matter, Plaintiffs' motion for a protective order is deficient given these guidelines. Specifically, Plaintiffs seek a "blanket protective order to protect the identities of traditional marriage supporters learned through the discovery process. This would include a witness' name, address, occupation, employer, telephone number, email address and personal and identifying information." Dkt. 137 at 6. Such a protective order is not narrowly drawn. "[A] blanket order . . . is by nature overinclusive." *Beckman,* 966 F.2d at 476 (citing *Public Citizen v. Ligget Group*, *Inc.,* 858 F.2d at 775, 790 (1st Cir. 1988)).

Plaintiffs' motion does not provide adequate specificity as to what they seek to protect. Plaintiffs do not provide sufficient specific facts directly related to the people involved in this matter that would require such a blanket protective order in this case. It may be that some of the information is able to be protected, but not under the guise of an overly broad protective order.

**C. Conclusion**

Plaintiffs have not made an adequate showing of good cause or that they met and conferred with WFST in regard to what was actually moved for herein. Should Plaintiffs

renew this motion, they are first required to meet and confer with opposing counsel and attempt to resolve the discovery dispute without aid of the Court.

The documents currently under seal or those to be placed under seal with respect to Plaintiffs' proposed protective order may remain or be placed under seal. However, to keep these documents under seal or to place other documents under seal will require a stipulated protective order or a renewed motion to be submitted on or before October 20, 2010. If no protective order is requested by that date, the documents will be unsealed.

### III. ORDER

Therefore, it is hereby **ORDERED** that

(1) Plaintiffs' motion for protective order (Dkt. 125) is **DENIED** without prejudice as discussed herein.

(2) WFST's motion to seal Exhibits A and B to the Hamilton Declaration is **GRANTED** as discussed herein.

DATED this 6th day of October, 2010.

BENJAMIN H. SETTLE
United States District Judge