UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN DOE #1, et al.,

        Plaintiffs,

    v.

SAM REED, et al.,

        Defendants.

CASE NO. C09-5456BHS

ORDER GRANTING INTERVENOR WASHINGTON FAMILIES STANDING TOGETHER'S MOTION TO SEAL AND OVERRULING PLAINTIFFS' OBJECTIONS TO DEPOSITION NOTICE

This matter comes before the Court on Intervenor Washington Families Standing Together ("WFST") Motion to Seal Response to Objections to Deposition Notice (Dkt. 158) and Plaintiffs' (collectively "Doe") Objections to Deposition Notice (Dkts. 156, 157). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants WFST's motion and overrules Doe's objections, for the reasons stated herein.

ORDER - 1

## I. DISCUSSION

**A.  WFST's Motion to Seal Response**

On October 14, 2010, WFST moved the Court to seal its response to Doe's objections to the notice given for certain depositions. Dkt. 158. This motion is unopposed. Therefore, finding no reason not to seal WFST's responses to Doe's objections, the Court grants WFST's motion.

**B.  Doe's Objections to Depositions**

On October 14, 2010, Doe filed objections to Defendants' (collectively "Reed") taking of certain depositions for WFST's alleged failure to give notice before taking these deposition. Dkts. 156, 157. On October 14, 2010 WFST responded to the objections filed by Doe. Dkt. 159. The following day Reed responded to Doe's objections. Dkt. 162. Doe did not reply to either Reed's or WFST's responses in opposition to the objections.

Doe argues that the alleged failure of Reed to give proper notice caused Doe's counsel to be unable to attend the depositions and prevented Doe's counsel's ability to cross examine the witnesses at the deposition. *See id*. Doe's objections are governed by Rule 30(b)(1), which requires a "party who wants to depose a person by oral questions [to] give *reasonable* notice to every other party." Fed. R. Civ. P. 30(b)(1) (emphasis added).

Reed admits that it did not serve copies of the subpoenas duces tecum upon Doe's counsel. Declaration of Anne Egeler (Egeler Decl.) ¶ 2. However, Reed provided notice via email to Doe's counsel that the depositions at issue would occur on September 13, 2010, at 8:30 and 12:00 p.m., in Vancouver, Washington. *Id*. ¶ 3. Subsequent to this email transmission, more than one of Doe's attorneys sent emails to Egeler regarding other depositions but did not object to the September 13th depositions. *Id*. ¶¶ 4, 5. Further, Stephen Pidgeon, one of Doe's attorneys, emailed that he could "attend the Vancouver depositions on the 13th." *Id*. ¶ 5; *see also*, Ex. C (Pidgeon's email). Further still, WFST

ORDER - 2

attests that it too received an email from Egeler regarding the September 13th depositions and that it was represented by counsel at the depositions. Declaration of William B. Stafford (Dkt. 160) ¶¶ 3,4.

Review of the record leads the Court to make the following findings: (1) Doe's objections were filed one month after the taking of the September 13th depositions; (2) discovery in this case has proceeded without much dispute to this point; (3) the parties appear to be noticing counsel of depositions by email given the expedited schedule set in this case; and (4) Doe's objections do not include any request for relief by the Court. Based on this record, the Court concludes that the notice given for the September 13th depositions was reasonable and that Doe cannot in good faith claim prejudice regarding the notice given via email. To the extent Doe needs to cross examine the witnesses at issue, it may do so before trial; however, reasonable notice should be given to opposing counsel and the intervenors prior to taking such depositions.

Based on the foregoing, the Court overrules Doe's objections to the notice for deposition as made in Dkts. 156, 157.

## II. ORDER

Therefore, it is hereby **ORDERED** that WFST's motion to seal is **GRANTED** and Doe's objections to the deposition notice is **OVERRULED** as discussed herein.

DATED this 2nd day of November 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3