UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| JOHN DOE #1, et al., | | |
| Plaintiffs, | | CASE NO. C09-5456BHS |
| v. | | |
| SAM REED, et al., | | ORDER DENYING INTERVENOR WASHINGTON FAMILIES STANDING TOGETHER'S MOTION FOR RECONSIDERATION OR CLARIFICATION |
| Defendants. | | |

This matter comes before the Court on Intervenor Washington Families Standing Together's ("WFST") motion for reconsideration or clarification (Dkt. 185). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On November 15, 2010, the Court held a hearing wherein it granted Plaintiffs' (collectively "Doe") motion for protective order (Dkt. 163) preventing the release of certain individuals names, which includes those Plaintiffs and declarants currently proceeding anonymously (e.g., "John Doe") in the case. Dkt. 181.

Prior to the hearing, WFST moved the Court to require the identification of the John Doe Plaintiffs and declarants in this case. Dkt. 176. The reply brief for this motion

ORDER - 1

was filed after the Court had entered its oral ruling that granted Doe's motion for protective order. Dkt. 184 (filed on November 19, 2010).

Significantly, during the hearing wherein the Court granted the protective order, the Court stressed that it found that denying Doe's motion for protective order would permit an end-run around the central issue in this case, whether or not the names of the Referendum 71 ("R71") signatories should be made public or are constitutionally protected on an as-applied basis. To prevent this end-run the Court granted the protective order and informed the parties they could take up the issues of anonymity on summary judgment. WFST's motion for requiring identification of the Doe Plaintiffs and declarants was not specifically addressed at that hearing.

By minute entry dated December 1, 2010, the Court terminated WFST's motion to require identification of the Doe Plaintiffs and declarants because it was effectively denied by the grant of the protective order. Dkt. 184.

On December 3, 2010, WFST moved for reconsideration or clarification of the minute entry. Dkt. 185.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

WFST moves the Court to reconsider or clarify whether it has ruled on its motion to require identification of Doe Plaintiffs and declarants. Dkt. 185. WFST argues that Doe sought a protective order under Rule 26 and it seeks identification under Rule 10. *Compare* Fed. R. Civ. P. 26(c) (protective orders) with Rule 10(a) (complaint must name all parties). WFST argues that Rule 10(a) controls its motion for identification. *See* Dkt.

ORDER - 2

185 at 3 (relying on *Does I thru XXIII v. Advance Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000)).

Effectively, WFST's motion for identification operated as a motion for reconsideration on the Court's grant of Doe's motion for a protective order. *C.f. Advanced Textile*, 214 F.3d at 1069. In *Advanced Textile*, the Ninth Circuit held that:

> In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, *see* Fed. R. Civ. P. 16(b), *and to issue protective orders* limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.

*Id.* (emphasis added).

At the hearing on November 15, 2010, WFST had, but did not take, the opportunity to express its concerns over what it contends is a separate basis (Rule 10(b)) for obtaining the names that the Court ordered protected under Rule 26(c). WFST was aware at the time of the hearing that granting the protective order would be completely at odds with its motion to require the disclosure of the information subject to the protective order. Instead of raising this concern at the hearing, WFST waited four days after the Court granted the protective order (Dkt. 182) and then filed its reply brief on the motion for requiring identification of the Doe Plaintiffs and declarants. Dkt. 184.

To clarify, the Court's grant of Plaintiff's protective order operated to, at least implicitly, deny Doe's motion for requiring identification of the Doe Plaintiffs and declarants. To the extent it was unclear, the Court explicitly notes herein that WFST's motion to require identification was denied without prejudice consistent with its grant of the protective order.

Now, WFST moves for reconsideration or clarification of that minute entry. Dkt. 185. This motion is essentially a motion for reconsideration of a motion for reconsideration (reconsider the denial of the motion for requiring identification, which

ORDER - 3

1  had the operative value of a motion for reconsideration of the grant of the motion for
2  protective order).

3        The Court concludes that based on the record, the timing of these events, and the
4  nature of the pleadings, WFST has not met its heavy burden on reconsideration to
5  establish clear legal error or that manifest injustice would occur absent reconsideration.
6  *See* Local Rule 7(h). Further still, as the Court noted in the hearing wherein the protective
7  order was granted, WFST may raise these and other relevant issues in its planned
8  summary judgment motion(s) as was discussed at the hearing on November 15, 2010.

### III.  ORDER

Therefore, it is hereby **ORDERED** that WFST's motion for reconsideration is **DENIED** and the Court has clarified herein its rulings to the extent needed.

DATED this 7th day of December, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4