**United States District Court
Western District of Washington
Tacoma Division**

| | |
|---|---|
| **John Doe #1**, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>**Sam Reed**, et al.,<br><br>　　　　Defendants. | No. 3:09-CV-05456-BHS<br><br>The Honorable Benjamin H. Settle<br><br>**Plaintiffs' Reply to Defendants' Response to Motion for Summary Judgment and Response to Motion to Strike**<br><br>NOTED ON MOTION CALENDAR:<br><br>July 22, 2011<br><br>ORAL ARGUMENT REQUESTED |

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

# Table of Contents

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  The State's Motion to Strike Should Be Denied Because Exhibits 3-5 Are Properly Authenticated and Admissible. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   A.  The Exhibits Attached to the Haynie and Stickney Declarations Have Been Properly Authenticated.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      1.  Exhibit 3 Is Properly Authenticated. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      2.  Exhibits 4 and 5 Are Properly Authenticated.. . . . . . . . . . . . . . . . . . . . . . . 3

   B.  Plaintiffs' Exhibits 3-5 Are Admissible. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      1.  The State's Motion to Strike Must Fail As It Does Not Include Cognizable Objections to Specific Documents.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      2.  Exhibits 3-5 Are Not Hearsay As They Are not Being Offered for the Truth of the Matter Asserted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      3.  Even if Plaintiffs' Evidence Is Hearsay, It Is Still Admissible Under a Hearsay Exception... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II. Summary Judgment in Favor of Plaintiffs Is Appropriate Because There Is a Reasonable Probability that Exposure of the R-71 Petition Signers Will Lead to Threats, Harassment, or Reprisals.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

   A.  Plaintiffs' Have Met Their Evidentiary Burden. . . . . . . . . . . . . . . . . . . . . . . 10

   B. Plaintiffs Are a Group That May Receive an Exemption. . . . . . . . . . . . . . . . 12

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Service

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

ii

# Table of Authorities

***Cases***

*Adobe Sys., Inc. v. Christenson*, 2011 WL 540278  (D. Nev. Jan. 11, 2011). . . . . . . . . . . . . . . . . 5

*Brown v. Socialist Workers '74 Campaign Committee (Ohio)*, 459 U.S. 87 (1982). . . . . . . . . . . 10

*B.S. ex. rel. Schneider v. Board of School Trustees, Fort Wayne Community Schools*,
    255 F. Supp. 2d 891 (N.D. Ind. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Buckley v. Valeo*, 424 U.S. 1 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

*Burlington Coat Factory v. Espirit de Corp.*, 769 F.2d 919 (2d Cir.1985) . . . . . . . . . . . . . . . . . 7

*Ciampi v. City of Palo Alto*, __ F.Supp.2d __ ,WL 1793349 (N.D. Cal. 2011). . . . . . . . . . .   4-5

*Cassells v. Mehta*, 2007 WL 2390392, (E.D. Cal. Aug. 20, 2007) . . . . . . . . . . . . . . . . . . . . . . 6

*Citizens United v. FEC*, 130 S. Ct. 876 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Doe v. Reed*, 130 S. Ct. 2811 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10-12

*Hernandez v. Woodford*, 2009 WL 700229 (E.D. Cal., Mar. 12, 2009). . . . . . . . . . . . . . . . . . 6

*In re Easysaver Rewards Litigation*, 737 F.Supp.2d 1159 (S.D.  Cal. 2010). . . . . . . . . . . . . . . 5

*In re Homestore.com, Inc. Securities Litigation*, 347 F.Supp.2d 769 (C.D. Cal. 2004) . . . . . . . 5

*Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

*Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . 1-2

*McConnell v. FEC*, 540 U.S. 93 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Orr v. Bank of Am., NT & SA*, 285 F.3d 764 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F.Supp.2d 1146, (C.D. Cal. 2002). . . . . . . . . 4-5

*Premier Nutrition, Inc. v. Organic Food Bar, Inc.*, No. SACV 06–0827 AG (RNBx), 2008 WL
    1913163 (C.D. Cal. Mar. 27, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

 *State v. Hughes*, 783 P.2d 99 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Bailey*, 581 F.2d 341 (3rd Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Black*, 767 F.2d 1334 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Bonds*, 608 F.3d 495 (9th Cir. 2010)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

iii

*United States v. Coohey,* 11 F.3d 97 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Fowlie,* 24 F.3d 1059 (9th Cir.1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Holmquist,* 36 F.3d 154 (1st Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Reilly,* 33 F.3d 1396 (3d Cir.1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Tank,* 200 F.3d 627 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Valdez-Soto,* 31 F.3d 1467, 1471 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . 7-9

*Rules*

Fed. R. Evid. 801(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Evid. 807. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-9

Fed. R. Evid. 901(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Fed. R. Evid. 901(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Evid. 902(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Secondary Sources*

5 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 901 (1983) . . . . . . . . . . . . . . . . . . . . . . . 2

31 Wright & Gold, Federal Practice & Procedure: Evidence § 7106 (2000) . . . . . . . . . . . . . . 2

Wright, Miller & Kane, 10B Federal Practice and Procedure § 2738.. . . . . . . . . . . . . . . . . . . 6

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

Bopp, Coleson & Bostrom
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

iv

Come now Plaintiffs in reply to State Defendants' Response to Plaintiffs' Motion for Summary Judgment and in response to State Defendants' motion to strike, and make the following rebuttal.[1]

## Argument

While it is true that, as a general matter, a state may publicize the names and addresses of citizens who have signed a referendum petition, *Doe v. Reed*, 130 S. Ct. 2811, 2821 (2010), the First Amendment requires an exception for groups that show "'a reasonable probability that the compelled disclosure of personal information will subject them to threats, harassment, or reprisals from either Government officials or private parties.'" *Id.* (internal brackets omitted) (*quoting Buckley v. Valeo*, 424 U.S. 1, 74 (1976)); *see also Citizens United v. FEC*, 130 S. Ct. 876, 915 (2010); *McConnell v. FEC*, 540 U.S. 93, 198 (2003). Plaintiffs are entitled to summary judgment on their claim that Washington's Public Record Act is unconstitutional as applied to R-71 petition signers because Plaintiffs have shown that there is a reasonable probability of threats, harassments, and reprisals.

The evidence compiled in Plaintiffs' 13 summary judgment exhibits overwhelmingly demonstrates a "pattern of threats" and "specific manifestations of public hostility," *Buckley*. 424 U.S. at 74, against those who have, often out of a sense of religious conviction, voiced opposition to the homosexual movement. The State's primary response to this volume of evidence is to attempt to have it stricken from the record or, alternatively, to downplay its significance in order to render it meaningless.

**I. The State's Motion to Strike Should Be Denied Because Exhibits 3-5 Are Properly Authenticated and Admissible.**

**A. The Exhibits Attached To The Haynie And Stickney Declarations Have Been Properly Authenticated.**

Defendants contend that Exhibits 3, 4, and 5 are inadmissible because Plaintiffs have not properly authenticated them pursuant to the Federal Rules of Evidence 901. Defendants are incorrect.

---

[1] In replying, Plaintiffs rely on all the evidence Plaintiffs relied on in support of their own motion for summary judgment (Exhibits 1 through 6) and in its response to the State's motion for summary judgment (exhibits 7 through 13).

Plaintiffs anticipate Defendants will make similar evidentiary objections to evidence submitted in support of Plaintiffs' Response to Defendant's Motion for Summary Judgment. For the same reasons articulated in this brief Plaintiffs contend that all the evidence they submit is properly authenticated and admissible.

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

1

The documents in Exhibits 3, 4, and 5 have been properly authenticated, pursuant to Federal Rule 901, by "competent witness[es] with personal knowledge of their authenticity." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011). Furthermore, the news articles contained in Exhibit 4 are self-authenticating under Federal Rule of Evidence 902(6) and contain "sufficient indicia of authenticity."

Authentication is a "condition precedent to admissibility." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). "[T]his condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Id*. (quoting Fed. R. Evid. 901(a)). Fed. R. Evid. 901(b)(1) provides that "[t]estimony that a matter is what it is claimed to be" "by a witness with knowledge" constitutes "sufficient evidence" for purposes of this rule. "'The rule requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification.'" *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) (quoting 5 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 901(a) [01], at 901-16 to -17 (1983)); *see also United States v. Tank,* 200 F.3d 627, 630 (9th Cir. 2000).

The threshold for the Court's determination of authenticity is not high. *See, e.g., Orr,* 285 F.3d at 784; *United States v. Reilly,* 33 F.3d 1396, 1404 (3d Cir. 1994); *United States v. Holmquist,* 36 F.3d 154, 168 (1st Cir. 1994) ("the standard for authentication, and hence for admissibility, is one of reasonable likelihood"); *United States v. Coohey,* 11 F.3d 97, 99 (8th Cir. 1993) ("the proponent need only demonstrate a rational basis for its claim that the evidence is what the proponent asserts it to be"). "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so." *Orr*, 285 F.3d at 784 (citing 31 Wright & Gold, Federal Practice & Procedure: Evidence § 7106, 43 (2000)). Plaintiffs have provided such testimony by way of declarations from Jared Haynie and Larry Stickney, who have personal knowledge that the documents attached to their declarations are what they claim them to be.

**1. Exhibit 3 Is Properly Authenticated.**

Larry Stickney has properly authenticated Exhibit 3, which contains evidence of threatening e-

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

mails and photographs sent to PMW. As the Campaign Manager of Protect Marriage Washington ("PMW"), Mr. Stickney maintained the PMW e-mail account and personally responded to almost all of the e-mails (Exhibit 13, ¶¶ 2-3). Mr. Stickney may authenticate the documents because he is the one who received the e-mails. *B.S. ex. rel. Schneider v. Board of School Trustees, Fort Wayne Community Schools*, 255 F. Supp. 2d 891, 893-94 (N.D. Ind. 2003) (affidavit of email's recipient is an "acceptable method for authenticating an email message").

Rule 901(b) sets forth illustrations of how evidence may be authenticated or identified while emphasizing that these are "illustration(s) only" and are not intended to be the only methods by which the Court may determine that the e-mails are what [the proponent] says they are. *See United States v. Dean,* 989 F.2d 1205, 1210 n. 7 (D.C. Cir. 1993). Mr. Stickney fulfills at least two of 901(b)'s suggested methods of authentication. First, 901(b)(1) holds that "testimony of [a] witness with knowledge" provides authentication. Mr. Stickney satisfies this because he is PMW's campaign manager and PMW received these e-mails. Second, under Rule 901(b)(4), e-mail may be authenticated by reference to its "appearance, contents, substance, internal patterns, or other distinctive characteristics..." While the senders may have been anonymous or unidentifiable, (Decl. of Williams ¶ 6), there remains sufficient evidence for a fact-finder to identify that the e-mails were sent to PMW, directed to Mr. Stickney, and that (in many cases) Mr. Stickney replied to them.

**2. Exhibits 4 and 5 Are Properly Authenticated.**

Jared Haynie has properly authenticated Exhibits 4 and 5. As to Exhibit 4, Haynie declared that "Exhibits 4-1 through 4-203 are true and correct copies of news articles, postings, and other documents available on the Internet, as they appeared when accessed by myself or my colleagues." (*First Haynie Declaration* ¶ 3.) As to Exhibit 5, Haynie declared "Exhibits 5-1 through 5-23 are videos...The documents listed below are true and correct copies of 'screen shots' of web sites at which the videos were obtained. The 'screen shots' are reproduced below as they appeared when accessed by myself or my colleagues." (*Second Haynie Declaration* ¶¶ 3-4.) Haynie's declarations are sufficient to authenticate each of these documents because they are made from personal

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

Bopp, Coleson & Bostrom
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

3

knowledge, i.e. he "used" each article, web site, or video. *See Orr*, 285 F.3d at 784 ("A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, *used it, or saw others do so.*" (emphasis added)).

Additionally, Plaintiffs' news articles are self-authenticating under Federal Rule of Evidence. 902(6), which provides that "[p]rinted materials purporting to be newspapers or periodicals are self-authenticating." *Ciampi v. City of Palo Alto*, __ F.Supp. 2d __ , 2011 WL 1793349, *7 (N.D. Cal. May 11, 2011) (*citing* Fed. R. Evid. 902(6)). "[S]elf-authenticating documents need no extrinsic foundation." *Orr,* 285 F.3d at 774 (*citing* Fed. R. Evid. 902(6)). Contrary to Defendant's assertions, Internet printouts of news articles are not excluded from this rule. Rather, "[i]n considering internet print-outs, courts have considered the 'distinctive characteristics' of the website in determining whether a document is sufficiently authenticated." *Ciampi*, at *7; *see also, e.g., Premier Nutrition, Inc. v. Organic Food Bar, Inc.*, No. SACV 06–0827 AG (RNBx), 2008 WL 1913163, at *6 (C.D. Cal. Mar. 27, 2008); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp.2d 1146, 1153–54 (C.D. Cal. 2002). News "articles . . . contain[ing] sufficient indicia of authenticity, including distinctive newspaper and website designs, dates of publication, page numbers, and web addresses" are sufficiently authenticated for purposes of admissibility. *Ciampi*, at *7.

In *Premier Nutrition, Inc. v. Organic Food Bar, Inc.*, No. SACV 06–0827 AG (RNBx), 2008 WL 1913163, at *6 (C.D. Cal. Mar. 27, 2008), plaintiffs attached three printouts of internet news articles to a declaration in support of a motion for summary judgment. Defendants objected that these articles lacked foundation and thus were inadmissible. *Id*. The court disagreed and held the articles were sufficiently authenticated. *Id*.

In *Ciampi v. City of Palo Alto*, __ F.Supp. 2d __ , 2011 WL 1793349, at *7 (N.D. Cal. May 11, 2011), plaintiffs "submit[ed] copies of newspapers, as well as print-outs of internet publications." Defendants argued these articles were inadmissible because they lacked proper authentication. *Id*. The court disagreed. The court found the "internet publications" to be "sufficiently authenticated" because they "contain[ed] sufficient indicia of authenticity, including distinctive newspaper and

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

4

website designs, dates of publication, page numbers, and web addresses." *Ciampi*, at *7 (citing *Premier Nutrition*, 2008 WL 1913163, at *6).

*Premier Nutrition* and *Ciampi* both relied on *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp.2d 1146, 1153 (C.D. Cal. 2002) in which the court found that website printouts were admissible evidence over objections by the defense that they were insufficiently authenticated. The court determined that the declarant's statement that the printouts were "true and correct copies of pages printed from the Internet that were printed by [the declarant] or under his direction," "combin[ed] with circumstantial indicia of authenticity (such as the dates and web addresses), would support a reasonable juror in the belief that the documents are what Perfect 10 says they are." *Id*. Thus, the court held the Internet print-outs were sufficiently authenticated and therefore admissible. *Id*.

Plaintiffs' evidence satisfies the standards set out by these courts and the Federal Rules of Evidence. Each print-out contains sufficient indicia of authenticity. *Ciampi*, 2011 WL 1793349 at *7 (citing *Premier Nutrition, Inc.*, 2008 WL 1913163, at *6). At the bottom of most documents is the web address at which the news article was located on the Internet as well as the date *and time* Plaintiffs copied it from the Internet.[2] *Perfect 10*, 213 F. Supp. 2d at 1153.

The cases cited by the Defendants are inapposite. (State's Response at 3-4.) They did not involve news articles. *In re Easysaver Rewards Litigation*, 737 F.Supp.2d 1159, 1167 (2010) (S.D. Cal. 2010) (screen shots of defendant's website, including screen shots of pop-ups and a privacy policy); *Adobe Sys., Inc. v. Christenson*, 2011 WL 540278, at *8-9 (D. Nev. Jan. 11, 2011) (print-outs of comments made on consumer review websites provided without declaration); *In re Homestore.com, Inc. Securities Litigation*, 347 F .Supp. 2d 769, 782-83 (2004) (C.D. Cal. 2004) (press and earnings releases).

**B.   Plaintiffs' Exhibits 3-5 Are Admissible**.

As an initial matter, every video, news report, and e-mail presented as Exhibits 3 through 5 are

---

[2] This information is not available on some of the documents in Exhibits 4 and 5 due to the way the documents copied from the Internet. However, in all cases, the website information is listed within the declaration.

Pls.' Reply to Defs.' Response to Pls.'Motion for Summary Judgment and Pls.'Response to Defs.' Motion to Strike (No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

5

relevant to the merits of this case. The emails that make up Exhibit 3 represent a cross-section of harassment and threats (including threats of reprisals) that were sent to Mr. Stickney in his capacity as the PMW Campaign Manager. The news articles that comprise Exhibits 4-1 through 4-203 and the videos produced as Exhibits 5-1 through 5-23, represent the scores of reprisals, episodes of harassment, intimidation, and personal threats experienced by proponents of traditional marriage, including the supporters of Referendum 71 in Washington.

1. **The State's Motion to Strike Must Fail As It Does Not Include Cognizable Objections to Specific Documents.**

As a threshold matter, the State's Motion to Strike Exhibits 3-5 as inadmissible hearsay lacks specificity. "[A] motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection." Wright, Miller & Kane, 10B Federal Practice and Procedure § 2738. To prevail on a hearsay objection, defendants must object to particular statements and explain the objection. Defendants' failure to do so is sufficient basis for overruling the objection." *Hernandez v. Woodford*, 2009 WL 700229 at *3 (E.D. Cal., Mar. 12, 2009), *Cassells v. Mehta*, 2007 WL 2390392, *4 (E.D. Cal. Aug. 20, 2007) (overruling hearsay objection where defendants objections were pro forma objections to entire documents).

2. **Exhibits 3-5 Are Not Hearsay As They Are Not Being Offered for the Truth of the Matter Asserted.**

The State argues that the exhibits that Plaintiffs offer are inadmissible hearsay. To the contrary, such evidence is not hearsay (because of the purpose for which it is offered). But even if it were hearsay, it would be admissible under Federal Rule of Evidence 807.

In making its argument, the State misapprehends the purpose for which Plaintiffs' evidence is offered. Hearsay is an out-of-court statement used "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). However, for Plaintiffs' purposes, it makes little difference whether the accounts of harassment discussed in newspaper editorials or portrayed on the six o'clock news are factually accurate, because reasonable persons viewing such reports are likely to come to the conclusion, not unreasonably, that if they (the readers and the viewers) choose to speak up for traditional marriage,

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

Bopp, Coleson & Bostrom
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

6

they too risk facing (like the people in the news reports) threats, harassment, and reprisals. Thus, Plaintiffs' proffering of the evidence does not hinge on "prov[ing] the truth of the matter asserted" in each and every news report, magazine article, and video clip but, rather, it goes to the natural and probable effect that such reports have on the listener, which is to chill protected expression. Therefore, the news reports and videos are not hearsay, and are admissible.

### 3. Even if Plaintiffs' Evidence Is Hearsay, It Is Still Admissible Under a Hearsay Exception.

But even if the news reports and videos were hearsay (and they are not), they would still be admissible under Federal Rule of Evidence 807. Rule 807 "exists to provide judges a 'fair degree of latitude' and 'flexibility' to admit statements that would otherwise be hearsay." *United States v. Bonds*, 608 F.3d 495, 501 (9th Cir. 2010) (*quoting United States v. Valdez–Soto*, 31 F.3d 1467, 1471 (9th Cir. 1994)). Hearsay evidence may be admitted under Rule 807 if (a) it has circumstantial guarantees of trustworthiness equivalent to the listed exceptions to the hearsay rule, (b) it serves as evidence of a material fact, and (c) it is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts. The hearsay must serve the general purposes of the Rules of Evidence and the interests of justice by its admission into evidence. Fed. R. Evid. 807; s*ee also United States v. Fowlie*, 24 F.3d 1059, 1069 (9th Cir. 1994). The hearsay evidence used in this action meets the requirements for admission under Rule 807.

The articles used as evidence in the case at bar have circumstantial guarantees of trustworthiness equivalent to the listed exceptions of the hearsay rule. First, the sheer volume of news reports relating to harassment of traditional marriage supporters is itself a strong circumstantial guarantee of trustworthiness. Given the number of stories on this issue, one must only conclude that, (a) these threats and reprisals are actually occurring across the country or (b) there is a vast conspiracy in the media to portray these incidents as arising across the country. The second circumstantial guarantee of trustworthiness is the broad range of political perspectives that reported, discussed, and editorialized about the threats and reprisals. The fact that many news sources who were unabashedly pro-same sex marriage ran stories covering these instances is a strong indicator that these incidents

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

Bopp, Coleson & Bostrom
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

7

did in fact occur as recorded. (*See, e.g.,* Exs. 4-13 (Newsweek);  4-61 (New York Times); 4-63, 4-115, 4-116 (L.A. Times); 4-142 (Time Magazine); 4-186 (Associated Press).)

Courts have held that where multiple independent newspapers attribute the same quotations or details to the same individual or set of events, the statements may have "circumstantial guarantees of trustworthiness" at least equivalent to those of the other hearsay exceptions when the statements, and can be used as evidence of a material fact. *Larez v. City of Los Angeles*, 946 F.2d 630, 643-44 (9th Cir. 1991). In *Larez*, the Ninth Circuit recognized that newspaper articles meet the trustworthiness requirement. 946 F.2d at 643. In that case, however, the court ultimately turned to the "best evidence" requirement and concluded that articles are nonetheless inadmissible if the declarant is able to testify about the statements. In support of this conclusion, the court noted that Rule 803(24)(b)[3] requires that the hearsay evidence be *more probative* than any other evidence that could be reasonably obtained. *Larez,* 946 F.2d at 644. In failing to meet the "best evidence" requirement, however, *Larez* is clearly distinguished from the facts of our case.

Here, the amount of evidence provided by the news articles cannot be reasonably obtained in any other manner. The evidence used in this case seeks to establish a pattern of harassment and necessarily spreads across countless individuals across hundreds of miles. The evidence also includes anonymous Internet postings (available for anyone to access) whose authors' identities are unknown.[4] In contrast to the more typical case involving a single incident documented by a small number of reports, this case involves authors, victims, incidents, and news reports that are virtually limitless in number and variety. Plaintiffs cannot, through "reasonable efforts", procure and call to the witness stand each and every one of these individuals..

The news reports, postings, and videos contained in Exhibits 4 and 5 are admissible under Rule 807 because the articles are the most probative evidence Plaintiffs can procure through reasonable

---

[3] Two residual exceptions were contained in the Federal Rules as initially adopted. In 1997, the residual exceptions were transferred out of Rules 803 and 804, and combined in the a single exception in Rule 807. No change in meaning was intended. The cases decided under old rules 803(24) and 804(b)(5) remain pertinent in deciding whether hearsay is admissible under Rule 807.

[4] Notably, the State filed its briefs under seal as it found redacting a 24-page brief to be too burdensome and onerous, yet it expects Plaintiffs to produce witnesses for every newspaper article.

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

8

efforts. *Larez,* 946 F.2d at 644. The circumstances in this case warrant their admission. The existence of a catch-all hearsay exception was meant precisely for a case like this. Rule 807 exists to provide courts with flexibility in admitting statements traditionally regarded as hearsay but not falling within any of the conventional exceptions. *United States v. Valdez-Soto,* 31 F.3d 1467, 1471 (9th Cir. 1994). In this case, the use of Rule 807 serves to forward the general purposes of the Rules and the interests of justice by allowing the exhibits to be admitted into evidence.

In order to admit testimony under Rule 807, notice must be given "sufficiently in advance of the trial or hearing." Fed. R. Evid. 807. The State contends that Plaintiffs failed to give such notice.[5] The Rule, however, does not prescribe a notice period. *State v. Hughes*, 56 Wash.App. 172, 174, 783 P.2d 99 (1989). The purpose of the rule is to provide the adverse party with a fair opportunity to prepare to challenge the admissibility of the statement. *United States v. Bailey*, 581 F.2d 341, 348 (3rd Cir. 1978).

This case is unique in that Plaintiffs are relying on widely-distributed examples of threats, harassment, and reprisals. Instead of arguing the weight of Plaintiffs' evidence, the State attempts to have Exhibits 3-5 stricken because to allow the evidence in would be "unjust and contrary to the purposes of the evidentiary rules." (State's Response at 7.) However, this is not a situation where news articles are being used to quote a key witness who is readily available. *Larez*, 946 F.2d at 643. Moreover, many of these examples were also filed and considered at the preliminary injunction stage, provided in discovery production, and discussed at depositions. Furthermore, Plaintiffs filed the 807 notice along with their opening brief, giving the State adequate time to prepare for its

---

[5] The State also maintains that Plaintiffs' evidence should be stricken for failure to provide the names and addresses of each declarant---meaning each news reporter, editorial board member, news anchor, video editor, and magazine writer----as well as the names and addresses of the victims of harassment who were the subjects of their stories. (State's Response at 8.) Plaintiffs respond, first, that such identifying information was in fact produced, albeit implicitly. Plaintiffs produced a list of the news reports they intended to rely on (Ex. 4, at 2-15), and that list included the names of each reporter, editorial board, and news station that covered, in one form or another, the incidents that are the subject of this suit. As to the actual victims of harassment that were the object of such news reports, Plaintiffs maintain that such information was not (and is not) available to them. Many reports detailed incidents without disclosing even the names of the victims. And none of the reports, insofar as Plaintiffs are aware, provided the names and addresses of such victims. Surely, even if reporters had such information in their possession (which itself is unlikely), it stretches the bounds of imagination to expect that any reporter would voluntarily divulge such information to those who are, from the reporters' perspective, wholly unconnected to their stories.

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

Bopp, Coleson & Bostrom
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

9

Response and a future hearing date.

In a case with evidence as voluminous as this one---and where the object of the admission of the evidence is not to incarcerate or impose financial liability---it is unreasonable to expect that Plaintiffs would actually call, as witnesses on the witness stand, each and every newspaper reporter, editorial board member, magazine writer, news anchor, and video editor who ran stories or produced videos relating to harassment of pro-traditional-marriage supporters (not to mention the hundreds of victims who those reporters, board members, writers, anchors, and editors interviewed, quoted, and filmed for their stories). To do so, Plaintiffs would literally have to call hundreds upon hundreds of witnesses. Not only is such a result counterintuitive, but it also flies in the face of what the Supreme Court promised to groups seeking an exposure exemption, namely, "flexibility in the proof of injury." *Buckley v. Valeo*, 424 U.S. 1, 74 (1976). Each and every instance of intimidation could easily comprise an entire trial of its own. Surely, the "flexibility" the Court promised was not the promise of one trial (for an exemption) that itself comprised hundreds of mini-trials, each with their own intricacies.

### II. Summary Judgment in Favor of Plaintiffs Is Appropriate Because There Is a Reasonable Probability that Exposure of the R-71 Petition Signers Will Lead to Threats, Harassment, or Reprisals

The State claims that Plaintiffs should lose because they cannot link any of their countless accounts of threats, harassment, and reprisals specifically to the State's publication of named financial donors to Protect Marriage Washington. (State's MSJ at 6, State's Response at 9.) However, the Supreme Court has already unanimously rejected this argument. There is no "strict requirement that chill and harassment be directly attributable to the specific disclosure from which the exemption is sought." *Buckley,* 424 U.S. at 74. And the Supreme Court expressly re-affirmed that view in *Brown v. Socialist Workers '74 Campaign Committee*, 459 U.S. 87 (1982).

**A.   Plaintiffs' Have Met Their Evidentiary Burden.**

The State relies on Justice Sotomayor's concurrence in *Doe v. Reed* to impose a heightened "test" on Plaintiffs. (State's Response at 15-16). However, the majority opinion in *Doe v. Reed*

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

10

reiterate the standard from *Buckley v. Valeo*: that the burden of proof here is one of "flexibility," *Buckley*, 424 U.S. at 74, and Plaintiffs need demonstrate "only a reasonable probability," *id.*, that exposure will lead to threats, harassment, or reprisals. A stricter standard would impose a "heavy," unconstitutional burden on speech. *Id.*

The State (again) misstates the import of language from the Supreme Court's *Doe v. Reed* decision, and in so doing, conveys the impression that the Supreme Court has already dismissed Plaintiffs' evidence. It quotes the Court as saying, "'what little [evidence of threats, harassment, and reprisals] plaintiffs do offer...hurts, not helps." (State's Response at 16 (*quoting Doe v. Reed*, 130 S. Ct. 2811, 2821 (2010)).) That was written in the context of Plaintiffs' broad challenge to releasing the names of petition signers *in general*. Of course, the Court's assessment, made specifically in the context of Plaintiffs' facial challenge, has no bearing on the strength of the evidence presented in support of this as-applied challenge.

The State contends that Plaintiffs have merely "offer[ed] evidence that its spokesperson might be harassed" and has not provide the type of evidence "that would cause individuals to decline to associate with the organization." (State's Response at 17). However, there is also ample evidence that protected speech and association has been chilled because of the prospect of reprisals. (*E.g.*, Ex. 1-1, at 48:5–9, 56:16–23.) Plaintiffs have also provided evidence of death threats (*e.g.*, Ex. 1-3, at 18:9–10); physical assaults and threats of violence (*e.g.*, Ex. 4-23; Ex. 1-8, at 16:18–19:24); vandalism and threats of destruction of property (*e.g.*, Exs. 4-49; 4-195); arson and threats of arson (*e.g.*, Exs. 4-83; 4-86); angry protests (*e.g.*, Exs. 4-58, 4-73); lewd and perverse demonstrations (*e.g.*, Ex. 1-8, at 22:24–24:14); intimidating emails and phone calls (*e.g.*, Ex. 8-2 at 25); Ex. 1-11, at 58:19–59:5); hate mail (the old-fashioned kind) (*e.g.*, Ex. 4 to Ex. 1-7); mailed envelopes containing white suspicious powder (*e.g.*, Ex. 4-75); multiple web sites dedicated to blacklisting those who support traditional marriage and similar causes (*e.g.*, Exs. 4-164; 4-190); loss of employment and job opportunities (*e.g.*, Ex. 2 ¶¶ 36–44; Ex. 4-107); intimidation and reprisals on campus and in the classroom (*e.g.*, Exs. 4-100; 4-110); acts of intimidation through photography (*e.g.*, Ex. 10-3,

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

Bopp, Coleson & Bostrom
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

11

¶¶ 9–10); economic reprisals and demands for "hush money" (*e.g.*, Ex. 4-58); and gross expressions of anti-religious bigotry, including vandalism and threats directed at religious institutions and religious adherents (*e.g.*, Exs. 4-7; 4-84).

Now, as to the as-applied challenge, Plaintiffs have provided more than enough evidence to show that a reasonable person would conclude that if he speaks up about traditional marriage in Washington, he risks facing a reasonable probability of threats, harassment, or reprisals. The State repeatedly mis-characterizes the legal standard. However, under the standard articulated by the Supreme Court, Plaintiffs should qualify for and should receive the requested exemption.

**B. Plaintiffs Are a Group That May Receive an Exemption.**

By arguing that Plaintiffs are not a minor party and, therefore, not eligible for an exemption, the State misunderstands the purpose of the exposure exemption itself.[6] As spelled out in Plaintiffs' opening brief, the exemption is available as a safeguard to liberty, to free speech, and to our civil society, *regardless of who stands in need of its protection*.

Interestingly, in *Doe v. Reed*, 130 S. Ct. 2811 (2010), the Court never so much as hinted that the exposure exemption would not be available to Plaintiffs. To the contrary, a clear majority of the Court agreed that an exemption was indeed available to Plaintiffs (although the Justices differed widely as to the threshold showing of threats, harassment, or reprisals that would be required to grant an exemption).

## Conclusion

Plaintiffs' evidence is authenticated and admissible so the State's motion to strike should be denied. Furthermore, the evidence presented demonstrates that there is a reasonable probability that, if exposed, those who signed the R-71 petition will be subject to threats, harassment, and reprisals, resulting in a profound chill on protected expression. Accordingly, Plaintiffs motion for summary judgment should be granted.

---

[6] The State also argues that "PMW is not a new political group." (State's Response at 9.) Yet, as the State admits, PMW organized in May 2009. This suit was filed in July 2009 and R-71 was on the ballot in November, mere months after the organization was formed.

Pls.' Reply to Defs.' Response to
Pls.'Motion for Summary
Judgment and Pls.'Response to
Defs.' Motion to Strike
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

12

Dated this 22nd day of July, 2011.

Respectfully submitted,

   /s/ Jared Haynie
James Bopp, Jr. (Ind. Bar No. 2838-84)*
  jboppjr@aol.com
Joseph E. La Rue (Ohio Bar No. 80643)*
  jlarue@bopplaw.com
Jared Haynie (Colo. Bar No. 41751)*
  jhaynie@bopplaw.com
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434
*Counsel for All Plaintiffs*
*Pro Hac Vice Application Granted*

Stephen Pidgeon
ATTORNEY AT LAW, P.S.
30002 Colby Avenue, Suite 306
Everett, Washington 98201
(360) 805-6677
*Counsel for All Plaintiffs*

Pls.' Reply to Defs.' Response to Pls.' Motion for Summary Judgment and Pls.' Response to Defs.' Motion to Strike (No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

13

## Certificate of Service

I, Jared Haynie, am over the age of eighteen years and not a party to the above-captioned action. My business address is 1 South Sixth Street, Terre Haute, Indiana 47807.

On July 22, 2011, I electronically filed the foregoing document, described as Plaintiffs' Reply to Defendants' Response to Motion for Summary Judgment and Response to Motion to Strike, with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

(1) Counsel for Defendants Sam Reed and Brenda Galarza:
  Anne E. Egeler — annee1@atg.wa.gov
  Jay Geck — jayg@atg.wa.gov
  William G. Clark — billc2@atg.wa.gov

(2) Counsel for Intervenor Washington Coalition for Open Government:
  Steven J. Dixson — sjd@wkdlaw.com
  Duane M. Swinton — dms@wkdlaw.com
  Leslie R. Weatherhead — lwlibertas@aol.com

(3) Counsel for Intervenor Washington Families Standing Together
  Ryan McBrayer — rmcbrayer@perkinscoie.com
  Kevin J. Hamilton — khamilton@perkinscoie.com
  William B. Staffort — wstafford@perkinscoie.com
  Rhonda L. Barnes — rbarnes@perkinscoie.com

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct.

Executed this 22nd day of July, 2011.

/s/ Jared Haynie
Jared Haynie
*Counsel for All Plaintiffs*

Pls.' Reply to Defs.' Response to Pls.'Motion for Summary Judgment and Pls.'Response to Defs.' Motion to Strike (No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434