The Honorable Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE#2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>Defendants. | NO. 09-cv-05456-BHS<br><br>MOTION TO STRIKE AND REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR: JULY 22, 2011<br><br>ORAL ARGUMENT REQUESTED |

**FILED UNDER SEAL PURSUANT TO JOINT MOTION AT DKT. 220**

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

**TABLE OF CONTENTS**

I. REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT .......................................................................................................... 2

    A. Plaintiffs Offer Nothing To Show That The Alleged Harassment Will Impact Their First Amendment Right Of Association ............................................................ 3

    B. Disclosure Has Had No Impact On PMW's Ability To Associate ............................ 4

    C. *Citizens United* Reiterates That Harassment Claims Cannot Be Based On Out-Of-State Experiences, When Plaintiffs Have A History In The State ....................... 5

    D. Reliance On The John Doe Declarations Is A Violation Of The Joint Scheduling Order ........................................................................................................ 7

II. MOTION TO STRIKE EXHIBITS 8 THROUGH 13 AND ASSOCIATED DECLARATIONS FROM UNDISCLOSED WITNESSES ............................................. 8

III. CONCLUSION ......................................................................................................... 10

MOTION TO STRIKE AND REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT NO. 09-CV-05456-BHS

i

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# TABLE OF AUTHORITIES

## Cases

*Al-Zubaidy v. TEK Inds., Inc.*,
 406 F.3d 1030 (8th Cir 2005) .................................................................... 9

*Becker v. Koza*,
 53 FRD 416 (D. Neb. 1971) .................................................................... 10

*Bias v. Moynihan*,
 508 F.3d 1212 (9th Cir. 2007) ................................................................... 9

*Brown v. Socialist Workers*,
 459 U.S. 87 (1982) ............................................................................... 3, 5

*Buckley v. Valeo*,
 424 U.S. 1 (1976) .............................................................................. 4, 5, 6

*Citizens for Better Forestry v. U.S. Dept. of Agriculture*,
 341 F.3d 961 (9th Cir. 2003) ................................................................... 9

*Citizens United v. Federal Election Commission*,
 130 S. Ct. 876 (2010) ............................................................................ 5, 6

*CMS Indus., Inc. v. L.P.S. Intern. Ltd.*,
 643 F2d 289 (5th Cir 1981) ................................................................... 10

*Collins v. Seeman*,
 462 F.3d 757 (7th Cir. 2006) ................................................................... 9

*Doe v. Reed*,
 130 S. Ct. 2811 (2010) ........................................................................ 2, 3, 6

*Matsushita v. Zenith Radio Corp.*,
 475 U.S. 574 (1986) ................................................................................ 2

*McConnell v. FEC*,
 540 U.S. 93 (2003) ................................................................................... 5

*NAACP v. Alabama*,
 357 U.S. 449 (1958) ............................................................................. 3, 4

*Patterson v. Oneida County*,
 375 F.3d 206 (2d Cir 2004) ..................................................................... 9

*Payne v. Pauley*,
 337 F.3d 767 (7th Cir 2003) .................................................................... 9

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

| | |
|---|---|
| *ProtectMarriage.com v. Bowen*, 599 F. Supp. 2d 1197 (2009) | 7 |
| *Scott v. Harris*, 550 U.S. 372 (2007) | 9 |
| *Swanson v. Leggett & Platt, Inc.*, 154 F.3d 730 (7th Cir. 1998) | 9 |

**Other Authorities**

| | |
|---|---|
| http://protectmarriagewa.com/index.php/endorsements | 2 |

**Rules**

| | |
|---|---|
| Fed. R. Civ. P. 56(c) | 2 |
| Fed. R. Civ. P. 56(c)(4) | 8 |
| Fed. R. Civ. P. 56(e) | 9 |
| Fed. R. Evid. 402 | 10 |
| Fed. R. Evid. 602 | 9 |
| Fed. R. Evid. 802 | 9 |
| Fed. R. Evid. 807 | 8, 10 |

MOTION TO STRIKE AND REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT NO. 09-CV-05456-BHS

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## I. REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Supreme Court prohibits public disclosure of election related information when there is a reasonable probability of threats, harassment, or reprisals that will impair a group's ability to exercise its First Amendment right of association. *Doe v. Reed,* 130 S. Ct. 2811, 2820 (2010), citing *Buckley v. Valeo,* 424 U.S. 1, 74 (1976).

Since June, 2009 the State has been disclosing the names, addresses and even many of the employers of PMW's campaign donors. Dkt. 198, ¶¶ 16-17. There is no need to trek to a state office to obtain the information: interested persons nationwide can access the information on the internet. *Id.* Plaintiffs have offered no material facts to show that disclosure impacted PMW's ability to associate for the purpose of gathering more than enough signatures to place R-71 on the ballot, or its ability to conduct its campaign. Although PMW alleges its spokespersons were harassed, each of these witnesses continued to associate with PMW and vigorously participated in the campaign.[1] No evidence was provided that anyone declined to sign a petition, donate or participate in the campaign as a result of the disclosure. More importantly, plaintiffs have offered no material facts to demonstrate how disclosure of petition signers will impair PMW's ability to associate in the future, now that the election is over.

Since the plaintiffs have not raised an issue of material fact to show how disclosure would impact their right of association, the defendants are entitled to summary judgment as a matter of law. Fed. Rule Civ. Proc. 56(c); *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 585-86 (1986).

---

[1] Despite its predictions of violence, PMW appears to be quite comfortable with disclosure: REDACTED REDACTED REDACTED (last visited July 21, 2011).

MOTION TO STRIKE AND REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT NO. 09-CV-05456-BHS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

### A. Plaintiffs Offer Nothing To Show That The Alleged Harassment Will Impact Their First Amendment Right Of Association

As demonstrated by the declarations of conservative campaign consultant Jim Keough, and liberal campaign manager Noel Frame, threats, harassment and reprisals are common occurrences in virtually every Washington campaign. Dkt. 200; Dkt. 207. This does not give rise to a First Amendment claim that every harassed party and campaign organization is entitled to avoid public scrutiny of election related filings. As five justices emphasized in *Doe v. Reed*, harassment, threats, and even violence are properly addressed by law enforcement. *Doe*, 130 S. Ct. at 2829 (Sotomayor, J., concurring, joined by Justices Stevens and Ginsberg); at 2831 (Stevens, J., concurring, joined by Justice Breyer); at 2837 (Scalia, J., concurring). PMW must show "significant threat of harassment directed at those who sign the petition that cannot be mitigated by law enforcement measures." *Id.* at 2831 (Stevens, J., concurring).

The Supreme Court has found that harassment will impair the right of association only when it is directed at a minor party, for which a loss of members would decimate the group's ability to function. For example, the Court found that for the Socialist Workers Party, a reviled minor party with just over sixty members, fear of reprisals "'may deter contributions to the point where the movement cannot survive.'" *Brown v. Socialist Workers*, 459 U.S. 87, 93 (1982) (quoting *Buckley*, 424 U.S. at 71). Similarly, the Supreme Court found that the NAACP, a minor party fighting the state Jim Crow laws in the deep south, needed First Amendment protection. *NAACP v. Alabama*, 357 U.S. 449 (1958). Severe harassment was inflicted on rank and file members of the NAACP, by both the public and the government, when identities were discovered. *Id.* at 462. The Court held that the NAACP proved that requiring disclosure of this minor group's membership list would result in "substantial restraint

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

upon the exercise by petitioner's members of their right to freedom of association" by "induc[ing] members to withdraw from the Association and dissuad[ing] others from joining". *Id.* at 462-63. Privacy in group association may "be indispensable to preservation of freedom of association, particularly where a group espouses dissident beliefs." *Id.* at 462.

The plaintiffs have not, and cannot, cite a single case in which the Supreme Court has prohibited public disclosure of information regarding a mainstream organization or party, such as PMW.

### B.  Disclosure Has Had No Impact On PMW's Ability To Associate

There is no need for this court to speculate about the impact of disclosing the signed petitions. The names of over 850 of PMW's donors have been publicly disclosed for over two years, and yet there is no allegation that any rank and file contributor has been discouraged in any way from exercising his or her right of association. Dkt. 198, ¶¶ 16-17. Plaintiffs have offered no evidence to indicate why disclosure of signed petitions would not be equally uneventful, particularly since the election is long past.

Plaintiffs ask the court to ignore the fact that none of the donors was harassed as a result of the disclosure, and instead focus on the events that have occurred out of state. Dkt. 225 at 22. In support of this request, plaintiffs misleadingly quote a portion of a sentence from *Buckley*, for the proposition that "there is no 'strict requirement that chill and harassment be directly attributable to the specific disclosure from which the exemption is sought.'" *Id.*, quoting *Buckley v. Valeo*, 424 U.S. 1, 74 (1976). This paragraph of the opinion summarizes the position taken by a dissenting judge in the Court of Appeals. It does not express the opinion of the Supreme Court. In the next paragraph of the opinion, the Supreme Court reacts

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

to the dissenting appellate judge's concerns by explaining that "[n]ew parties with no history upon which to draw" can rely on the experiences of others. *Id.*

An example of when reliance on the experience of others is appropriate is found in *Brown v. Socialist* Workers, 459 U.S. 87 (1982). In *Brown,* Ohio's tiny, sixty member socialist party obtained an injunction from the State's disclosure requirements. Therefore, no evidence was available regarding the impact of disclosure in Ohio. Citing *Buckley*, the Supreme Court stated that "new parties" without a history may draw on experiences in other states. *Brown,* 459 U.S. at 101.

Since there is an abundance of evidence regarding PMW's history in Washington, including direct evidence of the absolute lack of any chill or harassment as the result of two years of public disclosure, PMW clearly has a history upon which to draw. The fact that they are unable to find anyone in Washington whose right of association was or will be impaired is not justification for reliance on out-of-state allegations.

C. *Citizens United* Reiterates That Harassment Claims Cannot Be Based On Out-Of-State Experiences, When Plaintiffs Have A History In The State

The Supreme Court recently confirmed that a party with a history of disclosure in the state cannot show harassment by relying on the experiences of others outside the state. *Citizens United v. Federal Election Commission,* 130 S. Ct. 876 (2010); *McConnell v. FEC*, 540 U.S. 93 (2003). Plaintiffs contend that no evidence of harm was offered in *Citizens United.* Dkt. 225 at 24. This is incorrect.

Like PMW, Citizens United's campaign donors had been disclosed for years. *Citizens United*, 130 S. Ct. at 916. There was no evidence that this disclosure resulted in harassment or retaliation. *Id.* Evidence was offered to show that in similar campaigns, individuals "were

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

blacklisted, threatened, or otherwise targeted for retaliation." *Id.* The Court refused to find harassment based on allegations related to other campaigns. The Court found that the relevant information was that "Citizens United has been disclosing its donors for years and has identified no instance of harassment or retaliation." *Id.*

In *Doe*, the Supreme Court applied this same analysis in considering the plaintiffs' facial challenge. *Doe*, 130 S. Ct. at 2821. The Court noted that the plaintiffs had presented "scant evidence" to counter "the State's unrebutted arguments that only modest burdens attend the disclosure of a typical petition". *Doe*, 130 U.S. at 2821. The Court noted that several petitions have been released in Washington in recent years, apparently "without incident." *Id.*, quoting *Citizens United*, 130 S. Ct. at 916 ("'Citizens United has been disclosing its donors for years and has identified no instance of harassment or retaliation'"). Given this history, the Court rejected the facial challenge. On remand to consider the "as applied" challenge, plaintiffs were charged with the burden of establishing that they are a "'minor party'" able to establish "'a reasonable probability that the compelled disclosure . . . will subject them to threats, harassment, or reprisals from either Government officials or private parties." *Id.* (quoting *Buckley*, 424 U.S. at 74 (1976)). Plaintiffs cannot meet this burden. On remand, they have offered absolutely no evidence that public disclosure has resulted in any threats, harassment, or reprisals from the Government or private parties.

The defendants are not arguing that properly authenticated, non-hearsay evidence regarding Washington's R-71 campaign should be excluded. Rather, the defendants are requesting that this court apply the consistent decisions of the Supreme Court, which permit evidence of harm in other campaigns or states only when the plaintiff is a "new party" with "no

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

history." As in *Citizens United*, two years of history in this state conclusively demonstrate what occurs when PMW's supporters are disclosed: nothing.

### D. Reliance On The John Doe Declarations Is A Violation Of The Joint Scheduling Order

Revealing the names of witnesses is a basic practice which allows the opposing parties to conduct discovery. To this end, the Joint Scheduling Order (Dkt. 128) entered by this Court states:

> [T]he name, address, and phone number of each individual who will be or may be called as a witness or declarant by the plaintiffs, or is likely to have discoverable information – along with the subjects of that information – will be disclosed on August 23, 2010. Witnesses not disclosed at that point will not be permitted to testify in person, by declaration or affidavit, or otherwise.

Disturbingly, plaintiffs contend they do not have to comply with the Court's order, because they "are not privy" to the John Doe declarants' identities. Dkt. 225 at 24. This statement is directly conflicted by the prior statement of plaintiffs' counsel, Sarah Troupis. Ms. Troupis filed a declaration with this Court stating that she personally "spoke with each of the declarants." Dkt. 212-2 at 725; Second Wms. Decl. at ¶ 11. This is not surprising, since plaintiffs' counsel is also counsel in California's *ProtectMarriage.com v. Bowen*, 599 F. Supp. 2d 1197 (2009). Ms. Troupis withdrew as counsel in September 2010. Dkt. 119. Her declaration asserting that the plaintiffs have spoken with each of the John Doe declarants was resubmitted by Jared Haynie this week, on July 18, 2011. Dkt. 212-2. Presumably, he was aware of the contents of his filing with this court. This leaves two possibilities: either the plaintiffs are misrepresenting their knowledge of the John Doe declarants, or they are unable to vouch for the authenticity of the John Doe declarations.

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

|   |   |
|---|---|
| 1 | Plaintiffs also contend that they cannot provide the names because the names are |
| 2 | protected by an order in another case. They cite no legal authority for this proposition and, as |
| 3 | discussed below, the federal courts do not relieve a party of disclosure obligations even if a |
| 4 | court order in another forum restricts disclosure. In reality, if the plaintiffs wish to use the Doe |
| 5 | declarations in this case, they are required by the Court's order to disclose the witnesses to |
| 6 | opposing counsel and provide an opportunity for discovery. The plaintiffs could have followed |
| 7 | the court rules, and asked this Court to require all counsel to keep the names confidential. |
| 8 | Presumably, this is the same process plaintiffs' counsel used in the California case. |

## II. MOTION TO STRIKE EXHIBITS 8 THROUGH 13 AND ASSOCIATED DECLARATIONS FROM UNDISCLOSED WITNESSES[2]

To stave off summary judgment, plaintiffs offer a collection of unauthenticated, hearsay and irrelevant testimony and documents in violation of Federal Rule of Civil Procedure 56(c)(4). This evidence is contained in declarations from their litigation counsel, the Bopp Coleson firm, from John Doe declarants and from plaintiff REDACTED and in the attachments to these declarations, all of which is found in Exhibits 7, 8, 9, 10, 11, 12 and 13. Dkt. 225-1 to 225-7, 225-10, 226. This evidence must be stricken from the record pursuant to Rule 56(c)(2). Plaintiffs also cite evidence contained in or attached to Exs. 3, 4 and 5, to their cross-motion for summary judgment. Dkt. 209-4, 210-1 to 210-7, 211-1 to 211-3, 212-1 to 212-3, 213-1 to 213-2. Defendants have already moved to strike that unauthenticated and inadmissible evidence. Dkt. 224. Defendants incorporate by reference herein that opposition briefing and Motion to Strike. Finally, the proffered evidence (Exs. 3, 4, 5, the attachments to Ex. 7, and Exs. 8 to 13) is a collection of events and statements purportedly related by persons not disclosed in this case as required by this Court's scheduling order and by FRE 807.

---

[2] This Motion is based, in part, on the attached Second Declaration of Aaron Williams.

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    Plaintiffs must provide factual support for their claim that they have suffered, or have a
2    reasonable probability of suffering, violence, threats or retribution because of the disclosure of
3    the identities of those who signed R-71 petitions. "Evidence, not contentions, avoids summary
4    judgment." *Al-Zubaidy v. TEK Inds., Inc.*, 406 F.3d 1030, 1036 (8th Cir 2005). A party does
5    not meet this burden by offering "plausible scenarios". *See, Scott v. Harris*, 550 U.S. 372, 380
6    (2007). Allegations that conflict with the undisputed evidence are insufficient to defeat
7    summary judgment. *Id*; *see also, Swanson v. Leggett & Platt, Inc.*, 154 F.3d 730, 733 (7th Cir.
8    1998).

9    Plaintiffs do not even try to authenticate or lay the groundwork for admission of these
10   declarations and exhibits. Courts will not consider such evidence. *See, Collins v. Seeman*, 462
11   F.3d 757, 760, n.1 (7th Cir. 2006); *Patterson v. Oneida County*, 375 F.3d 206, 219 (2d Cir
12   2004). Opinions or conclusions of harm necessary to create a "genuine dispute of material
13   fact" to defeat summary judgment must be based on first-hand observations or personal
14   experience. *E.g. Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir 2003). (Personal knowledge of
15   affiant must be shown to be grounded in first-hand observation and experience, as required by
16   Rule 56(e) and Federal Rule of Evidence 602, not on speculation, surmise, intuition or rumor.)
17   As required by Federal Rule of Civil Procedure 56(e), documents attached to declarations must
18   all be authenticated by witnesses proven, not just alleged, to have had first-hand experience
19   with them; otherwise, they too must be disregarded. *Bias v. Moynihan*, 508 F.3d 1212, 1224
20   (9th Cir. 2007); *Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 341 F.3d 961, 972,
21   n.7 (9th Cir. 2003).

22   In addition to lacking authentication, the emails, media postings and other documents
23   authored, and testified to, by third-parties were all made out-of-court and constitute hearsay.
24   FRE 802. For example the alleged "hostle and violent acts against sign wavers in Washington"
25   section of plaintiffs' brief is predicated upon the hearsay testimony of the Spokane church
26   leaders. Dkt. 225 at 19-21. The deponent whose testimony was the source of this entire

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  scenario admitted that he personally had experienced no harassment or alleged violence, with
2  the exception of some post-it notes left on one occasion on his car that he could not relate to R-
3  71. Dkt. 226, Ex. 7-1 at 8-11. Similarly, the basis for the claim that a Spokane sign waver was
4  wounded by someone upset at his waving R-71 signs was "hearsay within hearsay," based on
5  an unauthenticated email from one person to another that eventually was passed on to the
6  deponent, who did not witness the event and admitted he had no first-hand knowledge of any
7  acts of violence or hostility. Dkt. 226, Ex. 7-2 at 85-87. Plaintiffs offer no exception to admit
8  this hearsay into evidence.

To the extent the evidence concerns events outside Washington State or that occurred in years prior (and now subsequent) to the 2009 R-71 campaign, they are also irrelevant. FRE 402. For the multiple reasons set out in defendants' prior Motion to Strike, the rules of evidence require the rejection of the testimony and documents contained in Exhibits 7 to 13. Dkt. 224. Indeed, even without a motion to strike, this Court should disregard and exclude evidence that fails to comply with the authenticity and admissibility requirements under the federal rules. *See CMS Indus., Inc. v. L.P.S. Intern. Ltd.*, 643 F2d 289, 295 (5th Cir 1981); *Becker v. Koza*, 53 FRD 416, 419 (D. Neb. 1971).

Finally, defendants object to the Bopp Coleson and REDACTED declarations, to the John Doe declarations, to the statements in them that describe or characterize the attached exhibits, and to Exhibits 7 through 13 themselves, because the declarants and the persons quoted or described in these exhibits were not disclosed in compliance with this Court's Order or FRE 807. Dkt. 128. A proposed Order that strikes this evidence is attached.

### III.   CONCLUSION

Bare allegations of harassment are insufficient to meet the plaintiffs' burden. Plaintiffs have not offered any material facts to demonstrate how disclosure would impair their First

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

10

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  Amendment right of association. Therefore, the defendants respectfully request that the Court

2  grant the State's Motion for Summary Judgment and order dismissal with prejudice.

3  DATED this 22nd day of July, 2011.

ROBERT M. MCKENNA
Attorney General


 s/ Anne Egeler
ANNE EGELER, WSBA #5313
Deputy Solicitor General

WILLIAM CLARK, WSBA #9234
Senior Counsel
PO Box 40100
Olympia, WA  98504-0100
360-664-3027
Anne1@atg.wa.gov

MOTION TO STRIKE AND REPLY IN
SUPPORT OF DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
NO. 09-CV-05456-BHS

11

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing Motion to Strike and Reply in Support of Defendants' Motion for Summary Judgment; Second Declaration of Aaron Williams, and Revised Proposed Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Scott F. Bieniek, sbieniek@bopplaw.com
James Bopp, Jr., jboppjr@aol.com
Joseph La Rue, jlarue@bopplaw.com
Stephen Pidgeon, stephen.pidgeon@comcast.net
Steven Dixson, sjd@wkdtlaw.com, collettr@wkdtlaw.com
Duane Swinton, dms@wkdtlaw.com
Leslie Weatherhead, lwlibertas@aol.com, emilyr@wkdtlaw.com, janetj@wkdtlaw.com
Anne Egeler, annee1@atg.wa.gov, sgoolyef@atg.wa.gov
William Clark, billc2@atg.wa.gov
James Pharris, jamesp@atg.wa.gov, sgoolyef@atg.wa.gov
William Stafford, wstafford@perkinscoie.com
Ryan McBrayer, rmcbrayer@perkinscoie.com, nreynolds@perkinscoie.com, docketsea@perkinscoie.com
Kevin Hamilton, khamilton@perkinscoie.com, canderson@perkinscoie.com, docketsea@perkinscoie.com
Jared M. Haynie, jhaynie@bopplaw.com, thehaynies@gmail.com

I declare under the penalty of perjury under the laws of the State of Washington that the above is true and correct. Executed this 22nd day of July, 2011.

s/ Anne E. Egeler
Anne E. Egeler

MOTION TO STRIKE AND REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT NO. 09-CV-05456-BHS

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200