UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN DOE #1, et al.,

    Plaintiffs,

v.

SAM REED, in his official capacity as Secretary of State of Washington; et al.,

    Defendants.

CASE NO. C09-5456BHS

ORDER FOR ADDITIONAL BRIEFING

This matter comes before the Court on the parties' cross motions for summary judgment (Dkts. 196, 204, 208, 209). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby requests additional briefing as discussed herein.

## I. DISCUSSION

The parties have each submitted cross motions for summary judgment on Plaintiffs' as-applied challenge to the Washington Public Records Act ("PRA"), RCW Chap. 42.56, as it pertains to Referendum 71 ("R-71") petition sheets. *See* Dkts. 196, 204, 208, 209. Specifically, Plaintiffs seek to prevent the disclosure of the identities of those who signed R-71. *See, e.g.,* Dkt. 2 (Complaint).

To support their case, Plaintiffs provided the Court with a vast amount of documentation to support their as-applied challenge to the PRA. Plaintiffs assert that this documentation will establish a material question of fact as to whether disclosure of R-71

ORDER - 1

signers' identities would result in the reasonable probability of threats, harassment, or reprisals.

In Washington Families Standing Together's ("WFST") motion for summary judgment, it argues that the record is devoid of "allegations that any person who merely signed the R-71 petition – without taking a public stand – has been threatened or harassed . . . . There are no allegations that . . . *any* citizens refused to sign the R-71 petition for fear of harassment." Dkt. 204 at 24-25. In opposition to these arguments, Plaintiffs cite to their exhibits to provide examples of threats, harassment, or reprisals. *See* Dkt. 227 at 10 (citing Ex. 1-3, 4-84, 4-195). However, these examples are not actually responsive to WFST's claim that no evidence exists regarding threats or harassment toward R-71 signers who have never taken a public stand on the referendum. *See id*. (the exhibits actually pertain to a public figure and a website that does not appear to be directed at any R-71 signer in particular). In further responding to WFST's argument on this point, Plaintiffs continue to cite to non R-71 matters, which also do not respond to WFST's argument. *See id*. at 10-27 (citing various documents in the record that are not R-71 specific or are only remotely responsive to WFST's argument on this issue).

A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation. *Zoslaw v. MCA Distributing Corp*., 693 F.2d 870, 883 (9th Cir. 1982). For purposes of motions for summary judgment, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). However, where no factual showing is made in opposition to a motion for summary judgment, the District Court is not required to search the record *sua sponte* for some genuine issue of material fact. *See Carmen v. San Francisco Unified School Dist*., 237 F.3d 1026, 1029 (9th Cir. 2001). Additionally, it is not the task of this Court "to scour the

ORDER - 2

record in search of a genuine issue of triable fact. [The Court relies] on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

The Court requires a more relevant and specific response on this issue from Plaintiffs. Further briefing on this issue will be helpful to the Court in resolving the multiple cross motions for summary judgment. Plaintiffs shall therefore file additional briefing on this issue, not to exceed five pages. The brief shall inform the Court of those specific documents already in evidence that Plaintiffs believe will establish a material question of fact as to whether disclosure of R-71 signers' identities would result in the reasonable probability of threats, harassment, or reprisals. These documents shall only include the declarations, depositions, and documentary evidence already in the record of actual R-71 signers who have not already made themselves public figures on this issue (e.g., information regarding Prop 8 in California, op-ed publications, and the like will not be considered relevant for purposes of this request).

## II. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs shall file the additional briefing requested herein on or before August 24, 2011. The cross motions for summary judgment are renoted for consideration on the same date.

DATED this 15th day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3