The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>Defendants. | NO. 09-cv-05456-BHS<br><br>DEFENDANTS' MOTION IN LIMINE<br><br>NOTE ON MOTION CALENDAR<br>September 9, 2011 |

### I.   MOTION

Pursuant to Federal Evidence Rules 401, 402, 801, 802, 807 and 901, Defendants move for an order excluding the following evidence from the trial in this matter:

1. Testimony and documents purporting to describe or regarding threats, harassment, and reprisals allegedly experienced by persons or organizations outside Washington, that did not occur as a result of expressing an opinion regarding Referendum 71 (R-71), or associating for the purpose of addressing the R-71 campaign or petition drive.

DEFENDANTS' MOTION IN LIMINE
NO. 09-CV-05456-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

2. Testimony and documents purporting to describe or regarding threats, harassment, and reprisals allegedly experienced by persons in Washington, prior to the existence of R-71 or the existence of E2SSB 5688, the legislative act PMW sought to reject through R-71.

3. Hearsay testimony and documents purporting to describe or offered in the form of a declaration, by an individual that has not testified at trial subject to cross examination. This does not exclude a statement offered against a party that is the party's own statement, or a statement offered against a party if the party has manifested an adoption or belief in its truth.

4. Hearsay testimony and documents purporting to describe or offered in the form of documents or recordings purportedly printed from the internet or recorded (audio or visual) from an internet website, newspapers, magazines, email, and photographs, unless the individual testifying with respect to the authenticity and admissibility of the document or recording created the original, or has personal knowledge regarding creation or generation of the original.

5. The attached listing of specific documents identified in the pre-trial order process as plaintiffs' potential trial exhibits, pp. 6-24.

## II.   FACTS

Protect Marriage Washington (PMW) registered as a Washington political committee in May 2009. The group has associated for the purpose of completing every step of a Washington State referendum proceeding. In just three months, it successfully collected 137,000 signatures on a statewide petition to place a referendum on the ballot. It campaigned statewide for R-71, and narrowly lost the election.

As a registered political committee, PMW successfully persuaded people from around the state to donate to its campaign for the rejection of R-71. Since June 2009, the name, city, state, and zip code of over 850 individuals and businesses that contributed to PMW have been posted on a publically searchable database by the Washington Public Disclosure Commission. Dkt. 198 at ¶16. If $100 or more was donated, the Commission also posted the contributor's

DEFENDANTS' MOTION IN LIMINE
NO.  09-CV-05456-BHS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

occupation and employer. *Id.* at ¶¶16-17. Fearing that disclosure of supporters would result in harassment, PMW moved to seal the names. The Commission found that PMW was unable to show that any harassment was caused by disclosure, and therefore denied the request. *Id.* at ¶21.

No one who simply donated money to PMW's R-71 campaign, and therefore had their name and address posted on the internet by the Public Disclosure Commission, is alleged to have suffered retaliation or harassment that deterred the exercise of the First Amendment right of association. Similarly, no one who simply signed the petition is alleged to have suffered retaliation or harassment that deterred the exercise of the First Amendment right of association.

Plaintiffs' Pretrial Statement indicates its intention to offer documents and declarations that do not discuss events in Washington, PMW, or reactions to R-71. (See attached list, pp. 6-24). Rather, they discuss events and opinions allegedly expressed by people in other states, which do not discuss R-71. In addition, plaintiffs have expressed an intent to offer hundreds of hearsay documents and audio and visual recordings, offering the testimony and opinions of persons who will not be testifying in court. In many of these documents, the alleged speaker is not identified.

### III.   ARGUMENT

Defendants request an order in limine that excludes all proffered evidence described in items 1 to 5 on page 2 of this Motion. The Court should exclude this evidence because it is not relevant, it constitutes inadmissible hearsay and/or lay opinion testimony, and lacks proper authentication.

**A.   Only Information Regarding The Organization At Issue, And Those Associating With the Organization, Is Relevant To A First Amendment, Associational Challenge**

In determining whether a particular group should be exempt from disclosure, the Supreme Court considers whether there is a reasonable probability that disclosure will cause rank and file members of the group to suffer "serious and widespread harassment that the State

DEFENDANTS' MOTION IN LIMINE
NO.  09-CV-05456-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

is unwilling or unable to control." *Doe*, 130 S. Ct. at 2829 (Sotomayor, J., concurring). The test reiterates the Court's prior holding that the State's important interest in disclosure can be overcome only "where the threat to the exercise of First Amendment rights is so serious and the state's interest furthered by disclosure so insubstantial that the Act's requirements cannot be constitutionally applied." *Buckley*, 424 U.S. 1, 71 (1976).

In ascertaining whether protection of the First Amendment right of association outweighs the State's interest in disclosure, the Courts allow "flexibility" in the proof that may be offered regarding the group at issue. The Supreme Court permits the claimant to offer "specific evidence of past or present harassment of *members* due to their associational ties, or of harassment directed against *the organization itself*." *Id.* at 74 (emphasis added). Since the test is focused on the impact to the group at issue and its members, the Supreme Court only allows the introduction of evidence regarding threats against other individuals holding similar views if the group at issue is a "new party" that has "no history upon which to draw." *Id.*

Since there is an abundance of evidence regarding PMW's history in Washington, including concrete statistics showing the near success of their election campaign, all testimony and documents regarding other organizations and individuals, not associated with PMW or R-71, is not relevant and should be excluded from trial.

The history of PMW and its supporters in this state provides direct evidence of what happens when the names of PMW's supporters are publically disclosed. Since June 2011, the Washington Public Disclosure Commission has disclosed the names, addresses, contribution amount, and even some employment information regarding over 850 donors to PMW. Dkt. 198 ¶¶ 16-18. The information is posted on the internet, in a searchable database. *Id.* The public can view the entire list, run a search of the database to find contributors from a particular city or zip code, or run a search to locate contributors employed by a particular business or in a specific occupation. *Id.* ¶ 18. Given PMW's directly relevant history, it cannot claim to be a "new party" with "no history." *Buckley*, 424 U.S. at 74.

DEFENDANTS' MOTION IN LIMINE  
NO. 09-CV-05456-BHS

4

ATTORNEY GENERAL OF WASHINGTON  
1125 Washington Street SE  
PO Box 40100  
Olympia, WA 98504-0100  
(360) 753-6200

Yet although PMW's supporters have been publically disclosed for over two years, the Plaintiffs are unable to name anyone who has been harassed, threatened, or otherwise harmed as a result of the disclosure.  As this Court noted in its August 15, 2011 order, "Plaintiffs continue to cite to non R-71 matters . . . ."  Dkt. 250 at 2.  None of the Plaintiffs' factual allegations address "signers who have never taken a public stand on the referendum."  Dkt. 250 at 2.

The Supreme Court recently confirmed that a party with a history of disclosure in the state cannot show harassment by relying on the experiences of others outside the state.  *Citizens United v. Fed. Election Comm'n,* 130 U.S. 876 (2010).  Like PMW, Citizens United's campaign donors had been disclosed for years.  *Id.* at 916.  There was no evidence that this disclosure resulted in harassment or retaliation of donors or the organization itself.  *Id.*  Evidence was offered to show that in similar campaigns, individuals "were blacklisted, threatened, or otherwise targeted for retaliation."  *Id.*  The Court refused to find harassment based on allegations related to other campaigns.  The Court found that the relevant information was that "Citizens United has been disclosing its donors for years and has identified no instance of harassment or retaliation."  *Id.*

Evidence must be relevant to the case.  Fed. R. Evid. 401, 402.  Evidence of events or statements concerning gay marriage generally, about campaigns or controversies in other states, about persons who are not signators to (or who declined to sign) R-71 petitions, and about events in Washington prior to 2009, that do not concern R-71, are irrelevant and should be excluded.

**B.   Hearsay Declarations Are Not Admissible**

Plaintiffs have indicated their intent to offer the declaration testimony of 58 John Doe witnesses, without offering the live testimony of the declarants.  Such testimony should be excluded for two reasons.  First, these declarants allegedly reside in California, and the declarations do not address Washington's R-71 or association with PMW.  As explained

DEFENDANTS' MOTION IN LIMINE
NO.  09-CV-05456-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

above, the declarations are therefore not admissible relevant information as required by Federal Rules of Evidence 401 and 402.

In addition to their lack of relevance, the declarations are inadmissible hearsay evidence, under Federal Rules of Evidence 801 and 802. The statements are clearly hearsay, as defined by Rule 801(c). They were not made while testifying in court, and will be offered to prove the truth of the matter asserted: That the individual expressed a position regarding same-sex marriage, and therefore suffered threats, harassment, or retaliation. The declarations do not fall within the exception provided by Rule 801(d). The declarants are not going to be testifying at the hearing, subject to cross examination. Fed. R. Evid. 801(d)(1). And, the declarations do not contain admissions by a party opponent. Fed. R. Evid. 801(d)(2). As discussed in the State's Motion to Strike, these declarations and their attachments do not qualify for the residual hearsay exception under Fed. R. Evid. 807. Dkt. 224.

Therefore, pursuant to Federal Rules of Evidence 801, 802, and 807, the Defendants move for the exclusion of hearsay declarations, signed by persons who will not be testifying, subject to cross-examination.

C. **Hearsay Testimony In The Form Of Documents And Recordings From The Internet, Newspapers, Magazines, Email, and Photographs Is Not Admissible**

Under Federal Rule of Evidence 901, the proponent of evidence must prove that a document is what it purports to be. *Demirchyan v. Gonzales*, 2010 WL 3521784 (C.D. Cal. 2010). The sponsoring witness must detail their personal knowledge and experience with the generation, maintenance, and integrity of the documents and internet materials they attach to their declarations. Fed. R. Evid. 901(b)(1); *Allan v. Greenpoint Mortg. Funding*, 730 F. Supp. 2d 1071, 1075-76 (N.D. Cal. 2010); *In re Bedrock Mktg.*, 404 B.R. 929, 937 (D. Utah 2009).

Plaintiffs have indicated that they intend to offer newspaper, magazine, and web site materials, such as You Tube and social media postings. These materials are not self-authenticating under Fed. R. Evid. 902:

DEFENDANTS' MOTION IN LIMINE
NO. 09-CV-05456-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

> Courts do not treat printouts from internet websites as self-authenticating or admit them without foundation or authentication. The court in *In re Homestore.com., Inc. v. Securities Litigation,* 347 F. Supp. 2d 769, 782-783 (C.D. Cal. 2004), states in this regard:
>
>> Printouts from a web site do not bear the indicia of reliability demanded for other self authenticating documents under Fed. R. Evid. 902. To be authenticated, some statement or affidavit from someone with knowledge is required; for example, Homestore's web master or someone else with personal knowledge would be sufficient.

*Adobe Sys., Inc. v. Christenson*, 2011 WL 540278, at *9 (D. Nev. 2011), *see also In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) (screen shots and materials taken from websites are not self-authenticating; information taken from internet lacks reliability and must be properly authenticated); *Allan*, 730 F. Supp. 2d at 1075-76 (sponsoring witnesses' affidavits must personally identify and authenticate pages from websites relied on to support claims); *Hall*, 538 F. Supp. at 68 (declarant must have "personal knowledge" of events and documents attached to written testimony).

Federal Rule of Evidence 807 does not excuse the authentication of such documents and recordings. Known as the "residual exception" to the rules barring hearsay, Rule 807 states:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

As a matter of law, "this exception is not to be used as a new and broad hearsay exception, but rather is to be used rarely and in exceptional circumstances." *United States v. Bonds*, 608 F.3d 495, 500 (9th Cir. 2010); *Fong v. Am. Airlines*, 626 F.2d 759 (9th Cir. 1980).

DEFENDANTS' MOTION IN LIMINE
NO.  09-CV-05456-BHS

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Fed. R. Evid. 807's first element requires that plaintiff establish for each individual statement contained in a document or recording, the "indicia of trustworthiness" that justify its admission. *United States v. Canan*, 48 F.3d 954, 960 (6th Cir. 1995). Trustworthiness for each hearsay statement must be evident in the statement itself and not proven by other evidence. *United States v. Ochoa*, 229 F.3d 631, 637 (7th Cir. 2000); *United States v. Tome*, 61 F.3d 1446, 1452 (10th Cir. 1995). Factors demonstrating hearsay is *untrustworthy* are statements that were not made under oath, were not made based upon personal knowledge, were uncorroborated or not spontaneous, and were not subject to cross-examination. *E.g., Land Grantors in Henderson, Union, & Webster Counties v. United States*, 86 Fed. Cl. 35, 41-43 (2009); *United States v. Fredericks*, 599 F.2d 262, 265 (8th Cir. 1979); *Aamco Transmissions v. Baker*, 591 F. Supp. 2d 788, 799 (E.D. Pa. 2008). If the speaker(s) of the hearsay statements are not identified, the evidence is not trustworthy under Fed. R. Evid. 807. *Partido Revolucionario Dominicano (PRD) Seccional Metropolitana de Washington-DC v. Partido Revolucionario Dominicano, Seccional de Maryland y Virginia*, 311 F. Supp. 2d 14, 19 (D.D.C. 2004).

Fed. R. Evid. 807 will not provide the basis for admitting hearsay statements when the offeror of the hearsay had the option of obtaining the same evidence from other sources. This is particularly true as to newspaper and magazine articles and audio or TV programming, and for the emails and comments authored and posted on the internet by unknown persons.

Thus, in *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991), the Court excluded newspaper articles quoting the defendant making remarks dismissive of alleged civil rights violations by police officers. Holding that Fed. R. Evid. 807's mandate is a "best evidence requirement," the Court held that it would be error to admit the newspaper or magazine accounts because "testimony from the reporters themselves would have been better." *Larez*, 946 F.2d at 644. Furthermore, where the party offering the evidence fails to show any effort to obtain the more probative evidence from the declarants of the hearsay, the courts have

DEFENDANTS' MOTION IN LIMINE
NO. 09-CV-05456-BHS

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

excluded the hearsay under Fed. R. Evid. 807. *Id.* at 643; *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 743 (7th Cir. 1997). This result has been followed by many federal courts. *E.g.*, *Demirchyan,* 2010 WL 3521784 at *11; *ACLU v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998); *In re Cypress Semiconductor Sec. Litig.*, 891 F. Supp. 1369, 1374 (N.D. Cal. 1995). Finally, even when court rulings have precluded live testimony from the sources of the hearsay statements, newspaper and news service accounts of those hearsay statements or occurrences are excluded under Fed. R. Evid. 807. *Green v. Baca*, 226 F.R.D. 624, 639 (C.D. Cal. 2005); *In re Cypress Semiconductor*, 891 F. Supp. at 1374-75 (1995).

Admitting such hearsay will contravene the interests of justice. Demonstrating probable injury if the identities of R-71 petition signors are released is plaintiffs' burden in this case. To relieve them of that burden by allowing evidence of hearsay internet postings and emails – most of which have no relationship to R-71 or Washington State – would be unjust and contrary to the purposes of the evidentiary rules. "In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court declarant." *United States v. Mathis*, 559 F.2d 294, 299 (5th Cir. 1977). If the plaintiffs choose not to offer direct, non-hearsay evidence, Fed. R. Evid. 807 is not available, because "admitting this evidence would give [plaintiffs] the unfettered ability to present a one-sided version of events, which [defendants] could not test through cross-examination." *Aamco Transmissions*, 591 F. Supp. 2d at 800.

D.   **Unauthenticated Email And Photographs Are Inadmissible**

Plaintiffs also intend to offer photographs, email, letters, and voice recordings that were not generated by their witnesses. (See attachment, pp. 6-24). Plaintiffs have relied on these documents in the declarations supporting their motion for summary judgment, without offering any authenticating information. Instead, plaintiffs have labeled these items generally as "threatening" or "vandalism" without providing circumstances or context that proves the assertions or establishes that the documents are offered based on the declarants' personal

DEFENDANTS' MOTION IN LIMINE
NO.  09-CV-05456-BHS

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

knowledge. The Court should exclude these exhibits pursuant to Federal Rule of Evidence 901, unless the plaintiffs provide authentication.

## IV. CONCLUSION

The Plaintiffs proposed evidence regarding events and opinions unrelated to R-71 is not relevant. In both *Buckley* and *Citizens United,* the Supreme Court held that when there is direct evidence regarding the impact of disclosure on an organization and its members, evidence not directly related to the organization and its members is irrelevant. Therefore, such evidence is inadmissible under Fed. R. Evid. 401 and 402 and hearsay deposition testimony regarding events and opinions unrelated to R-71 should not be allowed either, under Fed. R. Evid. 401, 402, 801, and 802. Hearsay documents taken from the internet, newspapers, email, and photographs lack trustworthiness and cannot be cross examined, and are therefore inadmissible under Fed. R. Evid. 901 unless properly authenticated. The State respectfully requests that the Court exclude all such evidence, including the types of testimony and the documents identified specifically on page 2 of this Motion and in the attached (proposed) Order.

DATED this 22nd day of August, 2011.

ROBERT M. MCKENNA
Attorney General

 s/ Anne Egeler
ANNE EGELER, WSBA #5313
Deputy Solicitor General
Annee1@atg.wa.gov

WILLIAM CLARK, WSBA #9234
Senior Counsel
PO Box 40100
Olympia, WA 98504-0100
360-664-3027

DEFENDANTS' MOTION IN LIMINE
NO. 09-CV-05456-BHS

10

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## CERTIFICATION

In compliance with Local Rule 7(d)(4), the defendants, plaintiffs, and intervenors conferred by telephone on August 19, 2011, in an effort to resolve which matters in the defendants' Motion in Limine are in dispute.

DATED this 22nd day of August, 2011.

>ROBERT M. MCKENNA
>Attorney General
>
> s/ Anne Egeler
>ANNE EGELER, WSBA #5313
>Deputy Solicitor General
>Annee1@atg.wa.gov
>
>WILLIAM CLARK, WSBA #9234
>Senior Counsel
>PO Box 40100
>Olympia, WA  98504-0100
>360-664-3027

DEFENDANTS' MOTION IN LIMINE
NO.  09-CV-05456-BHS

11

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing Motion in Limine with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

James Bopp, Jr., jboppjr@aol.com

Joseph La Rue, jlarue@bopplaw.com

Stephen Pidgeon, stephen.pidgeon@comcast.net

Steven Dixson, sjd@wkdtlaw.com, collettr@wkdtlaw.com

Duane Swinton, dms@wkdtlaw.com

Leslie Weatherhead, lwlibertas@aol.com, emilyr@wkdtlaw.com, janetj@wkdtlaw.com

William Stafford, wstafford@perkinscoie.com

Ryan McBrayer, rmcbrayer@perkinscoie.com, nreynolds@perkinscoie.com, docketsea@perkinscoie.com

Kevin Hamilton, khamilton@perkinscoie.com, canderson@perkinscoie.com, docketsea@perkinscoie.com

Jared M. Haynie, jhaynie@bopplaw.com, thehaynies@gmail.com

I declare under the penalty of perjury under the laws of the State of Washington that the above is true and correct.  Executed this 22nd day of August, 2011.

s/ Anne Egeler
ANNE EGELER

DEFENDANTS' MOTION IN LIMINE
NO.  09-CV-05456-BHS

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200