THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual; JOHN DOE #2, an individual; and PROTECT MARRIAGE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, and BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>Defendants. | No. C:09-cv-05456 BHS<br><br>INTERVENOR WASHINGTON FAMILIES STANDING TOGETHER'S MOTION IN LIMINE<br><br>NOTE ON MOTION CALENDAR:<br><br>SEPTEMBER 9, 2011 |

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS)

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

# TABLE OF CONTENTS

I. CR 7(D)(4) CERTIFICATION .................................................................................. 1
II. INTRODUCTION ...................................................................................................... 1
III. STATEMENT OF FACTS ......................................................................................... 1
    A. Plaintiff's Proposed Evidence ......................................................................... 1
IV. ARGUMENT .............................................................................................................. 2
    A. The Court Should Exclude Exhibits Constituting Materials Plaintiffs' Counsel Printed From the Internet ................................................................. 2
        1. Plaintiffs Have Not, and Cannot, Authenticate the Internet Materials .............................................................................................. 2
        2. The Materials Printed from the Internet Are Inadmissible ...................... 4
            a. The Internet Materials Lack Foundation and Contain Improper Opinion Testimony ............................................... 5
            b. The Internet Materials are Inadmissible Hearsay ........................ 6
            c. The Internet Materials Should Be Excluded to the Extent They Contain Testimony From Undisclosed Witnesses ................ 8
            d. The Internet Materials Are Inadmissible Under Fed. R. Evid. 401, 402 and 403 ......................................................... 8
    B. The Court Should Exclude the John Doe Declarations Submitted in Protectmarriage.com ....................................................................................... 10
    C. The Court Should Preclude Plaintiffs' Witnesses From Offering Inadmissible Testimony .................................................................................. 11
V. CONCLUSION ........................................................................................................... 12

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. CR 7(d)(4) CERTIFICATION

Prior to filing this motion, and pursuant to CR 7(d)(4), Intervenor Washington Families Standing Together ("WAFST") in good faith conferred with Plaintiffs in an effort to resolve the issues in the present motion. Declaration of William B. Stafford ("Stafford Decl.") ¶ 2.

## II. INTRODUCTION

WAFST moves the Court for an order excluding (1) unauthenticated and inadmissible evidence provided by Plaintiffs' counsel from the Internet; (2) testimony or declarations from witnesses not timely disclosed by Plaintiffs in compliance with the Court's scheduling order; and (3) categories of inadmissible evidence likely to be offered through the testimony of Plaintiffs' potential witnesses.

## III. STATEMENT OF FACTS

### A. Plaintiff's Proposed Evidence

In support of their claim, Plaintiffs offer two types of evidence: (1) documentary evidence, primarily consisting of a collection of newspaper articles, blog posts, and links to YouTube videos pertaining primarily to the Proposition 8 campaign in California and other events occurring in different states at different times on different issues (the "Internet Materials"); and (2) the testimony of individuals prominently involved in the campaign to place R-71 on the ballot.

Plaintiffs filed some of these Internet Materials in support of their motion for summary judgment. The State Defendants responded to this evidence at length, moving to strike it on various grounds. Dkt. #224 at pp. 2-9. WAFST joined in the State's motion. Dkt. #221 at p. 19 n.10. In opposition to Defendants' and Intervenors' cross-motions for summary judgment, Plaintiffs submitted another collection of Internet Materials, along with a number of declarations from unnamed John Doe individuals from *Protectmarriage.com v. Bowen*, No. 2:09-cv-00058

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

(E.D. Cal.), whom Plaintiffs have not identified as witnesses in this matter. Again, the State and WAFST moved to strike this evidence. Dkt. #231 at pp. 7-10; Dkt. #234 at p. 1 n.1.

The Court is currently considering the cross-motions for summary judgment, has required further briefing from Plaintiffs, and has not yet ruled on the State's motions to strike. The parties continue with pretrial preparations. They have exchanged pretrial statements pursuant to CR 16, and are working towards submission of a pretrial order. Stafford Decl. ¶ 3. Plaintiffs' pretrial statement reveals their continued intent to rest their case on the same sort of evidence proffered in support of their summary judgment briefing. Plaintiffs have identified 263 exhibits they intend to introduce during the five-day trial, the overwhelming majority of which consists of websites, blog posts, press releases, YouTube videos, and similar material. *Id.* Ex. A.

## IV.   ARGUMENT

For the reasons set out in the State's previous motions to strike and WAFST's related briefing, and further discussed below, WAFST objects to Plaintiffs' reliance on unauthenticated and inadmissible evidence.

WAFST fully agrees with the State's previous motions to strike, which it incorporates in full by reference. Dkt. #221 at pp. 2-9; Dkt. #231 at pp. 7-10. It devotes this motion to specific discussion of three categories of evidence offered by Plaintiffs: (1) the Internet Materials; (2) declarations submitted in the *Protectmarriage.com* case by individuals Plaintiffs have not identified as witnesses in this matter; and (3) types of inadmissible testimony likely to be offered through Plaintiffs' witnesses.

**A.   The Court Should Exclude Exhibits Constituting Materials Plaintiffs' Counsel Printed From the Internet**

**1.   Plaintiffs Have Not, and Cannot, Authenticate the Internet Materials**

Pursuant to Fed. R. Evid. 901(a), no document can be introduced into evidence unless it meets the "condition precedent" of being authenticated. That is, the party seeking introduction of the document must present evidence "sufficient to support a finding that the matter in question is

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

what its proponent claims." *Id.* Fed. R. Evid. 901(b) sets forth a non-exhaustive list of methods by which a document can be authenticated, including the testimony of a witness with knowledge. Where a party seeks to use a witness with personal knowledge to authenticate a document, it is necessary for the witness to "provide factual specificity about the process by which the electronically stored information is created, acquired, maintained, and preserved without alteration or change, or the process by which it is produced if the result of a system or process that does so . . . ." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 545-46 (D. Md. 2007). The Plaintiffs cannot authenticate the data at issue here.

"Courts do not treat printouts from internet websites as self-authenticating or admit them without foundation or authentication." *Adobe Sys. Inc. v. Christenson*, 2011 WL 540278, at *9 (D. Nev. Feb. 7, 2011). Thus, to authenticate a website, "some statement or affidavit from someone with knowledge is required; for example, [the site's] web master or someone else with personal knowledge would be sufficient." *In re Homestore.com., Inc. v. Securities Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004). Thus, courts recognized the obvious reality that one cannot believe everything one reads or sees on the Internet and, therefore, that "[i]nformation from the internet does not necessarily bear an indicia of reliability and . . . must be properly authenticated by affidavit." *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) (citing *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007)). Accordingly, courts have refused to admit Internet printouts if the offering party fails to properly authenticate the material. *See, e.g., Automobile Ins., Co. of Hartford, Conn. v. Abel*, 2010 WL 5014408, at *3 (D. Or. Dec. 3, 2010) (rejecting plaintiff's attempt to authenticate Internet printout by attaching it to his attorney's declaration); *Woods v. Slater Transfer and Storage, Inc.*, 2010 WL 3433052, at *4 (D. Nev. Aug. 27, 2010) (granting motion in limine to exclude Internet printouts because they "constitute[d] inadmissible hearsay and have not been properly authenticated as required by Fed.R.Evid. 901"); *see also Cook v. J & J Snack Foods Corp.*, 2010 WL 3910478, at *5 (E.D. Cal. Jan. 28, 2010).

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

Here, Plaintiffs have not identified any trial witness who will attempt to (or is competent to) authenticate these Internet printouts. Thus, Plaintiffs have no means at trial of authenticating these exhibits, which should be excluded.

In their summary judgment briefing, Plaintiffs attempted to authenticate the Internet Materials by attaching them to declarations from one of their attorneys, Jared Haynie. *See* Dkt. #210-1 ¶ 3; Dkt. #213-1 ¶ 4; Dkt. #225-6 ¶ 3. In his declarations, Mr. Haynie did not indicate that he had personally accessed or printed off each website himself but, rather, indicated that the exhibits consisted of (1) "'screen shots' . . . as they appeared when accessed by myself *or my colleagues*," Dkt. #213-1 ¶ 4 (emphasis added), or (2) "copies of news articles, postings, and other documents available on the Internet, as they appeared when accessed by myself *or my colleagues*," Dkt. #210-1 ¶ 3 (emphasis added); *see also* Dkt. #225-6 ¶ 3 (same).

Mr. Haynie has never been identified as a witness in this matter, and has not been identified by Plaintiffs as a potential trial witness. Even if he had, Mr. Haynie does not have personal knowledge that the Internet Materials are what they purport to be. Indeed, it is clear from Mr. Haynie's declarations that he did not even personally access every website or print every website himself. Rather, for some unknown number of unidentified exhibits, unidentified "colleagues" accessed and created the exhibits in question. Mr. Haynie thus lacks personal knowledge sufficient to authenticate these exhibits.

In sum, Plaintiffs cannot meet their threshold burden under Fed. R. Evid. 901 of establishing that the Internet Materials are authentic. The Internet Materials are inadmissible because of this deficiency alone.

**2.   The Materials Printed from the Internet Are Inadmissible**

Even if Plaintiffs could surpass their threshold burden of authenticating the Internet Materials, the materials are inadmissible and should be excluded.

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

### a. The Internet Materials Lack Foundation and Contain Improper Opinion Testimony

The Internet Materials should be excluded because (1) Plaintiffs cannot lay necessary foundation for the Internet Materials and (2) the Internet Materials are rife with improper opinion testimony.

Under Fed. R. Evid. 602, a witness may only testify to a matter upon foundation that the witness has personal knowledge of the matter (save for opinion testimony by experts). Thus, "'[a] witness may testify only about matters on which he or she has first-hand knowledge. The witness's testimony must be based on events perceived by the witness through one of the five senses.'" *Latman v. Burdette*, 366 F.3d 774, 787 (9th Cir. 2004) (quoting 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 602.02 (2d ed. 2004)).

Under Fed. R. Evid. 701, a lay witness may testify in the form of opinions or inferences only when the witness' testimony is rationally based on the witness' perception and helpful to a clear understanding of the witness' testimony or a fact in dispute. Under ER 702, an expert witness may testify to scientific, technical, or other specialized knowledge only upon showing the witness' expertise and required characteristics of the evidence in question.

Plaintiffs have laid absolutely no foundation that the various statements or assertions made in the Internet Materials are based on personal knowledge under Fed. R. Evid. 602. To the contrary, Plaintiffs ask the Court to conclude, in essence, that one can believe anything one reads on the Internet. Plaintiffs are, obviously, incorrect. *See, e.g., Asset Marketing Systems Ins. Services, LLC v. McLaughlin*, 2007 WL 2406894, at *6 n.3 (S.D. Cal. Aug. 20, 2007).

The Internet Materials should also be excluded to the extent they contain improper opinion testimony. A single example is illustrative. Plaintiffs offer as proposed trial exhibit 204 what appears to be a printout of an online opinion column by columnist George Will. Stafford Decl. Ex. A, at p. 20 (previously identified as Dkt. #212-2 (Ex. 4 at pp. 716-17)). Mr. Will has not been identified by Plaintiffs as a witness in this matter. In this column, Mr. Will opines,

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

among other things, that "[d]isclosure threatens the right to privacy, which is under assault by a spreading movement—call it thuggish liberalism—that uses intimidation to suppress political participation." *Id.* To the extent this is a lay opinion, Plaintiffs have laid no foundation that the observation is rationally related to Mr. Will's perceptions or that it would be helpful to the trier of fact. To the extent it is expert testimony, Plaintiffs have laid no foundation that Mr. Will is qualified to render this opinion or that the opinion meets the standards established by *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

These statements, and the myriad others like them in the Internet Materials, should be excluded.

### b. The Internet Materials are Inadmissible Hearsay

Moreover, the Internet materials are inadmissible hearsay. Under Fed. R. Evid. 802, hearsay evidence is not admissible unless a specific exception applies. *See U.S. v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) (computer printouts are hearsay).

Indeed, most of the Internet materials contain layer upon layer of hearsay. Where a party seeks to introduce hearsay within hearsay, it must establish an exception for each "layer" of hearsay. Fed. R. Evid. 805. Plaintiffs cannot demonstrate that exceptions to the hearsay rule exist for any, and certainly not each, layer of hearsay.

By way of illustration, Plaintiff's potential Trial Exhibit 6 (previously proffered as Exhibit 5-1 to Plaintiffs' motion for summary judgment (Dkt. #213-1)) consists of a video of conversation between Bill O'Reilly of Fox News and someone identified on the video as Christine Cloud, during which both Mr. O'Reilly and Ms. Cloud make out-of-court unsworn statements (including Ms. Cloud's remarks about what she claims the person with whom she had a confrontation said and what she discussed with the police). The exhibit includes not just the hearsay (and hearsay upon hearsay, if not beyond) in the video itself, but it also includes the YouTube website page on which additional out-of-court statements are set forth, including the title to the video apparently included by the person(s) who posted the video there (identified only

INTERVENOR WAFST'S MOTION IN LIMINE  
(NO. C:09-CV-05456 BHS) – 6

Perkins Coie LLP  
1201 Third Avenue, Suite 4800  
Seattle, WA 98101-3099  
Phone: 206.359.8000  
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

as "DPS72"), which heading asserts that the alleged "attack" described in the video was by a "gay activist." The website also includes various other hearsay statements, including the titles of other videos that YouTube linked to this video, comments by viewers of the videos, and "like" or "dislike" tallies. The exhibit is plainly being offered by Plaintiffs to prove the truth of the matter asserted in the video, and no hearsay exception permits their admission.

The same hearsay problems are found in all of the many news reports, blogs, and other materials from the Internet that Plaintiffs seek to introduce. As another example, Plaintiffs' proposed Trial Exhibit 156 purports to be a news story captioned "Backers of Calif. Gay Marriage Ban Face Backlash," which contains the reporter's statement that "[s]ince California voters passed a ban on gay marriage, some supporters of the measure have found themselves squarely in the bulls-eye of angry gay rights activists," and statements of individuals apparently interviewed by the reporter. *See* Stafford Decl. Ex. A, at p. 17 (previously identified as Dkt. 211 (Ex. 4, at pp. 515-16)). Again, these statements are plainly being offered for the truth of the matters asserted, and no exception applies.

Plaintiffs have not even attempted to show that specific exceptions to the hearsay rule permit the introduction of the hearsay contained in the Internet Materials. Instead, they have submitted a prophylactic "Notice of Intent to Offer Evidence Under Federal Rule of Evidence 807" (Dkt. #216). As previously noted by WAFST, the notice is legally insufficient because it fails to identify "the statement and the particulars of it, including the name and address of the declarant." Fed. R. Evid. 807. Moreover, the notice is substantially deficient because it does not demonstrate that the hearsay statements at issue are offered for a material fact and are "more probative on the point for which [they] are offered than any other evidence which the proponent can procure through reasonable efforts." Fed. R. Evid. 807.[1]

---

[1] To be blunt, Plaintiffs have attempted nothing less than a wholesale shortcut around Federal Rules of Evidence designed to ensure that parties' factual assertions are tested through the crucible of examination and cross-examination to assist the Court in its truth-finding function. Plaintiffs had any number of ways to avoid the hearsay problems they present. They could have identified actual, knowledgeable witnesses, and deposed or subpoenaed them. They could have subpoenaed business records and obtained declarations of records custodians. Obviously,

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

In sum, Plaintiffs cannot establish the existence of specific exceptions to the hearsay rule for the Internet Materials, and their prophylactic Notice does not meet the requirements of Fed. R. Evid. 807. The Court should exclude the Internet Materials.

### c. The Internet Materials Should Be Excluded to the Extent They Contain Testimony From Undisclosed Witnesses

Even if the hearsay statements in the Internet Materials fit into an exception to the hearsay rule, almost every single one is made by a declarant who was not disclosed by Plaintiffs pursuant to the Court's scheduling order in this matter and, even now, has not been identified as a potential trial witness by Plaintiffs in their pretrial statement. This hearsay testimony—and associated documents—should be stricken for this (independent) reason as well.

### d. The Internet Materials Are Inadmissible Under Fed. R. Evid. 401, 402 and 403

Finally, even if Plaintiffs could authenticate the Internet Materials, and even if they could surmount the numerous evidentiary shortcomings outlined above, the Internet Materials should be excluded because they simply are not relevant to this case.

Pursuant to Fed. R. Evid. 401 and 402, evidence is only admissible if it is relevant. Evidence is relevant if it has some tendency to make "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under Fed. R. Evid. 403, relevant evidence can be excluded if its probative worth is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of evidence."

Here, Plaintiffs' claim (in brief) is that R-71 petition sheets should be exempted from disclosure under Washington's Public Records Act because R-71 petition signers face a

---

they had this collection of newspaper and media accounts to point them to actual *evidence* or *witnesses* who might have had actual first-hand, admissible and relevant knowledge. But they chose to forego such an investigation. Making that choice, for whatever reason, hardly excuses Plaintiffs from compliance with the otherwise-applicable rules of evidence. Plaintiffs' wholly improper shortcut is simply not appropriate.

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

reasonable probability of threats, harassments, or reprisals if the petitions are disclosed. Thus, the Internet Materials are only relevant if they have some tendency to demonstrate that individuals signing an R-71 petition in 2009 face a reasonable probability of present-day harassment if their identities are disclosed. They do not. R-71 concerned a referendum on a law passed in the State of Washington in 2009 pertaining to the extension of certain domestic partnership rights and responsibilities to same-sex and certain heterosexual couples. Most of the Internet Materials concern the Proposition 8 campaign in California in 2008, which concerned a California Supreme Court decision regarding *same-sex marriage*. Whether signatures on a referendum petition were or should be kept confidential was not at issue in the Proposition 8 campaign. To put it mildly, it is not clear what events occurring during the midst of a campaign regarding a different issue in a different state have to do with the present case. The Internet Materials are irrelevant.

Even if the Court determines that the Internet Materials have some minimal probative value, it should exclude the Internet Materials under Fed. R. Evid. 403, as their introduction would confuse the issues and waste the Court's time.

First, introduction of the Internet Materials would create a "great risk of confusing the issues" because of the at most tangential bearing that the matters discussed in the materials have on this lawsuit. *Center For Native Ecosystems v. U.S. Fish and Wildlife Service*, 2011 WL 2297668, at *5 (D. Colo. June 9, 2011). The risk of confusion is particularly great because Plaintiffs will not actually be presenting any testimony about the events discussed in the Internet Materials from a witness with personal knowledge of such events. These materials, if admitted, would therefore be stripped of context.

Second, introduction of the Internet Materials would waste the time scheduled for trial in this matter. The Internet Materials obviously could not simply be admitted en masse. WAFST therefore respectfully submits that accepting Plaintiffs' invitation for the parties and the Court to

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

spend trial reading news articles, blog posts, and opinion pieces and watching YouTube videos would confuse the issues actually before the Court and waste the Court's (and the parties') time.

The Court should exclude the Internet Materials as irrelevant under Fed. R. Evid. 401 and 401 or, in the alternative, as inadmissible under Fed. R. Evid. 403.

**B.    The Court Should Exclude the John Doe Declarations Submitted in *Protectmarriage.com***

In opposition to Defendants' and Intervenors' motions for summary judgment, Plaintiffs submitted 58 John Doe declarations that were previously submitted in support of the plaintiffs' motion for preliminary injunction in the *Protectmarriage.com* case in the Eastern District of California. Plaintiffs have not identified these John Doe declarants as potential trial witnesses in their pretrial statement, but do identify this collection of declarations as proposed Trial Exhibit 249. *See* Stafford Decl. Ex. A, at p. 22. The Court should exclude these declarations, as Plaintiffs did not timely identify these declarants as witnesses in *this* case.

Under the Joint Scheduling Order entered by the Court:

> [T]he name, address, and phone number of each individual who will be or may be called as a witness *or declarant* by the plaintiffs, or is likely to have discoverable information – along with the subjects of that information – will be disclosed on August 23, 2010. Witnesses not disclosed at that point will not be permitted to testify in person, *by declaration or affidavit*, or otherwise.

Dkt. #128 (emphasis added). Plaintiffs did not identify the *Protectmarriage.com* John Doe declarants in response to the Court's scheduling order. Indeed, Plaintiffs have never even informed the other parties to this litigation of the true identities of these declarants.[2] The very reason why disclosure of witnesses was required was to permit the parties to conduct necessary discovery. WAFST would be seriously prejudiced if Plaintiffs are permitted to introduce these declarations. Without knowing who the declarants are, WAFST cannot investigate their assertions or subject their testimony to cross examination. Moreover, the Court, in its function as

---

[2] It is unclear whether Plaintiffs themselves know the true identities of these declarants. In their opposition to the State's motion for summary judgment, Plaintiffs indicated they are not "privy to their identities." Dkt. #225 at 24. Elsewhere, one of Plaintiffs' former attorneys averred that she had "spoke[n] with each of the declarants." Dkt. 212-2 at 725.

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

71718-0001/LEGAL21567710.1

the trier of fact, would be deprived of its ability to fairly consider the declarations and determine what weight, if any, they should receive.

Thus, the Court should not permit introduction of these declarations at trial. *See, e.g., Barrett v. Negrete*, 2010 WL 2106235, at *5 (S.D. Cal. May 25, 2010) (granting motion in limine and stating that "previously undisclosed and unidentified witnesses [will] not be permitted to testify"); *Estate of Arriaga v. Calif.*, 2007 WL 2381233, at *1 (C.D. Cal. Jan. 16, 2007) (same).

### C. The Court Should Preclude Plaintiffs' Witnesses From Offering Inadmissible Testimony

Based on the deposition testimony of Plaintiffs' potential trial witnesses, WAFST believes it is highly likely that Plaintiffs will seek to introduce testimony that is irrelevant, speculative, improper opinion, hearsay, or otherwise objectionable. While rulings on some specific evidentiary issues may need to wait for trial, as Plaintiffs have not yet identified the individuals who will actually testify at trial (instead identifying all witnesses as only "potential" witnesses), WAFST requests generally that the Court preclude Plaintiffs from introducing certain types of evidence through the testimony of their witnesses.

First, the Court should exclude all hearsay testimony for which no exception applies. In particular, WAFST requests that the Court exclude all testimony regarding out-of-court statements concerning a declarant's purported experience of threats, harassment, or reprisals suffered as a result of manifesting a position regarding R-71 or participating in an association or organization supporting the placement of R-71 on the ballot or advocating for R-71 to be rejected by the voters. Plaintiffs' witnesses should testify to their own experiences and facts within their personal knowledge, rather than relaying hearsay accounts of threats, harassment, and reprisals purportedly experienced by others.

Second, the Court should exclude testimony regarding experiences related to events occurring outside of Washington or which are otherwise unrelated to the R-71 campaign,

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 11

71718-0001/LEGAL21567710.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

including events related to the general expression of views on "traditional marriage," expressions of views on same-sex marriage, or LGBT rights issues. As described above with respect to the Internet Materials, such testimony is irrelevant under Fed. R. Evid. P. 401 and 402. Further, such testimony should be excluded under Fed. R. Evid. 403. This case concerns the disclosure of petition sheets connected to a particular election in Washington concerning a particular issue. The Court should not permit Plaintiffs to utilize trial instead as a platform for promoting or explicating their general political views. Requiring Plaintiffs to focus their evidentiary showing on the issues actually presented in this litigation will focus the trial and provide the maximal opportunity for the parties and the Court to fully and fairly consider and resolve Plaintiffs' claim.

## V. CONCLUSION

For the reasons stated above, and in the State's motions to strike evidence submitted by Plaintiffs in support of their summary judgment briefing (joined by WAFST), the Court should exclude the unauthenticated and inadmissible evidence proffered by Plaintiffs in support of their claim.

DATED: August 22, 2011

By: s/ Kevin J. Hamilton, WSBA No. 15648
By: s/William B. Stafford, WSBA No. 39849
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: KHamilton@perkinscoie.com
   WStafford@perkinscoie.com

Attorneys for Defendant

INTERVENOR WAFST'S MOTION IN LIMINE
(NO. C:09-CV-05456 BHS) – 12

71718-0001/LEGAL21567710.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000