The Honorable Benjamin H. Settle

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON, | No. 09-cv-05456-BHS |
| Plaintiffs, | WASHINGTON COALITION FOR OPEN GOVERNMENT'S MOTIONS IN LIMINE |
| v. | |
| SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington, | NOTE ON MOTION CALENDAR: September 9, 2011 |
| Defendants. | |

## I.   MOTION

COMES NOW the Washington Coalition for Open Government ("WCOG"), pursuant to Local Rule 7(d)(4), and makes the following motions in limine to exclude certain testimony and documents from inclusion in the trial.  WCOG also joins the State of Washington and Washington Families Standing Together in their motions in limine.

A.   **Testimony and documents purporting to describe threats, harassment or reprisals where the alleged conduct did not involve words or conduct that placed the person allegedly threatened in a reasonable fear that the threat would be carried out.**

In this case, Plaintiffs must establish, through admissible evidence and not conjecture, "a reasonable probability that the compelled disclosure [of personal information] will subject them to



WASHINGTON COALITION FOR OPEN
GOVERNMENT'S MOTIONS IN LIMINE - 1

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

threats, harassment, or reprisals from either Government officials or private parties." *Doe* v. *Reed*, 130 S. Ct. 2811, 2820 (2010) (quoting *Buckley v. Valeo*, 424 U.S. 1, 74 (1976)). The words "threats," "harassment" and "reprisals" all have a connotation of a communicated "threat" and a present ability for that threat to be carried out. Evidence of mere threats, harassment and/or reprisals without a reasonable belief that they could be acted upon should be excluded.

Under Washington law, harassment is a criminal offense. *See* RCW 9A.46.020. In order to be harassment, the person receiving the alleged threat must show that "[t]he person by words or conduct places the person threatened in reasonable fear that the threat will be carried out." RCW 9A.46.020(1)(b). Mere words, without a reasonable anticipation of action, do not rise to the level of felony harassment under Washington law. In this case, statements that do not meet Washington's harassment standard should not be admitted because they are not probative of any fact that the Plaintiffs must establish, and their prejudicial value and the likelihood of confusing the issues outweighs any probative value. Fed.R.Evid. 403.

**B.      Testimony and documents purporting to describe threats, harassment or reprisals where the alleged evidence consists of vituperative, abusive and/or inexact language and there is no reasonable anticipation that the threat will be acted on.**

In the case of *Watts v. United States*, 394 U.S. 705, 707 (1969), the Supreme Court wrote that "what is a threat must be distinguished from what is constitutionally protected speech." In *Watts*, Robert Watts, a young person attending a police brutality rally in Washington, D.C., remarked that "[i]f they ever make me carry a rifle the first man I want to get in my sights is L.B.J." *Id*. at 706. The District Court and Court of Appeals convicted Robert Watts of making threats against the President. The Supreme Court overturned the lower courts, holding that "language of the political arena...is often vituperative, abusive and inexact," but that Mr. Watts' language, although offensive, did not rise to the level of a threat. *Id*. at 708.

**WK** **WITHERSPOON·KELLEY**
Attorneys & Counselors

WASHINGTON COALITION FOR OPEN
GOVERNMENT'S MOTIONS IN LIMINE - 2        422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

1   Here, the Plaintiffs' evidence of inexact and crude language should not be admitted because

2   it does not rise to the level of a "threat" as the Supreme Court has defined that term and as that

3   conduct is defined in Washington's anti-harassment laws.

4

5   **C.     Testimony and documents purporting to describe threats, harassment or reprisals where the party offering the evidence has acted in a method, manner or practice such that a reasonable person acting in the same method, manner or practice could reasonably anticipate criticism and/or reaction against the beliefs expressed, whether the criticism and/or reactions were public or private.**

6

7

8   Much of Plaintiffs' evidence and testimony comes from public figures and spokespeople for

9   the Referendum 71 campaign.  Outside of their direct work in support of placing R-71 on the ballot,

10

11  many of Plaintiffs' witnesses made repeated and public statements in support of traditional marriage.

12  Many of these speakers either anticipated or reasonably could have anticipated that others might

13  disagreed with their views and express that disagreement.  These persons who sought out criticism

14  based upon their out-spoken and public support of traditional marriage do not adequately and

15

16  properly represent the run-of-the-mill petition signer whose support is limited to one signature

17  amongst 138,000 others.  Therefore, the testimony of Plaintiffs' witnesses whose conduct, spoken

18  words or other advocacy on behalf of traditional marriage or Referendum 71 invited criticism is not

19  relevant, and the probability of unfair prejudice or confusion of the issues outweighs any probative

20  value.  Fed.R.Evid. 403.

21

22              **II.     CERTIFICATION OF COMPLIANCE**

23  Prior to filing this motion, on Friday, August 19, 2011, WCOG, in good faith, conferred with

24  other affected parties in an effort to resolve which matters really are in dispute.

25              **III.     CONCLUSION**

26  For the reasons stated herein, the above-referenced testimony should not be admitted by the

27

28  Plaintiffs during the trial in this matter.



WASHINGTON COALITION FOR OPEN
GOVERNMENT'S MOTIONS IN LIMINE - 3

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1    DATED this 22nd day of August, 2011.

2                                        WITHERSPOON • KELLEY

3

4                                        ___/s/ Steven J. Dixson, WSBA #38101___
5                                        DUANE M. SWINTON, WSBA NO. 8354
                                         LESLIE R. WEATHERHEAD, WSBA NO. 11207
6                                        STEVEN J. DIXSON, WSBA NO. 38101

7
                                         Counsel for Intervenor Washington Coalition for Open
8                                        Government

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASHINGTON COALITION FOR OPEN
GOVERNMENT'S MOTIONS IN LIMINE - 4

WK  WITHERSPOON • KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

## CERTIFICATE OF SERVICE

1.      I, Steven J. Dixson, am a citizen of the United States and a resident of the State of

Washington.  I am over the age of 18 years and not a party to the within action.  I am employed

by the law firm of Witherspoon · Kelley, P.S., 422 W. Riverside Avenue, Suite 1100, Spokane,

Washington.

2.      On the 22nd day of August, 2011, I caused to be served upon the parties via

electronic mail, the Washington Coalition for Open Government's Motions in Limine, on the

following:

James Jr. Bopp, jboppjr@aol.com
Joseph E. LaRue, jlarue@bopplaw.com
Stephen Walter Pidgeon, stephen.pidgeon@comcast.net
Jared M. Haynie, jhaynie@bopplaw.com
Anne E. Egeler, annee1@atg.wa.gov
Jay Geck, jayg@atg.wa.gov
William Clark, billc2@atg.wa.gov
Kevin J. Hamilton, khamilton@perkinscoie.com
William B. Stafford, wstafford@perkinscoie.com
Ryan McBrayer, rmcbrayer@perkinscoie.com
Nicholas Gellert, ngellert@perkinscoie.com

I declare under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.

/s/ Steven J. Dixson
Steven J. Dixson, WSBA #38101

WASHINGTON COALITION FOR OPEN
GOVERNMENT'S MOTIONS IN LIMINE - 5

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728