1

2

3

4

5

6

7

8 **United States District Court**
**Western District of Washington**
9 **Tacoma Division**

10

11 **John Doe #1**, et al.,                      No. 3:09-CV-05456-BHS

12                       Plaintiffs,       The Honorable Benjamin H. Settle

      v.
13                                               **Plaintiffs' Additional Briefing, per Court**
   **Sam Reed**, et al.,                         **Order of August 15, 2011**
14
                       Defendants.
15
                                                 Noted on motion calendar: August 24, 2011
16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs present the following points in response to the Court's request for additional briefing. (*See* Dkt. 250.)

The Court has ordered Plaintiffs to "inform the Court," in succinct fashion, "of those specific documents already in evidence that Plaintiffs believe will establish a material question of fact as to whether disclosure of R-71 signers' identities would result in the reasonable probability of threats, harassment, or reprisals." (Dkt. 250.) The Court has further instructed that "[t]hese documents shall only include the declarations, depositions, and documentary evidence already in the record *of actual R-71 signers who have not already made themselves public figures on this issue*." (Dkt. 250 (emphasis added).)

Of course there is no such evidence. Indeed, there could not be. Under what circumstances would instances of harassment of R-71 signers arise, unless the public had some way of knowing that such persons (i.e., the victims of harassment) in fact signed the R-71 petition? What would be the impetus for harassing such "unknown signers" absent some public indication that they signed the petition?

Plaintiffs' theory of the case is simply this: Harassment of the R-71 signers is *enabled by* the State's publication of the identities of those signers. Unless and until the identities of the signers are publicly exposed, there will be no harassment of R-71 signers (who signed the petition but did not make that fact public knowledge) because they remain anonymous. And that is the whole point. Anonymity works. So long as no one knows who signed the petition, the signers who did nothing but sign will not be harassed for the fact of their having signed the petition. Once exposed, however, there is a "reasonable probability" that such harassment will kick in.

Furthermore, if Plaintiffs were to (somehow) produce evidence of harassment against individuals who signed the petition, but of whom it was not generally known that they signed the petition, it strains the imagination to envision how Plaintiffs would be able to tie such harassment to the fact of signing. As it stands now, Defendants and Intervenor-Defendants have vigorously challenged Plaintiffs' evidence on grounds, among other things, that Plaintiffs' evidence of harassment is too tenuously tied to the views of the victims. This, despite the fact that the views of

Pls.' Additional Briefing, per Court
Order of August 15, 2011
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

1

1   the victims were either prominently known or were essentially obvious given the context of the

2   harassment (i.e., harassment at sign-holding rallies).

3       Defendants and Intervenor-Defendants' understanding of how intimidation works is both

4   unrealistic and naive. They seem to believe that the thugs who go around spreading their harassment

5   and intimidation leave little notes, in affidavit form, explaining the precise rationale for their actions.

6   The reality is that intimidation is generally spread by strangers who wish to inflict fear—and they

7   rarely stick around to discuss their "reasons" for doing so. Thus, proving a perpetrators' motivation

8   for spreading intimidation is no easy task. Imagine, for example, a Black man in the South a hundred

9   years ago being forced to prove *why* the lynch mob pulled him from his bed in the middle of the

10  night. *He* would know why. And indeed *the whole world* would know why. But *proving* it in a court

11  of law might be well-nigh impossible.

12      In short, Plaintiffs' ability to link acts of harassment to the victims' political views would be

13  completely thwarted if Plaintiffs could not rely on victims' public expressions regarding their views

14  on marriage or R-71. Because in virtually every case the perpetrator and the victim will be complete

15  strangers to one another, the most likely way that a perpetrator would come to believe that someone

16  in fact signed or supported the R-71 petition would be by some act of public support by the victim

17  (i.e., attendance at an R-71 sign-waving rally or some other similar show of public support).

18      It is undisputed that the victims and observers in this case *perceived* that harassment was linked

19  to the victims' stance on marriage. Plaintiffs' task was to show why this perception was both

20  *reasonable and objective*. To do so, Plaintiffs relied on evidence of harassment aimed at those who

21  stood up for marriage in Washington by, yes, doing more than merely signing the petition.

22  Washingtonians who were targeted with threats, harassment, and vandalism were those who

23  attended public sign-holding rallies, who placed political signs in their yards, or who otherwise took

24  strong public stands on the issue, either in leadership positions at their church or in the community

25  at large. The record is replete with examples of this type of harassment, and Plaintiffs have plainly

26  discussed the same in their prior briefing.

27      It is precisely because of the difficult nature of proving harassment, and linking it to the views

28

Pls.' Additional Briefing, per Court
Order of August 15, 2011
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

2

of the victims, that the Supreme Court has laid out a test that demands "sufficient flexibility in the proof of injury to assure a fair consideration of [the] claim." *Buckley v. Valeo*, 424 U.S. 1, 74 (1976). Demanding that Plaintiffs come forward with instances of harassment directed at victims who merely signed the petition, and who kept the fact of that signing a private matter, shatters the contemplated "flexibility" of the exposure exemption test and, for all practical purposes, makes Plaintiffs' case, or any other case for an exposure exemption, dead on arrival. *Cf. Brown v. Socialist Workers '74 Campaign Committee*, 459 U.S. 87, 101 n.20 (1982) (rejecting the state's argument that any evidence of harassment, to be validly considered in the exposure exemption analysis, must be linked to the state's exposure of the contributors' identities, because, the Court explained, when the Court laid out the exposure exemption test in *Buckley*, it expressly "rejected such 'unduly strict requirements of proof' in favor of 'flexibility in the proof of injury'" (*quoting Buckley*, 424 U.S. at 74)).

Dated this 24th day of August, 2011.

Respectfully submitted,

   /s/ Jared Haynie
James Bopp, Jr. (Ind. Bar No. 2838-84)*
   jboppjr@aol.com
Joseph E. La Rue (Ohio Bar No. 80643)*
   jlarue@bopplaw.com
Jared Haynie (Colo. Bar No. 41751)*
   jhaynie@bopplaw.com
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434
*Counsel for All Plaintiffs*
*Pro Hac Vice Application Granted

Stephen Pidgeon
ATTORNEY AT LAW, P.S.
30002 Colby Avenue, Suite 306
Everett, Washington 98201
(360) 805-6677
*Counsel for All Plaintiffs*

Pls.' Additional Briefing, per Court
Order of August 15, 2011
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

3

# Certificate of Service

I, Jared Haynie, am over the age of eighteen years and not a party to the above-captioned action. My business address is 1 South Sixth Street, Terre Haute, Indiana 47807.

On August 24, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

(1) Counsel for Defendants Sam Reed and Brenda Galarza:
    Anne E. Egeler — annee1@atg.wa.gov
    Jay Geck — jayg@atg.wa.gov
    William G. Clark — billc2@atg.wa.gov

(2) Counsel for Intervenor Washington Coalition for Open Government:
    Steven J. Dixson — sjd@wkdlaw.com
    Duane M. Swinton — dms@wkdlaw.com
    Leslie R. Weatherhead — lwlibertas@aol.com

(3) Counsel for Intervenor Washington Families Standing Together
    Ryan McBrayer — rmcbrayer@perkinscoie.com
    Kevin J. Hamilton — khamilton@perkinscoie.com
    William B. Stafford — wstafford@perkinscoie.com
    Rhonda L. Barnes — rbarnes@perkinscoie.com

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct.

Executed this 24th day of August, 2011.


 /s/ Jared Haynie
Jared Haynie
*Counsel for All Plaintiffs*

Pls.' Additional Briefing, per Court
Order of August 15, 2011
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434