**United States District Court**
**Western District of Washington**
**Tacoma Division**

| | |
|---|---|
| **John Doe #1**, et al.,<br><br>                Plaintiffs,<br>v.<br>**Sam Reed**, et al.,<br><br>                Defendants. | No. 3:09-CV-05456-BHS<br><br>The Honorable Benjamin H. Settle<br><br>**Plaintiffs' Motion to Use Deposition Testimony at Trial**<br><br>Noted on Motion Calendar: Sept. 16, 2011 |

**Plaintiffs' Motion to Use**
**Deposition Testimony at Trial**
(No. 3:09-CV-05456-BHS)

Bopp, Coleson & Bostrom
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

Come now Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington, and move the Court to allow the use of deposition testimony at trial, under Federal Rule of Civil Procedure 32(a)(4)(E).

Under the Federal Rules of Civil Procedure, at a hearing or trial, "all or part of a deposition may be used against a party on these conditions":

> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> (C) the use is allowed by Rule 32(a)(2) through (8)."

Fed. R. Civ. P. 32(a)(1). Those conditions are met in this case, and therefore Plaintiffs are able to use "all or part" of the depositions taken in this case, against the State and the two Intervenor-Defendants.

First, as to "Condition A," the State and each of the Intervenor-Defendants were present at the taking of all the depositions in this case, or had reasonable notice of them. Second, as to "Condition B," Plaintiffs will use the deposition testimony only to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying at trial. Of course, the State and the Intervenors will be able to object to any perceived deviation from this standard.

Finally, as to "Condition C," the use of deposition testimony is allowed by Rule 32(a)(4)(E), which permits a party to use "for any purpose the deposition of a witness, whether or not a party, if the court finds . . . (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used."

Exceptional circumstances warrant the use of deposition testimony in this case. First and foremost, allowing the use of deposition testimony will conserve resources of time and expense (of the both the Court and the parties) that otherwise will be needlessly wasted. Eighteen witnesses for Plaintiffs were deposed by the State and the Intervenors (collectively, "Defendants"). The opportunity to cross-examine those witnesses was fully available to

**Plaintiffs' Motion to Use**
**Deposition Testimony at Trial**
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

Defendants, and each deponent was in fact rigorously cross-examined. Furthermore, neither side in this dispute has raised any material factual disputes as to content of any deposition testimony (i.e., none of the parties has alleged that evidence beyond the depositions will discredit the accounts of harassment set forth in the depositions). In addition, Defendants in this case have already indicated their desire to use deposition testimony, as evidenced by their pre-trial statement.[1]

Plaintiffs additionally note that the Court has set aside five days for this trial. Plaintiffs are prepared to call, if necessary, nineteen witnesses to the witness stand. Defendants have indicated that they intend to call at least six of their own witnesses. In addition, the parties, collectively, have identified a combined 314 exhibits. It is difficult, to say the least, to envision how a trial with 25 witnesses and 314 exhibits can be reasonably conducted in a five-day trial if each of those witnesses is going to present live testimony.

Plaintiffs emphasize that granting this motion will not prejudice Defendants in any way. Indeed, Defendants are intimately familiar with the content of every deposition. They were there when the depositions were conducted (they in fact conducted them), and they have cited to them extensively in their previous briefing to the Court. Accordingly, this Court should act to preserve the precious resources of all parties, witnesses, and the Court itself, by granting leave to Plaintiffs to present deposition testimony under Federal Rule of Civil Procedure 32(a)(4)(E).

Finally, Plaintiffs hereby notify Defendants that in the event that this motion is denied, Plaintiffs intend to present, at trial, the deposition testimony of five witnesses who meet the criteria contemplated in Federal Rule of Civil Procedure 32(a)(4)(B), namely that the witnesses are "more than 100 miles from the place of hearing or trial."

---

[1] While Plaintiffs did include a witness list in their Pretrial Statement sent to Defendants, Plaintiffs did not initially disclose their desire to use deposition testimony. Plaintiffs later informed Defendants of their intention to use deposition testimony of specified witnesses, all of which were included in Plaintiffs' initial witness list. Plaintiffs' failure to initially disclose their intention of using deposition testimony is harmless error in this case. Fed. R. Civ. P. 37(c)(1).

**Plaintiffs' Motion to Use**
**Deposition Testimony at Trial**
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

iii

1
2   Dated this 29th day of August, 2011.
3   Respectfully submitted,
4
5     /s/ Jared Haynie
    James Bopp, Jr. (Ind. Bar No. 2838-84)*            Stephen Pidgeon
6      jboppjr@aol.com                   ATTORNEY AT LAW, P.S.
    Joseph E. La Rue (Ohio Bar No. 80643)*             30002 Colby Avenue, Suite 306
7      jlarue@bopplaw.com                Everett, Washington 98201
    Jared Haynie (Colo. Bar No. 41751)*                (360) 805-6677
8      jhaynie@bopplaw.com               *Counsel for All Plaintiffs*
    BOPP, COLESON & BOSTROM
9   1 South Sixth Street
    Terre Haute, Indiana 47807-3510
10  (812) 232-2434
    *Counsel for All Plaintiffs*
11  **Pro Hac Vice Application Granted*
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Plaintiffs' Motion to Use**                          BOPP, COLESON & BOSTROM
**Deposition Testimony at Trial**                      1 South Sixth Street
(No. 3:09-CV-05456-BHS)                                Terre Haute, Indiana 47807
                                                       (812) 232-2434

# Certificate of Service

I, Jared Haynie, am over the age of eighteen years and not a party to the above-captioned action. My business address is 1 South Sixth Street, Terre Haute, Indiana 47807.

On August 29, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

(1) Counsel for Defendants Sam Reed and Brenda Galarza:
Anne E. Egeler — annee1@atg.wa.gov
Jay Geck — jayg@atg.wa.gov
William G. Clark — billc2@atg.wa.gov

(2) Counsel for Intervenor Washington Coalition for Open Government:
Steven J. Dixson — sjd@wkdlaw.com
Duane M. Swinton — dms@wkdlaw.com
Leslie R. Weatherhead — lwlibertas@aol.com

(3) Counsel for Intervenor Washington Families Standing Together
Ryan McBrayer — rmcbrayer@perkinscoie.com
Kevin J. Hamilton — khamilton@perkinscoie.com
William B. Stafford — wstafford@perkinscoie.com
Rhonda L. Barnes — rbarnes@perkinscoie.com

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct.

Executed this 29th day of August, 2011.

/s/ Jared Haynie
Jared Haynie
*Counsel for All Plaintiffs*

---

**Plaintiffs' Motion to Use Deposition Testimony at Trial**
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434