1
2
3
4
5
6
7
8
9
10

**United States District Court**
**Western District of Washington**
**Tacoma Division**

11  **John Doe #1**, et al.,

12                          Plaintiffs,

13          vs.

14  **Sam Reed**, et al.,

15                          Defendants.

16

17

No. 3:09-CV-05456-BHS

The Honorable Benjamin H. Settle

**Plaintiffs' Response to Intervenor**
**Washington Families Standing Together's**
**Motion in Limine**

NOTE ON MOTION CALENDAR:

September 9, 2011

18
19
20
21
22
23
24
25
26
27
28

Pls.' Response to WAFST's Mot. in
Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

1    Come now Plaintiffs and respond to WAFST's motions in limine (Dkt. 255) and make the

2    following points and arguments in support thereof.

## Introduction

4    "Motions in limine are intended to prevent allegedly prejudicial evidence from being so much

5    as whispered before a *jury* prior to obtaining the Court's permission to broach the topic." *Cramer*

6    *v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) (emphasis added). This matter

7    will be tried before the bench, "making any motion in limine asinine on its face." *Id.*; *see also* 1

8    McCormick On Evid. § 60 (6th ed.) ("judges possess professional experience in valuing evidence,

9    greatly lessening the need for exclusionary rules"). Should this Court choose to entertain WAFST's

10   motion, Plaintiffs ask this Court to deny it, note that Plaintiffs evidence may be properly

11   authenticated and admitted at trial, and defer all evidentiary judgments until the time Plaintiffs

12   present their evidence at trial.

13   The party seeking to exclude evidence *in limine* faces a high burden. To exclude evidence on

14   a motion *in limine* "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co.*

15   *v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high

16   standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy

17   and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech.,*

18   *Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Although motions *in limine* may save "time, costs,

19   effort and preparation, a court is almost always better situated during the actual trial to assess the

20   value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

21

## Argument

23   Nearly every request made by WAFST is either premature or overbroad. In almost every

24   instance, WAFST fails to identify specific exhibits it contends are inadmissible. Rather, WAFST

25   requests that entire categories of evidence be excluded, which is improper. *See Colton Crane Co.*

26   *v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("motions *in*

27   *limine* should rarely seek to exclude broad categories of evidence, as the court is almost always

28   better situated to rule on evidentiary issues in their factual context during trial").

Pls.' Response to WAFST's Mot. in
Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

1

1    This Court should therefore deny WAFST's motion *in limine* and defer all evidentiary

2    judgments to allow Plaintiffs their full opportunity to present their case at trial. Of course, "the

3    denial of a motion *in limine* does not mean that the questioned evidence is admissible. It only means

4    that the court will resolve the issue at trial." *Nettles v. Farmers Ins. Exch. & Farmers Group, Inc.*,

5    2007 WL 1417304, at *1 (W.D. Wash. May 11, 2007).

6    **I. WAFST's Motion *In Limine* Should Be Denied Because Each

7    Exhibit Identified in Plaintiffs' Pretrial Statement Is Relevant,<br>and Will Be Properly Authenticated and Admissible At Trial.**

8    **A.   Plaintiffs' Internet Exhibits Should Not Be Excluded From Trial.**

9    As indicated in their Pretrial Statement, Plaintiffs intend to introduce and rely on at trial exhibits

10   consisting of news articles, postings, videos and other documents available on the Internet.[1] These

11   exhibits document specific instances of threats, harassment, and reprisals directed at persons who

12   have in various ways supported traditional marriage in Washington and other areas of the country.

13   As such, it is relevant to this Court's determination as to whether there is a reasonable probability

14   that those persons who evidenced support for traditional marriage by signing the Referendum 71

15   ("R-71") petition will be subject to threats, harassment, or reprisals if their names are made publicly

16   available. These exhibits should not be excluded at trial. To do so would contravene what the

17   Supreme Court promised to groups seeking an exposure exemption, namely, "flexibility in the proof

18   of injury." *Buckley v. Valeo*, 424 U.S. 1, 74 (1976).

19   **1.   Each Internet Exhibit Can, And Will Be, Properly Authenticated At Trial.**

20   WAFST first objects to Plaintiffs' use at trial of all exhibits constituting materials gleaned from

21   the Internet. (WAFST Mot. In Lim. 2–4.) In WAFST's view, Plaintiffs have not, and cannot,

22   authenticate these exhibits at trial. (*Id.*)[2] WAFST is incorrect. Plaintiffs' Internet exhibits will be

23   authenticated at trial, pursuant to Federal Rule 901, by a "competent witness with personal

24   knowledge of their authenticity." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir.

---

26   [1] The Internet exhibits identified in Plaintiffs' Pretrial Statement have been previously filed as exhibits in support of Plaintiffs Motion for Summary Judgment. (*See* Dkts. 210–213, 225(6).)

27   [2] Interestingly, the Defendants, including WAFST, intend on using Internet articles at trial as well. *See* Dkt.
28   284 (Agreed Pretrial Order 39–43). Notably, Plaintiffs stipulated as to the authenticity of these documents both because of the reasons set forth in this response and also to preserve judicial economy at trial.

Pls.' Response to WAFST's Mot. in
Limine
(No. 3:09-CV-05456-BHS)

**BOPP, COLESON & BOSTROM**
**1 South Sixth Street**
**Terre Haute, Indiana 47807-3510**
**(812) 232-2434**

2011). Furthermore, the Internet exhibits consisting of news articles are self-authenticating under Federal Rule of Evidence 902(6) and contain "sufficient indicia of authenticity."

Authentication is a "condition precedent to admissibility." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). "[T]his condition is satisfied by 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Id.* (*quoting* Fed. R. Evid. 901(a)). Federal Rule of Evidence 901(b)(1) provides that "[t]estimony that a matter is what it is claimed to be" "by a witness with knowledge" constitutes "sufficient evidence" for purposes of this rule. "'The rule requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification.'" *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) (*quoting* 5 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 901(a) [01], at 901-16 to -17 (1983)); *see also United States v. Tank,* 200 F.3d 627, 630 (9th Cir. 2000).

The threshold for the Court's determination of authenticity is not high. *See, e.g.*, *Orr*, 285 F.3d at 784; *United States v. Reilly*, 33 F.3d 1396, 1404 (3d Cir. 1994); *United States v. Holmquist*, 36 F.3d 154, 168 (1st Cir. 1994) ("the standard for authentication, and hence for admissibility, is one of reasonable likelihood"); *United States v. Coohey,* 11 F.3d 97, 99 (8th Cir. 1993) ("the proponent need only demonstrate a rational basis for its claim that the evidence is what the proponent asserts it to be"). "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so." *Orr*, 285 F.3d at 784 (*citing* 31 Wright & Gold, Federal Practice & Procedure: Evidence § 7106, 43 (2000)).

Federal Rule of Evidence 901's low threshold for authenticity is easily satisfied in this case. At trial, Plaintiffs will offer testimony of James Bopp, Jr.[3] (or another employee of Bopp, Coleson & Bostrom law firm who will prepare Plaintiffs' trial exhibits) to authenticate their Internet exhibits. Whoever testifies as to the authenticity of Plaintiffs' Internet exhibits will do so based on personal knowledge that each exhibit is what the witness claims it to be.

---

[3] James Bopp, Jr. was not identified as a trial witness in Plaintiffs' initial pretrial statement. However, Plaintiffs promptly informed all parties that Jared Haynie or another employee of Bopp, Coleson & Bostrom law firm who will prepare Plaintiffs' trial exhibits will be called as a witness at trial for the limited purpose of authenticating some of Plaintiffs' trial exhibits, including the Internet exhibits WAFST seeks to exclude here.

Pls.' Response to WAFST's Mot. in Limine
(No. 3:09-CV-05456-BHS)

**BOPP, COLESON & BOSTROM**
**1 South Sixth Street**
**Terre Haute, Indiana 47807-3510**
**(812) 232-2434**

1    For purposes of trial, it is immaterial whether Plaintiffs' Internet exhibits were properly

2    authenticated when the same were offered in support of Plaintiffs' Motion for Summary Judgment.

3    (*See* WAFST Mot. in Lim. 4.) Plaintiffs are not bound by the methods or the witnesses used to

4    authenticate their Internet exhibits when they were offered for a different purpose. Rather, Plaintiffs

5    may authenticate their Internet exhibits at trial by any "competent witness with personal knowledge

6    of their authenticity." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011).

7    Therefore, it would be premature for this Court to exclude this evidence *in limine* based on alleged

8    deficiencies regarding how Plaintiffs have authenticated their Internet exhibits in their summary

9    judgment briefing. *See Hilborn v. Chaw Khong Technologies, Co., Ltd.*, 2008 WL 4225783, *2 (E.D.

10   Mich. Sept. 10, 2008) (denying motion *in limine* on authentication grounds as premature where party

11   will have opportunity to authenticate each exhibit at trial).

12   However, the declarations made by Mr. Haynie to authenticate Plaintiffs' Internet exhibits when

13   they were offered in support of Plaintiffs' Motion for Summary Judgment illustrate that Mr. Haynie,

14   or another named trial witness, can easily authenticate Plaintiffs' Internet exhibits at trial. *See*

15   *Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006, 1027 (N.D. Cal. 2009) (the

16   "proposition that an attorney cannot authenticate a print-out from a publicly accessible website" is

17   "nonsensical"). As to Plaintiffs' Internet exhibits consisting of news articles, postings, and other

18   Internet documents, Mr. Haynie declared that the exhibits were "true and correct copies of news

19   articles, postings, and other documents available on the Internet, as they appeared when accessed

20   by myself or my colleagues." (*First Haynie Declaration*, Dkt. 210-1, pg. 2, ¶ 3); (*Third Haynie*

21   *Declaration*, Dkt. 225-6, pg. 2, ¶ 3) As to Plaintiffs' Internet exhibits consisting of videos, Haynie

22   declared "The documents listed below are true and correct copies of 'screen shots' of web sites at

23   which the videos were obtained. The 'screen shots' are reproduced below as they appeared when

24   accessed by myself or my colleagues." (*Second Haynie Declaration*, Dkt. 213-1, pg. 2, ¶¶ 3-4.)

25   Haynie's declarations illustrate testimony sufficient to authenticate each of Plaintiffs' Internet

26   exhibits because they are made from personal knowledge, i.e. he "used" each article, web site, or

27   video, or he "saw others do so." *See Orr*, 285 F.3d at 784 ("A document can be authenticated [under

28   Rule 901(b)(1)] by a witness who wrote it, signed it, *used it, or saw others do so.*" (emphasis

Pls.' Response to WAFST's Mot. in
Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

4

1  added)).

2      Additionally, Plaintiffs' news articles are self-authenticating under Federal Rule of Evidence

3  902(6), which provides that "[p]rinted materials purporting to be newspapers or periodicals are

4  self-authenticating." *Ciampi v. City of Palo Alto*, __ F. Supp. 2d __ , 2011 WL 1793349, *7 (N.D.

5  Cal. May 11, 2011) (*citing* Fed. R. Evid. 902(6)). "[S]elf-authenticating documents need no extrinsic

6  foundation." *Orr*, 285 F.3d at 774 (*citing* Fed. R. Evid. 902(6)). Contrary to WAFST's assertions,

7  Internet printouts of news articles are not excluded from this rule. Rather, "[i]n considering internet

8  printouts, courts have considered the 'distinctive characteristics' of the website in determining

9  whether a document is sufficiently authenticated." *Ciampi*, at *7; *see also, e.g., Premier Nutrition,

10 *Inc. v. Organic Food Bar, Inc.*, 2008 WL 1913163, at *6 (C.D. Cal. Mar. 27, 2008); *Perfect 10, Inc.*

11 *v. Cybernet Ventures, Inc.*, 213 F. Supp.2d 1146, 1153–54 (C.D. Cal. 2002). News "articles . . .

12 contain[ing] sufficient indicia of authenticity, including distinctive newspaper and website designs,

13 dates of publication, page numbers, and web addresses" are sufficiently authenticated for purposes

14 of admissibility. *Ciampi*, at *7.

15     In *Premier Nutrition, Inc. v. Organic Food Bar, Inc.*, 2008 WL 1913163, at *6 (C.D. Cal. Mar.

16 27, 2008), plaintiffs attached three printouts of Internet news articles to a declaration in support of

17 a motion for summary judgment. Defendants objected that these articles lacked foundation and thus

18 were inadmissible. *Id*. The court disagreed and held the articles were sufficiently authenticated. *Id*.

19     In *Ciampi v. City of Palo Alto*,  __ F. Supp. 2d __ , 2011 WL 1793349, at *7 (N.D. Cal. May

20 11, 2011), plaintiffs "submit[ed] copies of newspapers, as well as print-outs of internet

21 publications." Defendants argued these articles were inadmissible because they lacked proper

22 authentication.  *Id*. The court disagreed. The court found the "internet publications" to be

23 "sufficiently authenticated" because they "contain[ed] sufficient indicia of authenticity, including

24 distinctive newspaper and website designs, dates of publication, page numbers, and web addresses."

25 *Ciampi*, at *7 (citing *Premier Nutrition*, 2008 WL 1913163, at *6).

26     *Premier Nutrition* and *Ciampi* both relied on *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213

27 F. Supp. 2d 1146, 1153 (C.D. Cal. 2002) in which the court found that website printouts were

28 admissible evidence over objections by the defense that they were insufficiently authenticated. The

**Pls.' Response to WAFST's Mot. in Limine (No. 3:09-CV-05456-BHS)**

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

1  court determined that the declarant's statement that the printouts were "true and correct copies of

2  pages printed from the Internet that were printed by [the declarant] or under his direction,"

3  "combin[ed] with circumstantial indicia of authenticity (such as the dates and web addresses), would

4  support a reasonable juror in the belief that the documents are what Perfect 10 says they are." *Id*.

5  Thus, the court held the Internet print-outs were sufficiently authenticated and therefore admissible.

6  *Id*.

7      Plaintiffs' evidence will easily satisfy the standards set out by these courts and the Federal

8  Rules of Evidence. Each printout contains sufficient indicia of authenticity. *Ciampi*, 2011 WL

9  1793349 at *7 (citing *Premier Nutrition, Inc.*, 2008 WL 1913163, at *6). As with the vast majority

10  of Plaintiffs' summary judgment exhibits, each of Plaintiffs' trial exhibits will show the web address

11  at which the news article, posting, or video is or was located on the Internet as well as the date and

12  time Plaintiffs copied it from the Internet. *Perfect 10*, 213 F. Supp. 2d at 1153.

13      The cases cited by the WAFST are inapposite. (WAFST Mot. in Lim. 3.) They did not involve

14  news articles. *In re Easysaver Rewards Litigation*, 737 F. Supp. 2d 1159, 1167 (2010) (S.D. Cal.

15  2010) (screen shots of defendant's website, including screen shots of pop-ups and a privacy policy);

16  *Adobe Sys., Inc. v. Christenson*, 2011 WL 540278, at *8-9 (D. Nev. Jan. 11, 2011) (print-outs of

17  comments made on consumer review websites provided without declaration); *In re Homestore.com,

18  Inc. Securities Litigation*, 347 F. Supp. 2d 769, 782-83 (2004) (C.D. Cal. 2004) (press and earnings

19  releases); *Auto. Ins., Co. of Hartford, Connecticut v. Abel*, 2010 WL 5014408, *3 (D. Or. Dec. 3,

20  2010); *Auto. Ins., Co. of Hartford, Connecticut v. Abel*, 2010 WL 5014408, *3 (D. Or. Dec. 3, 2010)

21  ("Internet printout of the signs and symptoms of 'Central Nervous System Vasculitis'"); *Woods v.

22  Slater Transfer & Storage, Inc.*, 2010 WL 3433052, at *4 (D. Nev. Aug. 27, 2010) ("Complaints

23  against NAVL and Slater Transfer and Storage (posted on the internet)"); *Cook v. J & J Snack

24  Foods Corp.*, 2010 WL 3910478, * 5 (E.D. Cal. Jan. 28, 2010) ("print out copies of websites

25  employing the phrase 'Mix It Up'").

26      A court "excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible

27  for any purpose." *Hawthorne Partners v. AT & T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill.

28  1993). Because WAFST has not shown that Plaintiffs are unable to authenticate their Internet

Pls.' Response to WAFST's Mot. in
Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

exhibits at trial, this Court should defer ruling on their admissibility until Plaintiffs offer them at trial. *See Stewart v. Hooters of Am., Inc.*, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) ("Motions In Limine are disfavored; admissibility questions should be ruled upon as they arise at trial.").

    **2.    Each Internet Exhibit Is Admissible Under the Federal Rules of Evidence.**

        **a.    This Court Should Defer Judgment As To Whether Plaintiffs' Internet Exhibits Lack Foundation Or Contain Improper Opinion Testimony.**

WAFST argues that Plaintiffs cannot lay the necessary foundation for the Internet exhibits and that such exhibits are "rife with improper opinion testimony." (WAFST Mot. In Lim. 5.) Even assuming Plaintiffs intend to use the specific statements made in those particular exhibits in trial, it would be incredibly premature to exclude *all* of Plaintiffs' Internet exhibits *in limine* on that basis alone. At trial, Plaintiffs intend to lay a foundation for each statement contained in an Internet exhibit and do not intend on offering any improper opinion testimony.

        **b.    This Court Should Defer Judgment As To Whether Plaintiffs' Internet Exhibits Constitute Inadmissible Hearsay.**

WAFST argues that Plaintiffs' Internet exhibits are inadmissible hearsay, and should therefore be excluded *in limine*. WAFST's objections are both premature and overbroad. This Court should therefore deny WAFST's motion and defer judgment until trial to allow Plaintiffs to offer each exhibit on a document by document basis and explain the purpose for which each exhibit is being offered. *See Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("motions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial").

    Contrary to WAFST's arguments, Plaintiffs evidence is not hearsay (because of the purpose for which it is offered). In making its argument, WAFST misapprehends the purpose for which Plaintiffs' evidence is offered. Hearsay is an out-of-court statement used "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). However, for Plaintiffs' purposes, it makes little difference whether the accounts of harassment discussed in newspaper editorials or portrayed on the six o'clock

Pls.' Response to WAFST's Mot. in
Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

7

1    news are factually accurate, because reasonable persons viewing such reports are likely to come to

2    the conclusion, not unreasonably, that if they (the readers and the viewers) choose to speak up for

3    traditional marriage, they too risk facing (like the people in the news reports) threats, harassment,

4    and reprisals. Thus, Plaintiffs' proffering of the evidence does not hinge on "prov[ing] the truth of

5    the matter asserted" in each and every news report, magazine article, and video clip but, rather, it

6    goes to the natural and probable effect that such reports have on the listener, which is to chill

7    protected expression. Therefore, the news reports and videos are not hearsay, and are admissible.

8        But even if the news reports and videos were hearsay (and they are not), they would still be

9    admissible under Federal Rule of Evidence 807. Rule 807 "exists to provide judges a 'fair degree

10   of latitude' and 'flexibility' to admit statements that would otherwise be hearsay." *United States v.*

11   *Bonds*, 608 F.3d 495, 501 (9th Cir.  2010) (*quoting United States  v. Valdez–Soto*, 31 F.3d 1467,

12   1471 (9th Cir. 1994)).  Hearsay evidence may be admitted under Rule 807 if (a) it has circumstantial

13   guarantees of trustworthiness equivalent to the listed exceptions to the hearsay rule, (b) it serves as

14   evidence of a material fact, and (c) it is more probative on the point for which it is offered than any

15   other evidence which the proponent can procure through reasonable efforts. The hearsay must serve

16   the general purposes of the Rules of Evidence and the interests of justice by its admission into

17   evidence. Fed. R. Evid. 807; s*ee also United States v. Fowlie*, 24 F.3d 1059, 1069 (9th Cir. 1994).

18   The hearsay evidence used in this action meets the requirements for admission under Rule 807.

19       The articles used as evidence in the case at bar have circumstantial guarantees of

20   trustworthiness equivalent to the listed exceptions of the hearsay rule. First, the sheer volume of

21   news reports relating to harassment of traditional marriage supporters is itself a strong circumstantial

22   guarantee of trustworthiness. Given the number of stories on this issue, one must only conclude that,

23   (a) these threats and reprisals are actually occurring across the country or (b) there is a vast

24   conspiracy in the media to portray these incidents as arising across the country. The second

25   circumstantial guarantee of trustworthiness is the broad range of political perspectives that reported,

26   discussed, and editorialized about the threats and reprisals. The fact that many news sources who

27   were unabashedly pro-same sex marriage ran stories covering these instances is a strong indicator

28   that these incidents  did in fact occur as recorded. (*See, e.g.*, Pls' Trial Exs. 43 (*Newsweek*); 91 (*New*

Pls.' Response to WAFST's Mot. in
Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

York Times) 93, 146, 147 (Los Angeles Times); 173 (Time Magazine); 216 (Associated Press).)

Courts have held that where multiple independent newspapers attribute the same quotations or details to the same individual or set of events, the statements may have "circumstantial guarantees of trustworthiness" at least equivalent to those of the other hearsay exceptions when the statements, and can be used as evidence of a material fact. Larez v. City of Los Angeles, 946 F.2d 630, 643–44 (9th Cir. 1991). In Larez, the Ninth Circuit recognized that newspaper articles meet the trustworthiness requirement. 946 F.2d at 643. In that case, however, the court ultimately turned to the "best evidence" requirement and concluded that articles are nonetheless inadmissible if the declarant is able to testify about the statements. In support of this conclusion, the court noted that Rule 803(24)(b)[4] requires that the hearsay evidence be more probative than any other evidence that could be reasonably obtained. Larez, 946 F.2d at 644. In failing to meet the "best evidence" requirement, however, Larez is clearly distinguished from the facts of our case.

Here, the amount of evidence provided by the news articles cannot be reasonably obtained in any other manner. The evidence used in this case seeks to establish a pattern of harassment and necessarily spreads across countless individuals across hundreds of miles. The evidence also includes anonymous Internet postings (available for anyone to access) whose authors' identities are unknown. In contrast to the more typical case involving a single incident documented by a small number of reports, this case involves authors, victims, incidents, and news reports that are virtually limitless in number and variety. Plaintiffs cannot, through "reasonable efforts," procure and call to the witness stand each and every one of these individuals.

The news reports, postings, and videos contained in Plaintiffs' trial exhibit list are admissible under Rule 807 because the articles are the most probative evidence Plaintiffs can procure through reasonable efforts. Larez, 946 F.2d at 644. The circumstances in this case warrant their admission. The existence of a catch-all hearsay exception was meant precisely for a case like this. Rule 807 exists to provide courts with flexibility in admitting statements traditionally regarded as hearsay but

---

[4]Two residual exceptions were contained in the Federal Rules as initially adopted. In 1997, the residual exceptions were transferred out of Rules 803 and 804, and combined in the a single exception in Rule 807. No change in meaning was intended. The cases decided under old rules 803(24) and 804(b)(5) remain pertinent in deciding whether hearsay is admissible under Rule 807.

Pls.' Response to WAFST's Mot. in Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

1    not falling within any of the conventional exceptions. *United States v. Valdez-Soto,* 31 F.3d 1467,

2    1471 (9th Cir. 1994).  In this case, the use of Rule 807 serves to forward the general purposes of the

3    Rules and the interests of justice by allowing the exhibits to be admitted into evidence.

4         WAFST's hearsay objections to Plaintiffs' Internet exhibits are entirely premature. Whether

5    each exhibit has "circumstantial guarantees of trustworthiness" that warrant its admission under

6    Federal Rule of Evidence 807 can only be determined at trial as statements from each exhibit are

7    presented and evaluated. Depending on the statement offered and its source, the Court may

8    determine that some statements are admissible and some are not. If during the course of its case

9    Plaintiffs attempt to elicit statements that are improper on hearsay grounds, WAFST can object at

10   that time and the issue will be resolved at that time. *S.E.C. v. Treadway*, 438 F. Supp. 2d 218, 225

11   (S.D.N.Y. 2006).

12        This case is unique in that Plaintiffs are relying on widely distributed examples of threats,

13   harassment, and reprisals. Instead of arguing the weight of Plaintiffs' evidence at trial, WAFST

14   attempts to have it stricken. This is not a situation where news articles are being used to quote a key

15   witness who is readily available. *See, e.g.*, *Larez*, 946 F.2d at 643.  Moreover, many of these

16   examples were also filed and considered at the preliminary injunction stage, the summary judgment

17   stage, provided in discovery production, and discussed at depositions. Furthermore, Plaintiffs filed

18   the 807 notice along with their opening summary judgment brief, giving WAFST adequate time to

19   prepare to meet Plaintiffs' evidence.

20        In a case with evidence as voluminous as this one—and where the object of the admission of

21   the evidence is not to incarcerate or impose financial liability—it is unreasonable to expect that

22   Plaintiffs would actually call, as witnesses on the witness stand, each and every newspaper reporter,

23   editorial board member, magazine writer, news anchor, and video editor who ran stories or produced

24   videos relating to harassment of pro-traditional-marriage supporters (not to mention the hundreds

25   of victims who those reporters, board members, writers, anchors, and editors interviewed, quoted,

26   and filmed for their stories). To do so, Plaintiffs would literally have to call hundreds upon hundreds

27   of witnesses. Not only is such a result counterintuitive, but it also flies in the face of what the

28   Supreme Court promised to groups seeking an exposure exemption, namely, "flexibility in the proof

**Pls.' Response to WAFST's Mot. in Limine**
**(No. 3:09-CV-05456-BHS)**

**BOPP, COLESON & BOSTROM**
**1 South Sixth Street**
**Terre Haute, Indiana 47807-3510**
**(812) 232-2434**

10

1    of injury." *Buckley v. Valeo*, 424 U.S. 1, 74 (1976). Each and every instance of intimidation could
2    easily comprise an entire trial of its own. Surely, the "flexibility" the Court promised was not the
3    promise of one trial (for an exemption) that itself comprised hundreds of mini-trials, each with their
4    own intricacies.

5    Where alternative grounds upon which alleged hearsay evidence could be admitted exist, the
6    Court should defer judgment until such time as Plaintiffs seeks to offer its exhibits into evidence at
7    trial. *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 153 (S.D.N.Y. 2003). This is because
8    a court "excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for
9    *any* purpose." *Hawthorne Partners v. AT & T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill.
10   1993) (emphasis added).

11   For these reasons, the Court should deny WAFST's motion.  Of course, "the denial of a motion
12   *in limine* does not mean that the questioned evidence is admissible. It only means that the court will
13   resolve the issue at trial. *Nettles v. Farmers Ins. Exch. & Farmers Group, Inc.*, 2007 WL 1417304
14   (W.D. Wash. May 11, 2007).

15
16   **c.   Plaintiffs' Internet Exhibits Are Admissible Under Federal Rules of Evidence 401, 402, and 403.**

17   WAFST next contends that Plaintiffs' Internet exhibits are inadmissible because they are
18   irrelevant, Fed. R. Evid. 401, 402, and their admission would "confuse the issues and waste the
19   Court's time," Fed. R. Evid. 403. (WAFST Mot. in Lim. at 8–9.) Neither contention has merit and
20   this Court should deny WAFST's motion.

21   "Rule 401 defines relevant evidence as 'evidence having any tendency to make the existence of
22   any fact that is of consequence to the determination of the action more probable or less probable than
23   it would be without the evidence.'" *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007)
24   (*quoting* Fed. R. Evid. 401). If evidence is relevant, it is admissible. Fed. R. Evid. 402. The threshold
25   for relevance is low. "To be 'relevant,' evidence need not be conclusive proof of a fact sought to be
26   proved, or even strong evidence of the same. All that is required is a 'tendency' to establish the fact
27   at issue." *Curtin*, 489 F.3d at 943. The "fact at issue" in this case is whether there exists a reasonable
28   probability that compelled disclosure of the identities of those who signed the R-71 petition will

**Pls.' Response to WAFST's Mot. in Limine**
**(No. 3:09-CV-05456-BHS)**

**BOPP, COLESON & BOSTROM**
**1 South Sixth Street**
**Terre Haute, Indiana 47807-3510**
**(812) 232-2434**

11

1  cause them to face threats, harassment, or reprisals. All of Plaintiffs' evidence that will be submitted

2  at trial, including their Internet exhibits, is relevant to the determination of this query. The underlying

3  controversy in this case is a pressing national issue. This debate does not stop at the Washington-

4  Oregon border any more than the debate over slavery stopped at the Mason-Dixon line. Therefore,

5  evidence of reprisals against supporters of similar causes, both in and out of Washington, is relevant

6  to the merits of this case.

7      The Supreme Court has ruled that evidence similar to that Plaintiffs intend to offer at trial is

8  relevant and warranted in a case like this. In *Buckley*, the Supreme Court stated that "[n]ew [groups]

9  that have no history upon which to draw may be able to offer evidence of reprisals and threats

10  directed against individuals or organizations holding similar views." *Buckley v. Valeo*, 424 U.S. 1,

11  74 (1976). Because Protect Marriage Washington is a new group—it was formed on May 13, 2009,

12  for the express purpose of collecting enough signatures to force a referendum vote on SB 5688

13  (Compl. ¶¶ 22–23)—it has little or "no history upon which to draw," *Buckley*, 424 U.S. at 74, and

14  may therefore present evidence of reprisals against supporters of similar causes elsewhere. *See id.*

15      But the fact that Plaintiffs are part of a newly formed group is not the only reason for admitting

16  evidence of reprisals beyond those strictly related to R-71. The overarching principle running through

17  the exposure exemption analysis is "flexibility in the proof of injury." *Buckley*, 424 U.S. at 74. A

18  rigid rule that evidence of reprisals must relate strictly and solely to R-71 is hardly "flexible."

19      And the Supreme Court recognized as much in *Brown v. Socialist Workers '74 Campaign*

20  *Committee (Ohio)*, which held, unanimously, and against argument to the contrary, that evidence of

21  out-of-state reprisals against persons holding similar views is relevant to, and therefore should be

22  considered in, the exposure exemption analysis. *Brown*, 459 U.S. 87 (1982).

23      The probative value of Plaintiffs' Internet exhibits substantially outweighs any risk that this

24  evidence will confuse the issues or waste the Court's time. Fed. R. Evid. 403. "Rule 403 was

25  designed to keep evidence not germane to any issue outside the purview of the *jury's* consideration."

26  *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994). Trial in this case will be conducted from the

27  bench, which greatly reduces the need to exclude evidence *in limine*, much less under Rule 403. 1

28  McCormick On Evid. § 60 (6th ed.) ("judges possess professional experience in valuing evidence,

**Pls.' Response to WAFST's Mot. in
Limine
(No. 3:09-CV-05456-BHS)**

BOPP, COLESON & BOSTROM
**1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434**

1   greatly lessening the need for exclusionary rules"). Further, the Court has been fully briefed on the

2   issues in this case. There is little, if any, risk the Court will be confused by Plaintiffs' Internet

3   evidence.

4        WAFST's argument that presentation of Plaintiffs' Internet evidence will waste the Court's time

5   likewise has no merit. The presentation of relevant evidence, whether by exhibit or live testimony,

6   is certainly not a waste of time and it will aid the Court in making its determination in this case.

7   Further, WAFST has not identified what specific exhibits it contends will waste the Court's time.

8   Rather, it seeks to exclude *all* of Plaintiffs' Internet evidence. Objections *in limine* to broad categories

9   of evidence are disfavored. *See Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, 2010 WL

10  2035800, at *1 (C.D. Cal. May 19, 2010) ("motions *in limine* should rarely seek to exclude broad

11  categories of evidence, as the court is almost always better situated to rule on evidentiary issues in

12  their factual context during trial"). Some of Plaintiffs' Internet evidence is directly relevant to the

13  issues surrounding the campaign for R-71. WAFST's wholesale objections are directed at this

14  evidence as well. Yet, they concede this evidence is relevant. (WAFST Mot. in Lim. at 9.) Plaintiffs

15  decline to speculate as to what exhibits WAFST deems a waste of time.

16       For these reasons, the Court should deny WAFST's motion and defer judgment until trial as

17  to the relevance and weight of Plaintiffs' Internet exhibits. *See C & E Servs., Inc. v. Ashland, Inc.*,

18  539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("[A] motion *in limine* should not be used to resolve

19  factual disputes or weigh evidence.").

20  **B.   Plaintiffs' John Doe Declarations Should Not Be Excluded.**

21       At trial, Plaintiffs intend to offer declarations of 58 "Joe Does" filed in support of plaintiffs'

22  motion for preliminary injunction in the case of *ProtectMarriage.com v. Bowen*, No.

23  2:09-cv-00058 (E.D. Cal.). (Pls.' Trial Ex. 249.) WAFST argues these declarations should be

24  excluded because Plaintiffs did not timely identify these declarants in response to the Court's

25  Joint Scheduling Order. (Dkt. 128.)

26       As Plaintiffs have previously explained, (Dkt. 225), the identities of those "John Doe"

27  declarants (most but not all of whom are from California) are protected by court order (not this

28

Pls.' Response to WAFST's Mot. in Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

13

Court's order);[5] Plaintiffs are not privy to their identities; and Plaintiffs were not then, and are not now, able to reveal their identities. That one of Plaintiffs' former attorneys has spoken with each of the declarants regarding a different matter is irrelevant. Plaintiffs in *this* matter can no more obtain the identities of those "Joe Does" than can any member of the public.

Moreover, Plaintiffs revealed the names of nearly a score of Washington residents who Defendants were able to depose, and it is upon the testimony of those Washingtonians that Plaintiffs principally rely to show that it is indeed reasonable to conclude that the kinds of reprisals occurring around the country are also occurring in Washington.

This Court should therefore deny WAFST's motion to exclude this evidence and defer judgment as to its admissibility until that time it is presented at trial. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004) ( "evidence must be inadmissible on all potential grounds" to be excluded *in limine*).

## C.   The Court Should Defer Judgment On The Admissibility of Testimony Offered By Plaintiffs' Witnesses.

WAFST broadly asks this Court to exclude *in limine* all hearsay testimony for which no exception applies. This request is premature and the Court should defer judgment on the admissibility of all alleged hearsay testimony until it is offered at trial. Plaintiffs must be given the opportunity to offer testimony and explain why it is admissible under one of the exceptions to the general rule prohibiting hearsay testimony. WAFST effectively argues that all testimonial accounts of threats, harassment, or reprisals purportedly experienced by persons other than the witness constitute inadmissible hearsay. This is simply not the case. Such statements are not hearsay if offered for a purpose other than "prov[ing] the truth of the matter asserted." Fed. R. Evid. 801(c). For example, statements regarding harassment experienced by other people may be offered to show the effect on the listener. As with Plaintiffs' news articles, it makes little difference whether the accounts of harassment experienced by others actually occurred because the witnesses hearing such accounts are likely to come to the conclusion, not unreasonably, that if

---

[5] *See* Order Granting Pls.' Mot. for a Protective Order (Dkt. 29), *ProtectMarriage.com v. Bowen*, No. 2:09-cv-0058 (E.D. Cal. Jan. 14, 2009); Order Denying Pls.' Mot. for Prelim. Inj. & Extending Protective Order (Dkt. 88) at 1–2, 61, *Protect Marriage.com v. Bowen*, No. 2:09-cv-0058 (E.D. Cal. Jan. 30, 2009).

Pls.' Response to WAFST's Mot. in Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

14

1  they (the listeners) choose to speak up for traditional marriage, they too risk facing threats,

2  harassment, and reprisals.

3    Lastly, WAFST asks the Court to exclude all testimony "regarding experiences related to

4  events occurring outside Washington or which are otherwise unrelated to the R-71 campaign,

5  including events related to the general expression of views on "traditional marriage," expressions

6  of views on same-sex marriage, or LGBT rights issues." (WAFST Mot. in Lim. at 11–12.)

7  Plaintiffs have already explained in this response, and in their summary judgment briefing, why

8  evidence regarding threats, harassment, and reprisals experienced by those who have supported

9  traditional marriage or who have spoken out against same-sex marriage in various ways is

10  relevant to this case. (*See* Dkt. 209 (Pls. Opening Br.); Dkt. 225 (Pls. Resp. to State's Mot. for

11  Summ. J.); Dkt 227 (Pls.' Resp. to WAFST's Mot. for Summ. J); Dkt. 228 (Pls.' Resp. to

12  WCOG's Mot. for Summ. J.); Dkt. 232 (Pls.' Reply to State); Dkt. 233 (Pls.' Reply to WAFST);

13  Dkt. 234 (Pls.' Reply to WCOG); Dkt. 259 (Pls.' Add'l Briefing per Order of the Court).) The

14  Supreme Court has made clear that new groups, like Protect Marriage Washington, who have

15  little or "no history upon which to draw," *Buckley*, 424 U.S. at 74, may present evidence of

16  reprisals against supporters of similar causes elsewhere. *See id.*; *see also Brown*, 459 U.S. 87.

17  Further, there is no "strict requirement that chill and harassment be directly attributable to the

18  specific disclosure from which the exemption is sought." *Buckley,* 424 U.S. at 74. The Supreme

19  Court expressly re-affirmed that view in *Brown v. Socialist Workers '74 Campaign Committee*,

20  459 U.S. 87 (1982).

21    WAFST will have ample opportunity at trial to object to witness testimony it contends is

22  irrelevant. WAFST has not shown that the testimony it wishes to exclude is clearly inadmissible

23  on all grounds. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)

24  ("evidence must be inadmissible on all potential grounds" to be excluded *in limine*). This Court

25  should accordingly deny their motion. *Id*.

26  ## Conclusion

27    For the reasons presented in this response, this Court should deny WAFST's motions in limine.

28

Pls.' Response to WAFST's Mot. in
Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

15

1

2
Dated this 6th day of September, 2011.

3
Respectfully submitted,

4

5
      s/ James Bopp, Jr.
      James Bopp, Jr.

6
      Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pls.' Response to WAFST's Mot. in
Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

16

1

**Certificate of Service**

2     I, James Bopp, Jr., am over the age of 18 years and not a party to the above-captioned action.

3 My business address is 1 South Sixth Street; Terre Haute, Indiana 47807-3510.

4     On September 6, 2011, I electronically filed the foregoing document with the Clerk of Court

5 using the CM/ECF system which will send notification of such filing to:

6 

Anne E. Egeler
annee1@atg.wa.gov
Jay Geck
jayg@atg.wa.gov
James K. Pharris
jamesp@atg.wa.gov
*Counsel for Defendants Sam Reed and Brenda Galarza*

Steven J. Dixson
sjd@wkdlaw.com
Duane M. Swinton
dms@wkdlaw.com
Leslie R. Weatherhead
lwlibertas@aol.com
*Counsel for Intervenor Washington Coalition for Open Government*

Ryan McBrayer
rmcbrayer@perkinscoie.com
Kevin J. Hamilton
khamilton@perkinscoie.com
William B. Stafford
wstafford@perkinscoie.com
Rhonda L. Barnes
rbarnes@perkinscoie.com
*Counsel for Intervenor Washington Families Standing Together*

19     I declare under the penalty of perjury under the laws of the State of Indiana that the above is

20 true and correct. Executed this 6th day of September, 2011.

21

/s/ James Bopp, Jr.
James Bopp, Jr.
*Counsel for All Plaintiffs*

**Pls.' Response to WAFST's Mot. in Limine**
**(No. 3:09-CV-05456-BHS)**

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434