1
2
3
4
5
6
7

**United States District Court**
**Western District of Washington**
**Tacoma Division**

| | |
|---|---|
| **John Doe #1**, et al., | No. 3:09-CV-05456-BHS |
| Plaintiffs, | The Honorable Benjamin H. Settle |
| vs. | |
| **Sam Reed**, et al., | **Plaintiffs' Response to Intervenor Washington Coalition for Open Government's Motion in Limine** |
| Defendants. | |
| | NOTE ON MOTION CALENDAR: |
| | September 9, 2011 |

Pls' Response to WCOG's Mot. in Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

Come now Plaintiffs and respond to WCOG's motions in limine (Dkt. 257) and make the following points and arguments in support thereof.

## Introduction

"Motions in limine are intended to prevent allegedly prejudicial evidence from being so much as whispered before a *jury* prior to obtaining the Court's permission to broach the topic." *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) (emphasis added). This matter will be tried before the bench, "making any motion in limine asinine on its face." *Id.*; *see also* 1 McCormick On Evid. § 60 (6th ed.) ("judges possess professional experience in valuing evidence, greatly lessening the need for exclusionary rules"). "In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence." *Turner v. Univ. of WA*, 2007 WL 2984682, at *1 (W.D. Wash. Oct. 10, 2007) (quoting 11 Wright & Miller, Federal Practice & Procedure § 2885); *id.* ("the technical evidentiary rules are generally viewed as 'the child of the jury system,' and therefore there is no need to apply those rules when the judge is the factfinder") (citations omitted). Should this Court choose to entertain WCOG's motion, Plaintiffs ask this Court to deny it, and defer all evidentiary judgments until the time Plaintiffs proffer their evidence at trial.

The party seeking to exclude evidence *in limine* faces a high burden. "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on *all potential grounds*." *Turner v. Univ. of WA*, 2007 WL 2984682, at *1 (W.D. Wash. Oct. 10, 2007) (emphasis added). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993); *see also Turner*, at *1 (same). Although motions *in limine* may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1219 (D. Kan. 2007).

**Pls' Response to WCOG's Mot. in Limine**
**(No. 3:09-CV-05456-BHS)**

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

1

# Argument

Nearly every request made by WCOG is either premature or overbroad. Nowhere does WCOG identify specific exhibits or statements it contends are inadmissible. Rather, WCOG requests that entire categories of evidence be excluded, which is itself improper. *See Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("motions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial").

In short, WCOG cannot show that Plaintiffs' trial exhibits are inadmissible on "all potential grounds." *Turner*, at *1. Therefore, this Court should deny their motion *in limine* and defer all evidentiary judgments to allow Plaintiffs their full opportunity to present their case at trial. Of course, "the denial of a motion *in limine* does not mean that the questioned evidence is admissible. It only means that the court will resolve the issue at trial." *Nettles v. Farmers Ins. Exch. & Farmers Group, Inc.*, 2007 WL 1417304, at *1 (W.D. Wash. May 11, 2007).

### I. WCOG's Motions *In Limine* Should Be Denied Because None of Its Three Categories for Exclusion Has Merit.

**A. WCOG's Categorical Exclusion for Harassment that Falls Short of Criminal Conduct Is Without Merit.**

WCOG argues that instances of threats, harassment, and reprisals should be excluded insofar as those instances did not put "the person threatened in reasonable fear that the threat will be carried out," because harassment short of that standard does "not rise to the level of felony harassment under Washington law." (WCOG's Motions in Limine 2.)

Though WCOG's argument is creative, it lacks any merit in law or logic. As for the law, never has the Supreme Court (or *any* court, for that matter, insofar as Plaintiffs are aware) demanded, as the standard for the exposure exemption test, that a party prove threats, harassment, or reprisals by pointing exclusively to events or other incidents that would qualify under a state's statutory definition of criminal harassment.

Furthermore, it stands to reason that there are many potential instances of threats, harassment, or reprisals that are real enough but that would fail to meet the statutory threshold for criminal activity. For example, someone could persistently make phone calls or send emails that, when

Pls' Response to WCOG's Mot. in Limine
(No. 3:09-CV-05456-BHS)

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

2

viewed in their entirety, constitute harassment (i.e., phone calls that continue after the victim has requested that the perpetrator stop), even though none of the phone calls or emails themselves put the victim in any "fear" that a "threat will be carried out." Indeed, the standard (for the exposure exemption) itself contemplates much more than just "threats." If every bit of evidence had to include, as WCOG insists, a "reasonable fear that the threat will be carried out," what would be the point of allowing Plaintiffs to point to threats, *harassment, or reprisals*? If WCOG's position had any merit, the standard would simply demand that Plaintiffs produce evidence of threats, and threats alone. But that is not the standard.

**B.   WCOG's Categorical Exclusion for Threats, Harassment, or Reprisals that Are Vituperative, Abusive, or that Use Inexact Language Is Likewise Without Merit.**

WCOG next argues that instances of threats, harassment, and reprisals should be excluded insofar as those instances consist of "vituperative, abusive and/or inexact language." (WCOG's Motions in Limine 2.)

This argument is similarly without merit. As WCOG correctly points out, the political arena is not for the faint of heart. But there is a fine line between intense debate, and words and conduct that cross over into the realm of threats, harassment, or reprisals. It is plain that not all instances of less-than-civil debate will qualify as threats, harassment, or reprisals. (And Plaintiffs have not relied on this type of evidence to buttress their claim.) But it is equally plain that some instances do cross that line. (And that is the kind of evidence Plaintiffs have relied on.)

To give but one example, one marriage supporter who was gathering signatures for R-71 was accosted by an angry man who became "very upset"; told the petition gatherer, "you're making my girl mad"; and threatened, "I'll bust your cap." (Pls.' Summary Judgment Exhibit 1-8, at 31:6–15.) To "bust a cap" is slang for firing a gun. The angry expression, "I'll bust your cap," is plainly an example of "vituperative," "abusive," or "inexact language." And yet, it is also just as plainly an example of a threat made to a marriage supporter. It would make no sense to exclude the statement just because it was "vituperative," "abusive," or "inexact." Indeed, common sense would dictate that most instances of threats, harassment, or reprisals would in fact be "vituperative," "abusive," or "inexact."

| Pls' Response to WCOG's Mot. in Limine<br>(No. 3:09-CV-05456-BHS) | BOPP, COLESON & BOSTROM<br>1 South Sixth Street<br>Terre Haute, Indiana 47807-3510<br>(812) 232-2434 |
|---|---|

**C. WCOG's Categorical Exclusion for Threats, Harassment, or Reprisals that Should Have Been Reasonably Anticipated by the Victim Is Also Without Merit.**

Finally, WCOG argues that instances of threats, harassment, and reprisals should be excluded insofar as the victim "acted in a method, manner or practice such that a reasonable person acting in the same method, manner or practice could reasonably anticipate criticism and/or reaction against the beliefs expressed." (WCOG's Motions in Limine 3.)

Like the arguments in support of WCOG's first two proposed categorical exclusions, this argument is also futile. Aside from the fact that there is no case law in support of this novel argument, the argument fails on its own merits. Given the intensity of feelings surrounding the underlying issue here (homosexual rights versus absolute moral values), surely many traditional marriage supporters could, at some level, "reasonably" foresee that engaging in this debate would lead to threats, harassment, or reprisals against them or their families. To exclude the evidence of threats, harassment, or reprisals that did in fact transpire, simply on account of the fact that those things were "reasonably foreseeable consequences" of engaging in the debate, is to render the exposure exemption test a nullity *ab initio*, for the greater the intensity of the debate, the more likely it is that an ordinary person could reasonably foresee that entering the debate would trigger threats, harassment, or reprisals. In a debate as intense as this one, there may be very little evidence of threats, harassment, or reprisals that were *not*, on some level, reasonably foreseeable.

Furthermore, just because some people chose to take a public stand on this issue (by doing anything from appearing on radio to posting a yard sign in their front lawn or a bumper sticker on their car), it certainly does not follow that such people must accept, must tolerate, the harassment, the threats, and the reprisals that came their way—just because those things might have been reasonably foreseeable. It makes no sense whatever to exclude evidence of threats, harassment, or reprisals, *even when* those things are reasonably foreseeable consequences of engaging in political speech. In fact, the exposure exemption test is designed to do just the opposite—it offers protection, as it should, whenever there is a "reasonable probability" of threats, harassment, or reprisals. To adopt WCOG's argument here would be to turn the exposure exemption test on its head.

**Pls' Response to WCOG's Mot. in Limine**
**(No. 3:09-CV-05456-BHS)**

BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434

4

## Conclusion

For the reasons presented in this response, this Court should deny WCOG's motions in limine.

Dated this 6th day of September, 2011.

Respectfully submitted,

    _s/ James Bopp, Jr._
James Bopp, Jr.
Attorney for Plaintiffs

**Pls' Response to WCOG's Mot. in Limine**
**(No. 3:09-CV-05456-BHS)**

**BOPP, COLESON & BOSTROM**
**1 South Sixth Street**
**Terre Haute, Indiana 47807-3510**
**(812) 232-2434**

## Certificate of Service

I, James Bopp, Jr., am over the age of 18 years and not a party to the above-captioned action. My business address is 1 South Sixth Street; Terre Haute, Indiana 47807-3510.

On September 6, 2011, I electronically filed the foregoing documentusing the CM/ECF system which will send notification of such filing to:

Anne E. Egeler
annee1@atg.wa.gov
Jay Geck
jayg@atg.wa.gov
James K. Pharris
jamesp@atg.wa.gov
*Counsel for Defendants Sam Reed and Brenda Galarza*

Steven J. Dixson
sjd@wkdlaw.com
Duane M. Swinton
dms@wkdlaw.com
Leslie R. Weatherhead
lwlibertas@aol.com
*Counsel for Intervenor Washington Coalition for Open Government*

Ryan McBrayer
rmcbrayer@perkinscoie.com
Kevin J. Hamilton
khamilton@perkinscoie.com
William B. Staffort
wstafford@perkinscoie.com
Rhonda L. Barnes
rbarnes@perkinscoie.com
*Counsel for Intervenor Washington Families Standing Together*

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct. Executed this 6th day of September, 2011.

 s/ James Bopp, Jr.
James Bopp, Jr.
*Counsel for All Plaintiffs*

**Pls' Response to WCOG's Mot. in Limine**
**(No. 3:09-CV-05456-BHS)**

**BOPP, COLESON & BOSTROM**
**1 South Sixth Street**
**Terre Haute, Indiana 47807-3510**
**(812) 232-2434**