The Honorable Benjamin Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity,<br><br>Defendants. | NO. 09-cv-05456-BHS<br><br>DEFENDANTS' RESPONSE TO MOTION FOR CONTINUANCE |

## I. INTRODUCTION

The plaintiffs have asked for a second continuance in the trial schedule. The plaintiffs have not shown good cause or due diligence. The current scheduling order was issued in January 2011, yet plaintiffs' lead counsel accepted a speaking engagement that conflicts with the date of the pretrial conference. Even with this voluntary conflict, the plaintiffs' local counsel has assured this court that he will be available for the scheduled court dates, including trial.

DEFENDANTS' RESPONSE TO MOTION FOR CONTINUANCE
NO. 09-CV-05456-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

Since July 2009, the State of Washington's public records laws have been enjoined, to prohibit release of the Referendum 71 (R-71) petitions. Dkt. 9. Extending the period of time that the State's laws are suspended will unfairly prejudice the State and its citizens. Although one of plaintiffs' four attorneys is no longer available, there is no justification for enjoining State law for an additional period of time to accommodate the schedules of plaintiffs' three remaining attorneys.

## II. BACKGROUND

Plaintiffs are represented by lead counsel James Bopp, two of his associates, and local counsel Steven Pidgeon. In conjunction with Mr. Bopp's application to appear pro hac vice, Mr. Pidgeon filed a statement assuring the Court that he "will be prepared to handle this matter, including trial" in the event that Mr. Bopp "is unable to be present upon any date assigned by the court." Dkt. 10.

Trial was scheduled to begin on May 31, 2011, approximately one year after issuance of the Supreme Court's decision. Dkt. 182. However, at the plaintiffs' request, the trial date was continued four months. Dkt. 188, 191. The plaintiffs requested the continuance because one of Mr. Bopp's associates was leaving the Bopp, Coleson & Bostrom law firm.[1] Dkt. 188.

The trial is now scheduled to begin on September 27, 2011. The case is ready to be heard. The trial briefs, proposed findings and conclusions, and agreed pretrial order have all been filed. The plaintiffs have requested a second continuance, because another associate is leaving Mr. Bopp's firm, and Mr. Bopp has chosen to accept a speaking engagement that conflicts with the date of the pretrial conference. Dkt. 263, 264.

---

[1] Over the course of the case, two of the State defendants' attorneys have also withdrawn. This includes the withdrawal of the State defendants' prior lead counsel, William Collins. Dkt 165, 217. The State defendants' have not initiated a request for continuance.

DEFENDANTS' RESPONSE TO
MOTION FOR CONTINUANCE
NO.  09-CV-05456-BHS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

### III. ARGUMENT

Under Federal Rule of Civil Procedure 16(b)(4), a case schedule order "may be modified only for good cause." Good cause exists if a scheduling deadline "cannot be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). When the party seeking the extension cannot show due diligence, "the inquiry ends and the motion is denied." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

**A.    Plaintiffs' Counsel Has Not Shown Due Diligence**

This is the second time the plaintiffs have requested that the Court continue the trial date to accommodate their attorneys' schedules. The parties cooperatively agreed to a thirty day continuance the first time Mr. Bopp wanted a continuance. Dkt. 188. The case was then continued four months. Dkt. 191. The request for a continuance was precipitated by precisely the same facts supporting this motion: the loss of one of four attorneys representing the plaintiffs in this case.

Plaintiffs continue to be represented by three attorneys, including lead counsel James Bopp and local counsel Steven Pidgeon. Counsel have a responsibility to appear, as required by the schedule. Local Rule 40(b). The current trial schedule has been in place since January 10, 2011, giving Mr. Bopp and Mr. Pidgeon ample time to arrange their calendars accordingly and prepare for trial. Dkt. 191. Mr. Bopp's decision to accept a speaking engagement that conflicts with the date of the pretrial conference does not constitute good cause for moving the

DEFENDANTS' RESPONSE TO
MOTION FOR CONTINUANCE
NO. 09-CV-05456-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

trial date. On the contrary, counsels' lack of respect for the scheduling order demonstrates an absence of diligence. The plaintiffs claim they do not know whether Mr. Pidgeon will be available. Dkt. 262 at 2. In supporting Mr. Bopp's pro hac vice application, Mr. Pidgeon assured the Court that he was "prepared to handle this matter, including trial" in the event that Mr. Bopp "is unable to be present on any date assigned by the court." Dkt. 10.

Because the plaintiffs have not shown that they exercised diligence in ensuring that the attorneys appearing for the plaintiffs would be ready to proceed to trial, the motion for continuance should be denied. Fed. R. Civ. P. 16(b)(4); *Zivkovic,* 302 F.3d at 1087.

**B.     Further Delay Would Prejudice The State, The Intervenors, And The Public**

Although a showing of prejudice is not required by Rule 16, prejudice supplies an additional reason for denying a motion for continuance. *Coleman v. Quaker Oats, Co.,* 232 F.3d 1271, 1295 (9th Cir. 2000); *Johnson*, 975 F.2d at 609.

A second continuance, on the eve of trial, will place a significant burden on the State, the Intervenors, and the public. For over two years, State law requiring public disclosure of the R-71 petitions has been enjoined. As the Supreme Court has recognized, the State has an important interest in preserving the integrity of the electoral process through the disclosure of public records. *Doe v. Reed*, 130 S. Ct. 2811, 2819-20 (2010). Only through public disclosure can citizens determine whether certain types of fraud occurred in the signature-gathering process. *Id.* at 2820.

The unavailability of one of four attorneys for the plaintiffs is insufficient to justify the burden on the State, the public, and the parties who have requested production of the R-71 petitions.

DEFENDANTS' RESPONSE TO
MOTION FOR CONTINUANCE
NO. 09-CV-05456-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## IV.   CONCLUSION

It is the duty of the parties and counsel to comply with the schedule issued by the Court.  Local Rule 40(b).  Plaintiffs do not have good cause to justify their request that the Court, and the parties, alter the long-scheduled trial date to accommodate the calendars of the plaintiffs' three attorneys.  If summary judgment is not granted, the case should proceed to trial as scheduled.  Washington law should not be suspended longer to accommodate the personal preferences of attorneys who have made a commitment to abide by the Court's scheduling order.

DATED this 7th day of September, 2011.

ROBERT M. MCKENNA
Attorney General

 s/ Anne Egeler
ANNE EGELER, WSBA #20258
Deputy Solicitor General

WILLIAM CLARK, WSBA #9234
Senior Counsel
PO Box 40100
Olympia, WA  98504-0100
360-664-3027
Annee1@atg.wa.gov

DEFENDANTS' RESPONSE TO
MOTION FOR CONTINUANCE
NO.  09-CV-05456-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# CERTIFICATE OF SERVICE

I certify that on September 7, 2011, I electronically filed the foregoing Defendants' Response to Motion for Continuance with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record.

James Bopp, Jr , jboppjr@aol.com

Joseph La Rue, jlarue@bopplaw.com

Stephen Pidgeon, stephen.pidgeon@comcast.net

Steven Dixson, sjd@wkdtlaw.com

Duane Swinton, dms@wkdtlaw.com

Leslie Weatherhead, lwlibertas@aol.com

William Stafford, wstafford@perkinscoie.com

Ryan McBrayer, rmcbrayer@perkinscoie.com

Kevin Hamilton, khamilton@perkinscoie.com

Jared M. Haynie, jhaynie@bopplaw.com, thehaynies@gmail.com

DATED this 7th day of September, 2011.

> *s/Anne Egeler*
> Anne E. Egeler, WSBA No. 20258
>   *Deputy Solicitor General*
> P.O. Box 40100
> Olympia, WA  98504-0100
> annee1@atg.wa.gov

DEFENDANTS' RESPONSE TO
MOTION FOR CONTINUANCE
NO.  09-CV-05456-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200