THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual; JOHN DOE #2, an individual; and PROTECT MARRIAGE WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington and BRENDA GALARZA, in her official capacity as Public Records Officer for the Secretary of State of Washington,<br><br>Defendants. | No. C:09-cv-05456 BHS<br><br>INTERVENOR WAFST'S OPPOSITION TO PLAINTIFFS' MOTION TO CONTINUE TRIAL<br><br>NOTED ON MOTION CALENDAR<br><br>Friday, September 9, 2011 |

## I. INTRODUCTION

Intervenor Washington Families Standing Together ("WAFST") opposes Plaintiffs' motion to continue the trial and related dates. It is three weeks before trial. It has now been more than two years since WAFST (and other Washington citizens seeking access to these public records) submitted a public records request under Washington's Public Records Act seeking the Referendum 71 petition sheets. It has been nearly two years since the Referendum 71 election itself. It is past time for the merits of Plaintiffs' claim to be resolved. Plaintiffs' motion should be denied.
INTERVENOR WAFST'S OPPOSITION TO
PLTFS' MOTION TO CONTINUE TRIAL (NO.
09-05456) – 1
LEGAL21666467.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## II. ARGUMENT

As the Court is aware, this case involves issues arising during the course of the 2009 Referendum 71 campaign. The referendum petition sheets have been sealed from public view for over two full years as a result of the initial proceedings in this case and their subsequent appeal to the Ninth Circuit and review by the U.S. Supreme Court. After rejecting Plaintiffs' facial challenge to Washington's Public Records Act, the Supreme Court remanded the proceeding to this Court for consideration of Plaintiffs' "as applied" challenge. This Court set the trial date in this case in January of this year and counsel for all parties have prepared for trial accordingly. The State, Washington Coalition for Open Government ("WCOG"), and WAFST have all devoted considerable resources to careful examination of the materials produced by Plaintiffs, identifying trial exhibits, and deposing the witnesses identified by Plaintiffs and otherwise preparing for trial. Counsel and the relevant witnesses have cleared their calendars and stand ready to proceed. Now, at the last possible moment, Plaintiffs seek a continuance, not because of the unavailability of witnesses or illness but because one of Plaintiffs' several trial counsel has given notice and will be leaving the employ of lead counsel's law firm. But even with Mr. Jared Haynie's departure, lead counsel, Mr. James Bopp, and his local counsel, Mr. Stephen Pidgeon (who attended the depositions) remain available for trial. With all due respect to Plaintiffs' counsel, and acknowledging the significant role played by Mr. Haynie to date, the motion should be denied.

This is not the first time that Plaintiffs have sought to delay the resolution of this case because one of Plaintiffs' counsel withdrew. Three of Plaintiffs' attorneys have previously appeared and withdrawn in this matter; most recently, Mr. Haynie. Dkt. #119, Dkt. #187, Dkt. #262. Mr. Haynie first appeared in this matter in January 2011, shortly before the then-deadline for the filing of dispositive motions. Upon his appearance, the parties agreed to a motion to extend the trial and related dates to allow Mr. Haynie sufficient time to familiarize himself with the case and to prepare summary judgment briefing. Dkt. #188, at 2-3.

INTERVENOR WAFST'S OPPOSITION TO
PLTFS' MOTION TO CONTINUE TRIAL (NO.
09-05456) – 2
LEGAL21666467.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiffs now seek a continuance because Mr. Haynie, at some unknown time, decided to accept (and, apparently, to begin) a new job just three weeks before trial. The defendants, including WAFST, have already agreed to one delay to accommodate Plaintiffs' substitution of attorneys. It cannot, at the eleventh hour, agree to another.

Moreover, Plaintiffs have presented no colorable explanation for why the pretrial conference cannot go forward on September 12, 2011 or why the trial must be continued. The pretrial conference has been set for September 12 since January 12 of this year. Dkt. #191. Plaintiffs have long been represented by multiple counsel admitted to practice before the Western District of Washington. Plaintiffs provide no explanation for why Mr. Bopp would have elected to schedule a conflicting speaking engagement for September 12 given that he has "principal responsibility" for trying this case and thus has *always* been obliged to attend the pretrial conference. Local CR 16(l).[1] Nor have Plaintiffs provided any explanation for why Mr. Steven Pidgeon would be unavailable on September 12. Plaintiffs also have not explained why they have not submitted or could not submit a pro hac vice application from another Bopp Coleson attorney. The Court swiftly granted previous applications (including that of Mr. Haynie), and there is no reason to believe it would not have done the same in advance of the September 12 conference. Self-inflicted scheduling conflicts for speaking engagements do not and cannot warrant relief from court-imposed deadlines.

Nor is delay warranted in any event. Plaintiffs have already candidly admitted that they intend to present the case almost entirely on the basis of deposition testimony, with the exception of just four live witnesses – likely no more than a day or two of testimony. The State, WAFST, and WCOG will present at most seven live witnesses, most to offer discrete and limited

---

[1] Speaking engagements are, without a doubt, important to the practice of law, but few courts have modified long-standing court deadlines to accommodate counsel's public appearances, particularly where, as here, both the date of the pretrial conference *and* the obligation to attend that conference have been known to counsel since January – eight months ago – and the conflicting speaking engagement is only now being identified as a reason to delay and reschedule not only the pretrial conference *but the entire trial itself.* Allowing such engagement to upend long-standing trial schedules would work a grave disservice to the regular administration of justice in this, and any other, court.

INTERVENOR WAFST'S OPPOSITION TO
PLTFS' MOTION TO CONTINUE TRIAL (NO.
09-05456) – 3
LEGAL21666467.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

testimony. This trial, even if every one of the live witnesses identified to date actually testifies in person, will be modest in length at best. Such a trial hardly requires a large team of lawyers with a full complement of junior associates. Mr. Pidgeon, local counsel, is a skilled and experienced trial lawyer and could beyond a doubt handle the entire trial on his own without assistance from Mr. Bopp or his associates. With Mr. Bopp by his side, Plaintiffs will be represented by one of the best known and skilled national advocates for restricting access to putatively public records. Plaintiffs are fully and competently represented.

Moreover this Court's disposition of the pending summary judgment motions may obviate the need for trial entirely. Case schedules and busy dockets often combine to leave summary motions unresolved until shortly before trial. While WAFST fully believes that dismissal of Plaintiffs' claims on summary judgment is appropriate, it stands fully prepared to try this case at trial if the matter moves forward. It has prepared for trial while the summary judgment motions remaining pending and certainly will continue to do so. Moreover, any change to the long-standing trial date will undoubtedly cause scheduling conflicts and future delay, particularly given the number of parties and counsel involved in this matter. There is no need or warrant to delay the resolution of this case further.

Finally, and wholly apart from counsel's scheduling preferences or conflicts, there is a larger public interest in resolving this case expeditiously. It has now been more than two full years since these public records have been sealed from public view. The United States Supreme Court has soundly rejected Plaintiffs' primary facial attack on Washington's Public Records Act to these referendum sheets, leaving only an afterthought "as applied" challenge that is weak at best. The public's interest in timely access to these records should be considered paramount here. That interest counsels for swift resolution of the remaining claims, either summarily or at trial. Further delay, WAFST respectfully submits, is unwarranted here.

INTERVENOR WAFST'S OPPOSITION TO
PLTFS' MOTION TO CONTINUE TRIAL (NO.
09-05456) – 4
LEGAL21666467.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## III. CONCLUSION

For the reasons stated above, WAFST submits that the Court should deny Plaintiffs' motion to delay the pretrial conference and related trial dates.

By: *s/ Kevin J. Hamilton*
By: *s/ William B. Stafford*
Kevin J. Hamilton, WSBA No. 15648
William B. Stafford, WSBA No. 39849
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: KHamilton@perkinscoie.com
WStafford@perkinscoie.com

*Attorneys for Intervenor Washington Families Standing Together*

INTERVENOR WAFST'S OPPOSITION TO
PLTFS' MOTION TO CONTINUE TRIAL (NO.
09-05456) – 5
LEGAL21666467.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2011, I electronically filed **INTERVENOR WAFST'S OPPOSITION TO PLAINTIFFS' MOTION TO CONTINUE TRIAL** in the above-referenced case with the Court via CM/ECF, which system will send notification of such filing to counsel of record.

| | |
|---|---|
| James Bopp, Jr.<br>Joseph E La Rue *(admitted pro hac vice)*<br>**Bopp Coleson & Bostrom**<br>1 South Sixth Street<br>Terre Haute, IN 47807-3510<br>jboppjr@aol.com<br>sbieniek@bopplaw.com<br>jlarue@bopplaw.com<br><br>Stephen Walter Pidgeon<br>3002 Colby Avenue, Suite 306<br>Everett, WA 98201<br>stephen.pidgeon@comcast.net<br><br>*Attorneys for Plaintiffs*<br><br>Duane M Swinton<br>Leslie R. Weatherhead<br>Steven Joseph Dixson<br>**Witherspoon Kelley Davenport & Toole**<br>422 W Riverside, Ste 1100<br>Spokane, WA 99201<br>dms@wkdtlaw.com<br>lwlibertas@aol.com<br>sjd@wkdtlaw.com<br><br>*Attorneys for Intervenor Washington Coalition for Open Government* | Anne Elizabeth Egeler<br>Jay Geck<br>William C. Clark<br>**Attorney General of Washington**<br>P.O. Box 40100<br>Olympia, WA 98504-0100<br>360-753-7085<br>annee1@atg.wa.gov<br>jayg@atg.wa.gov<br>billc@atg.wa.gov<br><br>*Attorneys for Sam Reed and Brenda Galarza* |

CERTIFICATE OF SERVICE (NO. 09-05456) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL21666467.1

I certify under penalty of perjury that the foregoing is true and correct.

DATED: September 7, 2011

*s/ Kevin J. Hamilton*
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

CERTIFICATE OF SERVICE (NO. 09-05456) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL21666467.1