The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JOHN DOE #1, an individual, JOHN DOE #2, an individual, and PROTECT MARRIAGE WASHINGTON,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, BRENDA GALARZA, in her official capacity,<br><br>　　　　　　　Defendants. | NO. 09-cv-05456-BHS<br><br>RESPONSE TO PLAINTIFFS' MOTION TO USE DEPOSITION TESTIMONY AT TRIAL |

## I.　INTRODUCTION

The plaintiffs have requested permission to conduct their case almost exclusively through the use of deposition testimony, rather than live testimony. With respect to most of those witnesses, plaintiffs' request directly conflicts with Federal Rule of Civil Procedure 32(a). The plaintiffs have not met their burden to prove why use of depositions is permissible and appropriate under the Federal Rules. No effort has been made to procure live testimony. Because the credibility of plaintiffs' witnesses' testimony is contested by the defendants, and

RESPONSE TO PLAINTIFFS' MOTION TO USE DEPOSITION TESTIMONY AT TRIAL
NO. 09-CV-05456-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

will conflict with the testimony of the defendants' witnesses, it would prejudice the defendants if the Court did not have the opportunity to assess their credibility through live testimony at trial.

## II.     ARGUMENT

### A.     Plaintiffs Have Not Met The Requirements Of Rule 32(a)(4)(E)

Deposition testimony is inadmissible hearsay, unless it falls within an exception created by Rule 32(a).  *Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004).  Having done nothing to secure their presence at trial, plaintiffs request permission to have 15 party and non-party witnesses testify by deposition.[1]  In making this request, they are relying on Rule 32(a)(4)(E), which allows the use of deposition testimony if "exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used."  The burden is on the plaintiffs to prove that the requirements of the Rule are met.  *Allgeier v. U.S.*, 909 F.2d 869, 876 (6th Cir. 1990).  The Rule states a preference for live testimony.

The plaintiffs contend that the hope of making the trial schedule more convenient is sufficient to constitute an "exceptional circumstance."[2]  This boundless view of the rule is incorrect.  The Courts have cautioned that Rule 32(a)(4)(E) is not a sweeping exception to the American judicial system's principal requirement of live testimony.  *Griman v.*

---

[1] Plaintiffs did not inform the defendants of their intent to use deposition testimony, or identify the witnesses they would call at trial, in the pretrial statement served on the defendants.  At the pre-trial conference of attorneys, plaintiffs' counsel stated that none of their witnesses would testify by deposition, as reflected in plaintiffs' pre-trial statement.  They waited until *after* the pretrial conference of attorneys to change their trial strategy so that virtually all their case in chief will be through depositions.

[2] The defendants object to the implication that the five day trial schedule is insufficient.  The time set aside by the Court is appropriate.  To the extent that the number of exhibits is voluminous, the defendants would note that 263 of the 314 exhibits are being offered by plaintiffs and, of the 25 potential witnesses at trial, 19 are plaintiffs' witnesses.  Thus, plaintiffs have only themselves to blame for any alleged congestion with the trial schedule.

RESPONSE TO PLAINTIFFS' MOTION TO USE DEPOSITION TESTIMONY AT TRIAL
NO.  09-CV-05456-BHS

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Makousky*, 76 F.3d 151, 153 (7th Cir. 1996). "The Federal Rules of Civil Procedure that allow the use of deposition testimony in place of live testimony 'have not changed the long established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person.'" *Loinaz v. Eg & G, Inc.*, 910 F.2d 1, 8 (1st Cir. 1990) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2142 (1970)); *Salsman v. Witt*, 466 F.2d 76, 79 (10th Cir. 1972). As stated by Judge Learned Hand, "[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard*, 102 F.2d 467, 469 (2nd Cir. 1939).

In applying the Rule, the Courts have stated that "[h]ow exceptional the circumstances must be under Rule 32(a)(3)(E) is indicated by its companion provisions. These authorize use of a deposition in lieu of live testimony only when the witness is shown to be unavailable or unable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena. Rule 32(a)(3)(A)-(D)." *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990).

Yet plaintiffs' motion is devoid of any indication of an effort to obtain their witnesses' live testimony. In the absence of any effort to procure the live witnesses, plaintiffs cannot meet their burden of showing exceptional circumstances.

**B.    The Defendants Would Be Prejudiced By The Court's Inability to Assess Credibility**

Use of deposition testimony is particularly prejudicial when the trial court needs to assess the veracity of the witnesses' statements. "When a witness' credibility is a central issue, a deposition is an inadequate substitute for the presence of the witness." *Loinaz*, 910

RESPONSE TO PLAINTIFFS' MOTION TO USE DEPOSITION TESTIMONY AT TRIAL
NO.  09-CV-05456-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

F.2d at 8. Plaintiffs contend that the defendants do not dispute, and will not seek to discredit, the deposition testimony. Dkt. 261 at 3. As reflected in the defendants' response to plaintiffs' motion for summary judgment, and the parties' agreed pretrial order, that is incorrect. Dkt. 224; Dkt. 284. The defendants dispute the plaintiffs' witnesses' account of the facts, and have designated witnesses who will dispute the stories told by the plaintiffs' witnesses. Dkt. 284. Although this is not a jury trial, it is still critical for the court to consider not only the credibility of each witness's words, but also "the credibility of the man who spoke the words." *Loinaz*, 910 F.2d 8.

Lacking any relevant evidence from R-71 petition signers, or R-71 campaign donors, the plaintiffs have indicated that they intend to base their case on the alleged experiences of Protect Marriage Washington's spokespersons. Dkt. 259. Many of the plaintiffs' witnesses' allegations involve events that allegedly occurred years prior to the Referendum 71 campaign. This calls into question the accuracy of the witnesses' memories. Other allegations will be refuted by police officers, persons with campaign experience, and individuals that were present when the events occurred. The Court will be called upon to judge the credibility of the witnesses, and determine whether the testimony is sufficient in scope and credibility to establish a reasonable probability of threats and harassment to petition signers. The Court's ability to do so will be inappropriately handicapped without the benefit of live testimony.

Whether the defendants had sufficient opportunity to question the witness during the deposition is not a factor that dictates application of the "exceptional circumstances" rule. In *Griman*, for example, the Seventh Circuit Court of Appeals found that the district court

RESPONSE TO PLAINTIFFS' MOTION TO USE DEPOSITION TESTIMONY AT TRIAL
NO. 09-CV-05456-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

properly exercised its discretion in denying the plaintiff's request that the Court admit the deposition testimony of the plaintiff's key witness. *Griman*, 76 F.3d at 153. The witness disappeared shortly after being released from jail. Although the defendants' lawyers had an opportunity to cross-examine the witness during his deposition, the trial court correctly held that his credibility could best be determined through live testimony and cross examination at trial and prohibited the use of the deposition. *Id*. The trial court properly concluded that this did not constitute an exceptional circumstance, even though it would seriously prejudice the plaintiff. *Id.*

C.  **Defendants' Designation Of Depositions Of Plaintiffs' Witnesses Is Permitted Under Rule 32(a)**

Plaintiffs contend that their motion is supported by the defendants' reservation of the right to use deposition testimony at trial. Dkt. 261 at 3. The defendants reserved the right to use the deposition testimony of plaintiffs' witnesses, not their *own* witnesses. Use of the opponent's witnesses' depositions is specifically permitted by the rules of procedure. Rule 32(a)(2) states that "[a]ny party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence." In addition, Rule 32(a)(3) states that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee . . . ." What the defense is entitled to do under the federal rules cannot excuse what the plaintiffs are precluded from doing under those rules.

### III.   CONCLUSION

Plaintiffs have failed to make the showing required to allow the use of deposition testimony in lieu of live testimony at trial. They have not even attempted to subpoena their

RESPONSE TO PLAINTIFFS' MOTION TO USE DEPOSITION TESTIMONY AT TRIAL
NO. 09-CV-05456-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1 own witnesses.  They are not seeking to use the depositions of a party opponent.  They are
2 not offering depositions of persons who will be unavailable to testify at trial.  Therefore,
3 plaintiffs' Motion should be denied.

DATED this 12th day of September, 2011.

ROBERT M. MCKENNA
Attorney General

 s/ Anne Egeler
ANNE EGELER, WSBA #20258
Deputy Solicitor General

WILLIAM CLARK, WSBA #9234
Senior Counsel
PO Box 40100
Olympia, WA  98504-0100
360-664-3027
Annee1@atg.wa.gov

RESPONSE TO PLAINTIFFS' MOTION
TO USE DEPOSITION TESTIMONY AT
TRIAL
NO.  09-CV-05456-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# CERTIFICATE OF SERVICE

I certify that on September 12, 2011, I electronically filed the foregoing Response To Plaintiffs' Motion To Use Deposition Testimony At Trial with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record.

James Bopp, Jr , jboppjr@aol.com

Joseph La Rue, jlarue@bopplaw.com

Stephen Pidgeon, stephen.pidgeon@comcast.net

Steven Dixson, sjd@wkdtlaw.com

Duane Swinton, dms@wkdtlaw.com

Leslie Weatherhead, lwlibertas@aol.com

William Stafford, wstafford@perkinscoie.com

Ryan McBrayer, rmcbrayer@perkinscoie.com

Kevin Hamilton, khamilton@perkinscoie.com

Jared M. Haynie, jhaynie@bopplaw.com, thehaynies@gmail.com

DATED this 12th day of September, 2011.

*s/Anne Egeler*
Anne E. Egeler, WSBA No. 20258
*Deputy Solicitor General*
P.O. Box 40100
Olympia, WA  98504-0100
annee1@atg.wa.gov

RESPONSE TO PLAINTIFFS' MOTION TO USE DEPOSITION TESTIMONY AT TRIAL
NO.  09-CV-05456-BHS

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200