## United States District Court
### Western District of Washington
### Tacoma Division

| | |
|---|---|
| **John Doe #1**, et al.,<br><br>        Plaintiffs,<br>   v.<br>**Sam Reed**, et al.,<br><br>        Defendants. | No. 3:09-CV-05456-BHS<br><br>The Honorable Benjamin H. Settle<br><br>**Plaintiffs' Motion for Injunction Pending Appeal**<br><br>Noted on motion calendar: November 4, 2011 |

Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington respectfully request that Defendants be enjoined from disclosing the R-71 petition pending Plaintiffs' appeal of this Court's Order granting summary judgment in favor of defendants ("Order") (Dkt. 319). See FED. R. APP. P. 8.a.1.C. Plaintiffs also request that this Court redact the names of John Doe Plaintiffs and Plaintiffs' witnesses that are listed in the Order.

**I.   Procedural History**

Believing that the public exposure of their identities as R-71 petition signers would unconstitutionally abridge their First Amendment rights, Plaintiffs filed a two-count complaint in this Court on July 28, 2009, seeking to enjoin Defendants from publicizing the names and addresses of R-71 petition signers. On the same date, Plaintiffs also filed motions for a temporary restraining order and a preliminary injunction. On July 29, 2009, this Court granted Plaintiffs' motion for a

Pls.' Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

temporary restraining order, and scheduled a hearing for September 3, 2009, to resolve Plaintiffs' motion for a preliminary injunction. (Order Granting Pls.' Mot. for TRO (Dkt. 9).)

On September 10, 2009, this Court preliminarily enjoined the state Defendants from releasing copies of the R-71 petition. *Doe v. Reed*, 661 F. Supp. 2d 1194, 1205 (W.D. Wash. 2009). Because the Court was able to dispose of the case under Count I of the complaint, the Court did not reach Count II. *Id.*

On October 22, 2009, the Ninth Circuit Court of Appeals reversed this Court's judgment, holding that the PRA was likely constitutional as applied to referendum petitions in general. *Doe v. Reed*, 586 F.3d 671, 680–81 (9th Cir. 2009).

On June 24, 2010, the U.S. Supreme Court rejected Plaintiffs' facial challenge and held that the PRA was constitutional as applied to "referendum petitions in general." *Doe v. Reed*, 130 S. Ct. 2811, 2821 (2010).

Plaintiffs then sought summary judgment on their claim that the PRA is unconstitutional as applied to R-71 petition signers. (Dkt. 209). Defendants and Intervenors filed cross motions for summary judgment (Dkts. 196, 204, 208). Today, October 17, 2011, this Court granted summary judgment in favor of Defendants and Intervenors and denied Plaintiffs' motion for summary judgment (Dkt. 319). In so doing, this Court lifted the injunction preventing disclosure of R-71 petitions and disclosed the names of the John Doe Plaintiffs and Plaintiffs' witnesses, the identity of which had previously been protected and either redacted or kept under seal.

**II. An Injunction Pending Appeal Is Appropriate Here**

The standard for an injunction pending appeal is the same as the standard for a preliminary injunction. *See Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859 (9th Cir. 2007). The 9th Circuit, in discussing the stay of a judgment pending appeal, articulated the standard.

> The factors regulating issuance of a stay [include]: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) *whether the applicant will be irreparably injured* absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) *where the public interest lies.*

Pls.' Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

2

*Hilton* emphasizes that even "failing" a strong likelihood of success on the merits, the party seeking a stay may be entitled to prevail if it can demonstrate a "substantial case on the merits" and the second and fourth factors militate in its favor.

*Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 863 (9th Cir. 2007) (Internal footnotes and citations omitted).

Regarding the first factor, Plaintiffs are likely to succeed on the merits of their claim. The First Amendment requires an exception for groups that show "'a reasonable probability that the compelled disclosure of personal information will subject them to threats, harassment, or reprisals from either Government officials or private parties.'" *Id.* (internal brackets omitted) (quoting *Buckley v. Valeo*, 424 U.S. 1, 74 (1976)); *see also Citizens United v. FEC*, 130 S. Ct. 876, 915 (2010); *McConnell v. FEC*, 540 U.S. 93, 198 (2003). Plaintiffs should succeed on their claim that Washington's Public Record Act is unconstitutional as applied to R-71 petition signers because Plaintiffs have shown that there is a reasonable probability of threats, harassments, and reprisals. Plaintiffs have provided myriad evidence to show that a reasonable person would conclude that if he speaks up about traditional marriage in Washington, he risks facing a reasonable probability of threats, harassment, or reprisals. Regarding the evidence presented, this Court found that

> Plaintiffs have not shown serious and widespread threats, harassment, or reprisals against the signers of R-71, or even that such activity would be reasonably likely to occur upon the publication of their names and contact information, they have developed substantial evidence that the public advocacy of traditional marriage as the exclusive definition of marriage, or the expansion of rights for same sex partners, has engendered hostility in this state, and risen to violence elsewhere, against some who have engaged in that advocacy.

Order at 33. This Court denied the exemption, even though it acknowledged that Plaintiffs' produced "substantial evidence" of threats, harassment, and reprisals towards those who advocate for traditional marriage. In so doing, this Court required the Plaintiffs to prove that the *signers* of the R-71 petition were *themselves* subject to harassment. Of course, this is to require an impossibility since the petitions have never been released to the public, so that the public does not know who to target for harassment. However, this Court did find that the Plaintiffs have proven that "public advocacy of traditional marriage as the exclusive definition of marriage, or

Pls.' Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

3

the expansion of rights for same sex partners, has engendered hostility in this state, and risen to violence elsewhere, against some who have engaged in that advocacy." *Id*. We believe under the law that this is all that one has to prove, since making public the signers of R-71 would disclose the identity of people who advocate traditional marriage to the public for harassment. Under the standard articulated by the Supreme Court, Plaintiffs should qualify for and should receive the requested exemption.

Factors 2, 3, and 4 are clear. Regarding the 2nd factor, Plaintiffs will be irreparably harmed if an injunction pending appeal is not issued. Not enjoining State Defendants from releasing the names of the petition signers will forever deprive Plaintiffs of their First Amendment rights. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976). If Plaintiffs were to prevail on appeal, there would be no way to undo the catastrophic damage that would be caused by State Defendants' releasing the names. As for the 3rd factor, enjoining State Defendants pending the appeal of this case will not injure the other parties, let alone *substantially* injure them. Because of the important rights at stake here, and due to the irreparable harm that would occur to Plaintiffs if the names were released, the public interest lies in issuing an injunction. *See Iowa Right to Life Comm., Inc. v. Williams*, 187 F.3d 963, 970 (8th Cir.1999).

**III. This Court Should Redact the Names of the John Doe Plaintiffs and of Plaintiffs' Witnesses.**

This Court should redact the names of the John Doe Plaintiffs' and those of Plaintiffs' witnesses that are listed in the Order. Just as explained above regarding the irreparable harm of the release of the names of the signers, if Plaintiffs succeed in their appeal of this Court's decision, they will be irreparably harmed by the listing of these individuals in this public document. Therefore, Plaintiffs request that this Court immediately redact the listed names in its Order.

## Conclusion

Plaintiffs respectfully request that this Court enjoin State Defendants from disclosing the R-71 petition and that this Court immediately seal its Order and republish the Order with the names

Pls.' Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

4

of the John Doe Plaintiffs and Plaintiffs' witnesses redacted.

Dated this 17th day of October, 2011.

Respectfully submitted,

/s/ James Bopp, Jr.
James Bopp, Jr. (Ind. Bar No. 2838-84)*
   jboppjr@aol.com
Joseph E. La Rue (Ohio Bar No. 80643)*
   jlarue@bopplaw.com
Kaylan L. Phillips (Ok. Bar No. 22219)*
   kphillips@bopplaw.com
Noel H. Johnson (Wis. Bar No. 1068004)*
   njohnson@bopplaw.com
THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434
*Counsel for All Plaintiffs*
*Pro Hac Vice Application Granted*

Stephen Pidgeon
ATTORNEY AT LAW, P.S.
30002 Colby Avenue, Suite 306
Everett, Washington 98201
(360) 805-6677
*Counsel for All Plaintiffs*

Pls.' Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

5

**Certificate of Service**

I, James Bopp, Jr., am over the age of eighteen years and not a party to the above-captioned action. My business address is 1 South Sixth Street, Terre Haute, Indiana 47807.

On October 17, 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

(1) Counsel for Defendants Sam Reed and Brenda Galarza:
    Anne E. Egeler — annee1@atg.wa.gov
    Jay Geck — jayg@atg.wa.gov
    William G. Clark — billc2@atg.wa.gov

(2) Counsel for Intervenor Washington Coalition for Open Government:
    Steven J. Dixson — sjd@wkdlaw.com
    Duane M. Swinton — dms@wkdlaw.com
    Leslie R. Weatherhead — lwlibertas@aol.com

(3) Counsel for Intervenor Washington Families Standing Together
    Ryan McBrayer — rmcbrayer@perkinscoie.com
    Kevin J. Hamilton — khamilton@perkinscoie.com
    William B. Staffort — wstafford@perkinscoie.com
    Rhonda L. Barnes — rbarnes@perkinscoie.com

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct.

Executed this 17th day of October, 2011.

 /s/ James Bopp, Jr.
James Bopp, Jr.
*Counsel for All Plaintiffs*

Pls.' Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434