1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

JOHN DOE #1, an individual, JOHN
DOE #2, an individual, and PROTECT
MARRIAGE WASHINGTON,

               Plaintiffs,

    v.

SAM REED, in his official capacity as
Secretary of State of Washington,
BRENDA GALARZA, in her official
capacity as Public Records Officer for the
Secretary of State of Washington,

               Defendants.

NO.  09-CV-05456-BHS

CONSOLIDATED RESPONSE OF
DEFENDANTS AND
INTERVENORS WAFST AND
WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION
PENDING APPEAL

1

**TABLE OF CONTENTS**

2   I.     INTRODUCTION.................................................................................. 1

3   II.    STATEMENT OF FACTS .................................................................... 2

4   III.   ARGUMENT ........................................................................................ 3

5          A.   Standard Of Review.................................................................... 3

6          B.   Disclosure Is A Moot Issue......................................................... 4

7          C.   PMW Cannot Meet Any Of The Factors Required For Issuance Of An
                Injunction .................................................................................... 6

8
9               1.   PMW is unlikely to succeed on the merits of the case. ...................... 7

10              2.   PMW cannot show it will suffer irreparable harm. ........................ 10

11              3.   An injunction is directly contrary to the public interest in open
                     government.................................................................................... 11

12              4.   The balance of equities tips firmly against impeding open government.......... 12

13  IV.    CONCLUSION ................................................................................. 12

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Brown v. Socialist Workers*,
    459 U.S. 87 (1982) ................................................................................................ 8, 9, 10

*C&C Prods., Inc. v. Messick*,
    700 F.2d 635 (11th Cir. 1983) ...................................................................................... 5

*Citizens United v. Fed. Elec. Comm'n*,
    130 U.S. 876 (2010) .................................................................................................... 9

*Doe v. Reed*,
    130 S. Ct. 2811 (2010) ......................................................................... 7, 9, 10, 11, 12

*Eu v. San Francisco Cnty. Democratic Cent. Comm.*,
    489 U.S. 214 (1989) .................................................................................................. 12

*Feldman v. Bomar*,
    518 F.3d 637 (9th Cir. 2008) .................................................................................. 5, 6

*Golden Gate Restaurant Ass'n v. City and County of San Francisco*,
    512 F.3d 1112 (9th Cir. 2008) ..................................................................................... 4

*Headwaters, Inc. v. Bureau of Land Mgmt.*,
    893 F.2d 1012 (9th Cir. 1990) ..................................................................................... 6

*In Defense of Animals v. U.S. Dep't of the Interior*,
    648 F.3d 1012 (9th Cir. 2011) ..................................................................................... 6

*In re Avantel*,
    343 F.3d 311 (2003) .................................................................................................... 6

*NAACP v. Alabama*,
    357 U.S. 449 (1958) ............................................................................................ 8, 9, 10

*Native Village of Noatak v. Blatchford*,
    38 F.3d 1505 (9th Cir. 1994) ...................................................................................... 4

*Nken v. Holder*,
    556 U.S. 418, 129 S. Ct. 1749 (2009) ......................................................................... 4

*Porter v. Bowen*,
    496 F.3d 1009 (9th Cir. 2007) ................................................................................... 11

*Progressive Animal Welfare Soc'y v. Univ. of Wash.*,
    884 P.2d 592 (Wash. 1994) ....................................................................................... 12

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Southern Pac. Transp. Co. v. Public Util. Comm'n of Oregon*,
   9 F.3d 807 (9th Cir. 1993) ................................................................................ 4

*Winter v. Natural Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) ................................................................................ 4, 6, 11

### **Constitutional Provisions**

U.S. Const. art. III ................................................................................ 4

### **Statutes**

Wash. Rev. Code § 42.56.010(2) ................................................................................ 2

Wash. Rev. Code § 42.56.520 ................................................................................ 1, 2, 7

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# I.   INTRODUCTION

Plaintiffs seek an order to prevent events that have already occurred.  On October 17, 2011, the Court granted summary judgment to the State defendants and Intervenors Washington Coalition for Open Government (WCOG) and Washington Families Standing Together (WAFST), denied the Doe plaintiffs' and Protect Marriage Washington's (collectively PMW) motion for summary judgment, and dissolved the preliminary injunction.[1] The order was posted on numerous websites, and can no longer be made confidential.

After the Court lifted the injunction, Wash. Rev. Code § 42.56.520 mandated that the Secretary of State's Office released the petitions.  Copies of the signed petitions were provided to thirty-three organizations and individuals who had requested these public records.  On October 23, 2011, the signed petitions began to appear on the internet.  Since then, links allowing access to the petitions have rapidly multiplied on the internet.  No effective relief can be granted to conceal the signed petitions.  As a result, the relief sought in the pending motion is unattainable. The matter is now moot.

Even if there were a remaining case or controversy, PMW has conclusively shown its inability to establish the factors necessary to obtain an injunction.  Although PMW has had nearly two years to obtain evidence, there is no evidence that a single PMW contributor or petition signer experienced *any* sort of harassment, threats, or reprisals, or that there is any likelihood whatsoever that PMW will prevail on its pending appeal.  The balance of equities tips sharply in favor of the important interest of the State and its citizens in open government.

---

[1] Dkt. 319, Order Granting Summary Judgment in Favor of Defendants and Intervenors and Denying Plaintiffs' Motion for Summary Judgment, *Doe v. Reed*, No. C09-5456BHS (U.S.D.C. W.D. Wash., Oct. 17, 2011) (Order).

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

## II.    STATEMENT OF FACTS

In late June 2011, the parties filed cross motions for summary judgment.  On October 3, 2011, the Court heard oral argument and advised the parties it intended to rule within two weeks.  At no time did PMW ask the Court to impose a temporary injunction or stay pending appeal, if it were to grant the State's and Intervenors' motions for summary judgment.

On October 17, 2011, the Court granted summary judgment to the State and Intervenors and dissolved the preliminary injunction.  The order identified the individual plaintiffs (who had up to that point proceeded under the "Doe" pseudonym) and PMW's other witnesses. Consistent with the Court's decision on the merits, it did not seal its order.  The order is now in the public domain, and many media and other websites, including the Seattle Times and Los Angeles Times, have posted a copy of the order.[2]  Moreover, some of PMW's witnesses publicly identified themselves as witnesses subsequent to the Court's issuance of its order.[3]

The signed R-71 petitions are public records under Washington law.  Wash. Rev. Code § 42.56.010(2).   Once the preliminary injunction was dissolved, Washington law therefore required the Secretary of State to promptly respond to requests for disclosure of the petitions. Wash. Rev. Code § 42.56.520.   Pursuant to long-pending public records requests and new

---

[2] *See, e.g.,* The Seattle Times
http://seattletimes.nwsource.com/html/edcetera/2016531125_referendum_signers_names_have.html; The Los Angeles Times http://latimesblogs.latimes.com/nationnow/2011/10/gay-marriage.html; The Tacoma News Tribune http://blog.thenewstribune.com/politics/2011/10/17/u-s-district-court-judge-benjamin-settle-says-protect-marriage-washington-not-entitled-to-disclosure-exemption/; The Bellingham Herald
http://www.bellinghamherald.com/2011/10/17/2232340/judge-release-r-71-names-gay-rights.html;
http://www.keprtv.com/news/local/132023628.html; The Everett Herald
http://heraldnet.com/article/20111017/NEWS01/710179864; The Stranger
http://slog.thestranger.com/slog/archives/2011/10/17/judge-orders-names-on-r-71-petitions-to-be-released ;
Ballotpedia http://ballotpedia.org/wiki/index.php/Doe_v._Reed;
http://thinkprogress.org/lgbt/2011/10/17/346055/washington-anti-gay-group-must-finally-disclose-referendum-71-ballot-signatures/
[3] http://pamshouseblend.firedoglake.com/2011/10/23/why-is-protect-marriage-washington-filing-an-emergency-motion-for-secrecy-after-theyve-divulged-their-own-identites/.

---

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

2

requests made shortly after entry of summary judgment, the State provided the R-71 petitions to thirty-three organizations and individuals.

On October 17, 2011, PMW filed a notice of appeal and the present motion for injunctive relief pending appeal.  Three days later, PMW filed an emergency motion in the Ninth Circuit Court of Appeals requesting that the Ninth Circuit:  1) enjoin the State defendants from releasing the R-71 petitions pending appeal of the District Court order, and 2) enjoin this Court from disclosing the identities of the plaintiffs and their witnesses.  On October 24, 2011, the motion was denied for failure to comply with the court rules.  Order, *Doe v. Reed*, No. 11-35854 (9th Cir., Oct. 24, 2011).  However, the Ninth Circuit entered a temporary injunction preventing disclosure of the petitions (but not the identities of the plaintiffs and their witnesses) to allow the Court to consider this motion.  *Id.*  The injunction will remain in effect for five days after this Court rules.  *Id.*

On October 23, 2011, after the briefing on the emergency motion was filed with the Ninth Circuit, the signed petitions began to be posted on the internet by private parties.[4]  Links to the signed petitions can now be found on multiple websites, including Wikipedia.[5]

### III.    ARGUMENT

**A.    Standard Of Review**

The standard for determining whether a stay should be granted pending appeal is the same as the standard for determining whether to grant a preliminary injunction.  *Golden Gate*

---

[4] http://www.scribd.com/HaxoAnglemark.
[5] *E.g.* Wikipedia http://en.wikipedia.org/wiki/Washington_Referendum_71_%282009%29 ; Seattle Weekly http://blogs.seattleweekly.com/dailyweekly/2011/10/ref_71_washington_anti-gay_mar.php ; The Stranger http://slog.thestranger.com/slog/archives/2011/10/17/judge-orders-names-on-r-71-petitions-to-be-released ; Publicola http://publicola.com/2011/10/21/anti-gay-rights-group-appeals-r-71-decision-ag-mckenna-defends-release-of-names/ ; http://my.firedoglake.com/haxo/2011/10/24/uploading-the-r-71-petition-signatures/ ; http://pamshouseblend.firedoglake.com/2011/10/23/why-is-protect-marriage-washington-filing-an-emergency-motion-for-secrecy-after-theyve-divulged-their-own-identites/

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

3

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008).  A stay is "'not a matter of right, even if irreparable injury might otherwise result to the appellant.'" *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1757 (2009) (quoting *Virginian Ry. Co. v. United States,* 272 U.S. 658, 672 (1926)).  PMW has the burden to show:  1) a likelihood of success on the merits; 2) that irreparable harm is likely to be suffered in the absence of preliminary relief; 3) that the balance of equities tips in its favor; and, 4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

**B.      Disclosure Is A Moot Issue**

"Mootness is a threshold jurisdictional issue."  *Southern Pac. Transp. Co. v. Public Util. Comm'n of Oregon*, 9 F.3d 807, 810 (9th Cir. 1993).  Article III of the United States Constitution confers jurisdiction to the federal courts when there is a case or controversy.  When the personal interest that existed at the commencement of the action no longer exists, the case is rendered moot, and the court no longer has jurisdiction.  *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994).

The controversy alleged in PMW's motion was rendered moot by disclosure of the Court order and R-71 petitions, and the extensive broadcasting of these documents on the internet.[6]  When the parties presented briefing on PMW's emergency motion to the Ninth Circuit, the media had already disseminated the District Court's order on the internet.  *See supra,* fn. 2.  The Ninth Circuit did not grant PMW's request that this Court be enjoined from disclosing the names of the plaintiffs and their witnesses.  As a result of disclosure, the issue was moot and the Ninth Circuit lacked the ability to grant effective relief.

---

[6] PMW has from time to time purported to act for all 138,000 signers of the R-71 petition.  However, it never sought certification of the petition signers as a class; only the "Doe" plaintiffs sought relief as parties to the litigation, and their identities are now fully available to the public.

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    Since the Ninth Circuit's ruling, the signed petitions have been posted on the internet,

2    rendering this aspect of PMW's motion moot as well.  After the Court ruled, the petitions were

3    produced to thirty-three individuals.  Those who received the petitions have now begun to post

4    them on the internet, and the media and Wikipedia have publicized links to the signed

5    petitions.  *See supra,* fn. 4.  As a result, the issue of whether the signed petitions should

6    continue to be disclosed is now moot, too.  Despite a temporary injunction on State disclosure,

7    the ease of public access to the petitions on the internet grows each day.  Within the confines

8    of this case, the Court has no ability to stop public speech regarding the petitions.

9    When disclosure of records is at issue, disclosure renders the case moot, unless there is

10   some other relief requested that the court can provide.  For example, the Eleventh Circuit ruled

11   that a party's request for modification of a protective order to prevent access to discovery

12   materials was rendered moot by disclosure.  *C&C Prods., Inc. v. Messick*, 700 F.2d 635, 636

13   (11th Cir. 1983).  After noting that a third party had obtained the confidential documents, the

14   Eleventh Circuit stated that "no order from this court can undo that situation."  *Id.* at 637.

15   Precisely the same issue is presented in this case.  The court cannot undo the disclosure that

16   has already occurred, or the sharing of that information by private parties on the internet.

17   The Ninth Circuit also has consistently held that when the court cannot grant effective

18   relief, a live controversy no longer exists.  In *Feldman v. Bomar*, 518 F.3d 637 (9th Cir. 2008),

19   the Court considered a challenge to eradication of feral pigs in a national park.  Because the

20   pigs were killed during the pendency of the case, the case no longer presented a live

21   controversy.  *Id.* at 644.  The Court explained that "'[t]he basic question in determining

22   mootness is whether there is a present controversy as to which effective relief can be granted.'"

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO. 09-CV-05456-BHS

5

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Id.* at 642 (quoting *NW. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). Although the appellants argued that it was unclear whether *every* pig had been killed, the Court ruled that they no longer faced a remediable harm, and the Court therefore lacked jurisdiction. *Id.* 642-43; *see also In Defense of Animals v. U.S. Dep't of the Interior*, 648 F.3d 1012 (9th Cir. 2011) (challenge to roundup of wild horses moot after the initial stage of the roundup occurred); *Headwaters, Inc. v. Bureau of Land Mgmt*, 893 F.2d 1012 (9th Cir. 1990) (challenge to timber sale rendered moot after the timber was cut and some of the logs were removed).

The only way a case can remain viable after the disclosure at issue occurs is if the court is still able to provide relief.  For example, the Fifth Circuit held that a case involving disclosure of documents is not moot if the court can protect against *use* of the documents, such as admission at trial.  *In re Avantel*, 343 F.3d 311, 324 (2003).  In this case, there is no relief the Court can provide that will remedy the outcome PMW seeks to prevent—public disclosure of the petitions and the identity of plaintiffs and their witnesses.  The documents are now in the public domain, and PMW has not requested any relief that would limit use of the signed petitions by the media and public.

## C.    PMW Cannot Meet Any Of The Factors Required For Issuance Of An Injunction

Even if this case were not moot, PMW cannot meet the requirements for an injunction. In seeking a stay pending appeal, PMW must establish four factors:  1) a likelihood of succeeding on the merits; 2) that it is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in its favor; and, 4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20.  PMW fails to satisfy any of these factors.

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

**1.      PMW is unlikely to succeed on the merits of the case.**

As stated above, there is no longer a case or controversy.  As required by Washington's Public Records Act, the signed petitions were disclosed after the Court issued the decision dissolving the preliminary injunction.  Wash. Rev. Code § 42.56.520.  The Court order is available on the court's website, and has been widely posted on the internet.  Since the case is moot, PMW has no possibility of success on the merits.

Even if the case were not moot, PMW could not show a likelihood of success.  PMW has the ultimate burden of establishing "a reasonable probability" that disclosure of the signed petitions will subject petition signers to threats, harassment, or reprisals.  *Doe v. Reed*, 130 S. Ct. 2811, 2820 (2010) (quoting *Buckley v. Valeo*, 424 U.S. 1, 74 (1976)).  Although the petitions were signed in public, and PMW had two years to gather evidence, no such evidence was presented to the Court.  Order at 30.  The Court properly dismissed PMW's claim, holding that it had "failed to supply sufficient, competent evidence" and that the facts "do not rise to the level of demonstrating that a reasonable probability of threats, harassment, or reprisals exists as to the signers of R-71, now nearly two years after R-71 was submitted to the voters in Washington State."  Order at 30, 33.

As the Court recognized, the Supreme Court case law provides alternative bases under which PMW's claim fails.  The Supreme Court has suppressed public disclosure only in cases involving a persecuted minor party that has demonstrated that disclosure would result in significant threats, harassment, and reprisals that would seriously undermine its members' ability to associate for First Amendment purposes.  In each case, the minor party established a likelihood that the state would be unwilling to address the harm.

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    The seminal case is *NAACP v. Alabama*, 357 U.S. 449 (1958).  The NAACP was

2    challenging Alabama's official Jim Crow policies, in the 1950s.  The Court held that the NAACP

3    "made an uncontroverted showing that on past occasions revelation of the identity of its rank-

4    and-file members has exposed these members to economic reprisal, loss of employment, threat

5    of physical coercion, and other manifestations of public hostility."  *Id.* at 462.   With

6    overwhelming evidence of private and state harassment of members of this minor party, the Court

7    held that compelled disclosure was directly related to the right of NAACP members to associate

8    freely.  *Id.* at 466.

9

10   Similarly, significant evidence of harassment of a minor party by the government and

11   the public was addressed in *Brown v. Socialist Workers*, 459 U.S. 87 (1982).   The Ohio

12   Socialist Workers Party (SWP) was a minor group of just sixty members, whose unpopular

13   goal was "the abolition of capitalism" and establishment of socialism."  *Id.* at 88.   Party

14   members suffered destruction of their property, police harassment of a party candidate, and the

15   firing of shots at the party's office.  *Id.* at 99.   The FBI planted informants in the tiny group.

16   *Id*. at 100.   Numerous party members were fired as a result of their membership.  *Id.*  Given the

17   party's minor status, and overwhelming evidence of government and private harassment, the

18   Supreme Court held that application of state disclosure laws would be unconstitutional.  *Id.* at

19   102.

20

21   As this Court noted, "'*Brown* and its progeny each involved groups seeking to further

22   ideas historically and pervasively rejected and vilified by both this country's government and

23   its citizens.'"  Order at 13 (quoting *ProtectMarriage.com v. Bowen,* 599 F. Supp. 2d 1197,

24   1215 (2009)).  Petition signers merely agreed that the measure should be placed on the ballot.

25

26

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    They did not join PMW or any other organization.  Even if PMW could claim affiliation with

2    the signers, their claim would fail.  PMW is a well-funded, established political organization,

3    not an ostracized minor party.  PMW successfully gathered over 130,000 signatures on the

4    R-71 petitions.  *Doe,* 130 S. Ct. at 2816.  They obtained 838,842 votes in the election, and lost

5    by a fairly narrow margin of 53% to 47%.  Losing a close election does not make PMW a

6    minor party comparable to the NAACP or Socialist Workers Party.  As this Court held, PMW

7    has failed "in all material respects" to establish minor party status.  Order at 16.

8

9           The Court also recognized that even if PMW were a minor party, its anecdotal

10   speculation "does not rise to the level or amount of uncontroverted evidence" provided in

11   *NAACP* or *Brown*.  Order at 29.  Although PMW had over two years to gather evidence, it had

12   no evidence that a single petition signer experienced threats, harassment or reprisals.  PMW

13   claims acquiring such evidence would be "an impossibility" prior to disclosure of the names.

14   Dkt. 320 at 3.  In reality, signatures were collected in highly public locations, such as Wal-

15   Mart and supermarket parking lots.  Order at 18-20, 30.  PMW even "solicited R-71 signers to

16   share any experiences they had with harassment."  Order at 28.  Yet PMW "has not supplied

17   any evidence to the Court [of harassment] nor informed it that such evidence exists."  *Id.* at 29.

18

19          PMW's inability to succeed on appeal is also supported by the lack of any harassment

20   of PMW's contributors.  The State has publicly disclosed the names and addresses of 857 of

21   PMW's campaign contributors.  Order at 30.  Although PMW had ample time to contact the

22   donors, it offered no evidence that any of them were harassed or threatened.  Order at 30.  As

23   the Court recognized, the Supreme Court rejected a similar as-applied challenge in *Citizens*

24   *United v. Fed. Elec. Comm'n*, 130 U.S. 876 (2010).  Order at 30.  Like PMW, Citizens United

25

26

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

9

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   had disclosed its donors for years, but was unable to identify any instance of harassment.

2   Order at 30-31 (citing *Citizens United*, 130 S. Ct. at 916).

3       To the extent PMW offered any evidence, it pertained not to petition signers, or

4   similarly situated donors, but rather to the sponsors and public spokespersons that sought to

5   publicize their support of the Reject R-71 campaign through media appearances, public rallies,

6   and demonstrations.  Evidence of harassment unrelated to the petition signers is not relevant to

7   a claim alleging that disclosure of petition signers will subject the signers to harassment.

8   However, as the deposition testimony shows, even if evidence regarding these highly public

9   individuals were relevant, the scant evidence offered was insufficient to show a reasonable

10  probability of threats, harassment and reprisals two years after the conclusion of the election.

11      Finally, the Court properly held that PMW's claim failed because it cannot establish a

12  reasonable probability of serious and widespread harassment "the State is unwilling or unable

13  to control."  *Doe*, 130 S. Ct. at 2829 (Sotomayor, J., concurring, joined by Breyer, J., Stevens,

14  J.), 2831 (Stevens, J., concurring), and 2832, 2837 (Scalia, J., concurring).  As the Court order

15  reflects, the minimal testimony supplied by PMW "stated either that police efforts to mitigate

16  reported incidents was sufficient or unnecessary."  Order at 32.  This stands in sharp contrast to

17  the pervasive evidence of government harassment presented in *NAACP* and *Brown*.

18      PMW has no chance of success on the merits.  This alone is sufficient basis for denial

19  of the requested stay.

20      **2.      PMW cannot show it will suffer irreparable harm.**

21      PMW claims that if it was to prevail on appeal, the "catastrophic damage" caused by

22  disclosure of the signed petitions and the Court order could not be undone.  Dkt. 320 at 4.  No

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

10

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1  citation to the record is offered to support this dramatic claim.  As this Court recognized,

2  PMW's claim is "based on a few experiences of what [it] believes constitute harassment or

3  threats, the majority of which are only connected to R-71 by speculation."  Order at 32.

4      PMW's unsupported speculation is insufficient.  As the Supreme Court stressed in

5  *Winter*, the "'possibility' standard is too lenient."  *Winter*, 129 S. Ct. at 375.  The *Winter*

6

7  standard "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is

8  *likely* in the absence of an injunction."  *Id.*  (emphasis added).  PMW provides no examples of

9  actual or threatened irreparable harm to the persons that signed the R-71 petitions.

10     **3.     An injunction is directly contrary to the public interest in open**
11         **government.**

12     As the Supreme Court emphasized in *Doe v. Reed*, the State's interest in disclosure is

13  "undoubtedly important."  *Doe*, 130 S. Ct. at 2819.  The State has a particularly strong interest

14  in disclosure as a means of allowing citizens to root out fraud, which "'drives honest citizens out

15  of the democratic process and breeds distrust of our government.'"  *Doe*, 130 S. Ct. at 2819

16  (quoting *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006)).

17

18     Washington's concern with the integrity of the electoral process did not end with the

19  election.  The integrity of the state's election system is a matter of continuous concern.  *E.g.,*

20  *Porter v. Bowen*, 496 F.3d 1009, 1013 (9th Cir. 2007) (review of legality of State's actions

21  after election not moot, because State could act similarly in future elections).  Since PMW is

22  still registered as a PAC in Washington, investigating possible fraud, and the State's response

23  to fraud, continues to be a matter of public interest.  As the Washington State Supreme Court

24  has explained, the "purpose of the [Public Records Act] is nothing less than the preservation of

25

26  the most central tenets of representative government, namely, the sovereignty of the people and

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

11

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

the accountability to the people of public officials and institutions." *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 884 P.2d 592, 597 (Wash. 1994).

### 4.   The balance of equities tips firmly against impeding open government.

The balance of equities clearly tips in favor of the State and public interest in open government.   In contrast to PMW's dwindling interest in secrecy, the Supreme Court has recognized that the State has a "particularly strong" interest in preserving the integrity of the electoral system by promoting systemic transparency and accountability.  *Doe*, 130 S. Ct. at 2819.  "A State indisputably has a compelling interest in preserving the integrity of its election process."  *Eu v. San Francisco Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989) (citing *Rosario v. Rockefeller*, 410 U.S. 752, 761 (1973)).   The public continues to have a significant interest in determining whether its public servants properly carried out the law.

## IV.   CONCLUSION

PMW's motion for injunction should be denied.

RESPECTFULLY SUBMITTED this 31st day of October, 2011.

ROBERT M. MCKENNA
Attorney General

s/
Anne E. Egeler, WSBA # 20258
Deputy Solicitor General

s/
Kevin Hamilton, WSBA #15648
Perkins Coie LLP
Washington Families Standing Together

s/
Leslie Weatherhead, WSBA #11207
Witherspoon Kelley
Washington Coalition for Open Government

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

**CERTIFICATE OF SERVICE**

2      I certify that on October 31, 2011, I electronically filed the foregoing Consolidated

3   Response Of Defendants And Intervenors WAFST And WCOG To Plaintiffs' Motion For

4   Injunction Pending Appeal with the Clerk of the Court using the CM/ECF system, which will

5   send notification of such filing to the following attorneys of record.

6
7      James Bopp, Jr , jboppjr@aol.com

       Joseph La Rue, jlarue@bopplaw.com
8
       Kaylan L. Phillips, kphillips@bopplaw.com
9
       Stephen Pidgeon, stephen.pidgeon@comcast.net
10
       Steven Dixson, sjd@wkdtlaw.com
11
       Duane Swinton, dms@wkdtlaw.com
12
       Leslie Weatherhead, lwlibertas@aol.com
13
       William Stafford, wstafford@perkinscoie.com
14
       Ryan McBrayer, rmcbrayer@perkinscoie.com

       Kevin Hamilton, khamilton@perkinscoie.com
15
16     DATED this 31st day of October, 2011.

17                                      s/Anne Egeler
18                                      Anne E. Egeler, WSBA No. 20258
                                        *Deputy Solicitor General*
19                                      P.O. Box 40100
                                        Olympia, WA  98504-0100
20                                      annee1@atg.wa.gov

21

22

23

24

25

26

CONSOLIDATED RESPONSE OF
DEFENDANTS AND INTERVENORS
WAFST AND WCOG TO PLAINTIFFS'
MOTION FOR INJUNCTION PENDING
APPEAL NO.  09-CV-05456-BHS

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200