## United States District Court
## Western District of Washington
## Tacoma Division

| | |
|---|---|
| **John Doe #1**, et al.,<br><br>        Plaintiffs,<br>v.<br>**Sam Reed**, et al.,<br><br>        Defendants. | No. 3:09-CV-05456-BHS<br><br>The Honorable Benjamin H. Settle<br><br>**Plaintiffs' Motion for Injunction Pending Appeal**<br><br>Noted on motion calendar: November 2, 2011 |

Come now Plaintiffs John Doe #1, John Doe #2, and Protect Marriage Washington (collectively, "PMW") in reply to State Defendants and Intervenors Washington Coalition for Open Government and Washington Families Standing Together (collectively, "Intervenors") Collective Response to Plaintiffs' Motion for Injunction Pending Appeal ("Response"), and make the following rebuttal.

The State and Intervenors argue that PMW's Motion should be denied for one of two reasons. First, they argue that the controversy is moot. Second, they argue that the PMW cannot meet the necessary factors for an injunction pending appeal. However, PMW's Motion is not moot because there is a live controversy and PMW does meet the requirements for an injunction pending appeal.

Pls.' Reply to Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

The Bopp Law Firm
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

## I. The Controversy Is Not Moot.

The State and Intervenors claim this case is moot and "the relief sought in the pending motion is unattainable." Response at 1. That is not the case. Here, PMW seek an injunction preventing the State from continuing to release the petitions and preventing the continued disclosure of the identities of the John Does and PMW's witnesses pending the appeal of the denial of their motion for summary judgment. While the State has released the petitions to certain requesters, it still has pending requests for the petitions so this is a live controversy.[1] Likewise, the Court's Order disclosing the names of the John Does and PMW's witnesses remains available through the Court, therefore the Court is able to grant PMW the relief they request.

PMW will be harmed if the State continues to release petitions.[2] If PMW prevails in their claim for an exemption from the Washington's public records act, they will not be able to recover from the harm caused by the State's release of the petitions during the pendency of the appeal or by the continued disclosure of the John Does and PMW's witnesses. Both the release of the petitions and this Court's disclosure of PMW's Does and witnesses' identities in the Order remain pressing so long as the appeal is ongoing.

Moreover, the Ninth Circuit did not find this controversy moot even though the State and Intervenors raised the same arguments when the parties briefed this issue before it. The Ninth Circuit, finding this to be a live controversy but finding that PMW should have waited for this Court to rule on the Motion, granted PMW some relief by issuing a temporary injunction pending the resolution of this Motion before this Court.[3]

## II. The Court Should Issue an Injunction Pending Appeal.

PMW can show that they are highly likely to succeed on the merits of their appeal and that they will suffer irreparable injury if an injunction is not issued. The State will not endure any

---

[1] Washington Secretary of State Blog, "R-71 petitions sealed as foes appeal," http://blogs.sos.wa.gov/FromOurCorner/index.php/2011/10/r-71-petitions-sealed-as-foes-appeal/ (State has at least "two more pending" requests.)

[2] The State is not presently releasing petition due to the temporary stay issued by the Ninth Circuit. However, the temporary stay does not render this Motion moot nor eliminate PMW's harm.

[3] Notably, the Ninth Circuit denied PMW's motion without prejudice and stated that their motion may be renewed if they do not grant relief in this Court.

Pls.' Reply to Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

irreparable injury if an injunction is granted. Finally, an injunction is in the public interest. Accordingly, the State should be enjoined from releasing the R-71 petitions, and this Court should seal its Order and republish the Order with the names of the John Doe Plaintiffs and Plaintiffs' witnesses redacted, pending resolution of PMW's appeal.

**A.  PMW Are Likely to Succeed on the Merits of their Claims.**

The State and Intervenors argue that PMW cannot "show a likelihood of success on the merits." Response at 7. They first argue that PMW is not eligible for the exemption because they are not a minor party. Response at 7-9. This cannot be a "threshold" requirement for two reasons. First, the First Amendment does not allow discrimination among speakers. *Citizens United v. FEC*, 130 S.Ct. 876, 899 (2010). Second, the Supreme Court in *Doe v. Reed*, 130 S. Ct. 2811(2010), recognized that an as applied exemption was possible for PMW without any mention of a "minor party" requirement. Rather, what is required is a reasonable probability of "threats, harassment, and reprisals," such as PMW made here.

Second, the State and Intervenors claim that PMW's "anecdotal speculation" does not prove a reasonable probability of threats, harassments, and reprisals. Response at 9. However, the State and Intervenors attempt to apply the wrong standard to the case at hand. Here, the First Amendment requires the group seeking an exemption to show "a reasonable probability that the compelled disclosure of personal information will subject them to threats, harassment, or reprisals from either Government officials or private parties." *Buckley v. Valeo*, 424 U.S. 1, 74 (1976). PMW made such a showing. This Court even acknowledged that PMW produced "substantial evidence" of threats, harassment, and reprisals towards those who advocate for traditional marriage. Order at 33. This Court's conclusion as to what the entirety of PMW's evidence establishes is important because it indicates that had this Court properly considered all of the evidence before it, PMW would have met its burden of showing a reasonable probability of threats, harassment and reprisals.

In denying PMW's request for an exemption, this Court required PMW to prove that the *signers* of the R-71 petition were *themselves* subject to harassment. Of course, this is to require

Pls.' Reply to Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

3

an impossibility since, prior to the Order, the petitions had never been released to the public, so that the public did not know who to target for harassment. The Supreme Court has "rejected such 'unduly strict requirements of proof' in favor of 'flexibility in the proof of injury.'" *Brown v. Socialist Workers '74 Campaign Committee*, 459 U.S. 87, 101 n.20 (1982) (quoting *Buckley*, 424 U.S. at 74). There is no requirement that "chill and harassment be directly attributable to the specific disclosure from which the exemption is sought." *Buckley*, 424 U.S. at 74. However, this Court did find that the PMW have proven that "public advocacy of traditional marriage as the exclusive definition of marriage, or the expansion of rights for same sex partners, has engendered hostility in this state, and risen to violence elsewhere, against some who have engaged in that advocacy." Order at 33. Under the law, this is all that one has to prove, since making public the signers of R-71 would disclose the identity of people who advocate traditional marriage to the public for harassment. Under the standard articulated by the Supreme Court, PMW should qualify for and should receive the requested exemption.

Moreover, after this Court's order, there is now additional evidence that the release of the R-71 petitions will subject the signers to harassment. Immediately following this Court's Order, KnowTheNeighbor.org stated they will "publish the 130,000-plus names in an online searchable database." Austin Jenkins, *Gay Rights Group Says It Will Publish R-71 Petition Signers Names*, NPR.org, Oct. 18, 2011 (attached at Exhibit 1). KnowThyNeighbor's Director Tom Lang says "it allows gay people and their allies to search for individual signers they know and confront them." *Id*. This establishes a reasonable probability of threats, harassment, or reprisals exists as to the signers of the R-71 petition.

**B. PMW Will Suffer Irreparable Harm Without an Injunction Pending Appeal.**

PMW will be irreparably harmed if the State is not enjoined from continuing to release the petitions and if the names of the John Does and PMW's witnesses are not redacted. The State and Intervenors argue that PMW will not suffer irreparable harm because they are unable to provide a "citation to the record...to support this dramatic claim." Response at 11. PMW point out that, at the time the record was compiled, the petitions had not been released. As described

Pls.' Reply to Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

4

above, the State and Intervenors are requiring PMW to prove an impossibility.

Moreover, PMW will suffer irreparable harm absent an injunction simply by the release of the petitions to even one more requestor, as disclosure cannot be undone once it occurs. *In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987). If PMW prevail on their appeal, the petitions cannot be collected and, even if they could, the information cannot be taken back. Therefore, PMW will suffer irreparable harm absent an injunction.

### C. The State and Intervenors Will Not Be Harmed By an Injunction Pending Appeal.

Enjoining the State pending the appeal of this case will not injure the other parties, let alone *substantially* injure them. However, PMW will face substantial irreparable injury absent an injunction pending appeal.

### D. An Injunction Pending Appeal Is in the Public Interest.

The State and Intervenors claim that the public interest lies in maintaining an open government. They claim that all that is at issue here is "PMW's dwindling interest in secrecy." Response at 12. This is untrue. What is at issue here are important constitutional rights, which is clearly in the public's interest to protect. *See Iowa Right to Life Comm., Inc. v. Williams*, 187 F.3d 963, 970 (8th Cir.1999) and *Sammartano v. First Judicial Dist. Court, in and for County of Carson City*, 303 F.3d 959, 973 (9th Cir. 2002). And therefore an injunction tips strongly in favor of PMW.

## Conclusion

Plaintiffs respectfully request that this Court enjoin State Defendants from disclosing the R-71 petition and that this Court immediately seal its Order and republish the Order with the names of the John Doe Plaintiffs and Plaintiffs' witnesses redacted.

Pls.' Reply to Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

5

Dated this 2nd day of November, 2011.

Respectfully submitted,

/s/ Kaylan L. Phillips
James Bopp, Jr. (Ind. Bar No. 2838-84)*
   jboppjr@aol.com
Joseph E. La Rue (Ohio Bar No. 80643)*
   jlarue@bopplaw.com
Kaylan L. Phillips (Ok. Bar No. 22219)*
   kphillips@bopplaw.com
Noel H. Johnson (Wis. Bar No. 1068004)*
   njohnson@bopplaw.com
THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807-3510
(812) 232-2434
*Counsel for All Plaintiffs*
**Pro Hac Vice Application Granted*

Stephen Pidgeon
ATTORNEY AT LAW, P.S.
30002 Colby Avenue, Suite 306
Everett, Washington 98201
(360) 805-6677
*Counsel for All Plaintiffs*

Pls.' Reply to Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434

## Certificate of Service

I, Kaylan L. Phillips, am over the age of eighteen years and not a party to the above-captioned action. My business address is 1 South Sixth Street, Terre Haute, Indiana 47807.

On November 2, 2011, I electronically filed the foregoing document and one exhibit with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

(1) Counsel for Defendants Sam Reed and Brenda Galarza:
Anne E. Egeler — annee1@atg.wa.gov
Jay Geck — jayg@atg.wa.gov
William G. Clark — billc2@atg.wa.gov

(2) Counsel for Intervenor Washington Coalition for Open Government:
Steven J. Dixson — sjd@wkdlaw.com
Duane M. Swinton — dms@wkdlaw.com
Leslie R. Weatherhead — lwlibertas@aol.com

(3) Counsel for Intervenor Washington Families Standing Together
Ryan McBrayer — rmcbrayer@perkinscoie.com
Kevin J. Hamilton — khamilton@perkinscoie.com
William B. Staffort — wstafford@perkinscoie.com
Rhonda L. Barnes — rbarnes@perkinscoie.com

I declare under the penalty of perjury under the laws of the State of Indiana that the above is true and correct.

Executed this 2nd day of November, 2011.


 /s/ Kaylan L. Phillips
Kaylan L. Phillips
*Counsel for All Plaintiffs*

Pls.' Reply to Mot. for Inj. Pending Appeal
(No. 3:09-CV-05456-BHS)

THE BOPP LAW FIRM
1 South Sixth Street
Terre Haute, Indiana 47807
(812) 232-2434