UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| John DOE # 1, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAM REED, in his official capacity as Secretary of State of Washington, et al.,<br><br>    Defendants. | CASE NO. C09-5456BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL |

This matter comes before the Court on Plaintiffs' motion for injunction pending appeal. Dkt. 320. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Plaintiffs' motion for injunction pending appeal for the reasons stated herein.

**I. PROCEDURAL & FACTUAL BACKGROUND**

On July 28, 2009, Plaintiffs (collectively "Doe") filed this action to object to and enjoin the disclosure of Referendum 71 ("R-71") petitions on two constitutional bases: Count I, that disclosure of any referendum or initiative petitions is unconstitutional as a

ORDER - 1

general matter; and Count II, that disclosure of R-71 petitions would be unconstitutional as applied to Doe (i.e., R-71 initiative signers). *See* Dkt. 2 (Complaint). On September 10, 2009, the Court granted preliminary injunctive relief on Count I but declined to rule on Count II. Dkt. 62.

Defendants appealed the Court's ruling and the Ninth Circuit reversed. *Doe v. Reed*, 586 F.3d 671 (2009). The Supreme Court accepted review and affirmed the Ninth Circuit decision. *Doe v. Reed*, 130 S. Ct. 2811 (2010). The Supreme Court left open the possibility of relief under Count II (Doe's as-applied challenge to disclosure).

On June 29, 2011, the parties each filed motions for summary judgment regarding Doe's as-applied challenge. Dkts. 196, 204, 208, and 209. The parties fully briefed these matters. Additionally, the Secretary of State of Washington moved to strike certain evidence relied upon by Doe. Dkt. 231 (motion to strike and reply to Doe's response in opposition to summary judgment). On October 17, 2011, the Court granted summary judgment in favor of Defendants and denied Doe's motion for summary judgment, lifted the injunction that prevented the disclosure of the R-71 petitions, and closed the case. Dkt. 319.

On October 17, 2011, Doe filed the instant motion for injunction pending appeal and noted the motion for November 7, 2011. Dkt. 320. Also on October 17, 2011, Doe filed their notice of appeal. Dkt. 321. On October 20, 2011, Doe filed an emergency motion at the Ninth Circuit Court of Appeals requesting that the Ninth Circuit: (1) enjoin Defendants from releasing the R-71 petitions pending this Court's ruling on the motion for injunction pending appeal; and (2) enjoin this Court from disclosing the identities of

the plaintiffs and their witnesses. *See* Dkt. 324. The Ninth Circuit denied Doe's motion for failure to comply with Rule 8(a) of the Federal Rules of Appellate Procedure as they did not seek expedited consideration of the motion in this Court, nor did they await this Court's ruling on the motion. *Id*. However, the Ninth Circuit issued a temporary injunction enjoining Defendants from further releasing any R-71 petitions and ordered that the injunction remain in effect for five days following this Court's ruling on the motion. *Id*.

For a more complete procedural and factual background in this matter, see the Court's order on the parties' motions for summary judgment (Dkt. 319).

## II. DISCUSSION

**A.   Mootness**

"Mootness is a threshold jurisdiction issue." *S. Pac. Transp. Co. v. Pub. Util. Comm'n of Oregon*, 9 F.3d 807, 810 (9th Cir. 1993). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

Defendants argue that the controversy brought in Plaintiffs' motion for injunction pending appeal was rendered moot "by the disclosure of the Court order and R-71 petitions, and the extensive broadcasting of these documents on the internet." Dkt. 327 at 8-10. Defendants maintain that the Court cannot grant Doe effective relief, and therefore, a live controversy no longer exists. *Id*. at 9-10.

The Court agrees with Defendants that the effectiveness of any relief now given would be less than that available had the injunction been sought prior to the disclosure of

the Court's order releasing the names of Plaintiffs and their witnesses and Defendants' dissemination of some R-71 petitions. However, to the extent that some relief could be given by enjoining Defendants from disseminating any further R-71 petitions, the Court concludes that there remains a live controversy and Doe's motion is not entirely moot. Accordingly, the Court will consider Doe's motion on its merits.

**B.      Injunction Pending Appeal**

The standard for issuing an injunction pending an appeal is the same as that used for issuing a preliminary injunction. *See Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896 (9th Cir. 2009) (citing *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008)). The court may issue a preliminary injunction where a party establishes (1) a likelihood of success on the merits, that (2) it is likely to suffer irreparable harm in the absence of preliminary relief, that (3) the balance of hardships tips in its favor, and (4) that the public interest favors an injunction. *Winter*, 555 U.S. at 20.

For the reasons stated in the Court's order granting Defendants' motion for summary judgment (Dkt. 319), the Court concludes that Doe has failed to show a likelihood of success on the merits. In addition, even if Doe could show such likelihood, they have failed to establish that irreparable harm would occur in the absence of an injunction. Defendants have already released several copies of the R-71 petitions (*see* Dkt. 327 at 6-7) and such petitions are now available on the internet. Doe has failed to show how they would be irreparably harmed by Defendants releasing further R-71 petitions when copies of such petitions have already been posted on the internet and given to individuals and organizations whose activity cannot be reached by the injunction

1  sought. In addition, Doe has failed to show how redacting the names of Plaintiffs and
2  their witnesses would provide relief when the order revealing such information has been
3  available for several weeks. In addition, the Court concludes that the balance of equities
4  tips in favor of denying the injunction where the Court has decided the merits of the case
5  in favor of disclosure and the names and petitions have already been disclosed. Finally,
6  the Court concludes that it is in the public interest for the names and petitions to be
7  released as the Court has found that the public is entitled to disclosure. Accordingly,
8  Doe's motion for injunction pending appeal must be denied.

## III. ORDER

Therefore, it is hereby **ORDERED** that Doe's motion for injunction pending appeal (Dkt. 320) is **DENIED**.

Dated this 8th day of November, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge